**SCHLEIER LAW OFFICES, P.C.**
3101 N. Central Avenue
Suite 1090
Phoenix, Arizona 85012
Telephone: (602) 277-0157
Facsimile: (602) 230-9250

TOD F. SCHLEIER, ESQ. #004612
tod@schleierlaw.com
BRADLEY H. SCHLEIER, ESQ. #011696
brad@schleierlaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| DIANE SAHAKIAN, a single woman, | No.: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| STATS ChipPAC, Inc., a foreign corporation; STATS ChipPAC Ltd, a foreign corporation, | **(JURY TRIAL DEMANDED)** |
| Defendants. | |

Plaintiff, by and through counsel, for her Complaint against Defendants, alleges:

**JURISDICTION AND VENUE**

1. This action is brought to remedy discrimination on the basis of sex in the terms, conditions and privileges of employment and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000 *et. seq.* ("Title VII").

2. Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. §2000e (f) and (g).

3.     Plaintiff filed a charge of sex discrimination against Defendants with the Equal Employment Opportunity Commission [hereinafter "EEOC"] on or about September 18, 2007.

4.     On or about January 25, 2008, the EEOC issued a Notice of Right to Sue to Plaintiff.

5.     Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII.  This Court has jurisdiction under §706(f)(3) of Title VII, 42 U.S.C. §20003-5(f)(3).

6.     As the unlawful employment practices complained of herein occurred within Maricopa County, venue is proper in this District Court.

**PARTIES**

7     Plaintiff is a single woman who currently resides in Maricopa County, Arizona.

8.     Defendants STATS ChipPAC, Inc. and STATS ChipPAC Ltd. are foreign corporations authorized and doing business in Maricopa County, Arizona and are employers and/or vicariously liable for the acts of each other under Title VII because all acts taken by Plaintiff's supervisor were within the course and scope of his employment.

**FACTUAL BACKGROUND**

9.     Plaintiff began her employment with Defendants in August 1999.  As a Vice President in the Technology Development organization, Plaintiff was one of the few female executives in the companies.  Plaintiff managed a technical group responsible for generating the corporate technology roadmaps and emerging technology strategies, and

-2-

engaging customers in emerging technologies.  Plaintiff reported to her supervisor who is employed by Defendant STATS ChipPAC Ltd. and she has always received good performance evaluations.

10.  Beginning in 2006 and through April 2007, Plaintiff reported to her management and human resources department that certain subordinate male employees were undermining her authority within her group, her reputation in the company, and were creating a hostile work environment.  As a result of her complaints, Plaintiff's supervisor became increasingly hostile towards her and undermined her further within her group.

11.  On or about April 9, 2007, male employees put ketchup on Plaintiff's office chair on a day that Plaintiff was wearing white pants, making it appear that Plaintiff had an "accident."  Plaintiff was humiliated by this incident and reported it to her supervisor and the human resources department.  Plaintiff's supervisor told her: "Drink a beer and have a good sleep.  It will be ok."

12.  On June 22, 2007, Plaintiff started a thirty day leave under the Family Medical Leave Act due to the stress she experienced as a result of the hostile work environment.

13.  When Plaintiff returned from her FMLA leave, her supervisor, without notification, made a company-wide announcement demoting and removing her from supervising her group.  She was given a new position – "Special Project" at the bottom of the organization chart.

14. Since that time, Plaintiff has been given assignments with no real possibility of completing them as assigned by her supervisor. Plaintiff has been ostracized, has been omitted from meetings and conferences she previously attended and has been put in a dead-end position removing virtually all of her job duties and responsibilities, in a blatant attempt to force her resignation from employment.

15. Despite Plaintiff's complaints, no disciplinary action was taken against the male employees who undermined her authority within her group and her reputation within the company, and created a hostile work environment.

16. Plaintiff was demoted when she complained to her management and human resources department and upon her return from FMLA leave.

**COUNT ONE**
**(VIOLATION OF TITLE VII – HOSTILE WORK ENVIRONMENT)**

17. By reference hereto, Plaintiff incorporates paragraphs 1-16.

18. Defendants have discriminated against Plaintiff in the terms and conditions of her employment on the basis of her sex in violation of Title VII as a result of a discriminatory and hostile work environment created by her supervisor and co-workers.

19. As a direct result of the hostile work environment, Plaintiff has suffered mental and emotional distress, pain and suffering, anger, depression, anxiety, humiliation and embarrassment.

20. The actions of Defendants were done in reckless indifference to Plaintiff's federally protected rights and Plaintiff is therefore entitled to recover punitive and exemplary damages.

**COUNT TWO**
**(VIOLATION OF TITLE VII - RETALIATION)**

21. By reference hereto, Plaintiff incorporates paragraphs 1-20.

22. Defendants have retaliated against the Plaintiff due to her reporting complaints of a hostile work environment by demoting Plaintiff.

23. As a direct result of the retaliatory action by Defendants, Plaintiff has suffered mental and emotional distress, pain and suffering, anger, depression, anxiety, humiliation and embarrassment. As a further direct result of the retaliatory action by Defendants, Plaintiff will suffer lost wages, lost promotional opportunities in the future and damage to her career.

24. The actions of Defendants were done in reckless indifference to Plaintiff's federally protected rights and Plaintiff is therefore entitled to recover punitive and exemplary damages.

WHEREFORE, Plaintiff demands Judgment against Defendants as follows:

1. Declaring the acts and practices complained of herein are in violation of Title VII;

2. Compensatory damages to be proven at time of trial;

3. Lost wages and the value of benefits to be proven at time of trial;

4. Punitive and Exemplary damages to be proven at time of trial;

5. Attorneys' fees and costs of suit;

6. Reinstatement and promotion to the position held prior to her FMLA leave;

8. For such other relief this Court deems just.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial.

DATED this 6th day of February, 2008.

SCHLEIER LAW OFFICES, P.C.


s/ Tod F. Schleier
Tod F. Schleier
Attorney for Plaintiff