Quarles & Brady LLP
One Renaissance Square
Two North Central Avenue
Phoenix, AZ 85004
602-229-5200

Attorneys for Defendants
STATS ChipPAC, Inc. and
STATS ChipPAC, Ltd.
Lonnie J. Williams, Jr. (ABN: 005966)
lwilliams@quarles.com
Sandra J. Creta (ABN: 018434)
screta@quarles.com
Nima Aghili (ABN: 024647)
naghili@quarles.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DIANE SAHAKIAN,<br><br>Plaintiff,<br><br>vs.<br><br>STATS ChipPAC, Inc. and<br>STATS ChipPAC, Ltd.,<br><br>Defendants. | NO.: CV-08-241-PHX-ROS<br><br>**DEFENDANTS' ANSWER TO COMPLAINT** |

STATS ChipPAC, Inc. and STATS ChipPAC, Ltd. (collectively, "Defendants" except where referred to individually) for their answer to the Complaint filed by Plaintiff Diane Sahakian, state as follows:

**JURISDICTION AND VENUE**

1.  Paragraph 1 states a legal conclusion and/or statutory interpretation to which no response should be required. To the extent Paragraph 1 requires a response, Defendants deny the allegations in Paragraph 1 of the Complaint.

2.  Paragraph 2 states a legal conclusion and/or statutory interpretation to which

no response should be required. To the extent Paragraph 2 requires a response, Defendants deny the allegations in Paragraph 2 of the Complaint.

3.   Defendants admit the allegations in Paragraph 3 of the Complaint.

4.   Defendants admit the allegations in Paragraph 4 of the Complaint.

5.   Paragraph 5 states a legal conclusion and/or statutory interpretation to which no response should be required. To the extent that Paragraph 5 requires a response, Defendants admit that this Court has jurisdiction over this action.

6.   Defendants admit that venue is proper in this Court and deny that any unlawful employment practices occurred within Maricopa County or otherwise.

## PARTIES

7.   Upon information and belief, Defendants admit the allegations in Paragraph 7 of the Complaint.

8.   Defendants admit that they are foreign corporations authorized and doing business in Maricopa County, Arizona and that they are employers. Defendants deny the remaining allegations in Paragraph 8 of the Complaint.

## FACTUAL BACKGROUND

9.   Defendants deny that Plaintiff began her employment with Defendants in August 1999 and that she began her employment as a Vice President in the Technology Development organization and affirmatively state that Plaintiff is not and never has been employed by STATS ChipPAC, Ltd. Defendants admit that Plaintiff is a female Vice President and that Plaintiff managed a technical group responsible for generating the corporate technology roadmap and emerging technology strategies and engaging customers in emerging technologies. Defendants further admit that Plaintiff reported to her supervisor who is employed by Defendant STATS ChipPAC, Ltd. Defendants deny the remaining allegations in Paragraph 9 of the Complaint.

10.   Defendants admit that in 2006 and 2007 Plaintiff complained to her

manager that certain subordinate male employees were undermining her authority within her group and deny the remaining allegations in Paragraph 10 of the Complaint.

11. Defendants lack information or knowledge sufficient to admit or deny the allegation that on or about April 9, 2007, male employees put ketchup on Plaintiff's office chair on the day that Plaintiff was wearing white pants, making it appear that Plaintiff had an "accident." Defendants admit that Plaintiff reported the alleged incident to her supervisor and to the Human Resources Department and deny that Plaintiff's supervisor told her to "Drink a beer and have a good sleep. It will be OK," in response to Plaintiff's report of finding ketchup on her chair. Defendants deny the remaining allegations in Paragraph 11 of the Complaint.

12. Defendants admit that on or about June 22, 2007, Plaintiff started a 30 day medical leave and deny the remaining allegations in Paragraph 12 of the Complaint.

13. Defendants admit that when Plaintiff returned from her FMLA leave that her supervisor made a company-wide announcement that Plaintiff was moving to a new position of Special Projects and that this position did not include supervisory duties. Defendants deny the remaining allegations in Paragraph 13 of the Complaint.

14. Defendants deny the allegations in Paragraph 14 of the Complaint.

15. Defendants deny the allegations in Paragraph 15 of the Complaint.

16. Defendants deny the allegations in Paragraph 16 of the Complaint.

## COUNT I

### TITLE VII-- HOSTILE WORK ENVIRONMENT

17. Defendants incorporate the previous answers as if fully restated herein.

18. Defendants deny the allegations in Paragraph 18 of the Complaint.

19. Defendants deny the allegations in Paragraph 19 of the Complaint.

20. Defendants deny the allegations in Paragraph 20 of the Complaint.

## COUNT II

## TITLE VII--RETALIATION

21. Defendants incorporate the previous answers as if fully restated herein.

22. Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Defendants deny the allegations in Paragraph 23 of the Complaint.

24. Defendants deny the allegations in Paragraph 24 of the Complaint.

## GENERAL DENIAL

25. Defendants generally and specifically deny each allegation of Plaintiff's Complaint not expressly admitted herein. Defendants further deny that Plaintiff has been damaged as alleged in the Complaint or at all.

## SPECIFIC DEFENSES

1. Plaintiff failed to mitigate her damages.

2. Any action that was taken against Plaintiff was taken for legitimate nondiscriminatory reasons.

3. Plaintiff's claims are barred in whole or in part by any after-acquired evidence.

4. Any damages Plaintiff experienced are the result of Plaintiff's own actions.

5. Discovery may reveal the basis for additional affirmative defenses, including those listed in Rule 8(c) of the Federal Rules of Civil Procedure. Defendants reserve the right to amend their answer to add such affirmative defenses as discovery may reveal.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants request that the Court take the following action:

    (a) dismiss Plaintiff's Complaint in its entirety;

    (b) award Defendants the costs and attorney's fees they have incurred in having to defend against Plaintiff claims; and

|   |   |
|---|---|
| 1 | (c) award Defendants such other and further relief as the Court deems |
| 2 | just and proper. |
| 3 | RESPECTFULLY SUBMITTED this 8th day of April, 2008. |

(c) award Defendants such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 8th day of April, 2008.

> QUARLES & BRADY LLP
> One Renaissance Square
> Two North Central Avenue
> Phoenix, AZ 85004
>
>
> By /s/ Sandra J. Creta
>    Lonnie J. Williams, Jr.
>    Sandra J. Creta
>    Nima Aghili
>
> **Attorneys for Defendants**
> **STATS ChipPAC, Inc. and**
> **STATS ChipPAC, Ltd.**

I hereby certify that on the 8th day of April, 2008, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and the attached was also e-served on the following:

Tod F. Schleier, Esq.
Bradley H. Schleier, Esq.
Schleier Law Offices, P.C.
3101 N. Central Avenue
Suite 1090
Phoenix, AZ 85012

**Attorneys for Plaintiff**


/s/  Diane Miller