L. Eric Dowell, SBN 011458
Caroline Larsen, SBN 022547
Monique D. Young, SBN 025121
Ogletree, Deakins, Nash, Smoak & Stewart, P.C., SBN 00504800
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone:   (602) 778-3700
Facsimile:    (602) 778-3750
Eric.Dowell@ogletreedeakins.com
Caroline.Larsen@ogletreedeakins.com
Monique.Young@ogletreedeakins.com

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Diane Sahakian, a single woman,<br><br>             Plaintiff,<br><br>vs.<br><br>STATS ChipPAC, Inc., a foreign corporation; STATS ChipPAC Ltd, a foreign corporation,<br><br>             Defendants. | CV08-241-PHX-HRH<br><br>**DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

      STATS ChipPAC, Inc. and STATS ChipPAC Ltd. (collectively, "Defendants" except where referred to individually) hereby file their Amended Answer to Plaintiff Diane Sahakian's First Amended Complaint ("Complaint") as follows:

**JURISDICTION AND VENUE**

      1.     Paragraph 1 states a legal conclusion and/or statutory interpretation to which no response should be required. To the extent Paragraph 1 requires a response, Defendants deny the allegations in Paragraph 1 of the Complaint.

2. Paragraph 2 states a legal conclusion and/or statutory interpretation to which no response should be required. To the extent Paragraph 2 requires a response, Defendants deny the allegations in Paragraph 2 of the Complaint.

3. Defendants admit that Plaintiff filed a charge of sex discrimination against Defendants with the Equal Employment Opportunity Commission on September 18, 2007, and a subsequent charge of retaliation against Defendants on July 1, 2008. Defendants deny the remaining allegations in Paragraph 3 of the Complaint.

4. Defendants admit the allegations in Paragraph 4 of the Complaint.

5. Paragraph 5 states a legal conclusion and/or statutory interpretation to which no response should be required. To the extent Paragraph 5 requires a response, Defendants admit only that this Court has jurisdiction over this action.

6. Defendants admit only that venue is proper in this Court and deny that any unlawful employment practices occurred within Maricopa County or otherwise.

**PARTIES**

7. Upon information and belief, Defendants admit the allegations in Paragraph 7 of the Complaint.

8. Defendants admit that they are foreign corporations authorized and doing business in Maricopa County, Arizona, and that they are employers. Defendants deny the remaining allegations in Paragraph 8 of the Complaint.

**FACTUAL BACKGROUND**

9. Defendants deny that Plaintiff began her employment with Defendants in August 1999 and that she began her employment as a Vice President in the Technology Development organization and affirmatively state that Plaintiff is not and never has been employed by STATS ChipPAC Ltd. Defendants admit that Plaintiff is a female and was Vice President and that Plaintiff managed a technical group responsible for generating the customers in emerging technologies. Defendants further admit that Plaintiff reported to her supervisor who is employed by Defendant STATS ChipPAC Ltd. Defendants deny the remaining allegations in Paragraph 9 of the Complaint.

10. Defendants admit that in 2006 and 2007, Plaintiff complained to her manager about certain subordinate male employees under her supervision and within her group and deny the remaining allegations in Paragraph 10 of the Complaint.

11. Defendants lack information or knowledge sufficient to admit or deny the allegation that on or about April 9, 2007, male employees put ketchup on Plaintiff's office chair on the day that Plaintiff was wearing white pants, making it appear that Plaintiff had an "accident." Defendants admit that Plaintiff reported the alleged incident to her supervisor and to the Human Resources Department but deny that Plaintiff's supervisor told her to "Drink a beer and have a good sleep. It will be OK," in response to Plaintiff's report of finding ketchup on her chair. Defendants deny the remaining allegations in Paragraph 11 of the Complaint.

12. Defendants admit that on or about June 22, 2007, Plaintiff started a 30 day medical leave and deny the remaining allegations in Paragraph 12 of the Complaint.

13. Defendants admit that when Plaintiff returned from her FMLA leave that her supervisor announced that Plaintiff was moving to a new position of Special Projects and that this position did not include supervisory duties. Defendants deny the remaining allegations in Paragraph 13 of the Complaint.

14. Defendants deny the allegations in Paragraph 14 of the Complaint.

15. Defendants deny the allegations in Paragraph 15 of the Complaint.

16. Defendants deny the allegations in Paragraph 16 of the Complaint.

17. Defendants admit that Plaintiff filed a charge of discrimination and retaliation with the EEOC on September 18, 2007. Defendants deny the remaining allegations in Paragraph 17 of the Complaint.

