1  L. Eric Dowell, SBN 011458
2  Caroline Larsen, SBN 022547
   Monique Young, SBN 025121
3  Ogletree, Deakins, Nash, Smoak & Stewart, P.C., SBN 00504800
   2415 East Camelback Road, Suite 800
4  Phoenix, Arizona 85016
5  Telephone:    (602) 778-3700
   Facsimile:    (602) 778-3750
6  Eric.Dowell@ogletreedeakins.com
   Caroline.Larsen@ogletreedeakins.com
7  Monique.Young@ogletreedeakins.com
8  Attorneys for Defendants
9
10              **UNITED STATES DISTRICT COURT**
11             **FOR THE DISTRICT OF ARIZONA**

12  Diane Sahakian, a single woman,          CV08-241-PHX-HRH
13                   Plaintiff,              **DEFENDANTS STATS CHIPPAC, INC.**
                                            **AND STATS CHIPPAC LTD.'S**
14          vs.                             **RESPONSE TO PLAINTIFF'S MOTION**
                                            **TO AMEND FIRST AMENDED**
15  STATS ChipPAC, Inc., a foreign          **COMPLAINT**
16  corporation; STATS ChipPAC Ltd, a
    foreign corporation,                    (Assigned to the Hon. H. Russel Holland )
17
                     Defendants.
18

19
20          Defendants STATS ChipPAC, Inc. and STATS ChipPAC, Ltd. (collectively,
21  "STATS ChipPAC") ask the Court to deny Plaintiff's Motion to Amend First Amended
22  Complaint.  The deadline for amending the pleadings passed four months ago, and
    Plaintiff offers no credible explanation for her delay in seeking to amend her Complaint
23  until almost a year after she filed suit.  Even if Plaintiff's Motion to Amend were timely,
24  Plaintiff has no viable claims against proposed defendants Temasek Holdings Private
25  Limited ("Temasek") or Singapore Technologies Semiconductors Private Limited ("STS").
26  Although Federal Rule of Civil Procedure 15(a) requires that leave to amend pleadings be
27  freely given when justice so requires, justice and judicial efficiency require that
28

Ogletree, Deakins, Nash,
Smoak & Stewart, P.C.
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016

Plaintiff's Motion to Amend be denied as futile. This Motion is supported by the following Memorandum.

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.    PROCEDURAL BACKGROUND

Plaintiff Diane Sahakian filed suit against STATS ChipPAC, her former employer, on February 6, 2008, asserting two claims for relief (gender and retaliation) under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.* ("Title VII"). Doc. 1.  Plaintiff amended her Complaint, with Defendants' stipulation, on October 16, 2008.  Doc. 31.  On October 23, 2008, Plaintiff's former counsel, Tod Schleier, withdrew as counsel of record.  Doc. 34.  On November 5, 2008, Peter Strojnik entered Notice of his Appearance on behalf of Plaintiff.  Doc. 35.  At the direction of the Court, the parties conferred regarding any adjustments to scheduling in the case necessitated by Plaintiff's change in counsel and filed a Joint Report to Amend Scheduling Order.  Docs. 36, 37.

In the Joint Report, the parties agreed to amended dates for Plaintiff to respond to Defendants' outstanding discovery requests, for both parties to disclose expert witness reports, and for the close of discovery.  Doc. 37.  The parties did not discuss, nor request from the Court, any other amendments to the Scheduling Order.  On November 25, 2008, the Court entered an Amended Case Schedule that set forth the new deadlines agreed to by the parties and stated, "Except as to the foregoing dates, the other terms and conditions of the scheduling and planning order remain in effect."  Doc. 38.

On January 13, 2009, Plaintiff filed a Motion to Amend her First Amended Complaint.  Doc. 41.  The proposed Second Amended Complaint names two new defendants in the action – Temasek and STS.  Plaintiff alleges these corporations share liability for the alleged acts of STATS ChipPAC based on her uncorroborated statement that STATS ChipPAC is the alter ego of Temasek and STS.  *Doc.* 42, Exh. 1; Doc. 43.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. 2415 EAST CAMELBACK ROAD, SUITE 800 PHOENIX, ARIZONA 85016

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<div style="writing-mode: vertical">Ogletree, Deakins, Nash, Smoak & Stewart, P.C. 2415 East Camelback Road, Suite 800 Phoenix, Arizona 85016</div>

