# EXHIBIT 1

# Greenberg Traurig

Lawrence J. Rosenfeld
Tel. 602.445.8502
Fax 602.445.8100
RosenfeldL@gtlaw.com

January 12, 2009

**VIA FACSIMILE – 602-296-0135**
**FIRST-CLASS MAIL**

Peter Strojnik, Esq.
Peter Strojnik, P.C.
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012

Re:   Sahakian v. STATS ChipPac, Inc.

Dear Mr. Strojnik:

This letter constitutes the response of our client, Temasek Holdings (Private) Limited ("Temasek"), to your letter of December 1, 2008 (addressed to Madam Ho Ching, Executive Director and CEO of Temasek). For each and all of the reasons set forth herein, your December 1 settlement demand is rejected.

_First_. Temasek is not an "employer" for purposes of Title VII, and thus cannot be held liable for the acts alleged in the Complaint. In your Complaint, you allege that STATS ChipPAC – and not Temasek – employed your client. And, in fact, as you know, Temasek was never your client's employer. Under these circumstances (your citations to non-Title VII case law notwithstanding), Temasek cannot be held liable for the alleged acts of your client's employer, absent "special circumstances". _See_, for example, _Watson v. Gulf & W. Indus._, 650 F.2d 990, 993 (9th Cir. 1981), wherein the court held that such circumstances exist only where "there is evidence that [the non-employer company] participated in or influenced the employment policies of [the employer company], or where there is evidence "that the parent-subsidiary relationship is a 'sham' or that circumstances exist that would render the parent liable for debts of its subsidiary." No such facts exist here.[1]

<sub>ALBANY</sub>
<sub>AMSTERDAM</sub>
<sub>ATLANTA</sub>
<sub>BOCA RATON</sub>
<sub>BOSTON</sub>
<sub>BRUSSELS*</sub>
<sub>CHICAGO</sub>
<sub>DALLAS</sub>
<sub>DELAWARE</sub>
<sub>DENVER</sub>
<sub>FORT LAUDERDALE</sub>
<sub>HOUSTON</sub>
<sub>LAS VEGAS</sub>
<sub>LONDON*</sub>
<sub>LOS ANGELES</sub>
<sub>MIAMI</sub>
<sub>MILAN*</sub>
<sub>NEW JERSEY</sub>
<sub>NEW YORK</sub>
<sub>ORANGE COUNTY</sub>
<sub>ORLANDO</sub>
<sub>PHILADELPHIA</sub>
<sub>PHOENIX</sub>
<sub>ROME*</sub>
<sub>SACRAMENTO</sub>
<sub>SILICON VALLEY</sub>
<sub>TALLAHASSEE</sub>
<sub>TAMPA</sub>
<sub>TOKYO*</sub>
<sub>TYSONS CORNER</sub>
<sub>WASHINGTON, D.C.</sub>
<sub>WEST PALM BEACH</sub>
<sub>ZURICH</sub>
<sub>*Strategic Alliance</sub>
<sub>Tokyo-Office/Strategic Alliance</sub>

---

[1] Indeed, the _Watson_ case involved a circumstance where the employer company was the <u>wholly-owned subsidiary</u> of the parent company that was unsuccessfully sought to be included as a party defendant. STATS ChipPAC is <u>not</u> a wholly-owned subsidiary of Temasek. Thus, if anything, the "relationship" between Temasek and your client's employer is even <u>more</u> attenuated than the relationship between the employer company and non-employer company in the _Watson_ case.

TCO 357,748,581.2

Peter Strojnik, Esq.
January 12, 2009
Page 2

Indeed, the allegations in your Proposed Second Amended Complaint relating to Temasek (¶¶ 3, 5, 8-12) are insufficient to establish any of the "special circumstances" described in *Watson*. You have not alleged (nor is it the case) that Temasek "participated in or influenced the employment policies" of STATS ChipPAC[2]; you have not alleged (nor is it the case) that the relationship between the two entities is a "sham"; and you have not alleged the existence of any circumstances that would render Temasek liable for STATS ChipPAC's debts (nor are there any such circumstances). Your theory appears to rest on the notion that Temasek can somehow be held liable under Title VII for the alleged acts of STATS ChipPAC because "STS owns approximately 83% of the outstanding shares of STATS ChipPAC" (Proposed Second Amended Complaint, ¶ 6), and Temasek is the "parent corporation" of STS (Proposed Second Amended Complaint, ¶ 3). No case in the Title VII context of which we are aware has held that the existence of any such "relationship" is sufficient to confer "employer" status on Temasek here.

