IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

```
DIANE SAHAKIAN, a single woman,   )
                                  )
                    Plaintiff,    )
                                  )
    vs.                           )
                                  )
STATS ChipPAC, Inc., a foreign    )
corporation; and STATS ChipPAC    )
Ltd., a foreign corporation,      )
                                  )   No. 2:08-cv-0241-HRH
                    Defendants.   )
_____)
```

O R D E R

Motion to Amend[1]

Plaintiff moves for leave to file a second amended complaint.[2] The motion is opposed. Oral argument has not been requested and is not deemed necessary.

Plaintiff seeks to add as new defendants Singapore Technologies Semiconductors Private Limited and Temasek Holdings Private Limited. Based upon discovery and/or private investigation, plaintiff asserts that the proposed new defendants own and/or control the present defendants who were plaintiff's employers. Plaintiff's proposed second amended complaint would give the proposed new defendants fair notice of an alter ego liability theory.

---

[1]Docket No. 50.

[2]Docket No. 41.

The current defendants contend that the motion to amend should be denied for undue delay. The scheduling order entered in this case made provision for amendments, including the addition of parties, to be sought within 120 days from the docketing of the scheduling order — in this instance, by October 2, 2008. The instant motion was not filed until January 13, 2009.

October 2, 2008, was not a cutoff or bar date for amendments. Rather, the scheduling order provided that after October 2, 2008, "parties may be added and/or pleadings amended only upon leave of court and for good cause shown."[3]

The delay in seeking a second amendment of plaintiff's complaint (some four months beyond October 2, 2008) is not "undue". Plaintiff represents that settlement efforts were underway. There was a change of counsel during the time in question, and new counsel embarked upon an investigation and theory of the case different from that originally presented. The court is satisfied that plaintiff's showing of good cause is sufficient for purposes of the court's scheduling order. The court perceives no unfair prejudice to defendants, for it appears that discovery in this case, quite apart from the proposed new defendants, is not complete, and no trial date has yet been set.

Defendants believe that the second amended complaint is brought in bad faith. As plaintiff suggests, bad faith and bad judgment are two different things. The court is satisfied that plaintiff's efforts to file a second amended complaint are not in

---

[3]Scheduling and Planning Order at 1, Docket No. 13.

bad faith. However, some things that have happened in this case strike the court as reflecting poor judgment on the part of plaintiff's counsel.[4] The court will leave to others the issue of whether or not threatening public disclosure about this case if a settlement demand is not accepted constitutes a violation of Rule 42, Arizona Rules of Professional Conduct, ER 3.6.

The parties disagree whether the instant motion is futile and over jurisdictional matters. The court is unconvinced that the second amended complaint can properly be characterized as futile, and the questions of jurisdiction over proposed new defendants is a matter better left to separate proceedings that may be initiated by the new defendants.

The motion to amend is granted. Plaintiff's proposed second amended shall be filed and summons issued on plaintiff's request.

DATED at Anchorage, Alaska, this <u>12th</u> day of February, 2009.

<u>/s/ H. Russel Holland</u><br>
United States District Judge

---

[4]In addition, plaintiff has inappropriately disclosed to the court details of a settlement offer.