Peter Strojnik, 006464
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Telephone: 602-524-6602
Facsimile: 602-296-0135
e-mail: *ps@strojnik.com*
Attorney for Ms. Sahakian

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| DIANE SAHAKIAN, a single woman,<br><br>          Plaintiff,<br><br>     vs.<br><br>STATS ChipPAC, Inc., a foreign corporation; STATS ChipPAC, Ltd., a foreign corporation; TEMASEK HOLDINGS PRIVATE LIMITED, a foreign corporation; SINGAPORE TECHNOLOGIES SEMICONDUCTORS PRIVATE LIMITED, a foreign corporation.<br><br>          Defendants. | NO.  CV-08-241-PHX-HRH<br><br>**MOTION TO COMPEL DISCOVERY**<br><br>**AND FOR SANCTIONS** |

## SUMMARY

Defendants STATS ChipPAC, Inc. and STATS ChipPAC, Ltd. refuse to appear for a 30(b)(6) deposition or produce documents requested pursuant to Rules 30(b)(5) and Rule 34. Counsel for Plaintiff has scheduled and conducted a telephonic conference

-1-

with counsel for Defendants; during the Rule 37 conference, Defendants confirmed that they will not abide by Rule 30(b)(6) or Rule 30(b)(5).

Additionally, Counsel for Plaintiff has attempted to schedule deposition of witnesses listed by Defendants. Counsel for Plaintiff requested that Defendants provide a list of available dates for these depositions as far back as November 6, 2008, but Defendants refused then - and refuse to this day - to provide the dates despite the clear agreement that they would do so.

This Motion is more fully supported by the following Memorandum of Points and Authorities that is by this reference incorporated herein, the Declaration of Counsel, Exhibit 1 and the confirmation of discovery agreements reached between counsel, Exhibits 6,7.

## MEMORANDUM OF POINTS AND AUTHORITIES

*<u>Discovery Process</u>*

Plaintiff is motivated to make a full disclosure of Plaintiff's cause of action. Because Plaintiff has a burden of proof, Plaintiff is motivated to discover and produce as much evidence supporting his or her cause of action and damages as possible. Some of this evidence comes from the Plaintiff. Other evidence comes from the Defendants. Other evidence still comes from third parties.

The scope of discovery permitted by the Federal Rules of Civil Procedure is quite broad. *Hickman v. Taylor,* 329 U.S. 495, 507 (1947). Rule 26(a) permits the discovery of

any non-privileged matter relevant to any claim or defense asserted by any party. Fed. R. Civ. P. 26(b)(1). "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable..." Fed. R. Evid. 401. The information sought "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(2)(A).

### *Defendants Refuse to Attend a Rule 30(b)(6) Deposition of their Client or Produce Documents*

As early as November 6, 2008, Plaintiff requested a meeting with counsel for Defendants to confer regarding discovery issues:

> I would like to meet with Mr. Dowell in person in my office and discuss the discovery issues that have arisen, resolve them all, and enter into a stipulation regarding the same. I would like to discuss the responses to discovery produced by your office, and the timing of depositions for the following persons listed in Defendants' Disclosure Statement:
>
> a) Jerry Almeida;
> b) Flynn Carson;
> c) Brett Dunlap;
> d) Ng Tiong Gee;
> e) Eric Gongora;
> f) Scott Gooch;
> g) Dr. Han Byung Joon;
> h) Jeff Howell;
> i) Scott Jewler;
> j) Tan Lay Koon;
> k) Cindy Palar;
> l) Nehal Patel;
> m) Ram Ramakrishna;
> n) Mike Schraeder;
> o) Chris Shea;

      p) Gaul Uy;
      q) Jeff Yang;
      r) 30(b)(6) of STATS ChipPac, Inc.;
      s) 30(b)(6) of STATS ChipPac, LTD;
      t) All witnesses listed by Plaintiff.

Beginning November 24, I should be available for depositions through the end of the year. I do have various court appearances in late November and in December, but nothing longer than an hour. I also have oral arguments in the North Dakota Supreme Court in December, but the date has not yet been set. In addition, during December I am on call for travel abroad on an unrelated matter. However, for purposes of scheduling depositions, I suggest we consider the entire month of December open and, if a contingency comes up, we can reschedule.

I would like to meet and discuss the adequacy of Defendants' Disclosure Statement; Defendants' Response to Plaintiff's First Request for Production of Documents; Defendants' Response to Plaintiff's Second Request for Production of Documents; and any other discovery issues that may arise. I am available in the afternoon of November 17, all of November 18 and all of November 20.

Exhibit 1. There was no response. Therefore, on January 23, 2009, Plaintiff issued a Rule 30(b)(6) Notice of Deposition with Request for Production of Documents to Defendants STATS. Exhibit 2. Defendants responded by letter dated February 3, 2009, containing 9 pages of objections. Exhibit 3. Thereafter, Plaintiff scheduled a Rule 37 telephonic discovery conference to discuss various discovery issues. Plaintiff prepared the agenda for the conference, and forwarded it to counsel for Defendants. Exhibit 4.

