Peter Strojnik, 006464
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Telephone: 602-524-6602
Facsimile: 602-296-0135
e-mail: *ps@strojnik.com*
Attorney for Ms. Sahakian

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| DIANE SAHAKIAN, a single woman, | NO. CV-08-241-PHX-HRH |
| Plaintiff, | **DECLARATION OF COUNSEL IN SUPPORT OF MOTION TO COMPEL DISCOVERY** |
| vs. | |
| STATS ChipPAC, Inc., a foreign corporation; STATS ChipPAC, Ltd., a foreign corporation; TEMASEK HOLDINGS PRIVATE LIMITED, a foreign corporation; SINGAPORE TECHNOLOGIES SEMICONDUCTORS PRIVATE LIMITED, a foreign corporation. | |
| Defendants. | |

Undersigned counsel for Plaintiff affirms under the penalty of perjury as follows:

1. Counsel is an attorney licensed to practice law in the State of Arizona; counsel became a member of the State Bar in or about 1980.

2. In November of 6, 2008, I wrote to Mr. Dowell, the attorney for the Defendants. The following quotation is taken from the letter:

> I would like to meet with Mr. Dowell in person in my office and discuss the discovery issues that have arisen, resolve them all, and enter into a stipulation regarding the same. I would like to discuss the responses to discovery produced by your office, and the timing of depositions for the following persons listed in Defendants' Disclosure Statement:

-1-

    a) Jerry Almeida;
    b) Flynn Carson;
    c) Brett Dunlap;
    d) Ng Tiong Gee;
    e) Eric Gongora;
    f) Scott Gooch;
    g) Dr. Han Byung Joon;
    h) Jeff Howell;
    i) Scott Jewler;
    j) Tan Lay Koon;
    k) Cindy Palar;
    l) Nehal Patel;
    m) Ram Ramakrishna;
    n) Mike Schraeder;
    o) Chris Shea;
    p) Gaul Uy;
    q) Jeff Yang;
    r) 30(b)(6) of STATS ChipPac, Inc.;
    s) 30(b)(6) of STATS ChipPac, LTD;
    t) All witnesses listed by Plaintiff.

Beginning November 24, I should be available for depositions through the end of the year. I do have various court appearances in late November and in December, but nothing longer than an hour. I also have oral arguments in the North Dakota Supreme Court in December, but the date has not yet been set. In addition, during December I am on call for travel abroad on an unrelated matter. However, for purposes of scheduling depositions, I suggest we consider the entire month of December open and, if a contingency comes up, we can reschedule.

I would like to meet and discuss the adequacy of Defendants' Disclosure Statement; Defendants' Response to Plaintiff's First Request for Production of Documents; Defendants' Response to Plaintiff's Second Request for Production of Documents; and any other discovery issues that may arise. I am available in the afternoon of November 17, all of November 18 and all of November 20.

3. Mr. Dowell chose not to respond to the invitation to meet and confer. Therefore, on January 23, 2009, I issued a Rule 30(b)(6) Notice of Deposition with Request for Production of Documents to Defendants STATS. Exhibit 3 to Motion to Compel.

4. Defendants responded by letter dated February 3, 2009, containing 9 pages of objections. Exhibit 4 to Motion to Compel.

5. Thereafter, Plaintiff scheduled a Rule 37 telephonic discovery conference to discuss various discovery issues. Plaintiff prepared the agenda for the conference, and forwarded it to counsel for Defendants. Exhibit 5 to Motion to Compel.

6. The Rule 37 conference resulted in numerous agreements. Exhibits 6, 7 to Motion to Compel. As confirmed in Exhibit 7, letter from counsel for Plaintiff to counsel for Defendants:

> Thank you for a constructive discovery conference. Plaintiff agreed to all your requests (we schedule Ms. Sahakian's Deposition; we will supplement Interrogatory 11 Responses; we will provide you with Medical Release Forms; we have given you complete control over the timing and scheduling of depositions; we agreed for the medical examination by Dr. Wilson as Defendants Litigation Support witness). Conversely, you declined to permit the Rule 30(b)(6) deposition of Defendants and you declined to provide the documents requested pursuant to Rule 30(b)(2).

