# Ogletree Deakins

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

*Attorneys at Law*

Esplanade III
2415 East Camelback Road
Suite 800
Phoenix, AZ 85016
Telephone: 602.778.3700
Facsimile: 602.778.3750
www.ogletreedeakins.com

L. Eric Dowell
Managing Shareholder
Direct: (602) 778-3718
Eric.Dowell@ogletreedeakins.com

Caroline Larsen
Direct: (602) 778-3756
Caroline.Larsen@ogletreedeakins.com

February 3, 2009

**VIA FACSIMILE (602-264-1441) AND U.S. MAIL**

Peter K. Strojnik
The Law Firm of Peter K. Strojnik
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012

Re:   *STATS ChipPAC Ltd. et al. adv. Sahakian - Plaintiff's First Amended Notice of Deposition pursuant to Fed. R. Civ. Pro. 30(b)(6)*

Dear Peter,

We have reviewed Plaintiff's First Amended Notice of Deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) with Request for Production of Documents. As an initial matter, professional courtesy dictates that counsel for both parties confer to identify a date and time for deposition that is convenient for each of them, as well as the deponent. We plan to afford you such courtesy as this matter progresses, and we ask that you do the same.

Second, Federal Rule of Civil Procedure 34 governs the process for requesting documents from a party, and allows the party receiving the request 30 days to respond. Plaintiff filed the First Amended Notice of Deposition on January 23, 2009, twenty days before the deposition date. Plaintiff's Request for Production of Documents does not comply with Federal Rule of Civil Procedure 30(b)(2), as it applies to party deponents, and Defendants will not agree to produce documents in less than the time allowed to them by the Rules absent an Order of the Court.

Finally, and most importantly, Plaintiff's First Amended Notice of Deposition encompasses numerous categories that are not appropriate for a deposition taken pursuant to Federal Rule of Civil Procedure 30(b)(6). We have set forth each of Defendants' objections in turn below. These same objections extend to your request for production of documents on the same subject matters. We ask that you voluntarily amend the deposition notice to eliminate these objectionable categories and to narrow the overly broad categories. Upon receiving an amended Notice of Deposition, Defendants can identify an appropriate witness or witnesses and secure their availability for a mutually agreeable deposition date and time.

Atlanta • Austin • Birmingham • Bloomfield Hills • Charleston • Charlotte • Chicago • Cleveland • Columbia • Dallas • Greensboro • Greenville • Houston • Indianapolis • Jackson • Kansas City
Los Angeles • Memphis • Miami • Morristown • Nashville • Philadelphia • Phoenix • Pittsburgh • Raleigh • St. Louis • St. Thomas • San Antonio • San Francisco • Tampa • Torrance • Tucson • Washington

02/03/09  TUE 17:17  [TX/RX NO 8138]  @002

**A deposition regarding any topics related to Temasek or STS is inappropriate at this juncture.**

The following deposition topics relate to the alleged interaction between Defendants and Temasek Holdings Private Limited ("Temasek") and/or Singapore Technologies Semiconductors Private Limited ("STS"). As set forth in Defendants' Response to Plaintiff's Motion to Amend First Amended Complaint, filed yesterday, it is too late for Plaintiff to amend her Complaint, the Motion to Amend is not made in good faith, and the proposed Second Amended Complaint is futile. We believe the Court will deny Plaintiff's Motion to Amend and all of the deposition topics outlined below will be moot. At the very least, these proposed deposition topics are premature unless and until the Court grants Plaintiff's Motion to Amend. Furthermore, if the Court were to grant Plaintiff's Motion to Amend and allow Plaintiff to add STS or Temasek as defendants in this action, most of these requests should be directed to those entities.

**1) Background**

b) Defendants' affiliation and or relationship with Singapore Technologies Semiconductors Pte. LTD. (hereinafter "STS"), including subcategories i – v.

c) Defendants' affiliation and relationship with Temasek Holdings Private Limited (hereinafter "Temasek"), including subcategories i – vi.

