Sahakian v. STATS et al
Agenda for 02-16-09 Rule 37 Conference And Agreements

# ADDENDUM A to 02-13-09 Letter from Strojnik to Dowell

|   | DISCOVERY MATTER | PLAINTIFF'S POSITION | RESOLUTION | |
|---|---|---|---|---|
| 1 | Response to Mr. Schleier's 10-06-08 letter. | Defendant should respond to the letter and provide requested discovery. | PLAINTIFF'S COUNSEL WILL RESEND THE 10-06-08 LETTER TO DEFENDANTS' COUNSEL BY E-MAIL. (ATTACHED)  COUNSEL FOR DEFENDANTS WILL RESPOND. | |
| 2 | Response to Mr. Strojnik's 11-04-08 request for scheduling of depositions | Deposition dates should be agreed upon. Plaintiff would like to take the depositions in the following sequence:<br><br>1. Defendants Rule 30(b)(6) (Scheduled for 02-12-09 but cancelled at Defendants' counsel's request)<br><br>2. Eric Gongora<br><br>3. Scott Jeweler<br><br>4. Jeff Osman<br><br>5. Amcor Technology, Inc. [30(b)(6)]<br><br>6. Gopalan Nair (Currently scheduled for March 23, 2009 at 2:30<br><br>7. Jerry Almeida;<br><br>8. Flynn Carson;<br><br>9. Brett Dunlap;<br><br>10. Ng Tiong Gee; | **Witness**<br>Defendants<br>Eric Gongora<br>Scott Jeweler<br>Jeff Osman<br>Amcor Technology, Inc.<br>Gopalan Nair<br>Jerry Almeida<br>Flynn Carson<br>Brett Dunlap<br>Ng Tiong Gee<br>Scott Gooch<br>Dr. Han Byung Joon<br>Jeff Howell<br>Scott Jewler<br>Tan Lay Koon<br>Cindy Palar<br>Nehal Patel<br>Ram Ramakrishna<br>Mike Schraeder<br>Chris Shea<br>Gaul Uy<br>Jeff Yang<br>Anthony Kong<br><br>1. PLAINTIFF AGREED THAT THE DEPOSITION OF DIANE SAHAKIAN WILL BE SCHEDULED FOR MARCH 17, 2009. | **Date & Time**<br><br><br><br><br><br>03-23-09 @2:30 | |

Sahakian v. STATS et al
Agenda for 02-16-09 Rule 37 Conference And Agreements

## ADDENDUM A to 02-13-09 Letter from Strojnik to Dowell

| | | |
|---|---|---|
| | 11. Scott Gooch;<br><br>12. Dr. Han Byung Joon;<br><br>13. Jeff Howell;<br><br>14. Scott Jewler;<br><br>15. Tan Lay Koon;<br><br>16. Cindy Palar;<br><br>17. Nehal Patel;<br><br>18. Ram Ramakrishna;<br><br>19. Mike Schraeder;<br><br>20. Chris Shea;<br><br>21. Gaul Uy;<br><br>22. Jeff Yang. | 2. DEFENDANTS WILL NOT PERMIT THE RULE 30(B)(6) DEPOSITION OF THEIR CLIENTS TO PROCEED; INSTEAD, THEY WILL SEEK A PROTECTIVE ORDER FROM THE COURT.<br><br>3. COUNSEL FOR DEFENDANTS WILL PROVIDE COUNSEL FOR PLAINTIFF WITH DATES FOR DEPOSITIONS OF THOSE WITNESSES THAT COUNSEL FOR DEFENDANTS BELIEVES SHOULD BE SCHEDULED THROUGH HIS OFFICE.<br><br>4. WITH RESPECT TO REMAINING WITNESSES, COUNSEL FOR DEFENDANTS WILL PROVIDE COUNSEL FOR PLAINTIFF WITH AVAILABLE DATES FOR SUCH DEPOSITIONS IN ADVANCE OF THE DISCOVERY CUTOFF. COUNSEL FOR PLAINTIFF WILL THEN COORDINATE WITH THE WITNESSES AND SCHEDULE DEPOSITIONS.<br><br>5. COUNSEL FOR PLAINTIFF INDICATED THAT NO DEPOSITIONS CAN BE HAD IN SINGAPORE.<br><br>6. COUNSEL FOR DEFENDANT AFFIRMED THAT HE IS AVAILABLE FOR THE DEPOSITION OF GOLAPAN NAIR ON MARCH 23, 2009 AT 2:30 IN FREMONT, CALIFORNIA.<br><br>7. COUNSEL FOR PLAINTIFF WILL ISSUE A SUBPOENA AND NOTICE OF DEPOSITION FOR MR. NAIR. COUNSEL FOR DEFENDANT INDICATED THAT HE WOULD NOT APPEAR. MR. NAIR IS EXPECTED TO TESTIFY AS A RULE 701 WITNESS. |

