

The Law Firm Of
# PETER STROJNIK
A T T O R N E Y   A T   L A W

February 13, 2009

Leigh E. Dowell, Esq. *by e-mail only eric.dowell@ogletreedeakins.com*
Caroline K. Larsen, Esq. *by e-mail only caroline.larsen@ogletreedeakins.com*
Ogletree Deakins Nash Smoak & Stewart PC
2415 E Camelback Rd, Ste 800
Phoenix , Arizona 85016

Re:   1. *Sahakian v. STATS ChipPAC, Inc. et al* 2:08-cv-00241-HRH

Dear Counsel:

Thank you for a constructive discovery conference.  Plaintiff agreed to all your requests (we schedule Ms. Sahakian's Deposition; we will supplement Interrogatory 11 Responses; we will provide you with Medical Release Forms; we have given you complete control over the timing and scheduling of depositions; we agreed for the medical examination by Dr. Wilson as Defendants Litigation Support witness).  Conversely, you declined to permit the Rule 30(b)(6) deposition of Defendants and you declined to provide the documents requested pursuant to Rule 30(b)(2).

We held a brief discussion regarding Mr. Golapan Nair.  I indicated to you that Mr. Nair's testimony as a witness in the case will be offered pursuant to Rule 701, Rules of Evidence:

> **Rule 701. Opinion Testimony by Lay Witnesses**
>
> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

We intend to bring evidence of STATS' and Temasek's discriminatory practices for numerous reasons, including, without limitation, to show (1) motive; (2)

Peter Strojnik                               Page 2                                2/13/2009

punitive damages; and (3) "routine practice" of preferences for Singaporean employees over American employees and the Singaporean view of Americans as expendable resources (e.g. "tools" in trade):

> **Rule 406. Habit; Routine Practice**
>
> Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice.

As you can tell from the subject listed in the Notice of Rule 30(b)(6) deposition of your clients, STATS has engaged in a routine practice of racial and sexual discrimination. As days go by, more and more witnesses are coming forward with information. The information is invariably the same, i.e. demeaning attitudes toward Americans and preferential treatment to Singaporeans over Americans, particularly American women.

I attach the Agenda with agreements marked in RED. I also attach the 10-06-08 letter from Mr. Schleier. If you find that any statement in the Agenda does not accurately reflect our agreement, please let me know just as soon as you can.

It was good to talk to both of you in person. I am confident that we will be able to bring this matter to a jury expeditiously and that the jury will make the right decision. I am looking forward to litigating this matter with you.

Thank you in advance for your continued courtesy.

                                        Sincerely,

                                        Peter Strojnik

PS: pjs
CC:
1. Client by e-mail only
2. Lawrence Rosenfeld by e-mail only *rosenfeldL@gtlaw.com*
Encls: *As indicated.*