1  L. Eric Dowell, SBN 011458
2  Caroline Larsen, SBN 022547
   Monique Young, SBN 025121
3  Ogletree, Deakins, Nash, Smoak & Stewart, P.C., SBN 00504800
   2415 East Camelback Road, Suite 800
4  Phoenix, Arizona 85016
5  Telephone:   (602) 778-3700
   Facsimile:   (602) 778-3750
6  Eric.Dowell@ogletreedeakins.com
   Caroline.Larsen@ogletreedeakins.com
7  Monique.Young@ogletreedeakins.com
8
   Attorneys for Defendants
9

10

11              UNITED STATES DISTRICT COURT

12            FOR THE DISTRICT OF ARIZONA

13  Diane Sahakian, a single woman,        CV08-241-PHX-HRH

14                 Plaintiff,              **RESPONSE TO PLAINTIFF'S MOTION
                                           TO COMPEL DISCOVERY – AND –
15         vs.                             CROSS-MOTION FOR PROTECTIVE
                                           ORDER BY DEFENDANTS STATS
16  STATS ChipPAC, Inc., a foreign         CHIPPAC, INC. AND STATS CHIPPAC
    corporation; STATS ChipPAC Ltd, a      LTD**
17  foreign corporation; Temasek Holdings
    Private Limited, a foreign corporation; (Assigned to the Hon. H. Russel Holland )
18  Singapore Technologies Semiconductors
    Private Limited, a foreign corporation,
19
20                 Defendants.
21

22        Plaintiff's allegation that Defendants STATS ChipPAC, Inc. and STATS

23  ChipPAC, Ltd. (collectively "STATS") refused to appear for a 30(b)(6) deposition and

24  refused to produce documents is simply false.  Shortly after Plaintiff unilaterally noticed

25  the deposition, STATS' counsel advised Plaintiff's counsel, in writing, that STATS

26  objected to many of the 100+ topics of testimony set forth in Plaintiff's 10-page First

27  Amended Notice of 30(b)(6) Deposition.  Counsel for STATS advised Plaintiff's counsel

28  that, once the parties resolved the issue of the scope of the deposition, STATS could

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

properly identify the appropriate designee to testify on its behalf. Plaintiff's counsel refused to amend the Notice of 30(b)(6) Deposition and insisted that STATS produce a deponent to testify as to <u>all</u> topics listed in the Notice. Counsel for STATS advised that, in light of Plaintiff's position, STATS would move the Court for a protective order. Plaintiff then immediately filed a Motion to Compel Discovery (Doc. 66). STATS hereby responds to that Motion and cross-moves for a Protective Order pursuant to Rule 26(c), Federal Rules of Civil Procedure.

Plaintiff's claim that STATS refused to respond to her Request for Production of Documents similarly is untrue. Plaintiff's requests for documents seek documents related to the same 100+ subjects listed as deposition topics in Plaintiff's Amended Notice of 30(b)(6) Deposition. STATS advised Plaintiff, in writing, that it objected to the document requests on the same basis that it objected to the deposition topics.

The scope and number of deposition topics in Plaintiff's Amended Notice of 30(b)(6) Deposition and accompanying Request for Production of Documents are overbroad and unreasonable, thus, STATS' objections are valid. STATS respectfully requests that the Court (1) deny Plaintiff's Motion to Compel Discovery and for Sanctions (Doc. 66); (2) grant STATS' Cross-Motion for a Protective Order; (3) order Plaintiff to amend the Notice of 30(b)(6) Deposition accordingly; and (4) award STATS its reasonable attorneys' fees incurred in responding to Plaintiff's Motion. This Motion is supported by the accompanying Memorandum of Points and Authorities and affidavit of STATS' attorney, Caroline Larsen, attached hereto as Exhibit A, certifying that STATS conferred with Plaintiff's counsel in good faith to resolve this matter without court action.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    PROCEDURAL BACKGROUND

Plaintiff Diane Sahakian filed suit against STATS on February 6, 2008, asserting two claims for relief (gender discrimination and retaliation) under Title VII of the Civil Rights Act of 1964 ("Title VII"). Doc. 1. On October 23, 2008, Plaintiff's former counsel, Tod Schleier, withdrew as counsel of record. Doc. 34. At that time, neither

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

party had noticed nor taken any depositions. On November 5, 2008, Peter Strojnik and Peter K. Strojnik, entered Notice of their Appearance on behalf of Plaintiff. Doc. 35.

