# EXHIBIT A

L. Eric Dowell, SBN 011458
Caroline Larsen, SBN 022547
Monique Young, SBN 025121
Ogletree, Deakins, Nash, Smoak & Stewart, P.C., SBN 00504800
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone:   (602) 778-3700
Facsimile:   (602) 778-3750
Eric.Dowell@ogletreedeakins.com
Caroline.Larsen@ogletreedeakins.com
Monique.Young@ogletreedeakins.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Diane Sahakian, a single woman,<br><br>Plaintiff,<br><br>vs.<br><br>STATS ChipPAC, Inc., a foreign corporation; STATS ChipPAC Ltd, a foreign corporation; Temasek Holdings Private Limited, a foreign corporation; Singapore Technologies Semiconductors Private Limited, a foreign corporation,<br><br>Defendants. | CV08-241-PHX-HRH<br><br>**DECLARATION OF CAROLINE LARSEN IN SUPPORT OF DEFENDANTS STATS CHIPPAC, INC.'S AND STATS CHIPPAC LTD'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY – AND – CROSS-MOTION FOR PROTECTIVE ORDER**<br><br>(Assigned to the Hon. H. Russel Holland) |

I, Caroline Larsen, make the following declaration:

1.  I am an attorney with Ogletree, Deakins, Nash, Smoak and Stewart, P.C., the law firm retained to represent Defendants STATS ChipPAC, Inc. and STATS ChipPAC Ltd. (collectively referred to hereafter as "STATS ChipPAC") in this litigation.

2.  I am over the age of 18 and am competent to testify as to all matters set forth herein and will so testify if called upon to do so. I make the following statements based on my personal knowledge.

3. On February 3, 2009, on behalf of STATS ChipPAC, I sent a letter to Plaintiff's counsel setting forth STATS ChipPAC's objections to many of the topics included in Plaintiff's First Amended Notice of 30(b)(6) (Doc. 45). A true and accurate copy of that letter is attached to Plaintiff's Motion to Compel Discovery and for Sanctions. *See* Doc. 66, Exh. 4.

4. In the letter, I also identified those topics STATS ChipPAC did not believe were objectionable, and agreed to produce a deponent or deponents to testify about those topics at a mutually agreeable date and time. *Id.* Finally, in the letter, I pointed out that, as to the requested documents, Rule 30(b)(2) made it clear that Rule 34 governed requests to produce documents directed at a party deponent and allowed STATS ChipPAC thirty (30) days to respond to requests for production of documents. *Id.*

5. The next day, Plaintiff's counsel sent a letter in response, which stated, among other things:

> On the matter of deposition subject matters, you must know that the standard is not whether the information sought is relevant, but whether the information sought may lead to the discovery of admissible evidence. We intend to prove that Defendants have permitted a pattern and practice of sexism, racism and retribution to permeate Defendants corporate culture.

*See* Exh. B. In his letter, Plaintiff's counsel gave no indication that he would revise or limit the deposition topics in response to STATS ChipPAC's objections.

6. Thereafter, the parties scheduled a meet-and-confer for February 13, 2009 to discuss their dispute regarding the deposition topics.

7. On February 13, 2009, L. Eric Dowell, who is also counsel for STATS ChipPAC, and I participated in a teleconference with Plaintiff's counsel, Peter Strojnik and Peter K. Strojnik, to try to resolve the disputes between the parties regarding deposition scheduling, Plaintiff's First Amended Notice of 30(b)(6) and accompanying Request for Production of Documents, and other discovery matters.

8. During the conference, Plaintiff's counsel refused to make any revisions to the First Amended Notice of 30(b)(6) Deposition and accompanying document requests.

Plaintiff's counsel insisted that STATS ChipPAC provide a witness or witnesses prepared to testify about each of the 100+ topics in the First Amended Notice of 30(b)(6) Deposition, and provide every document consulted or reviewed by any person in preparation for the deposition, and each document relating to each of the many topics of testimony listed.

9. Plaintiff's counsel suggested that, if counsel for STATS ChipPAC felt that Plaintiff's counsel was exceeding the scope of reasonable discovery or otherwise abusing the witness at the deposition, STATS ChipPAC could stop the deposition and seek a protective order.

10. In response, I stated that STATS ChipPAC should not have to prepare an officer, director or managing agent to testify regarding deposition topics that clearly are objectionable, overly broad, and irrelevant.

11. I also reiterated that STATS ChipPAC had the same objections to the document requests as it had asserted regarding the deposition topics, as stated in my letter dated February 3, 2009. Nonetheless, Plaintiff's counsel insisted that STATS ChipPAC produce the requested documents. It was apparent we could not resolve our dispute regarding the appropriate scope of the deposition and document requests, thus, I informed Plaintiff's counsel that STATS ChipPAC would seek a protective order.

