

Mayo Clinic Scottsdale
13400 East Shea Boulevard
Scottsdale, Arizona 85259
480-301-8000

February 27, 2009

CLERK OF THE COURT
U.S. District Court
District of Arizona
401 W Washington St., #130
SPC 1
Phoenix, AZ 85003-2118

```
X  FILED       ___ LODGED
___ RECEIVED   ___ COPY

    MAR 0 9 2009

CLERK U S DISTRICT COURT
   DISTRICT OF ARIZONA
BY_____ Z  DEPUTY
```

Re: Diane Sahakian
    CV08-241-PHX-HRH

To the Clerk of the Court:

On February 26, 2009, the undersigned Custodian of Records for Mayo Clinic Arizona was served with a Subpoena Duces Tecum in the above-referenced case for the production of medical records relating Diane Sahakian.

Pursuant to ARS § 12-1294.01 Mayo Clinic objects to the production of such medical records on the ground that the subpoena was not accompanied with a valid authorization from the patient.

Respectfully submitted,

*[signature]*

Custodian of Records
Health Information Management Services
Release of Information
Mayo Clinic Arizona
Ph: 480-301-4211
Fx: 480-301-9100

cc:   Ogletree, Deakins, Nash, Smoak & Stewart
      2415 E Camelback Rd., #800
      Phoenix, AZ 85016


      Diane Sahakian
      1330 E Calle De Caballos
      Tempe, AZ 85284

**MAYO CLINIC**

Mayo Clinic, Arizona
13400 East Shea Boulevard
Scottsdale, AZ 85259

OGLETREE, DEAKINS, NASH
SMOAK & STEWART
2415 E CAMELBACK RD., #800
PHOENIX, AZ 85016

Friday, February 27, 2009

## RELEASE OF INFORMATION COVER LETTER

Request for Information on :

Patient Name :    SAHAKIAN, Diane E

Mayo Clinic Record Number:    67720730

**Attached you will find the requested documents on the above referenced patient. If you have questions regarding your request please contact the Health Information Management Services at (480) 301-4211.**

__This Release is limited to an abstract of records from the last two years of service; if more information is needed, please indicate specific dates of records that you wish sent and return to Mayo Clinic Arizona.

__This release is limited to an abstract of records from the last two years of service; if more information is needed please complete the enclosed authorization and return to Mayo Clinic Arizona. Please indicate on the authorization the specific dates of records you are requesting.

__Your recent request exceeded our page limit for faxing; therefore, we are sending you an abstract of your most recent records. Enclosed are records from _____ to _____. Please contact us if you would like any additional pages mailed.

__The enclosed medical records have been processed per request. Please review and forward the records to the insurance company or attorney indicated on your request

__Mayo has an integrated practice model and therefore we cannot limit your record copies to a specific treatment/illness or provider. Enclosed is an abstract for _____

Thank You

Release of Information, Health Information Management Services, Mayo Clinic Arizona

This information is intended only for the use of the individual or entity to which it is addressed and contains information that is confidential. Furthermore, this information may be protected by Federal law relating to confidentiality (42 CFR Part 2) prohibiting any further disclosure. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any review, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via mail. Thank you.

mayo

Mayo Clinic Scottsdale
13400 East Shea Boulevard
Scottsdale, Arizona 85259
480-301-8000

February 27, 2009

Ogletree, Deakins, Nash, Smoak & Stewart
2415 E Camelback Rd., #800
Phoenix, AZ  85016

RE:  Diane Sahakian
     CV08-241-PHX-HRH

Dear Caroline K. Larsen:

We received the Subpoena Duces Tecum in the above-referenced matter. Under state law, A.R.S.§12-2294.01, a subpoena that seeks medical records or payment records must be accompanied by a valid written authorization, signed by the patient or the patient's health care decision-maker. Under federal law, Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), a valid written authorization must contain the following items:

1. A specific and meaningful description of the protected health information ("PHI", as defined under HIPAA) to be used or disclosed;

2. The name of the person, class of persons, or organization that will be making the disclosure of PHI;

3. The name or other identification of the person, class of persons, or organization to whom Mayo is making the disclosure;

4. A description of the purpose of the use or disclosure of PHI;

5. An expiration date or an expiration event of the authorization that relates to the purpose of the use or disclosure;

6. A statement that the patient has a right to revoke the authorization, directions on how to do so, and the exceptions to the right to revoke;