18. Defendants admit that on or about December 11, 2007, they made a settlement offer to Plaintiff, that Plaintiff rejected the offer and made a counteroffer on or about January 24, 2008. Defendants deny the remaining allegations in Paragraph 18 of the Complaint.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

19. Paragraph 19 states a legal conclusion and/or statutory interpretation to which no response should be required. To the extent Paragraph 19 requires a response, Defendants admit only that Plaintiff filed her Complaint on February 6, 2008, in federal court.

20. Defendants admit that on or about April 11, 2008, they made a settlement offer to Plaintiff and that Plaintiff did not respond to the offer and the offer lapsed.

21. Defendants admit only that Plaintiff's employment was terminated on July 1, 2008. To the extent that Plaintiff characterizes the termination as discrimination and/or retaliation, Defendants deny the remaining allegations in Paragraph 21 of the Complaint.

## COUNT I

## TITLE VII – HOSTILE WORK ENVIRONMENT

22. Defendants incorporate their previous answers as if fully restated herein.

23. Defendants deny the allegations in Paragraph 23 of the Complaint.

24. Defendants deny the allegations in Paragraph 24 of the Complaint.

25. Defendants deny the allegations in Paragraph 25 of the Complaint.

## COUNT II

## TITLE VII – RETALIATION

26. Defendants incorporate their previous answers as if fully restated herein.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

## GENERAL DENIAL

30. Defendants generally and specifically deny each and every allegation of Plaintiff's Complaint not expressly admitted herein. Defendants further deny that Plaintiff has been damaged as alleged in the Complaint or at all.

## SPECIFIC DEFENSES

1. Plaintiff failed to mitigate her damages.

2. Any action that was taken against Plaintiff was taken for legitimate, nondiscriminatory reasons.

3. Plaintiff's claims are barred in whole or in part by any after-acquired evidence.

4. Any damages Plaintiff experienced are a result of Plaintiff's own actions.

5. Plaintiff's claims are or may be barred because the conduct of which Plaintiff complained was solicited or invited by Plaintiff, and/or Plaintiff regarded the conduct as desirable or otherwise not offensive.

6. Plaintiff failed to state a claim upon which relief can be granted.

7. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to reasonably utilize preventative and corrective measures provided by Defendants or to avoid harm otherwise.

8. Plaintiff's claims are barred, in whole or in part, because Plaintiff had policies against unlawful harassment, discrimination, and retaliation and took prompt remedial action when appropriate.

9. Plaintiff's claims are barred because there were and are legitimate nondiscriminatory reasons for the actions taken by Defendants that are alleged to have adversely affected Plaintiff.

10. An award of punitive damages against Defendants is barred by the due process and equal protection provisions of the United States and Arizona Constitutions.

11. Plaintiff is not entitled to recover punitive damages on her claims because any action taken by Defendants were at all times taken in good faith and with reasonable diligence and do not constitute intentional or willful violations of the law.

12. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

13. Plaintiff's claims are barred, in whole or in part, by the applicable statue of limitations, filing deadlines, and charge deadlines, or are otherwise time barred.

14. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exhaust administrative remedies and fulfill all condition precedents to filing suit.

15. Plaintiff's claims are barred, in whole or in part, because she was not discriminated or retaliated against on the basis of sex or any other protected class or activity.

16. Discovery may reveal the basis for additional affirmative defenses, including those listed in Rule 8(c) of the Federal Rules of Civil Procedure. Defendants reserve the right to amend their answer to add such affirmative defenses as discovery may reveal.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants request that the Court take the following action:

(a) dismiss Plaintiff's Complaint in its entirety;

(b) award Defendants the costs and attorneys' fees they have incurred in having to defend against Plaintiff's claims; and

(c) award Defendants such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 16th day of October 2008.

> OGLETREE, DEAKINS, NASH,
> SMOAK & STEWART, P.C.
>
> By:   s/ Monique D. Young
>   L. Eric Dowell
>   Caroline Larsen
>   Monique D. Young
>   2415 East Camelback Road, Suite 800
>   Phoenix, Arizona 85016
>   Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of October 2008, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Tod F. Schleier, Esq.
SCHLEIER LAW OFFICES, P.C.
3101 North Central Avenue, Suite 1090
Phoenix, Arizona 85012
Attorneys for Plaintiff


s/ Sophia E. Bertzikis


6709918.1 (OGLETREE)

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016