## II.    LEGAL ARGUMENT

### A.    Plaintiff is Not Entitled to Leave to Amend her Complaint.

All of the factors that the Court considers when deciding whether to grant a party leave to amend a pleading under Federal Rule of Civil Procedure 15(a)(2) weigh against allowing Plaintiff to file her proposed Second Amended Complaint.  "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley,* 356 F.3d 1067, 1077 (9th Cir. 2004) (citing *Nunes v. Ashcroft,* 348 F.3d 815, 818 (9th Cir. 2003)); *accord Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).  Denial of a motion for leave to amend also is justified when plaintiff seeks to assert new theories that would require proof of different facts and unfairly impose potentially high, additional litigation costs on the defendant.  *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953-54 (9th Cir. 2006).

First, Plaintiff's request to amend her Complaint comes too late, nearly one year after she initiated this action and four months after the deadline to amend the pleadings and name new parties.  Plaintiff offers no excuse for her delay and permitting the amendment at this late date would prejudice STATS ChipPAC, as well as Temasek and STS.  Second, Plaintiff has previously amended her complaint once and failed to add Temasek and STS as new defendants.  Doc. 31.  Third, allegations made by Plaintiff's counsel, Peter Strojnik, in his separate complaint for declaratory judgment against STATS ChipPAC, STATS ChipPAC's counsel, Temasek and STS (*see* United States District Court Case No. 09-CV-00143-JWS), make it evident that Plaintiff's Motion to Amend is made in bad faith.  Fourth, extensive discovery would be required to prove that Temasek and STS do not control the operations or day-to-day functions of STATS ChipPAC.  This discovery would be directed at corporations and witnesses more than 9,000 miles away in Singapore.  This would exponentially increase costs for STATS ChipPAC and would further delay the trial and resolution of this case, which already has

1   been pending for a year. Finally, Plaintiff seeks to add new defendants against whom she

2   cannot maintain a cause of action. In light of the incurable defects in the proposed

3   Second Amended Complaint, permitting the amendment would be futile.

4         **B.     Plaintiff Missed the Deadline to Amend by Four Months.**

5         In assessing timeliness of a motion to amend a pleading, the Court does not merely

6   review whether a motion was filed within the period of time allotted by the district court

7   in a Rule 16 scheduling order, which it was not in this case. Rather, in evaluating undue

8   delay, the Court also inquires whether the moving party knew or should have known the

9   facts and theories raised by the amendment at the time of the original pleading.

10  *AmerisourceBergen Corp. v. Dialysist West, Inc.*,465 F.3d 946, 953 (9th Cir. 2006)

11  (citations omitted); *accord De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874,

12  878 (9th Cir. 2000) ("Where the party seeking amendment knows or should know of the

13  facts upon which the proposed amendment is based but fails to include them in the

14  original complaint, the motion to amend may be denied.") In addition, "[a] district court

15  may deny [a motion for leave to amend a pleading] if it will cause unfair delay." *De*

16  *Saracho*, 206 F.3d at 878 (citations omitted).

17        This action has been pending for a year, and the deadline for amending the

18  pleadings passed four months ago. Plaintiff first filed her Complaint on February 6,

19  2008. Doc. 1. In the Scheduling & Planning Order (Doc. 13), the Court afforded the

20  parties 120 days from the docketing date of the Order, June 4, 2006, to serve and file

21  motions to add other parties and/or to amend the pleadings. Hence, the deadline to add

22  other parties and/or to amend the pleadings was October 2, 2008, or four months ago.

23  The Court further ordered that, "[t]hereafter, parties may be added and/or pleadings

24  amended only upon leave of court and for good cause shown." Doc. 13. Plaintiff has not

25  demonstrated good cause for seeking to amend her Complaint at this late date.

26        Plaintiff knew, or should have known, the facts and theories raised by the

27  proposed Second Amended Complaint at the time she filed her original Complaint; she

28  certainly cannot blame her delay on newly discovered information. Plaintiff worked for

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

STATS ChipPAC from August 1999 until July 2008 and was a Vice President in the Emerging Technology division. *See* Doc. 42 ¶ 19.  Presumably, after many years as a high-level executive with the company, she knew that STS owns shares in STATS ChipPAC, and was familiar with the membership of STATS ChipPAC's Board of Directors.  If Plaintiff somehow was ignorant of the facts she now claims warrant adding STS and Temasek as party-defendants, the information is publicly available. *See* Exh. B, available on STATS ChipPAC's website at http://www.statschippac.com/aboutus/companyinformation.aspx; Exh. C, press release dated March 1, 2007.