Likewise, neither the assertion that a Director of STATS ChipPAC "previously" held a position with Temasek, nor the assertion that a Director of STATS ChipPAC "has been a member" of the Temasek Advisory Panel (Proposed Second Amended Complaint, ¶¶ 8-9), is a legally sufficient basis upon which to seek to name Temasek as a party-defendant in this Title VII case.

Nor do the allegations in ¶¶ 10-11 of your Proposed Second Amended Complaint (alleged "on information") support your theory. And, as regards the allegation in ¶ 12 of your Proposed Second Amended Complaint (also alleged "on information"), there is absolutely no basis for that assertion, particularly as it pertains to the employment decisions and policies of STATS ChipPAC (as required by *Watson*), and even more particularly as to any events which may or may not have occurred vis-à-vis your client. Indeed, the bare, formulaic "on information" recitation set forth in ¶ 12 is insufficient to withstand an early dispositive motion. *See, Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 163 L.Ed.2d 929 (2007):

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . [F]actual allegations must be enough to raise a right to relief above the speculative level.

127 S.Ct. at 1964.

Second. The Court does not have jurisdiction over Temasek, either generally or specially. Plainly, there is no general jurisdiction over Temasek in Arizona. As pled in your Proposed Second Amended Complaint, Temasek's "contact" with the state consists of its

---

[2] Temasek does not direct the commercial or operational decisions of companies in its portfolio. Those decisions are made by each company's management personnel, and supervised by their respective boards.

TCO 357,748,581.2

Peter Strojnik, Esq.
January 12, 2009
Page 3

owning a company (STS) which in turn owns "approximately 83%" of a company (STATS ChipPAC), which does business in Arizona. This hardly meets the "minimum contacts" with Arizona which due process demands exist prior to a party being obligated to appear and defend a claim against it in this forum.

Nor have you alleged in the Proposed Second Amended Complaint that special jurisdiction may be asserted against Temasek. You do not allege (nor is it the case) that Temasek caused events to occur in Arizona out of which your client's claims arise. Indeed, it is clear from a reading of your pleadings that all of the alleged acts upon which your client bases her claims were purportedly committed by employees of STATS ChipPAC. And, to the extent that the basis upon which you seek to assert jurisdiction over Temasek is that Temasek was your client's "employer" under Title VII, we have fully explained, above, why that theory is without legal efficacy.

Third. Temasek was not identified as a respondent in the charge of discrimination your client filed with the EEOC, and thus there has been a failure to exhaust administrative remedies as to Temasek. As you know, the filing of a charge of discrimination, and the issuance of a right to sue notice, are statutory prerequisites to the ability to commence a Title VII lawsuit. See, for example, *Viswanathan v. Leland Stanford Junior University*, 1 Fed.Appx. 669, 2001 WL 30497 (9th Cir. 2001) ("The failure to name a party in an EEOC charge precludes the possibility of suing under Title VII unless the unnamed party was 1) involved in acts which were the subject of the EEOC charge, or 2) 'should have anticipated' that it would be named in a Title VII suit.") In ¶ 15 of the Proposed Second Amended Complaint, you allege that your client filed two charges "against Defendant STATS ChipPAC". Nowhere do you allege – nor is it the case – that your client ever filed a charge against Temasek; or that Temasek was involved in the alleged acts giving rise to the Title VII suit; or that Temasek should have anticipated being named in this suit.

Fourth. Per the Court's scheduling order, the time to seek leave to amend the pleadings has long since passed. Pursuant to its Order dated June 4, 2008, the Court established a deadline of October 2, 2008, by which any motions to amend the Complaint were to be filed. It does not appear that, in connection with your having been substituted in as counsel, the court relieved your client of any of the deadlines previously established, and thus any attempt to add Temasek by amendment now will likely be precluded.

* * * * * *

Based on the foregoing, it would be imprudent – at a minimum – for you to seek to add Temasek as a party defendant to these proceedings, or to take any of the other steps you describe in your December 1 letter. We therefore urge you to abandon these efforts immediately. Should you, nonetheless, make the unwise decision to proceed against my client, it will vigorously oppose your efforts, and it will affirmatively seek all relief to which it may be entitled as a consequence of its having been improvidently drawn into this dispute.

Peter Strojnik, Esq.
January 12, 2009
Page 4

Thank you.

                Sincerely,

                GREENBERG TRAURIG, LLP

                Lawrence J. Rosenfeld

LJR/hp