The Rule 37 conference resulted in numerous agreements. Exhibits 5, 6. As confirmed in Exhibit 6, letter from counsel for Plaintiff to counsel for Defendants:

Thank you for a constructive discovery conference. Plaintiff agreed to all your requests (we schedule Ms. Sahakian's Deposition; we will supplement Interrogatory 11 Responses; we will provide you with Medical Release Forms; we have given you complete control over the timing and scheduling of depositions; we agreed for the medical examination by Dr. Wilson as

Defendants Litigation Support witness). Conversely, you declined to permit the Rule 30(b)(6) deposition of Defendants and you declined to provide the documents requested pursuant to Rule 30(b)(2).

With respect to the Rule 30(b)(6) deposition of Defendants, Plaintiff proposed a resolution as follows (ExhibitS 4,5):

   1. Defendants should designate one or more person to testify on its behalf regarding the matters for examination listed in the Notice; also, the persons designated must testify about information known or reasonably available to the organization.

   2. Defendants should produce documents requested in the Notice.

   3. Defendants should testify to all matters reasonably calculated to the discovery of admissible evidence.

Defendants refused (Exhibit 5)[1]:

> DEFENDANTS WILL NEITHER PRODUCE A RULE 30(B)(6) WITNESS NOR WILL DEFENDANTS PRODUCE THE DOCUMENTATION REQUESTED PURSUANT TO RULE 30(B)(2)

With respect to scheduling of depositions, the parties agreed (Exhibit 5):

1. PLAINTIFF AGREED THAT THE DEPOSITION OF DIANE SAHAKIAN WILL BE SCHEDULED FOR MARCH 17, 2009.

2. DEFENDANTS WILL NOT PERMIT THE RULE 30(B)(6) DEPOSITION OF THEIR CLIENTS TO PROCEED; INSTEAD, THEY WILL SEEK A PROTECTIVE ORDER FROM THE COURT.

3. COUNSEL FOR DEFENDANTS WILL PROVIDE COUNSEL FOR PLAINTIFF WITH DATES FOR DEPOSITIONS OF THOSE WITNESSES THAT COUNSEL FOR DEFENDANTS BELIEVES SHOULD BE SCHEDULED THROUGH HIS OFFICE.

---

[1] The results of discussions in Exhibit 5 are in RED.

4. **WITH RESPECT TO REMAINING WITNESSES, COUNSEL FOR DEFENDANTS WILL PROVIDE COUNSEL FOR PLAINTIFF WITH AVAILABLE DATES FOR SUCH DEPOSITIONS IN ADVANCE OF THE DISCOVERY CUTOFF. COUNSEL FOR PLAINTIFF WILL THEN COORDINATE WITH THE WITNESSES AND SCHEDULE DEPOSITIONS.**

5. **COUNSEL FOR PLAINTIFF INDICATED THAT NO DEPOSITIONS CAN BE HAD IN SINGAPORE.**

6. **COUNSEL FOR DEFENDANT AFFIRMED THAT HE IS AVAILABLE FOR THE DEPOSITION OF GOLAPAN NAIR ON MARCH 23, 2009 AT 2:30 IN FREMONT, CALIFORNIA.**

7. **COUNSEL FOR PLAINTIFF WILL ISSUE A SUBPOENA AND NOTICE OF DEPOSITION FOR MR. NAIR. COUNSEL FOR DEFENDANT INDICATED THAT HE WOULD NOT APPEAR. MR. NAIR IS EXPECTED TO TESTIFY AS A RULE 701 WITNESS.**

While Defendants have issues a Notice of Deposition for Plaintiff (Doc 64), they have failed to abide by any other part of the agreement.

Plaintiff can issue Subpoenae and Notices of Depositions for non parties without coordinating the dates with Defendants' counsel; however, experience teaches that unilateral scheduling of depositions usually results in rescheduling, delays and general discovery chaos. Discovery is most efficient when counsel cooperate. In order to achieve the most efficient manner of scheduling these depositions, Counsel for Plaintiff granted to Counsel for Defendant the unfettered choice of dates for such depositions. Still, Defendants do not respond.

## CONCLUSION AND PRAYER FOR RELIEF

Plaintiff is at her wits end. Plaintiff has bent backward to accommodate every whim of Defendants – Plaintiff has even granted to Defendants a complete control over scheduling of depositions. Still, Defendants refuse to appear for a Rule 30(b)(6)

deposition and refuse to provide available dates for depositions of listed witnesses. Defendants' conduct warrants sanctions.

RESPECTFULLY SUBMITTED this 17TH day of February, 2009.

**PETER STROJNIK, P.C.**

_____
Peter Strojnik
Attorney for the Ms. Sahakian

**CERTIFICATE OF SERVICE:**

The foregoing e-filed this 17th day of February, 2009.

Copy e-mailed to:

Lawrence J. Rosenfeld, Esq.
Greenberg Traurig
2375 East Camelback Road
Suite 700
Phoenix, Arizona 85016
*By e-mail RosenfeldL@gtlaw.com only*

/s/