7. With respect to the Rule 30(b)(6) deposition of Defendants, Plaintiff proposed a resolution as follows (Exhibit 5 to Motion to Compel):

   ➢ Defendants should designate one or more person to testify on its behalf regarding the matters for examination listed in the Notice; also, the persons designated must testify about information known or reasonably available to the organization.

   ➢ Defendants should produce documents requested in the Notice.

   ➢ Defendants should testify to all matters reasonably calculated to the discovery of admissible evidence.

8. Defendants refused (Exhibit 6)[1]:

   > DEFENDANTS WILL NEITHER PRODUCE A RULE 30(B)(6) WITNESS NOR WILL DEFENDANTS PRODUCE THE DOCUMENTATION REQUESTED PURSUANT TO RULE 30(B)(2)

9. With respect to scheduling of depositions, the parties agreed (Exhibit 6):

   ➢ PLAINTIFF AGREED THAT THE DEPOSITION OF DIANE SAHAKIAN WILL BE SCHEDULED FOR MARCH 17, 2009.

   ➢ DEFENDANTS WILL NOT PERMIT THE RULE 30(B)(6) DEPOSITION OF THEIR CLIENTS TO PROCEED; INSTEAD, THEY WILL SEEK A PROTECTIVE ORDER FROM THE COURT.

---

[1] The results of discussions in Exhibit 6 to Motion to Compel are in RED.

- **COUNSEL FOR DEFENDANTS WILL PROVIDE COUNSEL FOR PLAINTIFF WITH DATES FOR DEPOSITIONS OF THOSE WITNESSES THAT COUNSEL FOR DEFENDANTS BELIEVES SHOULD BE SCHEDULED THROUGH HIS OFFICE.**

- **WITH RESPECT TO REMAINING WITNESSES, COUNSEL FOR DEFENDANTS WILL PROVIDE COUNSEL FOR PLAINTIFF WITH AVAILABLE DATES FOR SUCH DEPOSITIONS IN ADVANCE OF THE DISCOVERY CUTOFF. COUNSEL FOR PLAINTIFF WILL THEN COORDINATE WITH THE WITNESSES AND SCHEDULE DEPOSITIONS.**

- **COUNSEL FOR PLAINTIFF INDICATED THAT NO DEPOSITIONS CAN BE HAD IN SINGAPORE.**

- **COUNSEL FOR DEFENDANT AFFIRMED THAT HE IS AVAILABLE FOR THE DEPOSITION OF GOLAPAN NAIR ON MARCH 23, 2009 AT 2:30 IN FREMONT, CALIFORNIA.**

- **COUNSEL FOR PLAINTIFF WILL ISSUE A SUBPOENA AND NOTICE OF DEPOSITION FOR MR. NAIR. COUNSEL FOR DEFENDANT INDICATED THAT HE WOULD NOT APPEAR. MR. NAIR IS EXPECTED TO TESTIFY AS A RULE 701 WITNESS.**

10. While Defendants have issues a Notice of Deposition for Plaintiff (Doc 64), they have failed to abide by any other part of the agreement.

11. Plaintiff can issue Subpoenae and Notices of Depositions for non parties without coordinating the dates with Defendants' counsel; however, experience teaches that unilateral scheduling usually results in rescheduling, delays and general discovery chaos. Discovery is most efficient when counsel cooperate. In order to achieve the most efficient manner of scheduling these depositions, Counsel for Plaintiff granted to Counsel for Defendant the unfettered choice of dates for such depositions. Still, Defendants do not respond.

12. The above narrative does not list all facts of lack of cooperation by Defendants.

13. Further the Declarant saith not.

RESPECTFULLY SUBMITTED this 17TH day of February, 2009.

**PETER STROJNIK, P.C.**

-4-

 

                                    */s/ Peter Strojnik*

                              _____

                              Peter Strojnik
                              Attorney for the Ms. Sahakian

-5-