**4) Complaints and Policy**

a) Any and all sexual harassment complaints against STS or Temasek Holdings Private Limited for the past 10 years

d) STS's and Temasek's alleged destruction of or inability to retrieve documents, including documents relative to pending litigation matters

e) STS' and Temasek's production of documents in pending litigation matters

f) STS's and Temasek's alleged acts of destruction of documents, destruction of evidence and spoliation of evidence in this and other litigation matters

g) Allegations of spoliation of evidence or destruction of documents in any matter in which STS or Temasek or their predecessors or successors in interest are/were a party or witness, such as that experienced in the Tessera, Inc. patent litigation.

h) Detailed disclosure of the destruction all documents or other tangible thing relating to any judicial matter pending anywhere in the world by STS or Temasek in the last 10 years

### A 30(b)(6) deposition of a corporate representative is not appropriate when Plaintiff seeks information within the unique knowledge of an identifiable witness.

The following deposition topics relate to information or knowledge that clearly is held by a particular, identifiable witness. In fact, most of these topics relate to statements allegedly made by an identified individual – if you wish to know what BJ Han, Kenny Lee or Tan Lay Koon said or thought, simply ask them at their own depositions. Defendants should not have to go to great lengths to educate a 30(b)(6) deponent when Plaintiff could simply depose the pertinent fact witness. *See State ex rel. Ford Motor Co. v. Messina*, 71 S.W.3d 602, 607 (Mo. 2002) (a protective order may be issued to prohibit the deposition of a corporate officer if the party requesting the deposition has failed to pursue the information through less intrusive means). Furthermore, unless you can affirm that Plaintiff will not later seek to depose the same representative of STATS ChipPAC as a 30(b)(6) deponent and as a fact witness, Defendants face the risk of duplicative, increased costs. *See Snoddy v. City of Nacogdoches*, 98 Fed. Appx. 338, 341 (5th Cir. 2004) (affirming trial court's quashing of the deposition of a corporate representative that was duplicative of other discovery).

Furthermore, many of the alleged "incidents, events and occurrences" cited in section 3 of the First Amended Notice of Deposition have absolutely no bearing on Plaintiff's allegations that she experienced discrimination and/or retaliation on the basis of her gender. In the event you depose Dr. Han in the course of this action, be advised that we will not indulge questioning or other forms of discovery that are irrelevant and designed only to harass.

**2) Plaintiff's employment with Defendant**

d) BJ Han's opinion of Plaintiff

h) Matters relating to BJ Han's alleged response to the ketchup incident

i) The propriety of BJ Han's alleged response to the ketchup incident

**3) Particular Incidents, Events and Occurrences**

a) BJ Han allegedly referring to Americans as "fat", "stupid" and "lazy"

b) BJ Han allegedly referring to American employees as a "monkeys"

c) Alleged statement by BJ Han that every American employee is an "idiot"

d) BJ Han allegedly referring to Plaintiff in particular as "fat"

e) Alleged reference to American employees by Lay Koon as, "You fat people" and "You Americans are fat"

f) BJ Han's allegedly statement to Defendant's employee of Indian ancestry that he (BJ Han) "doesn't like Indians"



Peter K. Strojnik
February 3, 2009
Page 4

g) BJ Han's alleged comment to an employee of Indian ancestry— in response to flight crew announcement beginning with, "Ladies and Gentlemen" – "This announcement is not for you"

h) Kenny Lee's alleged comment to an employee of Indian ancestry that "You should get yourself a pretty girlfriend, not an Indian girl, but a pretty one."

i) BJ Han's alleged comment to an employee of Chinese ancestry that Japanese and Korean were superior races, followed by Taiwan, China and India

j) BJ Han's alleged statement to an employee of Chinese ancestry that Chinese are a third world country compared to Korean and Japanese

k) Lay Koon's allegedly raising his voice to American employees

l) Alleged sexual pass made against Plaintiff in Palo Alto by BK Sohn in or about 2004, and BJ Han's advice to BK Sohn to leave Plaintiff alone

m) Alleged sexual pass made against Plaintiff by Doug Matthews in San Francisco during a semiconductor show in or about 2005

o) The details of Eric Gongora's alleged inappropriate sexual remarks about Plaintiff's breasts, etc.