Sahakian v. STATS et al
Agenda for 02-16-09 Rule 37 Conference And Agreements

## ADDENDUM A to 02-13-09 Letter from Strojnik to Dowell

| 3 | Concerns expressed in Ms. Larsen's 02-06-09 Correspondence relating to Interrogatory No 11. | We will provide the names of the physicians Ms. Larsen lists in her letter, and will execute the medical release forms so that you may obtain the medical charts yourself. This way, you will be sure to have all the dates and treatments.<br><br>The names of the providers are:<br><br>• Stanford Hospital & Clinics - Dr. I. Ross McDougall<br>• Endocrinology Associates - Dr. Daniel Duick<br>• TMC Advanced Imaging - Dr. Anthony Bullard and Dr. Evan K. Fram<br>• Tri-City Colo-Rectal Surgery, Ltd. and Desert Endoscopy Center - Dr. Karukurichi Venkatesh<br>• Mesa Gastrointestinal Associates - Dr. Andrew Grade<br>• Arizona Pulmonary Specialists - Dr. Cash Beechler<br>• Scottsdale Heart Group - Dr. Karen S. Stark<br>• Mayo Clinic<br>• Warner Park Surgery Center - Dr. Ralph T. Heap<br>• East Valley Cardiology - Dr. James Ganem<br><br>Plaintiff will execute additional medical disclosure forms upon a stipulation by Defendants that the information obtained from the additional medical providers will be kept confidential. | COUNSEL FOR PLAINTIFF WILL AMEND PLAINTIFF'S RESPONSE TO INTERROGATORY NO 11, AND WILL PROVIDE COUNSEL FOR DEFENDANTS WITH MEDICAL RELEASE FORMS. |

Sahakian v. STATS et al
Agenda for 02-16-09 Rule 37 Conference And Agreements

## ADDENDUM A to 02-13-09 Letter from Strojnik to Dowell

| 4 | Defendants' Deposition and Request for Production of Documents | 1. Defendants should designate one or more person to testify on its behalf regarding the matters for examination listed in the Notice; also, the persons designated must testify about information known or reasonably available to the organization. BASIS:  Rule 30(b)(6)[1] <br><br> 2. Defendants should produce documents requested in the Notice. BASIS: Rule 30(b)(2) <br><br> 3. Defendants should testify to all matters reasonably calculated to the discovery of admissible evidence. BASIS: See footnote[2]. | DEFENDANTS WILL NEITHER PRODUCE A RULE 30(B)(6) WITNESS NOR WILL DEFENDANTS PRODUCE THE DOCUMENTATION REQUESTED PURSUANT TO RULE 30(B)(2) |
|---|---|---|---|

---

[1]

The Notice of Deposition was issued pursuant to Federal Rule of Civil Procedure 30(b)(6).  The Rule states:
**(6) Notice or Subpoena Directed to an Organization.**
In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. **The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf**; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. **The persons designated must testify about information known or reasonably available to the organization.** This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

[2] The scope of discovery permitted by the Federal Rules of Civil Procedure is quite broad. Hickman v. Taylor, 329 U.S. 495, 507 (1947). Rule 26(a) permits the discovery of any non-privileged matter relevant to any claim or defense asserted by any party. Fed. R. Civ. P. 26(b)(1).  "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable..." Fed. R. Evid. 401. The information sought "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(2)(A).

Sahakian v. STATS et al
Agenda for 02-16-09 Rule 37 Conference And Agreements

## ADDENDUM A to 02-13-09 Letter from Strojnik to Dowell

| | | | |
|---|---|---|---|
| 5 | Examination by Dr. Wilson | 1. Defendants must first obtain an order of the court prior to scheduling a medical examination. BASIS: Rule 35[3]. <br><br> 2. Plaintiff objects to Defendants attempt to denominate its partisan witness, Dr. Wilson, as "independent".[4] <br><br> 3. Irrespective of #1 above, Plaintiff will permit an examination of Plaintiff with a | PLAINTIFF OFFERED TO PRODUCE MS. SAHAKIAN FOR AN EXAMINATION BY DR. WILSON ACTING AS DEFENDANTS' LITIGATION SUPPORT WITNESS. DEFENDANTS REFUSE THE OFFER AND WANT TO DESIGNATE DR. WILSON AS AN "INDEPENDENT" MEDICAL EXAMINER. DEFENDANTS WILL FILE A DISCOVERY MOTION WITH THE COURT. |

---

[3] Rule 35. **Physical and Mental Examinations**

   (a) Order for an Examination.

   **(1) In General.**

   The court where the action is pending may order a party whose mental or physical condition — including blood group — is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.

   **(2) Motion and Notice; Contents of the Order.**

   The order:

   (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and

   (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

[4] See e-mail from Larsen to Strojnik dated February 6, 2009. There, Ms. Larsen references *Warrick v. Brode*, 46 F.R.D. 427, 428 (D. Del. 1969) ("[A]n examination should be divested as far as possible of any adversary character. The examining doctor is, in effect, an 'officer of the court' performing a non-adversary duty."

Sahakian v. STATS et al
Agenda for 02-16-09 Rule 37 Conference And Agreements

## ADDENDUM A to 02-13-09 Letter from Strojnik to Dowell

|   |   |   |   |
|---|---|---|---|
|   |   | truly independent provider. BASIS: Dr. Wilson is Defendants "litigation support", not an independent witness. |   |
| 6 | The parties should agree to cooperate in any additional discovery *in good faith*. | 1. Plaintiff agrees to do so. | ALL PARTIES AGREE TO DISCUSS ALL DISCOVERY ISSUES IN GOOD FAITH. |
| 7 | ADDITIONAL ISSUES | 2. COUNSEL FOR PLAINTIFF WANTS SUPPLEMENTAL RESPONSES TO DISCOVERY. | COUNSEL FOR DEFENDANTS WILL ISSUE A LETTER TO COUNSEL FOR PLAINTIFF OUTLINING ADDITIONAL ISSUES THAT HAD NOT BEEN INCLUDED IN THIS AGENDA. COUNSEL FOR PLAINTIFF INDICATED THAT IT IS IN PLAINTIFF'S INTEREST TO DISCLOSE ALL INFORMATION RELATIVE TO THE CASE AND, THEREFORE, COUNSEL FOR PLAINTIFF WILL RESPOND TO COUNSEL FOR DEFENDANTS' LETTER SEASONABLY. |