On November 6, 2008, Peter Strojnik sent a letter to STATS' counsel and asked to discuss the timing of depositions of approximately 19 current and former STATS employees, as well as at least 18 witnesses disclosed by Plaintiff. The number of depositions Plaintiff proposed far exceeded the approximately ten (10) depositions, total, initially proposed by the parties and approved by the Court in the Scheduling and Planning Order.[1] Doc. 12 at p.3; Doc. 13 at p.2. The number of proposed depositions also exceeded the number permitted by Federal Rule of Civil Procedure 30(a)(2)(A)(i). The parties did not stipulate to exceed the number of depositions permitted by the Federal Rules, nor has Plaintiff sought leave of Court to do so. *See* Fed. R. Civ. P. 30(a)(2)(A)(i).

Following the change of Plaintiff's counsel, the Court directed the parties to confer regarding any necessary adjustments to the case schedule and to file a Joint Report to Amend Scheduling Order. Doc. 36. When the parties conferred on November 17, 2008, Plaintiff's counsel did not mention deposition scheduling.[2] In the Joint Report filed November 20, the parties asked the Court to amend several dates in the Scheduling Order, but they did not request that the Court amend the section of the Scheduling Order dictating the number of depositions to be taken. Doc. 37. On November 25, 2008, the Court entered an Amended Case Schedule setting forth the new deadlines agreed to by the parties, which stated, "Except as to the foregoing dates, the other terms and conditions of the scheduling and planning order remain in effect." Doc. 38.

Plaintiff unilaterally filed a Notice of 30(b)(6) Deposition on January 22, 2009, then filed an Amended Notice of 30(b)(6) Deposition the next day. Docs. 44, 45. The Amended Notice of 30(b)(6) Deposition is ten (10) pages long and lists, literally, one hundred and one discrete topics of potential testimony. In addition, the Amended Notice

---

[1] The number of depositions anticipated by the parties did not include expert depositions.

[2] In fact, following his November 6, 2008 letter, Plaintiff's counsel did not raise the issue of scheduling depositions again for nearly three months, until January 22, when Plaintiff filed a Notice of 30(b)(6) Deposition.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

of 30(b)(6) Deposition includes requests for every document consulted or reviewed by any person, including documents reviewed by attorneys, in preparation for the deposition, and each document relating to any of the 100+ topics of testimony listed. Doc. 45.

On February 3, 2009, STATS' counsel wrote to Plaintiff's counsel setting forth STATS' objections to many of the deposition topics. Doc. 66, Exh. 4. STATS also identified those topics it did not find objectionable, and agreed to produce a deponent to testify about those topics at a mutually agreeable date and time. *Id*. Counsel for STATS also pointed out that Plaintiff's accompanying Request for Production of Documents did not permit STATS, a party deponent, sufficient time to respond, as required by Federal Rules of Civil Procedure 30(b)(2) and 34. *Id*. The next day, Plaintiff's counsel responded to STATS' objections, stating:

> On the matter of deposition subject matters, you must know that the standard is not whether the information sought is relevant, but whether the information sought may lead to the discovery of admissible evidence. We intend to prove that Defendants have permitted a pattern and practice of sexism, racism and retribution to permeate Defendants corporate culture.

*See* Exh. B. In his letter, however, Plaintiff's counsel did not agree to revise or limit the deposition topics, nor did he otherwise acknowledge STATS' objections.

On February 13, 2009, counsel for both parties participated in a teleconference to try to resolve their disputes regarding this and other discovery matters. During the conference, Plaintiff's counsel again refused to make any revisions to the Amended Notice of 30(b)(6) Deposition and accompanying document requests. *See* Declaration of Caroline Larsen in Support of Defendants' Response to Plaintiff's Motion to Compel Discovery and Cross-Motion for Protective Order, Exh. A at ¶¶ 7-10, 13. Plaintiff's counsel insisted that STATS provide a witness to testify about each of the 100+ topics in the Amended Notice of 30(b)(6) Deposition, and provide every document consulted or reviewed by any person in preparation for the deposition, and each document relating to each of the listed topics of testimony. *Id*. at ¶¶ 8, 9, 13. He suggested that, if STATS' counsel felt that Plaintiff's counsel was exceeding the scope of reasonable discovery or

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

otherwise abusing the witness at the deposition, STATS could stop the deposition and seek a protective order. *Id.* at ¶ 9. Counsel for STATS pointed out that STATS should not have to prepare an officer, director or managing agent to testify regarding deposition topics that clearly are overly broad, irrelevant, and objectionable. *Id.* at ¶ 10.