12. During the teleconference, Mr. Dowell and I agreed to provide dates we could be available for depositions in this action. We advised Plaintiff's counsel that our availability depended on where the depositions occurred, in case travel was involved. Plaintiff's counsel stated that depositions would occur where the deponent resided, except for deponents in Singapore. Several witnesses in this action live and work in Singapore, yet Plaintiff's counsel stated he does not plan to travel to Singapore to depose these witnesses. He refused to explain how and where he would conduct these foreign depositions.

13. Later that same day, Plaintiff's counsel confirmed his unwillingness to revise the First Amended Notice of 30(b)(6) Deposition in response to STATS ChipPAC

objections by sending his summary of the parties' discussion regarding the deposition, which states:

> 1. Defendants should designate one or more person to testify on its behalf regarding the matters for examination listed in the Notice; also, the persons designated must testify about information known or reasonably available to the organization.
>
> 2. Defendants should produce documents requested in the Notice.

See Doc. 66, Exh. 6.

14.   Mr. Dowell did provide our availability to Plaintiff's counsel via email dated February 26, 2009. We also advised Plaintiff's counsel of which witnesses they believe cannot be contacted *ex parte* per the Arizona Rules of Professional Conduct, Rule 42, ER 4.2 and *Lang v. Superior Court*, 170 Ariz. 602, 826 P.2d 1228 (App. 1992), and agreed to accept service of subpoenas for depositions of current STATS ChipPAC employees. *See* Exh. C.

Pursuant to the laws of the State of Arizona, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 6th day of March, 2009 at Phoenix, Arizona.

_____
Caroline Larsen

# EXHIBIT B

The Law Firm Of
# PETER STROJNIK
ATTORNEY AT LAW

February 4, 2009

Caroline Kathleen Larsen, Esq. *by e-mail only*
caroline.larsen@ogletreedeakins.com
Leigh Eric Dowell, Esq. *by e-mail only*
eric.dowell@ogletreedeakins.com
Ogletree Deakins Nash Smoak & Stewart PC
2415 E Camelback Rd, Ste 800
Phoenix, Arizona 85016

Re:   1. *Sahakian v. STATS ChipPAC, Inc. et al* 2:08-cv-00241-HRH

Dear Ms. Larsen and Mr. Dowell:

Thank you for your letter dated February 3, 2009, received by fax last night.

In my November 6, 2008 letter to Mr. Dowell, I requested times and dates for depositions:

> Lastly, I am in receipt of Mr. Dowell's letter dated November 4, 2008, to Mr. Schleier. I would like to meet with Mr. Dowell in person in my office and discuss the discovery issues that have arisen, resolve them all, and enter into a stipulation regarding the same. I would like to discuss the responses to discovery produced by your office, and the timing of depositions for the following persons listed in Defendants' Disclosure Statement:
>
> a) Jerry Almeida;
> b) Flynn Carson;
> c) Brett Dunlap;
> d) Ng Tiong Gee;
> e) Eric Gongora;
> f) Scott Gooch;
> g) Dr. Han Byung Joon;
> h) Jeff Howell;
> i) Scott Jewler;
> j) Tan Lay Koon;

      k) Cindy Palar;
      l) Nehal Patel;
      m) Ram Ramakrishna;
      n) Mike Schraeder;
      o) Chris Shea;
      p) Gaul Uy;
      q) Jeff Yang;
      r) 30(b)(6) of STATS ChipPac, Inc.;
      s) 30(b)(6) of STATS ChipPac, LTD;
      t) All witnesses listed by Plaintiff.

Beginning November 24, I should be available for depositions through the end of the year. I do have various court appearances in late November and in December, but nothing longer than an hour. I also have oral arguments in the North Dakota Supreme Court in December, but the date has not yet been set. In addition, during December I am on call for travel abroad on an unrelated matter. However, for purposes of scheduling depositions, I suggest we consider the entire month of December open and, if a contingency comes up, we can reschedule.

I would like to meet and discuss the adequacy of Defendants' Disclosure Statement; Defendants' Response to Plaintiff's First Request for Production of Documents; Defendants' Response to Plaintiff's Second Request for Production of Documents; and any other discovery issues that may arise. I am available in the afternoon of November 17, all of November 18 and all of November 20.

I did not receive a proposal and I assumed that your firm does not engage in this type of professional courtesy. However, now that you advise me that this is not your policy, please respond to my November 6 correspondence just as soon as you can.