7. The potential that the patient's PHI may be redisclosed by the recipient and no longer be protected by the federal privacy regulations;

8. The patient's or patient's authorized representative's signature and the date of signature;

9. If the authorization is executed by the authorized patient representative, a description of that person's authority to act for the individual;

The subpoena we received either did not include a valid authorization or did not include a HIPAA-compliant authorization that contained *all* the required elements. We cannot produce medical records or payment records without a valid authorization. Specifically, your authorization either did not address or failed to authorize the release of certain medical records such as mental health, genetic testing or communicable disease testing records. Mayo Clinic is an integrated medical practice and it is not practical to segregate certain medical records. Therefore, in order to comply timely with the subpoena request, we must request an unrestricted authorization. Alternatively, we will provide the patient a complete copy of their medical record and they may redact certain medical information. Therefore, absence receipt of unrestricted authorization, the records you have subpoenaed cannot be produced. For your convenience, we have attached Mayo's authorization that contains all the requirements of the Arizona statute and HIPAA including the authorization to release, without restriction, all medical information.

Please be advised that pursuant to A.R.S.§12-2294.01 subsection E (2) we are filing an objection to the production of records with the court, which relieves us of any further obligation pertaining to these records, absence a court order compelling production. If, however, a valid authorization is promptly received such records may be provided as requested.

Thank you for your cooperation.

Sincerely,

*[signature]*

Custodian of Records
Health Information Management Services
Release of Information
Mayo Clinic Arizona
Ph: 480-301-4211
Fx: 480-301-9100

# MAYO CLINIC

13400 East Shea Boulevard
Scottsdale, Arizona 85259
480-301-8000

Date _____ 2/27/09 _____

Patient Name _____ CAROLINE K. LARSEN _____    Clinic No. _____ 67720730 _____

**The authorization to release information received is considered invalid for the following reasons:**
- ❏ Must be signed by the patient
- ❏ Must be dated within the past 12 months
- ❏ Needs to include language covering the release of mental health, HIV, communicable disease, and drug or alcohol information
- ❏ Must be addressed to Mayo Clinic or a Mayo physician
- ❏ Not legible
- ❏ Must include purpose for disclosure
- ❏ Must include an expiration date
- ❏ Must state the patient has the right to revoke the authorization at any time in writing
- ☑ Must address the potential that the patient's Protected Health Information (PHI) may be redisclosed by the recipient and may no longer be protected by the federal privacy regulations
- ☑ Mayo Clinic authorization, which meets all HIPAA requirements, is enclosed for your use

**Further information is required to identify the patient:**
- ❏ Date of Birth _____
- ❏ Social Security Number _____

**Further information is required from the individual signing on behalf of the patient:**
- ❏ Copy of the patient's death certificate is required
- ❏ Copy of Medical Power of Attorney is required
- ❏ Copy of the legal documentation of personal representatitve's appointment

**We are returning your original request for the following reason:**
- ❏ After a complete search of our electronic files at Mayo Clinic Arizona, we are unable to locate this patient and/or the specific records requested
- ❏ Patient was not treated at our facility on the date requested
- ❏ Request for medical records needs to be on requestor's office letterhead
- ❏ Letter of representation from the insurance company and/or attorney is required. The name of the of the company or firm providing the letter must be the same as listed in the authorization signed by the patient
- ❏ We are unable to send records to a third party (insurance or attorney) therefore, we are sending the records to you
- ❏ Complete mailing address required
- ❏ Written authorization is not needed for verbal communication; please contact us if our assumption is incorrect and you have submitted the authorization for another reason.
- ❏ Other _____

Please include your original request when submitting the above required documentation. If you have any further questions, please feel free to contact us at 480-301-4211.

Sincerely,

Release of Information / Medical Records

MCS 14157

Received by
Rob Sonne MR # 67720730 12:15 pm

MCA - LEGAL

## Issued by the
## UNITED STATES DISTRICT COURT

FEB 23 2009

DISTRICT OF _____ ARIZONA _____

Diane Sahakian

v.

STATS ChipPAC, Inc.; STATS ChipPAC Ltd.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: CV08-241-PHX-HRH

RECEIVED
FEB 2 6 2009
Health Information
Management Services

TO:   Custodian of Records
       Mayo Clinic
       13400 E. Shea Blvd.
       Scottsdale, Arizona 85257

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY: | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF TESTIMONY: | DATE AND TIME: |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects).