Moreover, Plaintiff's counsel allegedly began an "investigation" into the ownership of STATS ChipPAC "immediately upon the receipt of the case." *See* Decl. of P. Strojnik in Support of Motion to Amend First Amended Complaint ¶ 14, Doc. 41-2. Strojnik's investigation, therefore, must have begun sometime prior to November 5, 2008, when he entered Notice of his Appearance.  With this information in hand, Plaintiff's counsel drafted a Motion to Amend to add STS and Temasek as defendants in late November 2008, yet he inexplicably failed to request leave to amend from the Court when the parties filed their Joint Report to Amend Scheduling Order on November 20, 2008 (Doc. 37).  Instead, Plaintiff procrastinated almost two more months to file the Motion to Amend, while he attempted to extract a $2.5 million settlement from Temasek. *Doc.* 41-2, Exh. A.

Plaintiff is seeking to amend her Complaint four months after the deadline to amend passed.  The new allegations and parties in the proposed Second Amended Complaint were known to Plaintiff when she first filed her Complaint in February 2008. Her failure to seek to amend within the time permitted by the Scheduling & Planning Order constitutes undue delay.  Permitting Plaintiff to amend her Complaint at this late stage would require prolonging the discovery phase of the case.  STS and Temasek would have to initiate their defense, and STATS ChipPAC would have to gather evidence to disprove an entirely new set of allegations.  Since STS and Temasek are Singaporean

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

corporations, STATS ChipPAC would incur unusually high, additional litigation costs. In light of Plaintiff's undue delay and the prejudice that permitting the amendment would impose on STATS ChipPAC, this Court should deny Plaintiff's Motion.

C.    **Plaintiff's Motion to Amend is Made in Bad Faith.**

"[B]ad faith is a proper ground upon which to deny a party leave to amend." *Merrill Lynch Bus. Fin. Servs. Inc. v. Plesco, Inc.*, 859 F. Supp. 818, 825 (E.D. Pa. 1994) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  The nature of the new allegations in Plaintiff's proposed Second Amended Complaint, combined with Plaintiff's counsel's conduct towards STATS ChipPAC outside the context of this action, demonstrate that Plaintiff lacks good faith in seeking to amend.

From the sketchy allegations in the Motion to Amend, Plaintiff has no valid legal or factual bases for adding Temasek or STS as defendants in this action.  Plaintiff bases her allegations regarding STS' or Temasek's alleged involvement in the operations of STATS ChipPAC on purported anonymous information.   Plaintiff's counsel, Peter Strojnik, interjects himself as a witness in this action and relies on information allegedly gained from "confidential discussions with one of [his] Singaporean contacts," whose identity he will not disclose.  *See* Decl. of P. Strojnik in Support of Motion to Amend First Amended Compl. ¶¶ 16-17, Doc. 41-2.  With such secrecy regarding the source of the information on which Plaintiff bases her claim that Temasek or STS are proper defendants in this action, the Court cannot establish that Plaintiff has good faith for seeking to amend her Complaint, or whether she has evidentiary support for these allegations sufficient to meet the requirements of Rule 11(b), Federal Rules of Civil Procedure.

Further evidencing Plaintiff's bad faith in seeking to amend her Complaint is the separate, but related, complaint for declaratory judgment, filed on January 23, 2009, by Strojnik against STATS ChipPAC, STATS ChipPAC's counsel, Temasek and STS (United States District Court Case No. 09-CV-00143-JWS).  *See* Exh. A.  As set forth in Strojnik's declaration in support of the Motion to Amend, before filing this Motion,

Ogletree, Deakins, Nash,
Smoak & Stewart, P.C.
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016

Ogletree, Deakins, Nash,
Smoak & Stewart, P.C.
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016