p) Eric Gongora's alleged distribution of a photo of women w/ large breasts from his former place of employment

q) Gail in HR's alleged reference to a complainant as a drama queen and dysfunctional and useless person

### Broad/vague deposition topics

The following deposition topics are simply too broad or too vague for Defendants to identify a appropriate witness. If you can be more clear and more specific, and limit your requests to topics and the time frame relevant to this action, Defendants will attempt to identity a witness or witnesses competent to testify regarding the following:

### 2) Plaintiff's employment with Defendant

c) Plaintiff's communications (orally, in writing or electronically) with her supervisors regarding any matter

t) Defendants' reaction to Plaintiff's filing the charges of discrimination and retaliation against Defendants

### 3) Particular Incidents, Events and Occurrences



s) Any complaints regarding Defendants' employees, supervisors or agents acting in a derogatory, demeaning or otherwise inappropriate behavior

**4) Complaints and Policy**

a) Any and all sexual harassment complaints against Defendants for the past 10 years

e) Defendants production of documents in pending litigation matters. Any deposition on this topic would be limited to Defendants' production of documents in this matter.

m) Statistical breakdown of women and minority held positions in Defendants' organizations for the past 10 years

n) Statistical breakdown of women and minorities whose employment with Defendants terminated within the last 10 years

1. The employment by Defendants of the following:

a. Jerry Almeida;
b. Flynn Carson;
c. Brett Dunlap;
d. Ng Tiong Gee;
e. Eric Gongora;
f. Scott Gooch;
g. Dr. Han Byung Joon;
h. Jeff Howell;
i. Scott Jewler;
j. Tan Lay Koon;
k. Cindy Palar;
l. Nehal Patel;
m. Ram Ramakrishna;
n. Mike Schraeder;
o. Chris Shea;
p. Gail Uy;
q. Jeff Yang;
r. Jeff Osmun
s. Raj Pendse

2. All matters raised, referenced or relating to the facts described in the November 6, 2008, correspondence from counsel for Plaintiff to counsel for Defendant.

Peter K. Strojnik
February 3, 2009
Page 6



**Irrelevant**

The following deposition topics do not relate to any relevant issues or claims raised in the complaint or answer, nor are these topics reasonably calculated to lead to the discovery of admissible evidence.

**1) Background**

d) The alleged differences, if any, between the rules, regulations, policies embodying Defendants' general corporate culture regarding employment relations governing Defendants' business in Singapore and in the United States, including without limitation the disparity in bonus policy between American employees and Singaporean employees. Please be ready to discuss the differences in employee handbooks.

**3) Particular Incidents, Events and Occurrences**

r) The reason for the departure of Regina Liew and Maria Huang from Defendants' employ

t) Defendants listing and delistment from SGX-ST securities market

**4) Complaints and Policy**

d) Defendants alleged destruction of or inability to retrieve documents, including documents relative to pending litigation matters

g) Allegations of spoliation of evidence or destruction of documents in any matter in which Defendants or their predecessors or successors in interest are/were a party or witness, such as that experienced in the Tessera, Inc. patent litigation

h) Detailed disclosure of the alleged destruction of documents or other tangible thing relating to any judicial matter pending anywhere in the world by Defendants

i) Details of the alleged destruction, spoliation and/or non-production of documents relating to the Tessera litigation

**5) Mitigation**

c) Immigration matters relating to GS Kim

d) Statistical breakdown of Defendants' employment of foreign nationals for the past 10 years

e) Defendants' policy with respect to hiring foreign nationals

f) The alleged disparity in employment compensation between an employee of foreign nationality and an American employee for the same or similar employment position

Case 2:08-cv-00241-HRH   Document 66-3   Filed 02/17/09   Page 7 of 9

Peter K. Strojnik
February 3, 2009
Page 7

**Ogletree
Deakins**

1. The employment by Defendants of the following:

t. Maria Huang
u. Regina Liew

**Defendants cannot produce a witness to testify about something that never happened.**

The following proposed deposition topics relate to matters that Defendants deny ever occurred. Accordingly, Defendants have no deponent available to testify about these topics.