During the February 13 teleconference, STATS' counsel reiterated that it had the same objections to the document requests as it had asserted regarding the deposition topics. *Id.* at ¶ 7, 11. Plaintiff's counsel insisted that STATS produce the requested documents. *Id.* at ¶¶ 11, 13. Since it appeared the parties could not resolve their dispute regarding the appropriate scope of the deposition and document requests, STATS' counsel informed Plaintiff's counsel that STATS would seek a protective order. *Id.* at ¶ 11. On February 17, just two business days later, Plaintiff filed this Motion to Compel.

## II.    STATS CHIPPAC HAS NOT VIOLATED ANY OF THE FEDERAL RULES OF CIVIL PROCEDURE GOVERNING DISCOVERY.

Plaintiff's Motion fails to cite any violation of the Federal Rules of Civil Procedure that STATS has committed, and does not cite any basis for compelling STATS to provide discovery as Plaintiff has requested. Contrary to Plaintiff's assertion, STATS did <u>not</u> refuse to designate a representative to appear for a 30(b)(6) deposition. STATS advised Plaintiff of its objections to the deposition topics well in advance of the deposition. *See* Doc. 66, Exh. 4; Decl. of Caroline Larsen, Exh. A at ¶¶ 3-4. The parties agreed to reschedule the deposition and to schedule a meet-and-confer to discuss the disputed deposition topics. Exh. A at ¶ 6; Exh. B. To date, Plaintiff has not re-noticed the deposition. STATS properly seeks to limit the scope of the deposition by this Cross-Motion, in compliance with by Federal Rule of Civil Procedure 26(c)(1).

Similarly, STATS did respond to the request for documents that accompanied Plaintiff's Amended Notice of 30(b)(6) Deposition. STATS provided extensive and detailed explanations of its objections to the deposition topics described in the Amended Notice of 30(b)(6) Deposition, and advised Plaintiff that it had the same objections to Plaintiff's request for documents related to the same subjects. *See* Doc. 66, Exh. 4.

Notably, even if STATS had not timely responded to Plaintiff's request for documents, which it did, Plaintiff filed her Motion to Compel Discovery prematurely, before the expiration of the time for STATS to respond. Plaintiff filed the Amended Notice of 30(b)(6) Deposition, with accompanying Requests for Production of Documents on January 23, 2009. Doc. 45. STATS had until February 25, 2009 to respond to Plaintiff's request for documents. Fed. R. Civ. P. 34(b)(2)(A). Plaintiff, however, moved to compel STATS' response on February 17, more than a week before the responses were due. STATS timely responded to the requests for documents and, as described in detail below, STATS' objections are well founded in light of the overbroad and improper requests for documents. Accordingly, the Court should deny Plaintiff's Motion to Compel Discovery.

Finally, Plaintiff offers no basis in the law or the Federal Rules of Civil Procedure to support her argument that STATS should be compelled to provide dates of availability for depositions. During the parties' February 13, 2007 conference call, STATS' counsel agreed to provide dates they could be available for the 21 depositions Plaintiff wants to take. Just two business days later, before STATS' counsel could even respond, Plaintiff filed a Motion to Compel and claimed STATS had reneged on its agreement.