On the matter of deposition subject matters, you must know that the standard is not whether the information sought is relevant, but whether the information sought may lead to the discovery of admissible evidence. We intend to prove that Defendants have permitted a pattern and practice of sexism, racism and retribution to permeate Defendants corporate culture. In *Kravetz v. Paul Revere Life Insurance Co.*, No. CV-08-1060-PHX-FJM (D.Ariz. 01/09/2009) – a case important both to the discovery of bias, prejudice and sexism on the part of STATS and Temasek *and* to the discovery of bias on the part of Dr. Wilson – the Court stated:

> Kahn was hired by defendants to perform an independent medical evaluation of plaintiff. Defendants relied upon that evaluation in resolving plaintiff's claim for disability benefits. Plaintiff now wishes to show that Kahn has no real medical practice and the bulk of his business is as an expert for insurance companies. While defendants have not taken a position, Kahn resists plaintiff's effort to acquire information to support its theory. Kahn objects to producing communications with the defendants, guidelines or instructions from the

> defendants, reports of other IMEs he participated in 2006, 2007 and 2008, and Form 1099s reflecting work as an independent medical examiner for the tax years 2006, 2007 and 2008. Kahn claims that the matters sought are irrelevant, burdensome, in violation of privacy and HIPAA, and overly broad. We reject the claim that the information sought is irrelevant. It seems plainly calculated to lead to the discovery of admissible evidence on plaintiff's theory of bias. Kahn's burden argument can be resolved by allowing plaintiff's counsel to inspect and copy these documents or by requiring plaintiff to pay to Kahn the costs of producing and copying them. The privacy and HIPAA objection can be dealt with by having plaintiff's counsel review the documents, copy only those that are desired, and protect them from disclosure under Rule 26(c)(1)(G), Fed. R. Civ. P.

I understand your letter to request an extension of time to collect the requested documentation. I will, of course, grant you the time pursuant to Rule 34. Please provide me with the time and the date when Defendants' selected representative(s) will be able to testify fully to all subject matters listed in the Notice, and produce the documents as held in the regular course of business.

Thank you in advance for your courtesy.

                                                          Sincerely,

                                                          Peter Strojnik

PS: pjs
CC:
*Client by e-mail only*

# EXHIBIT C

Larsen, Caroline

| | |
|---|---|
| **From:** | Dowell, L. Eric |
| **Sent:** | Monday, March 02, 2009 6:31 PM |
| **To:** | 'pksesq@aol.com' |
| **Cc:** | 'Dad'; Larsen, Caroline |
| **Subject:** | RE: Sahakian v. STATS ChipPac et al. |

Counsel:

Set forth below is the answer to your question, together with our assessment of whether you would have the legal and ethical right to contact them directly, ex parte'. In addition to E.R. 4.2 and the Lang v. Superior Court Decision, Please be mindful of your duty to identify yourself in making any contact with witnesses. The analysis is below:

If an ex parte interview occurs, to ensure compliance with ERs 4.3 and 4.4, the lawyer for the current employer must inform the employee of the lawyer's role in the case, the identity of the lawyer's client, and the fact that the employee's employer (or former employer) is an adverse party to his client. *See* Ariz. Op. 96-02 (noting disclosures required by lawyer in making ex parte contacts with general members of homeowners' association); *see also Shearson Lehman Bros. v. Wasatch Bank*, 139 F.R.D. 412, 416-18 (D. Utah 1991) (attorney contacting former employees must comply with ERs 4.3 and 4.4); *Reynoso v. Greynolds Park Manor, Inc.*, 659 So.2d 1156, 1162-63 (Fla. Ct. App. 1995) (same).

**Current employees; Strojnik should not contact**
Eric Gongora

**Former employees; Strojnik should not contact:**
Brett Dunlap
Ng Tiong Gee
Scott Gooch
Nehal Patel
Mike Schraeder

**Current managers; Strojnik should not contact:**
Dr. Han Byung Joon
Jeff Howell
Tan Lay Koon
Cindy Palar
Gail Uy

**Current employees (non-managers):**
Jerry Almeida
Flynn Carson

3/5/2009

Chris Shea

**Former employees (non-managers):**
Jeff Osmun
Scott Jeweler
Ram Ramakrishna
Jeff Yang
Anthony Kong


**L. Eric Dowell**
Shareholder
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Esplanade III, Suite 800
2415 East Camelback Road
Phoenix, AZ 85016
Direct: (602) 778-3718
Fax: (602) 778-3750
Cell: (602) 769-8890
Eric.Dowell@odnss.com

Ogletree Deakins is one of the nation's largest management labor and employment law firms. The firm offers national representation in every aspect of labor and employment law, represents a diverse range of clients, and has 33 offices across the country. Employers & Lawyers, Working Together.
www.ogletreedeakins.com

This transmission is intended to be confidential, intended only for the proper recipient and may contain information that is privileged, attorney work product and confidential. If you receive this message in error, or are not the proper recipient, please notify the sender at either the e-mail address or telephone number above and delete this e-mail from your computer.