See Attachment "A"

| PLACE: Ogletree, Deakins, Nash, Smoak & Stewart, P.C. Attention: Trish Simon, Paralegal 2415 E. Camelback Road, Suite 800 Phoenix, AZ 85016 | DATE AND TIME: March 6, 2009, by 5:00 p.m. (by close of business) |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PLACE: | DATE AND TIME: |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *[signature]* Attorney for the Defendants | DATE: February 20, 2009 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND TELEPHONE NUMBER

Caroline K. Larsen, SBN #022547, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 2415 E. Camelback Rd., Suite 800, Phoenix, Arizona (602) 778-3700

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|
|  |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED ON (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
SIGNATURE OF SERVER

---

Rule 45. Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held; or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development or commercial information; or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party; or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT "A"

## INSTRUCTIONS FOR USE FOR SUBPOENA DUCES TECUM

1. In providing the documents described herein, you are requested to furnish all documents available to you, regardless of whether these documents are possessed directly by you, or by your attorney, employer, employees, agents, investigators, or other representatives.

2. If any of these documents cannot be produced in full, produce to the extent possible, and specify the reasons for your inability to produce the remainder stating whatever information, knowledge or belief you have concerning the substance of the contents of such unproduced documents.

3. If any document or thing requested was at one time in existence, but is no longer in existence, you shall so state, specifying for each document or thing: (a) the type of documents or thing, (b) the types of information contained therein, (c) the date upon which the document or thing ceased to exist, (d) the circumstances under which the document or thing ceased to exist, and (e) the identity of each person having knowledge or who had knowledge of the contents thereof.

4. To the extent that any request is objected to, you are instructed to set forth all reasons for such objection. If any objection is made only to part of a particular request, that part shall be so specified and documents responsive to all other parts of the request shall be produced. **With respect to any document which you claim to be privileged or otherwise immune from production, you are to describe each document in your response as follows: (a) the document's date, (b) its title, (c) the identity of each person who prepared or wrote the document, (d) the identity of each person who received the document, (e) the type of document (for example, memorandum, letter, etc.), (f) the subject matter of the document and the request to which the document is responsive, (g) the type of privilege claimed, and (h) all factual and legal bases for the claimed privilege.**

5. The singular form of any word shall include the plural, the masculine form of any word shall include the feminine, and the words "and" and "or" shall be construed both conjunctively and disjunctively.

6. This request is intended to be continuing, requiring you to produce whatever documents responsive to this request that you may subsequently become aware of or obtain.

## DEFINITIONS APPLICABLE TO SUBPOENA DUCES TECUM

A. As used herein, the terms "you" and "your" mean Mayo Clinic plus any and all subsidiaries, parent companies, or affiliates of Mayo Clinic, including all other persons acting or purporting to act on its behalf, including agents, employees, attorneys, accountants, and investigators.

B. "Document" or "documents" include, but is not limited to, the following items within the possession, custody or control of you and/or any agent, representative or other person acting or purporting to act on behalf of you whether such items are typed, printed, recorded, reproduced by any mechanical process, copies or written by hand: contracts; communications; correspondence; e-mails and/or all records of e-mails; telegrams; memoranda; statements; records; reports; books; summaries and/or records of telephone conversations and/or telephonic communications (including but not limited to communications by telephone, pager, cellular phone, or facsimile); summaries and/or records of personal conversations; diaries; forecasts; orders; bills; invoices; checks; statistical statements; studies; graphs; charts; indexes; data sheets; data processing cards; analytical records; computer discs, computer tapes, computer hard drives or other computer format; minutes and/or records of meetings and conferences; reports and/or summaries of interviews; reports and/or opinions of consultants; records, reports and/or summaries of negotiations; brochures; lists; periodicals; pamphlets; circulars; trade letters; newspaper clippings; press releases; notes; drafts of documents; copies; marginal notations; photographs; drawings; tape recordings; letters; and all other written, printed, recorded or graphic matter or sound reproductions, however produced or reproduced.

C. As used herein, the term "possession, custody or control" includes the joint or several possession, custody or control not only of the individual to whom this request is addressed, but also the joint or several possession, custody or control by each present or former agent of the individual, whether an attorney, employee, agent, sponsor, spokesperson, investigator, or representative.

D. As used herein, the term "person" means the singular and plural of any natural person, firm, corporation, partnership, proprietorship, joint venture, organization, group of natural persons, or other association, including all agents, representatives, and employees.