Plaintiff attempted to extract a $2.5 million settlement from the Chief Executive Officer of Temasek.  *See* Decl. of P. Strojnik in Support of Motion to Amend First Amended Compl. ¶ 18, Doc. 41-2, and Exh. A thereto.  In his demand letter to Temasek, Strojnik threatened that, if Temasek did not take what he deemed to be "appropriate remedial measures . . . civic duty would compel [Strojnik and his client, Plaintiff Diane Sahakian] to ensure the widest possible broadcast of this matter for the protection of the American worker."  *Id.*  STATS ChipPAC responded to Strojnik's letter by advising him that any extrajudicial statements regarding this action, which might prejudice the adjudication of the matter, could potentially violate the Arizona Rules of Professional Conduct, Rule 42, ER 3.6.  *See* Exh. A ¶ 18 and Exhibit 1 thereto.  Counsel for STATS ChipPAC also advised Strojnik that, if necessary, it would bring any such statements to the attention of the Court and the State Bar of Arizona.  *Id.*

Citing that correspondence, Strojnik filed the above-cited complaint for declaratory judgment just ten days after Plaintiff filed this Motion to Amend.  *See* Exh. A.  In his complaint, Strojnik stated his opinion that STATS ChipPAC, STS, Temasek and the country of Singapore are racist and sexist entities and that their policies require a dissemination of press releases to alert the American public of the dangers posed by these entities.  *Id.* ¶ 17.  He further expressed his opinion that STATS ChipPAC and Temasek are controlled by the Singaporean government, which he describes as a "oligarchic dictatorship pretending to be a democracy."  *Id.* ¶¶ 20-21.  Strojnik announced his intent to publish a series of press releases in the United States, Europe and Asia to disclose the allegations and proceedings in this action (which, of course, are already a matter of public record) and his opinion that American employees, especially women, should exercise caution before working for STATS ChipPAC, STS or Temasek.  *Id.* ¶ 32.

The allegations in the complaint for declaratory judgment make clear Strojnik's deep-rooted personal bias against the government of Singapore and any business that operates there.  His effort to amend the Complaint in this action to add STS and Temasek, two entities he believes are controlled by the government of Singapore, is merely a ploy

to promote his own agenda and indulge his prejudice against the Republic of Singapore. In light of Strojnik's obvious and improper motivations, Plaintiff's Motion to Amend should be denied.

### D.    Plaintiff's Motion to Amend Should Be Denied As Futile.

"A motion for leave to amend may be denied if it appears to be futile or legally insufficient." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citation omitted); *accord Johnson v. Buckley,* 356 F.3d 1067, 1077 (9th Cir. 2004) ("Futility alone can justify the denial of a motion to amend."). A proposed amendment is futile if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense. *Miller*, 845 F.2d at 214 (citation omitted); *see also Savoy v. White*, 139 F.R.D. 265, 267 (D. Mass. 1991) ("A proposed amendment is futile if it serves no legitimate purpose or is without legal merit.") (citations omitted). "[A] district court is justified in denying an amendment if the proposed amendment could not withstand a motion to dismiss." *Glick v. Koenig*, 766 F.2d 265, 268 (7th Cir. 1985) (citing *Holloway v. Dobbs,* 715 F.2d 390, 392-93 (8th Cir.1983); *NDK Corp. v. Local 1550 of the United Food & Commercial Workers Int'l Union,* 709 F.2d 491, 493 (7th Cir.1983)).

In *Partington v. Bugliosi*, the Court of Appeals for the Ninth Circuit affirmed the district court's conclusion that it would be futile to allow plaintiff to amend his complaint where plaintiff failed to state a claim sufficient to support his causes of action. 56 F.3d 1147, 1162 (9th Cir. 1995). When "it is clear that the deficiency in [plaintiff's] complaint could not have been overcome by amendment," the district court does not abuse its discretion in denying leave to amend. *Id.* "The liberal amendment rules under Rule 15(a) do not require the courts to indulge in futile gestures." *Glick v. Koenig*, 766 F.2d 265, 268-69 (7th Cir. 1985) (citation omitted).

Permitting Plaintiff to amend her Complaint would be futile because Plaintiff's proposed claims against Temasek and STS fail as a matter of law for numerous reasons. First, neither Temasek nor STS were Plaintiff's employer, as that term is defined in Title

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

VII.  In addition, neither corporation was named as a respondent in Plaintiff's charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC"), thus, Plaintiff has not exhausted her administrative remedies as required to maintain an action Temasek or STS.  Finally, Plaintiff does not allege any specific conduct by Temasek or STS that would subject them to the jurisdiction of this Court.  In light of the lateness of Plaintiff's Motion to Amend, Plaintiff's demonstrated bad faith, the unavoidable prejudice to STATS ChipPAC, Plaintiff's previous amendment of her Complaint, and the futility of the proposed amendments, Plaintiff's Motion to Amend must be denied.