## 2) Plaintiff's employment with Defendant

q) Defendants' alleged knowledge that Plaintiff was ostracized, omitted from meetings and conferences she previously attended; omitted from relevant communications; and placed in a dead-end position removing virtually all of her job duties and responsibilities

r) Defendants' alleged knowledge of the hostile work environment

s) Plaintiff's alleged demotion following the return from the FMLA leave

v) Defendants' alleged tolerance of sexually and racially inappropriate behavior of its managers and employees

w) Defendants' alleged culture of racism and sexism

## 3) Particular Incidents, Events and Occurrences

n) The details of posting Plaintiffs likeness on the Defendants' Tempe server database with a man groping her breast.

## 4) Complaints and Policy

b) Defendants do not have any specific policy regarding Singaporean, Korean and Chinese drunken supervisors making sexual advances on an American woman, aside from their policies against sexual harassment and discrimination.

f) Defendants alleged acts of destruction of documents, destruction of evidence and spoliation of evidence in this matter

j) Details of the alleged destruction or non-availability of any documents relating to the above-captioned litigation



### Non-objectionable 30(b)(6) deposition topics

Defendants are willing to produce a witness or witnesses competent to testify on the following relevant topics, assuming we can establish a mutually agreeable date, time, and location.

**1) Background**

a) Organizational structure of Defendants

**2) Plaintiff's employment with Defendant**

a) Initial interviews

b) Position and responsibilities during employment

e) Plaintiff's performance and performance evaluations

f) Plaintiff's reports to Defendant regarding male subordinates', including one Eric Israel Gongora, actions regarding Plaintiff

j) Defendants' acknowledgement that ketchup incident was harassment

k) The investigation into the ketchup incident

l) The findings of the investigation relating to the ketchup incident

n) Plaintiff's 30 day leave under the Family Medical Leave Act.

o) The reason for BJ Han's company-wide announcement reassigning Plaintiff to a new position, Vice President – Special Projects.

p) The fact of and the reasons for various assignments given to Plaintiff following the return from FMLA leave

u) The details of Defendants' investigations and actions taken in response to Plaintiff's filing the charges of discrimination and retaliation against Defendants.

**4) Complaints and Policy**

c) Defendants' policies, rules and regulations relative to employee's complaints against co-employees, and the grievance procedure

k) Defendants' policies on employing non-US workers for US based employment

l) Defendants' policy with respect to hiring minorities and women

Case 2:08-cv-00241-HRH   Document 66-3   Filed 02/17/09   Page 9 of 9

Peter K. Strojnik
February 3, 2009
Page 9

Ogletree
Deakins

### 5) Mitigation

a) The details of the Defendants' Tempe job posting about which Plaintiff inquired on or about May 30, 2008

b) The employment of GS Kim

The pleadings and documents make it clear that STATS ChipPAC's thorough investigation never revealed the identity of the person or persons who allegedly placed ketchup on Plaintiff's chair on or about April 9, 2007. Accordingly, Defendants cannot produce a witness to testify on this topic, nor can anyone testify about the disciplinary action taken against the persons responsible for the ketchup incident, as no such person was ever identified.

This correspondence constitutes Defendants' effort to resolve a discovery dispute. If we do not secure your agreement to vacate the noticed deposition date and to amend the Notice of Deposition by the end of this week, Defendants will proceed to seek a protective order. Please call me if you would like to discuss any of these matters.

Sincerely,

Caroline Larsen

6978031.1 (OGLETREE)