Even if STATS' counsel had not provided Plaintiff with their availability for depositions, which they did, Plaintiff admits that she can issue subpoenas and notices of depositions for those witnesses she wants to depose, without coordinating the dates with STATS' counsel. Consequently, there is no basis for Plaintiff to seek sanctions based on STATS' alleged failure to provide proposed deposition dates at the request of Plaintiff's counsel. Nonetheless, as a professional courtesy, STATS' counsel did provide Plaintiff's counsel with dates they are available for the depositions. *See* Decl. of Caroline Larsen, Exh. A at ¶ 14 and Exh. C. They also advised Plaintiff's counsel of which witnesses they believe cannot be contacted *ex parte* per the Arizona Rules of Professional Conduct, Rule 42, ER 4.2 and *Lang v. Superior Court*, 170 Ariz. 602, 826 P.2d 1228 (App. 1992), and agreed to accept service of subpoenas for depositions of current STATS employees. *Id.* Plaintiff's Motion to Compel is without merit and should be denied.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

**III.    PLAINTIFF'S NOTICE OF 30(B)(6) DEPOSITION SEEKS TESTIMONY ON TOPICS THAT HAVE NO RELEVANCE TO THE PRESENT ACTION.**

A party may only obtain discovery regarding non-privileged matters that are relevant to any party's claims or defenses.  Fed. R. Civ. P. 26(b)(1).

> [T]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place, for the disclosure or discovery; . . . (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery into certain matters. . . .

Fed. R. Civ. P. 26(c).  "Because of liberal discovery and the potential for abuse, the federal rules 'confer[ ] broad discretion on the [district] court to decide when a protective order is appropriate and what degree of protection is required.'"  *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) (quoting *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984).); *accord Chem. & Indus. Corp. v. Druffel*, 301 F.2d 126, 129 (6th Cir. 1962) ("[T]he extent of discovery and the use of protective orders is clearly within the discretion of the trial judge.")

Here, Plaintiff seeks testimony from a designee of STATS on a multitude of topics that are either (1) within the personal knowledge of an identifiable witness whom Plaintiff intends to depose; (2) not reasonably available to the company; (3) too broad or vague for STATS to adequately prepare a witness to testify and bind the corporation; (4) totally irrelevant to the claims, defenses and issues in this action; or (5) related to events that STATS denies occurred, thus, STATS has no information with which to prepare a deponent.  For these reasons, the Court should issue a protective order limiting the topics upon which Plaintiff may question a designee of STATS in a Rule 30(b)(6) deposition.

**A.    Plaintiff seeks testimony from a 30(b)(6) designee regarding topics that are uniquely within the knowledge of specific, identifiable witnesses.**

Plaintiff's Amended Notice of 30(b)(6) Deposition includes numerous topics that relate to information or knowledge clearly held by a particular, identifiable witness, such

as the alleged statements or opinions of certain officers or employees of STATS.  For example, deposition topics listed in the Notice include:

- BJ Han's opinion of Plaintiff[3]

- BJ Han allegedly referring to Americans as "fat", "stupid" and "lazy" and alleged statement by BJ Han that every American employee is an "idiot"

- BJ Han allegedly referring to Plaintiff in particular as "fat"

- Alleged reference to American employees by Lay Koon[4] as, "You fat people" and "You Americans are fat"

- The details of Eric Gongora's[5] alleged inappropriate sexual remarks about Plaintiff's breasts, etc.

- Gail in HR's[6] alleged reference to a complainant as a drama queen and dysfunctional and useless person

Disregarding the irrelevance of most of these topics, which is discussed in the next subsection, testimony on such topics should not be obtained by a 30(b)(6) deposition.  If Plaintiff seeks testimony regarding what BJ Han, Eric Gongora, Gail Uy or Tan Lay Koon said, her counsel can ask each witness at his or her own depositions.  In fact, Plaintiff already has indicated her intent to depose all four of these witnesses.  Doc. 66, Exh. 5.

Plaintiff can depose an officer, director or managing agent of STATS upon proper notice.  The Advisory Committee Notes for the 1970 Amendments to Rule 30(b)(6) provide:  "This procedure supplements the existing practice whereby the examining party designated the corporate official to be deposed.  Thus, if the examining party believes

---

[3] Dr. Han Byung Joon (often referred to as "BJ Han") is Executive Vice President and Chief Technology Officer for STATS ChipPAC Ltd. Dr. Han was Plaintiff's direct supervisor from approximately August 2006 until her employment ended on July 1, 2008.

[4] Tan Lay Koon is President and Chief Executive Officer of STATS ChipPAC Ltd.

[5] Eric Gongora is a Director at STATS ChipPAC, Inc. and previously reported to Plaintiff.