IRS CIRCULAR 230 disclosure: Please note that this written communication is not intended to be used for purposes of avoiding penalties imposed by the Internal Revenue Code or any other taxing authority, and the intended recipient cannot and should not rely on it for that purpose.

---

**From:** pksesq@aol.com [mailto:pksesq@aol.com]
**Sent:** Friday, February 27, 2009 3:33 PM
**To:** Dowell, L. Eric
**Cc:** Dad
**Subject:** Re: Sahakian v. STATS ChipPac et al.

Please identify which persons you claim are current and former managers. I ask that you accept service on their behalf. Thank you in advance.

Peter

Sent from my Verizon Wireless BlackBerry

---

**From:** "Dowell, L. Eric"
**Date:** Thu, 26 Feb 2009 18:22:32 -0700
**To:** <PksEsq@aol.com>
**Subject:** RE: Sahakian v. STATS ChipPac et al.

Peter:

That is great to know. Thank you for clarifying your position. We are available for depositions March 19, 20, and the weeks of March 23 and 30. Please be mindful that some of the witnesses listed are current and former managers. As such, I remind you of your obligations under E.R. 4.2 and the case of Lang v. Superior Court. Take care.
Eric

---

**From:** PksEsq@aol.com [mailto:PksEsq@aol.com]
**Sent:** Thursday, February 26, 2009 9:53 AM
**To:** Dowell, L. Eric
**Cc:** Strojnik@aol.com; Larsen, Caroline
**Subject:** Re: Sahakian v. STATS ChipPac et al.

Counsel:

First, I ask that you CC my father on all emails. As you know, we are both representing Ms. Sahakian.

As for your deposition discourse, our goal is to take those persons depositions in sequence, out of sequence, up, down, however fits your schedule. I do not believe the order will make or break the case. We are waiting for your availability. As we have previously discussed, we will make ourselves available in accordance with your schedules. We are ready when you are. Just let us know. Good day.

Peter K.

In a message dated 2/25/2009 3:48:53 P.M. US Mountain Standard Time, Eric.Dowell@OgletreeDeakins.com writes:

> Peter:
> This email is to let you know that we plan to appear at the deposition you noticed for Mr. Gopalan Nair on March 23, 2009 in Fremont California. Please immediately let us know if you or Mr. Nair change any plans for the deposition. Also, this is to give you notice that we intend to subpoena Mr. Nair under Rule 45. In your February 11, 2009 letter and the Addendum thereto, you indicated you wanted to take the depositions of the listed witnesses in the sequence outlined. The first deposition in your sequence is the Rule 30(b)(6) of our client. Of course, our client will not be making a Rule 30(b)(6) deponent available for deposition unless and until the Court resolves the parties' present dispute over the scope/parameters of the deposition. Do you still insist on taking the depositions in the sequence outlined in your Addendum? If you do, then it appears to be fruitless for us to discuss possible dates for the depositions of the other listed witnesses. Please advise. Thanks.
>
> Eric
>
> **L. Eric Dowell**
> Shareholder
> Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
> Esplanade III, Suite 800
> 2415 East Camelback Road
> Phoenix, AZ 85016
> Direct: (602) 778-3718
> Fax: (602) 778-3750
> Cell: (602) 769-8890
> Eric.Dowell@odnss.com
>
> Ogletree Deakins is one of the nation's largest management labor and employment law firms. The firm offers national representation in every aspect of labor and employment law, represents a diverse range of clients, and has 33 offices across the country. Employers & Lawyers, Working Together. www.ogletreedeakins.com
>
> This transmission is intended to be confidential, intended only for the proper recipient and may contain information that is privileged, attorney work product and confidential. If you receive this message in error, or are not the proper recipient, please notify the sender at either the e-mail address or telephone number above and delete this e-mail from your computer.

3/5/2009

IRS CIRCULAR 230 disclosure: Please note that this written communication is not intended to be used for purposes of avoiding penalties imposed by the Internal Revenue Code or any other taxing authority, and the intended recipient cannot and should not rely on it for that purpose.

**A Good Credit Score is 700 or Above. <u>See yours in just 2 easy steps!</u>**

3/5/2009