E. As used herein, the terms "related to," "relating to," "concerning," "in connection with," or "connected with," when used to refer to a relationship between a document, fact, event or other tangible or intangible concept or relationship and some other matter stated in this Attachment "A" to the Subpoena Duces Tecum, production, shall include any such document, fact, event or other tangible or intangible concept or relationship, which could, when interpreted in a reasonable manner, be viewed to have any bearing upon or relationship to the matter stated whether direct or indirect, and which is within the scope of discovery as defined in Rule 26(b) of the Federal Rules of Civil Procedure.

## DOCUMENTS REQUESTED

Any and all medical records and information, documents, reports, clinical abstracts, history, charts, memoranda, notes, test results, consultations, prescriptions, correspondence, appointment records, charges, and any other documents related to medical treatment and/or diagnosis, including communicable disease-related information, HIV/AIDS testing and results, mental illness, chemical and/or alcohol dependency, from January 1, 2003 to the present, pertaining to Diane Sahakian. [*See* Authorization for Use or Disclosure of Protected Health Information signed by Ms. Sahakian and provided herewith.]

## AUTHORIZATION FOR USE OR DISCLOSURE
## OF PROTECTED HEALTH INFORMATION

**TO:** Mayo Clinic (the "Provider")
Attention: Custodian of Records
13400 E. Shea Blvd.
Scottsdale, Arizona 85257

**FROM:** Ogletree, Deakins, Nash, Smoak & Stewart, P.C. (the "Authorized Recipient")
Attention: Trish Simon, Paralegal
2415 E. Camelback Road, Suite 800
Phoenix, Arizona 85016

**RE:** Patient Name: Diane E. Sahakian
Social Security Number: 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
Date of Birth: April 23, 1961

1. I, Diane E. Sahakian, hereby authorize the above-referenced health care provider (the "Provider") to disclose, release, and give the information detailed in this release to the above-referenced Authorized Recipient, notwithstanding any privilege or confidentiality which may protect these records under state or federal law. This disclosure and release is requested for purposes of litigation that I have initiated titled *Diane Sahakian v. STATS ChipPac, Inc., et al.*, pending in the U.S. District Court of Arizona, Case No. CV08-00241.

2. The information to be released includes any and all information described in Items 3 and 4 below related to services provided on or after the following date: **January 1, 2003**.

3. The information to be released is any information and documents in a Provider's possession, including notes, charts, discharge, treatment, or operative reports or abstracts, photographs, and the like, concerning medical treatment, medical history, psychiatric or psychological treatment,[1] counseling, history, and diagnosis, medical, psychiatric, and psychological prognosis, prescribed medications, drug or alcohol treatment or counseling, or other similar information or documentation pertaining to services rendered to me and to allow the Authorized Recipient to examine and obtain copies of any such records, charts, x-rays, and each and every document included in any such medical charts, and any other documentation, upon presentation of this authorization or any duplicate or photostatic copy thereof. This authorization encompasses disclosure of communicable disease-related information, including HIV/AIDS testing and results.

4. To the extent that this release is directed to any individual pharmacist or medical practitioner, including physicians, nurses, therapists, or others who rendered or are rendering medical, psychiatric, or psychological treatment or other counseling, the Provider is further authorized to give to Authorized Recipient an opinion or statement of prognosis, whether written or verbal, as the same pertains to me.

5. A copy of this authorization may be used just as if it were the original.

6. I have read and understand the following related to this authorization:

    (a) This authorization will expire upon the conclusion of the above-referenced litigation.
    (b) I may revoke this authorization in writing at any time prior to the expiration event in Item 6(a) above. To revoke this authorization, I must send notice of revocation to the above-referenced Authorized Recipient.
    (c) If I revoke this authorization, it will not have any effect on disclosures made prior to such revocation.
    (d) The health information disclosed pursuant to this authorization may be redisclosed and used by the recipient of this information for any legitimate purposes related to the above-referenced litigation.

DATED this 19 day of February 2009.

_____
Signature of Patient or Patient's Representative

If signed by Patient's Representative, indicate relationship to the Patient: _____

---

[1] This is not a request for "psychotherapy notes" (defined as notes recorded by a health care provider who is a mental health professional documenting or analyzing the contents of conversation during a private counseling session or a group, joint, or family counseling session and that are separated from the rest of my medical record, but excluding information regarding medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and summary of the following items: diagnosis, functional status, the treatment plan, symptoms, prognosis, and progress to date).

Document Retention: Six (6) years from expiration date.