### E.    Neither Temasek nor STS were Plaintiff's Employer.

The only causes of action in Plaintiff's proposed Second Amended Complaint arise under Title VII.  Plaintiff, however, has not properly plead her Title VII claims against Temasek and STS because she does not, and cannot, properly assert that these potential defendants were her employer.  A claim arising under Title VII only can be asserted against the plaintiff-employee's employer.  42 U.S.C. § 2000e-2(a).  Plaintiff seeks to assert Title VII claims against Temasek and STS based solely on STS' partial ownership interest in STATS ChipPAC, and Temasek's ownership of STS.

"In the absence of special circumstances, a parent corporation is not liable for the Title VII violations of its wholly owned subsidiary."  *Watson v. Gulf & Western Indus.*, 650 F.2d 990, 993 (9th Cir. 1981) (citations omitted).  Such special circumstances could include evidence that the parent-subsidiary relationship is a sham, that circumstances exist that might render the parent liable for debts of its subsidiary, that the parent corporation undercapitalized its subsidiary in a way that defeats potential recovery by a Title VII plaintiff, or that the parent corporation participated in or influenced the employment policies of its subsidiary.  *Id.* (citation omitted).  Absent such a showing, the parent corporation is not a proper party to the action.  *Id.*

Plaintiff attempts to overcome this deficiency in her Complaint by making a conclusory allegation that Temasek and STS dominate and control the actions of STATS ChipPAC to such an extent that they should be held liable for STATS ChipPAC's alleged

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

conduct.  Doc. 42 ¶¶ 12, 40-42, 47-49.  Plaintiff, however, provides no actual facts or evidence to support these statements.  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . .. Factual allegations must be enough to raise a right to relief above the speculative level . . .." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted).

Plaintiff admits that STATS ChipPAC was an employer for the purposes of Title VII, was Plaintiff's employer during the time the conduct complained of occurred, and terminated Plaintiff's employment, giving rise to this action.  Doc. 42 ¶¶ 2, 19, 35.  Nowhere in her Motion to Amend or proposed Second Amended Complaint does Plaintiff assert that Temasek and STS were her employer, nor does she allege facts sufficient to hold either entity liable for the alleged actions of STATS ChipPAC.  Plaintiff merely alleges that STS owns approximately 83% of the outstanding shares of STATS ChipPAC; that one of STATS ChipPAC's seven directors, Jimmy Phoon, previously was the Senior Managing Director and Chief Investment Officer at Temasek; and another of STATS ChipPAC's seven directors, Peter Seah Lim Huat, is a member of the Temasek Advisory Panel.  Doc. 42 ¶¶ 6-9.  Plaintiff alleges, "upon information and belief," that Mr. Phoon and Mr. Seah receive their "instructions" directly from Temasek.  Doc. 41, at p.3. Plaintiff further states, again "on information," that Temasek and STS caused the voluntary delistment of STATS ChipPAC from the NASDAQ and that Temasek and STS are attempting to cause the delistment of STATS ChipPAC from the Singapore Exchange.  Doc. 42 ¶¶ 10-11.  From these limited, alleged business interactions, Plaintiff leaps to the conclusion that "Temasek and STS control the operations and day to day functions of STATS ChipPAC." *Id.* ¶ 12.

These broad allegations, even if true, do not establish that Temasek and STS were Plaintiff's employer.  Furthermore, Plaintiff has not demonstrated sufficient special circumstances to hold STS or Temasek liable for the alleged Title VII violations of

STATS ChipPAC.  As a result, Plaintiff cannot maintain an action against Temasek or STS under Title VII.

### F.    This Court Lacks Jurisdiction Over Temasek and STS.

#### 1.    Failure to Exhaust Administrative Remedies

For numerous reasons, this Court does not have subject matter jurisdiction over Temasek and STS.  As an initial matter, Plaintiff failed to exhaust her administrative remedies by filing a charge of discrimination against Temasek or STS with either the EEOC or the Civil Rights Division of the Arizona Attorney General's office ("ACRD"). As a result, the Court lacks subject matter jurisdiction over Plaintiff's claims.  "Before bringing suit under Title VII, a plaintiff must exhaust the administrative remedies available under [42 U.S.C. §] 2000e-5."  *Karim-Panachi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988).  Plaintiff must timely file a discrimination charge with the Equal Employment Opportunity Commission or an appropriate state agency and receive a right-to-sue letter.  *Id.* (citing 42 U.S.C. § 2000e-5(f)(1); *Wrighten v. Metropolitan Hosps., Inc.*, 726 F.2d 1346, 1351 n.3 (9th Cir. 1984)).  A court lacks subject matter jurisdiction over a plaintiff's Title VII claims if she fails to exhaust her administrative remedies.  *Lyons v. England*, 307 F.3d 1092, 1103 (9th Cir. 2002); *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002).