[6] Gail Uy is Human Resources Manager for STATS ChipPAC, Inc.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., 2415 EAST CAMELBACK ROAD, SUITE 800 PHOENIX, ARIZONA 85016

Ogletree, Deakins, Nash,
Smoak & Stewart, P.C.
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016

1   that certain officials who have not testified pursuant to [Rule 30(b)(6)] have added

2   information, he may depose them." *See also* Fed. R. Civ. P. 37(d)(1)(A)(i); *Cadent Ltd.*

3   *v. 3M Unitek Corp.*, 232 F.R.D. 625, 628 n.1 (C.D. Cal. 2005) ("[I]t is well recognized

4   that 'if the corporation is a *party, the notice compels it to produce* any officer, director or

5   managing agent named in the deposition notice. It is not necessary to subpoena such

6   individual.") (citations omitted) (emphasis in original).

7            Moreover, Rule 30(b)(6) only requires that a designee testify on matters within his

8   or her personal knowledge or on matters <u>reasonably</u> known by the company. *U.S. ex rel*

9   *Fago v. M&T Mort. Corp.*, 235 F.R.D. 11, 23 (D.D.C. 2006); *accord Reed v.*

10  *Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000) (quashing plaintiff's 30(b)(6) notice and

11  directing plaintiff to issue a narrower 30(b)(6) notice in accordance with Court's order).

12  In *United States v. District Council*, the defendants moved to compel the plaintiff's

13  designated 30(b)(6) deponent to testify on certain topics. 1992 U.S. Dist. LEXIS 12307,

14  47-49 (S.D.N.Y. Aug. 14, 1992).    In denying the defendants' motion, the Court

15  recognized the defendants' right to discover relevant information, but also noted that the

16  information sought was available in documents provided and by deposing fact witnesses

17  who were named as having relevant information. *Id.* at 48.  For the 30(b)(6) deponent to

18  provide the information defendants sought "would in effect require the [plaintiff] to

19  marshal all of its factual proof and then provide it to [the 30(b)(6) deponent] so that she

20  could respond." *Id.*  "[T]his would be highly inefficient and burdensome, rather than the

21  most direct manner of securing relevant information . . . ." *Id.* at 48-49.  "Although Rule

22  30(b)(6) requires a designated witness to thoroughly educate him or herself on the

23  noticed topic, there must be a limit to the specificity of the information the deponent can

24  reasonably be expected to provide." *U.S. ex rel Fago*, 235 F.R.D. at 25; *see also State ex*

25  *rel. Ford Motor Co. v. Messina*, 71 S.W.3d 602, 607 (Mo. 2002) (a protective order may

26  be issued to prohibit the deposition of a corporate officer if the party requesting the

27  deposition has failed to pursue the information through less intrusive means).

28

9

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

As noted above, many of the deposition topics in Plaintiff's Amended Notice of 30(b)(6) Deposition concern statements allegedly made by an identified individual on a specific, single occasion. It is unreasonable to expect STATS to have knowledge of every statement allegedly made by its officers or employees on any given date. Similarly, it is unduly burdensome to require STATS to go to great lengths to educate a 30(b)(6) deponent when Plaintiff already plans to depose the pertinent fact witness. Requiring STATS to prepare a 30(b)(6) deponent to testify on the same topics that will be covered during Plaintiff's deposition of the witnesses who allegedly made the comments subjects STATS to duplicative, unnecessary costs. Rule 26(c)(1) permits the Court to bar discovery that is unreasonably cumulative or duplicative, and to limit the method by which discovery is obtained if the same information can be gotten from a source that is more convenient, less burdensome, or less expensive.

**B.**     **Plaintiff seeks testimony regarding topics that have no bearing on any of the claims, defenses or issues in this action.**

Plaintiff's Amended Deposition Notice includes numerous topics of proposed testimony that have no bearing on any of the claims, defenses or issues in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Such discovery exceeds the scope of permissible discovery. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff alleges she experienced discrimination based on her sex, and retaliation after she complained of a hostile work environment. *See* Second Amended Complaint ¶¶ 36-49. Many of the topics or alleged incidents about which Plaintiff seeks to depose a representative of STATS have absolutely no bearing on her allegations that she experienced discrimination and/or retaliation based on her sex, such as:

- The alleged differences, if any, between the rules, regulations, policies embodying Defendants' general corporate culture regarding employment relations governing Defendants' business in Singapore and in the United States