The Ninth Circuit has found that the failure to name a party in an EEOC charge precludes the possibility of suing that party for claims arising under Title VII unless the unnamed party was: (1) involved in the acts that were the subject of the EEOC charge; or (2) should have anticipated being named in a Title VII suit.  *Ortez v. Washington County*, 88 F.3d 804, 808 (9th Cir. 1996); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1089 (7th Cir. 2008) (holding the district court properly dismissed Title VII claims defendant based on plaintiff's failure to exhaust administrative remedies where plaintiff failed to name employer-defendant in her EEOC charge and failed to otherwise provide notice of her claims to employer-defendant).

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

11

1    Plaintiff filed an EEOC charge of discrimination and an amended charge only
2    against STATS ChipPAC. Doc. 42 ¶ 15. Despite Plaintiff's knowledge of the alleged
3    relationship between STATS ChipPAC, Temasek and STS, Plaintiff never filed a new
4    EEOC charge or further amended her existing charge against STATS ChipPAC.
5    Plaintiff's proposed Second Amended Complaint does not contain any facts that indicate
6    that Temasek and STS were named as respondents in the EEOC charges; that those
7    corporations were involved in any of the alleged unlawful acts; or that Temasek or STS
8    should have anticipated they would be named in a Title VII suit. Plaintiff has not pled
9    any facts that establish she exhausted her administrative remedies against Temasek or
10   STS. Accordingly, the Court should deny her request to amend her Complaint to assert
11   claims against these corporations.

12   **2.    Neither Temasek nor STS are Within the Jurisdiction of this**
13        **Court.**

14   Even if Plaintiff had exhausted her administrative remedies against Temasek and
15   STS, so that subject matter jurisdiction existed before this Court, neither corporation is
16   subject to personal jurisdiction in Arizona. Plaintiff alleges no ties, actions, or conduct
17   on the part of either corporation in Arizona that subject them to the jurisdiction of this
18   Court. Neither Temasek nor STS are incorporated or headquartered in Arizona. Both are
19   foreign corporations with their principal place of business in the country of Singapore. ¶¶
20   3, 4, Doc. 42. Neither company conducts any business in Arizona. Likewise, neither
21   Temasek nor STS had any contacts in Arizona, with respect to Plaintiff's claims, that
22   could confer specific jurisdiction over them.

23   The Due Process Clause of the Fourteenth Amendment to the United States
24   Constitution limits a court's power to render a valid personal judgment against a non-
25   resident defendant. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291
26   (1980) (citing *Kulko v. California Superior Court*, 436 U.S. 84, 91 (1978)). Federal law
27   controls the issue of due process. *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d

28

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

784, 789 (9th Cir. 1977).   The United States Supreme Court defined the limits of a court's authority over a non-resident defendant as follows:

> [A] state court may exercise personal jurisdiction over a nonresident defendant only so long as there exist "minimum contacts" between the defendant and the forum state.  The concept of minimum contacts, in turn, can be seen to perform two related, but distinguishable, functions.  It protects the defendant against the burdens of litigating in a distant or inconvenient forum.  And it acts to ensure that the States through their courts, do not reach out beyond the limits imposed on them by their status as coequal sovereigns in a federal system.
>
> The protection against inconvenient litigation is typically described in terms of "reasonableness" or "fairness."  We have said that the defendant's contacts with the forum State must be such that maintenance of the suit "does not offend 'traditional notions of fair play and substantial justice.'"  The relationship between the defendant and the forum must be such that it is "reasonable . . . to require the corporation to defend the particular suit which is brought there."

*World-Wide Volkswagen Corp.*, 444 U.S. at 291-92 (citations omitted).