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

- The employment by Defendants of Maria Huang and Regina Liew and the reason for the departure of these individuals from Defendants' employ[7]

- Defendants listing and delistment from SGX-ST securities market

- Defendants alleged destruction of or inability to retrieve documents, including documents relative to pending litigation matters[8]

- Allegations of spoliation of evidence or destruction of documents in any matter in which Defendants or their predecessors or successors in interest are/were a party or witness, such as that experienced in the Tessera, Inc. patent litigation[9]

- Detailed disclosure of the alleged destruction of documents or other tangible thing relating to any judicial matter pending anywhere in the world by Defendants

- Immigration matters relating to GS Kim[10]

- Statistical breakdown of Defendants' employment of foreign nationals for the past 10 years and Defendants' policy with respect to hiring foreign nationals

- The alleged disparity in employment compensation between an employee of foreign nationality and an American employee for the same or similar position

None of these topics relate, in any discernable way, to Plaintiff's claim she experienced a hostile work environment or retaliation due to her complaints. "[D]iscovery may not be had on matters irrelevant to the subject matter involved in the pending action, see Fed. R. Civ. P. 26(b)(1), and '[e]ven if relevant, discovery is not permitted where no need is shown . . ..'" *Miscellaneous Docket Matter No. 1 v.*

---

[7] Neither party has disclosed Ms. Liew or Ms. Huang as witnesses likely to have discoverable information regarding this action.

[8] To date, Plaintiff has not raised any issue regarding any relevant document or other evidence she believes has been destroyed, or has not been produced in this action.

[9] Tessera Technologies, Inc. and STATS are currently involved in a dispute regarding alleged patent infringement and breach of a license agreement, which has no bearing or relation to the present action.

[10] Mr. Kim is a Director at STATS ChipPAC, Inc. Neither party has disclosed Mr. Kim as a witness likely to have discoverable information regarding this action.

*Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) (quoting *Micro Motion, Inc. v. Kane Steel Co.,* 894 F.2d 1318, 1323 (Fed. Cir. 1990)).

Plaintiff cannot demonstrate any fact of consequence in this action that warrants taking discovery regarding the alleged differences between STATS' corporate culture in Singapore versus the United States, its employment of foreign nationals, its listing on the SGX-ST securities market, other litigation matters that are totally unrelated to the present action.  It is unreasonable to force STATS to incur significant cost to prepare a 30(b)(6) deponent to testify on a dozen, broad topics that have no bearing on any of the issues in this action.  Hence, the Court should not permit Plaintiff to depose a director, officer or managing agent of STATS on these topics.

**C.  Plaintiff seeks testimony regarding such broad and vague topics that STATS ChipPAC cannot properly prepare a deponent to testify.**

Plaintiff's Amended Notice of 30(b)(6) Deposition includes numerous deposition topics that are simply too broad or too vague for STATS to identify an appropriate deponent and adequately prepare him or her to testify knowledgably.  "Before the responding party can designate a witness, the requesting party must 'describe with reasonable particularity the matters on which examination is requested.'"  *U.S. ex rel Fago v. M & T Mort. Corp.*, 235 F.R.D. 11, 22 (D.D.C. 2006) (citations omitted) (quoting Fed. R. Civ. P. 30(b)(6)).  "An overbroad Rule 30(b)(6) notice subjects the noticed party to an impossible task.  To avoid liability, the noticed party must designate persons knowledgeable in the areas of inquiry listed in the notice.  Where . . the defendant cannot identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible."  *Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000) (finding Plaintiff's 30(b)(6) deposition notice to be overbroad and granting motion to quash) (citations omitted); *see also General Foods Corp. v. Computer Election Sys., Inc.*, 211 U.S.P.Q. 49, 50 (S.D.N.Y. 1980) (quashing 30(b)(6) deposition notice that encompassed 143 categories and required respondent to develop material, both objective and subjective, that in all probability was neither presently known nor reasonably available to it).