The power of a federal court to exercise personal jurisdiction over a nonresident defendant turns on two considerations: first, whether the applicable state statute or rule confers jurisdiction over the defendant and, second, whether asserting jurisdiction comports with constitutional principles of due process.  *Data Disc, Inc. v. Systems Tech. Assocs., Inc.*, 557 F.2d 1280, 1286 (9th Cir. 1977); *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 786-87 (9th Cir. 1977).  In the present case, the applicable state rule, Arizona Rule of Civil Procedure Rule 4.2(a), authorizes the exercise of personal jurisdiction over a non-resident defendant to the extent permitted by the federal Constitution.  The dispositive question, therefore, is whether the assertion of jurisdiction over Temasek and STS comports with principles of constitutional due process.

For a state to have the power to assert in personam jurisdiction over an out-of-state defendant, "the defendant must have certain minimal contacts with the forum such that maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Data Disc*, 557 F.2d at 1287 (citing *International Shoe Co. v. Washington*, 326

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

U.S. 310, 316 (1945)).  First, "[i]f the non-resident defendant's activities within a state are 'substantial' or 'continuous and systematic,' there is a sufficient relationship between the defendant and the state to support jurisdiction even if the cause of action is unrelated to the defendant's forum activities." *Id.* (citations omitted).  In such a case, the forum state may assert general jurisdiction over the defendant.

"If, however, the defendant's activities are not so pervasive as to subject him to general jurisdiction, the issue whether jurisdiction will lie turns on an evaluation of the nature and quality of the defendant's contacts in relation to the cause of action." *Id.*  In evaluating the "nature and quality of the defendant's contacts," courts within the Ninth Circuit consider the following elements to determine if specific jurisdiction exists:

> (1) The non-resident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.  (2) The claim must be one which arises out of or results from the defendant's forum-related activities.  (3) Exercise of jurisdiction must be reasonable.

*Id.* (citations omitted),

Plaintiff, as the party seeking to invoke the jurisdiction of this Court, must make at least a *prima facie* showing that jurisdiction exists over STS and Temasek.  *Id.* at 1285 (citing *KVOS, Inc. v. Associated Press*, 299 U.S. 269, 278 (1936)).  Plaintiff cannot "simply rest on the bare allegations of [her] complaint, but rather [is] obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977) (citation omitted).  As described in detail below, Plaintiff cannot meet her burden.

### a.    Temasek and STS Lack Sufficient Systematic and Continuous Contacts with Arizona to Confer General Jurisdiction.

Plaintiff must establish that Temasek and STS maintain substantial or continuous and systematic general business contacts in Arizona before this Court can exercise general jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

415-16 (1984).  A plaintiff must meet a fairly high standard to show that contacts are substantial enough to confer jurisdiction over an out-of-state corporation.  *Brand v. Menlove Dodge,* 796 F.2d 1070, 1073 (9th Cir. 1986) (citations omitted).  In *Helicopteros Nacionales*, plaintiffs filed suit in Texas against a helicopter transportation company as a result of the deaths of four individuals killed in a helicopter crash in Peru.  *Helicopteros Nacionales*, 466 U.S. at 409-10, 412.  Helicopteros Nacionales had only limited contacts with Texas, which the Court found were insufficient to support jurisdiction in the state.  *Id.* at 418-19.

The defendant's contacts with the forum state included purchasing more than $4 million worth of helicopters and parts from a Texas company, including the helicopter involved in the crash, and sending pilots to Texas for training, including the pilot whose negligence allegedly caused the crash.  *Id.* at 409-11, 426.  Furthermore, the president of Helicopteros Nacionales traveled to Texas to negotiate a contract for helicopter transportation services with the Texas company that employed the decedents.  *Id.* at 410-11.  Helicopteros Nacionales was performing under that contract when the accident occurred.  *Id.* at 410-11, 426.  Nonetheless, the Supreme Court concluded that Helicopteros Nacionales lacked sufficient contacts with Texas to support personal jurisdiction.  *Id.* at 418-19.

Here, Plaintiff attempts to subject Temasek and STS, foreign corporations with their principal place of business in Singapore, to this Court's jurisdiction.  Neither Temasek nor STS conduct business in Arizona, and Plaintiff's Proposed Second Amended Complaint is devoid of any allegations regarding Temasek's or STS' contacts with or conduct in Arizona.  Plaintiff's bare and unsupported assertion that "Temasek and STS control the operations and day to day functions of Stats ChipPAC" is insufficient to meet the high standard to establish the substantial or continuous and systematic contacts necessary for general jurisdiction.  *See* ¶ 12, Doc. 42.