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. 2415 EAST CAMELBACK ROAD, SUITE 800 PHOENIX, ARIZONA 85016

For example, Plaintiff's Amended Notice of 30(b)(6) Deposition includes the following designated deposition topics:

- Plaintiff's communications (orally, in writing or electronically) with her supervisors regarding any matter

- Any complaints regarding Defendants' employees, supervisors or agents acting in a derogatory, demeaning or otherwise inappropriate behavior

- The employment by Defendants of nineteen listed former and current employees

Plaintiff declined STATS' request to be more clear and specific in the topics, and to limit them to matters and the time frame relevant to this action.  *See* Decl. of Caroline Larsen, Exh. A at ¶¶ 8, 9, 13.  Unless Plaintiff will agree to limit these topics or further define the scope of the testimony sought, STATS is entitled to a protective order relieving it of any duty to produce a witness on these topics.

### D.    Plaintiff seeks deposition testimony regarding events that Defendants deny occurred.

Plaintiff also seeks to depose a STATS representative regarding numerous matters that STATS denies ever occurred – the very issues that form the basis of this suit. STATS cannot prepare a deponent to testify about these incidents or events it denies happened.  Such requested deposition topics include:

- Defendants' alleged knowledge that Plaintiff was ostracized, omitted from meetings and conferences she previously attended; omitted from relevant communications; and placed in a dead-end position removing virtually all of her job duties and responsibilities

- Defendants' alleged knowledge of the hostile work environment

- Plaintiff's alleged demotion following the return from the FMLA leave

- Defendants' alleged tolerance of sexually and racially inappropriate behavior of its managers and employees

- Defendants' alleged culture of racism and sexism

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

- Defendants' policy on Singaporean, Korean and Chinese drunken supervisors making sexual advances on an American woman

- Details of posting Plaintiffs likeness on the Defendants' Tempe server database with a man groping her breast

- Defendants alleged acts of destruction of documents, destruction of evidence and spoliation of evidence in this matter

STATS denies that Plaintiff was subjected to a hostile work environment during her employment, that she was demoted following her return from medical leave, that the company tolerated sexually or racially inappropriate behavior by its managers or employees, that it has a culture of racism or sexism, that Plaintiff's likeness was posted on the Tempe server database with a man groping her breast, that STATS destroyed documents or other evidence in this matter, etc. Accordingly, STATS reasonably cannot prepare a deponent to testify on these topics, except to deny the alleged conduct occurred. Thus, STATS should not have to produce a deponent to testify regarding these topics.

E. **Plaintiff improperly seeks testimony from STATS ChipPAC regarding the alleged conduct of other defendants in the action.**

STATS initially advised Plaintiff's counsel that deposition topics regarding the alleged interaction between STATS and Temasek Holdings Private Limited ("Temasek") or Singapore Technologies Semiconductors Private Limited ("STS") was premature. *See* Doc. 66, Exh. 4. At the time, Plaintiff's Motion to Amend First Amended Complaint was pending before the Court. If the Court denied Plaintiff's Motion to Amend, issues regarding the alleged relationship between STATS, Temasek and STS would be moot. On February 12, 2009, the Court granted Plaintiff's Motion to Amend. Doc. 60. Consequently, when counsel for the parties spoke on February 13, STATS' counsel advised Plaintiff's counsel that STATS waived its objection to these deposition topics.

Other deposition topics, however, should be directed towards a representative of STS or Temasek, who are now defendants in this action, not STATS. For example, STATS should not be required to provide a 30(b)(6) designee to testify regarding:

- Any and all sexual harassment complaints against STS or Temasek Holdings Private Limited for the past 10 years

- STS' and Temasek's production of documents in pending litigation matters; STS's and Temasek's alleged destruction of or inability to retrieve documents, including documents relative to pending litigation matters; and STS's and Temasek's alleged acts of destruction of documents, destruction of evidence and spoliation of evidence in this and other litigation matters

- Allegations of spoliation of evidence or destruction of documents in any matter in which STS or Temasek or their predecessors or successors in interest are/were a party or witness, such as that experienced in the Tessera, Inc. patent litigation

- Detailed disclosure of the destruction all documents or other tangible thing relating to any judicial matter pending anywhere in the world by STS or Temasek in the last 10 years

Information regarding STS or Temasek's litigation history or practices, or information regarding any harassment complaints against these entities is not reasonably available to STATS. Moreover, since "[t]he purpose behind Rule 30(b)(6) is to create testimony that will bind the corporation," it is improper for STATS to provide a 30(b)(6) deponent to testify regarding topics specific to another defendant in the action. *Sanders v. Circle K Corp.*, 137 F.R.D. 292, 294 (D. Ariz. 1991) (citation omitted). Rather than trying to compel STATS to educate a deponent to testify about these topics, which would be highly inefficient and burdensome, Plaintiff should pursue the most direct manner of securing this information – deposing a representative of STS and/or Temasek.