Plaintiff appears to be arguing that unlawful acts allegedly committed by STATS ChipPAC should be imputed to Temasek or STS, however, a court cannot exercise

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

1  personal jurisdiction over a parent corporation solely because the Court may have
2  jurisdiction over its subsidiary.  "The existence of a parent-subsidiary relationship is
3  insufficient to establish personal jurisdiction over [the parent company]." *Transure, Inc.*
4  *v. Marsh & McLennan, Inc.*, 766 F.2d 1297, 1299 (9th Cir. 1985) (citations omitted).
5  Even if a parent company exercises some control over a subsidiary, as long as "[t]he
6  corporate separation, though perhaps merely formal, [is] real," this limited control cannot
7  provide a basis for conferring personal jurisdiction over the parent company.  *Id.* (quoting
8  *Canon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333, 337 (1925)) (alterations in
9  original).

10  Plaintiff's Second Amended Complaint presents absolutely no allegations that
11  connect Temasek and STS to Arizona, aside from STS' ownership of a percentage of the
12  outstanding shares of STATS ChipPAC, and Temasek's even more remote status as the
13  parent corporation of STS.  These relationships are not enough to confer general
14  jurisdiction over Temasek or STS.

15  **b.    Plaintiff Has Cannot Produce Evidence to Support the Assertion of Specific Jurisdiction Over Temasek or STS.**

16  In addition to the absence of any basis for asserting general jurisdiction, there
17  similarly is no grounds to assert specific jurisdiction over Temasek or STS.  The Due
18  Process Clause protects an individual from being subject to the binding judgment of a
19  forum with which he has established no meaningful contacts ties or relations, and thus
20  would not have fair warning that he could be subject to suit there.  *Burger King Corp. v.*
21  *Rudzewicz*, 471 U.S. 462, 471-72 (1985); *accord World-Wide Volkswagen Corp. v.*
22  *Woodson*, 444 U.S. 286, 297 (1980) (holding that due process requires that "the
23  defendant's conduct and connection with the forum State are such that he should
24  reasonably anticipate being haled into court there") (citing *Kulko v. California Superior*
25  *Court*, 436 U.S. 84, 97-98 (1978); *Shaffer v. Heitner*, 433 U.S. 186, 216-219 (1977)).

26  To show that Temasek or STS could have anticipated being subject to suit in
27  Arizona, Plaintiff must show that both corporations "purposefully directed [their]
28  activities at residents of the forum and the litigation results from alleged injuries that arise

16

out of or relate to those activities." *Burger King Corp.*, 471 U.S. at 472 (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)) (internal quotations omitted). "This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Id.* at 475 (quoting *Keeton*, 465 U.S. at 774; *World-Wide Volkswagen Corp.*, 444 U.S. at 299; *Helicopteros Nacionales*, 466 U.S. at 417.

Temasek and STS lack any connection to Arizona relative to the claims asserted in the Second Amended Complaint. Plaintiff does not allege a single act in her proposed Complaint that was committed by Temasek or STS and occurred within Arizona. All of Plaintiff's allegations concern her employment with STATS ChipPAC and the alleged actions of her coworkers and managers. As explained above, Plaintiff's employment relationship with STATS ChipPAC does not subject STS, a holder of outstanding shares of STATS ChipPAC, to the jurisdiction of this forum. Temasek, the parent company of STS, has an even more attenuated connection to any of the facts of this case. Plaintiff has not alleged that Temasek or STS "purposefully directed" any activities to residents of Arizona out of which this litigation arises. In the absence of such a showing, this Court has no basis for asserting specific jurisdiction over Temasek or STS.

**III.     CONCLUSION**

For all of the foregoing reasons, Defendants STATS ChipPAC, Inc. and STATS ChipPAC, Ltd. respectfully request that the Court deny Plaintiff's Motion to Amend First Amended Complaint.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

17

DATED this 2nd day of February, 2009.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.


By: s/ Caroline Larsen
       L. Eric Dowell
       Caroline Larsen
       Monique Young
       2415 East Camelback Road, Suite 800
       Phoenix, Arizona 85016
       Attorneys for Defendants

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

**CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Strojnik
Peter Strojnik, P.C.
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Attorney for Plaintiff

s/ Debra A. Perkins

6964695.1 (OGLETREE)