## F.    STATS ChipPAC timely served objections to Plaintiff's requests for production of documents.

Plaintiff's Amended Notice of 30(b)(6) Deposition requested documents related to the same subjects proffered as deposition topics. Specifically, the notice stated:

1. Please produce each and every document consulted or reviewed by any person, including documents reviewed by attorneys, in preparation for this deposition.

2. Please produce each document as kept in the normal course of business relating to any of the above subject matters, arranged by subject matter.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

STATS advised Plaintiff that it had the same objections to the requests for production as it had asserted regarding the deposition. *See* Doc. 66, Exh. 4. As detailed above, Plaintiff requests documents that have no bearing on any of the claims, defenses or issues in this action, and are not reasonably calculated to lead to the discovery of admissible evidence. Such requests exceed the scope of permissible discovery. *See* Fed. R. Civ. P. 26(b)(1). In addition, Plaintiff's request for production of documents includes numerous requests that are simply too broad or too vague for STATS to identify responsive documents.

STATS concedes that some of Plaintiff's requests are reasonable and relevant. *See infra* Section IV. Hence, STATS does not object to providing responsive documents, to the extent such documents exist and have not already been disclosed. Except as set forth below, however, Plaintiff's requests for documents are objectionable, STATS has properly objected, and Plaintiff's Motion to Compel should be denied.

## IV.    STATS AGREED TO PRODUCE A DEPONENT TO TESTIFY REGARDING RELEVANT, REASONABLY DEFINED TOPICS.

STATS agreed to produce a deponent to testify regarding those topics listed in Plaintiff's Amended Notice of 30(b)(6) Deposition that are relevant, described with reasonable particularity, and rationally fall within the realm of information known or reasonable available to STATS. *See* Doc. 66, Exh. 4. These topics include:

- Organizational structure of STATS

- STATS' affiliation and or relationship with Singapore Technologies Semiconductors Pte. LTD. and Temasek Holdings Private Limited

- Plaintiff's employment with STATS, including initial interviews; her position and responsibilities during employment, and performance and evaluations

- Plaintiff's reports to Defendant regarding male subordinates actions and her 30-day leave under the Family Medical Leave Act

- STATS' investigation into an incident about which Plaintiff complaint, and the findings of that investigation

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

- The reason for BJ Han's company-wide announcement reassigning Plaintiff to a new position, Vice President – Special Projects, and the fact of and the reasons for various assignments given to Plaintiff following the return from FMLA leave

- Details of Defendants' investigations and actions taken in response to Plaintiff's filing the charges of discrimination and retaliation against Defendants

- STATS' policies, rules and regulations relative to employee's complaints against co-employees, the grievance procedure and its policies on employing non-US workers for US based employment, and STATS' policy with respect to hiring minorities and women

As described above, the rest of the topics in Plaintiff's Amended Deposition Notice are objectionable. STATS advised Plaintiff's counsel of its objections and made a good faith attempt to resolve the dispute between the parties regarding the scope of the deposition. Plaintiff's counsel unequivocally refused to narrow or clarify the deposition topics, therefore, STATS is entitled to a protective order to limit the topics to be covered at the 30(b)(6) deposition of its officer, director or managing agent.

## V.  **CONCLUSION**

For the foregoing reasons, STATS requests that the Court (1) deny Plaintiff's Motion to Compel Discovery and for Sanctions (Doc. 66); (2) grant STATS' Cross-Motion for a Protective Order; (3) order Plaintiff to amend the Notice of 30(b)(6) Deposition accordingly; and (4) award STATS its reasonable attorneys' fees incurred in responding to Plaintiff's Motion.

DATED this 6th day of March, 2009.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.


By: *s/*Caroline Larsen
     L. Eric Dowell
     Caroline Larsen
     Monique Young
     2415 East Camelback Road, Suite 800
     Phoenix, Arizona 85016
     Attorneys for Defendants

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Strojnik
Peter Strojnik, P.C.
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Attorney for Plaintiff


s/ Elizabeth Chavez

7036999.2 (OGLETREE)

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016