**THE LAW FIRM OF PETER STROJNIK**
ATTORNEYS AT LAW
SUITE 1401
3030 North Central Avenue
Phoenix, Arizona 85012
(602) 297-3019

Peter Kristofer Strojnik AZBN 026082 CABN 242728
pksesq@aol.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| DIANE SAHAKIAN, a single woman, | NO. 2:08-cv-241-PHX-HRH |
| Plaintiff, | **REPLY TO DEFENDANTS' RESPONSE TO MOTION TO COMPEL** |
| vs. | |
| | **AND** |
| STATS ChipPAC, Inc., a foreign corporation; STATS ChipPAC, Ltd., a foreign corporation; TEMASEK HOLDINGS PRIVATE LIMITED, a foreign corporation; SINGAPORE TECHNOLOGIES SEMICONDUCTORS PRIVATE LIMITED, a foreign corporation. | **RESPONSE TO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER** |
| Defendants. | |

## I. INTRODUCTION

Plaintiff brings two counts under Title VII: Hostile Work Environment (Count 1) and Retaliation (Count 2). Defendants' Response to Plaintiff's Motion to Compel and Defendants' Motion for a Protective Order address the same issues. It should be noted

that Defendants finally did comply with Plaintiff's request for available dates for depositions after Doc. 66 was filed.

**HOSTILE WORK ENVIRONMENT**

To establish the prima facie hostile work environment claim under Title VII, "[a plaintiff] must raise a triable issue of fact as to whether (1) she was 'subjected to verbal or physical conduct' because of [a protected characteristic], (2) 'the conduct was unwelcome,' and (3) 'the conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive work environment.'" *Manatt v. Bank of America, NA*, 339 F.3d 792, 798 (9th Cir. 2003) (quoting *Kang v. U. Lim Am., Inc.,* 296 F.3d 810, 817 (9th Cir. 2002)); *Willems v. City of North Las Vegas*, 267 Fed.Appx. 619, 620 (9th Cir. 2008) ("To establish a prima facie hostile work environment claim, a plaintiff must demonstrate that she was subjected to unwelcome verbal or physical conduct of a harassing nature because of a protected characteristic, like gender, race, or religion, and that the conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.") (citations and internal quotation marks omitted).

**EVIDENCE TO PROVE HOSTILE WORK ENVIRONMENT**

The types of evidence admissible as proof of a hostile work environment include:

1. Hostile actions directed to Plaintiff, *Cutrona v. Sun Health Corp.,* No. CV 06-2184-PHX-MHM (D.Ariz. 09/26/2008); and

2. Hostile comments in the workplace about other protected groups by the management, *Madani v. BHVT Motors, Inc.,* 2006 WL 1127149 (D.Ariz. 2006) (BROOMFIELD, J.) ("an employee can establish a violation of Title VII even if she was not the direct target of the hostility, or the racially charged words were not directed at her." (Dkt. #113, p.5).

3. Hostile comments about other groups by co-workers *provided* the management has notice of such actions but chooses to take no action; *Jackson v. ABC Nissan, Inc.,* No. CV-03-0563-PHX-SMM (D.Ariz. 08/04/2006)

In its Rule 30(b)(6) Deposition Plaintiff seeks information that may lead to the discovery of admissible evidence supporting these three general claims.

**SUMMARY OF DEFENDANTS' ARGUMENTS AND PLAINTIFF'S RESPONSES**

Defendants' argue that:

1. <u>Plaintiff does not cite to a Rule violation (relating to Plaintiff's Motion to Compel).</u> To the contrary, Plaintiff cited Rule 30(b)(6) and Rule 30(b)(5) in her Motion and claims that Defendants violated Rule 37 for their failure to produce a Rule 30(b)(6) designee and to produce the documents requested in the Rule 30 Notice.

2. <u>Defendants did respond to the Notice with a letter.</u>  True, but Rule 30(b)(6) requires production of the designee, not objections.

3. <u>The subject matter of the Notice is within the knowledge of specific, identifiable witnesses.</u>  Plaintiff is entitled to use a Rule 30(b)(6) deposition for any purpose at

trial, a procedure that is not available for non-party deponents. Discovery seeks not only what information is present, but *who has such information*.

4. <u>The Notice seeks testimony on topics that are irrelevant to this action</u>. This is simply not so; see discussion under the Hostile Work Environment section above. For Defendants to claim, for example, that a statistical breakdown of foreign national employees to American employees is irrelevant ignores Plaintiff's claims of illegal discrimination. Indeed, an unbalanced ratio favoring foreign nationals surely would be relevant to proving whether Americans are treated disparately especially when the offices are located in the United States.

5. <u>The Notice seeks testimony on topics that are too broad and vague</u>. Agreed. Plaintiff's counsel agreed to this point at the 02-13-09 meeting.

6. <u>The Notice seeks testimony on topics that Defendants deny occurred</u>. This is the point of litigation – Defendants deny that events occur, Plaintiff claims that events did in fact occur. Plaintiff is not entitled to challenge Defendants' claims through a discovery process.

7. <u>The Notice seeks testimony relating to other Defendants</u>. This objection is undecipherable; STATS is one element in a three party, interrelated equation. Of course Plaintiff will ask about the other two.

## II.  REPLY AND RESPONSE

**A.  <u>Plaintiff Properly Argued Defendants Violation of the Rules</u>**

In her Motion to Compel, Plaintiff stated that Defendants did not comply with Rule 30(b)(6) or 30(b)(5). Plaintiff stated that Defendants "refuse to appear for a 30(b)(6) deposition or produce documents requested pursuant to Rules 30(b)(5) and Rule 34." (Doc. 66, P. 1, Lines 21-24). Therefore, Plaintiff did cite to appropriate Rules. Plaintiff also submits Defendants violated Rule 37(a)(3) by failing to produce a Rule 30 designee and the requested documents.

**B.  Defendants' Objections Are Not The Same As Producing The Requested Discovery**

Rule 30(b)(6) of the Federal Rules of Civil Procedure states in relevant part:

[A] party may name as the deponent a public or private corporation … and must describe with reasonable particularity the matters for examination. ***The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf*** …

(Emphasis Supplied). Rule 30 does not state the named organization must set forth 9 pages of objections; rather, it requires the named organization to produce a deponent. Defendants claim they did appropriately respond to the Rule 30 Notice because they "agreed to produce a deponent to testify regarding those topics listed in Plaintiff's Amended Notice of 30(b)(6) Deposition that are relevant, described with reasonable particularity, and rationally fall within the realm of information known or reasonable [sic] available to STATS." (Doc. 17, P. 16, Lines 16-19). In essence, Defendants are

declaring themselves as the arbiters of what is discoverable, and they will only produce a deponent on their terms.

Defendants also argue that they had an extra week to respond to the Rule 30 Notice. However, it was already clear that Defendants would not produce a deponent on the topics listed in the Rule 30 Notice or the requested documents. On February 3, 2009, Defendants set out 9 pages of objections and stated they would only provide a deponent and documents if the objections were addressed to Defendants' favor (Doc. 66-3). On February 13, 2009, Defendants again flat out stated they would not provide a Rule 30 deponent, which was confirmed in a subsequent letter (Doc. 66-5), and Defendants never responded. Indeed, Rule 37 (a)(3)(B)(ii) permits a Motion to Compel where "a corporation or other entity fails to make a designation under Rule 30(b)(6)…"

## C.  Rule 30 Designees' Testimony Can Be Used For Any Purpose

Rule 32(a)(3) of the Federal Rules of Civil Procedure states: "An adverse party may use for any purpose the deposition of a part or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6)…"

Assuming Plaintiff knew each and every person who had the specified knowledge requested, the testimony of these specified persons could not be used in a court proceeding to the extent of a Rule 30 deponent's testimony.

### i.    The Purpose of Discovery Is Not Only To Discover Information, But Also *Who Has* Such Information.

Defendants argue that they will not produce a deponent on several specific topics because such topics are within the knowledge of specific persons. Such argument ignores several salient factors. For example, the purpose of discovery is not only to gather knowledge and documents, but also to discover *who has* such knowledge and documents. Plaintiff's Notice of Deposition for BJ Han, Gail Uy, and Tan Lay Koon is some part speculative as to whether such persons have the knowledge Plaintiff believes they will have. Of course, Defendants are in the best position to identify which persons do have the requested knowledge. Also, these specified persons are not the only persons who have the requested knowledge. Defendants are in the best position to first confirm whether these specified persons have that knowledge, and second whether there are others who have the requested knowledge, *e.g.* whether others who have worked with Mr. Gongora are aware of his inappropriate sexual remarks about Plaintiff. Of course, Rule 30 designees are not limited to one designee, but can encompass one or more officers … or persons." FRCP 30(b)(6).

Defendants assert the following topics are within specific persons' knowledge:

### a. BJ Han's and Tan Lay Koon's Opinions of Plaintiff and Referring to Her and Americans as Fat

Dr. Han's and Mr. Tan's depositions have been noticed for April 7 and April 8, 2009, respectively. However, both Dr. Han and Mr. Tan have a conspicuous motive to misrepresent their true feelings toward Plaintiff and Americans. Furthermore, their feelings about Americans and Plaintiff is not limited to their own knowledge; rather,

others do have such knowledge as confided to counsel by Plaintiff, but Plaintiff cannot be sure who all has such knowledge. Not only would it be courteous, but it would also be Defendants' duty to conduct a reasonable inquiry of Dr. Han's and Mr. Tan's colleagues, coworkers, subordinates, and supervisors to determine who else has this knowledge such that their testimony can either be corroborated or contradicted.

### b. Eric Gongora's Inappropriate Sexual Remarks About Plaintiff's Breasts

Mr. Gongora is alleged to have created a hostile work environment for Plaintiff through, *inter alia*, intimidation and sexual harassment. The same arguments above apply here because Mr. Gongora surely will have a motive to misrepresent whether he did conduct himself in such manner. Also, Mr. Gongora may not know whether his actions are perceived in the manner that other reasonable persons would perceive them. Such lack of reasonable perception may be true for Mr. Gongora because Plaintiff has alleged that he was terminated from his previous employer – Amkor Technology, Inc. – for inappropriate sexual behavior. Dr. Karen Chu – Mr. Gongora's second ex-wife (Gongora is only 39 years old) – petitioned for and received an Order of Protection against Mr. Gongora for, *inter alia*, calling Dr. Chu an extremely derogatory name for a woman, physically assaulting her on numerous occasions, and treating her in an inappropriate way (Exhibit 1).

Also, Plaintiff is not only attempting to establish that Mr. Gongora created a hostile work environment for Plaintiff and sexually harassed her, *but also that Defendants knew Mr. Gongora conducted himself in such a manner*. Mr. Gongora will not know whether supervisors knew about this. Only Defendants' designee can attest to whether Defendants knew about Mr. Gongora's actions.

### *c. Gail Uy's Reference To Plaintiff As A Drama Queen*

Again, Ms. Uy has a motive to misrepresent her true feelings about Plaintiff. This evidence is admissible under *McGinest,* infra.

## D. All Of The Requested Topics Are Relevant Or Calculated To Lead To Admissible Evidence

Rule 401 of the Federal Rules of Evidence defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would without the evidence." FRE 402 states that "[a]ll relevant evidence is admissible." Rule 26(b)(1) of the Federal Rules of Civil Procedure permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense…" and does not limit relevant information to information admissible to trial but to any discovery that "appears reasonable calculated to lead to the discovery of admissible evidence."

"[I]f racial hostility pervades a workplace, a plaintiff may establish a violation of Title VII, even if such hostility was not directly targeted at the plaintiff." *McGinest v.*

*GTE Service Corp.*, 360 F.3d 1103, 1117 (9th Cir. 2004); *see also, Woods v. Graphic Communications*, 925 F.2d 1195, 1202 (9th Cir. 1991); *Madani v. BHVT Motors, Inc.*, No. CIV 04-1897-PHX-RCB (D. Ariz. 2006) (holding that evidence of former managers' comments about persons of other races and national origins is highly probative on Plaintiff's hostile work environment and punitive damage claims).

### i.   Reasons for Maria Huang's and Regina Liew's Departure From STATS

Plaintiff alleges she was sexually harassed and discriminated against by STATS. Plaintiff believes Ms. Huang and Ms. Liew, both female, were forced out of the company due to their female gender. If such is corroborated, it will help to establish a pattern and practice of Defendants treated females in a different manner.

### ii.   Defendants Listing and Delistment From Singapore Securities Market.

This of course relates to the extent and control of STS and Temasek has over STATS. Plaintiff alleges that as part of the STS ownership and control of STATS, it and Temasek caused Defendant's delistment from the Singaporean exchange.

### iii.   Immigration Matters Relating to GS Kim.

This topic seeks information relating to the falsifying of documents and job postings for GS Kim, a foreign national, which demonstrates the obstacles Defendants are willing to overcome to hire persons other than Americans. This also goes to the mitigation of damages issue present in the case.

### iv.   Statistical Breakdown of Foreign Nationals to Americans; Disparate Compensation.

Of course, if there is a disparate ratio in favor of foreign nationals, this will help Plaintiff establish Defendants' favoritism to foreign nationals over Americans, including Plaintiff.

### v. Destruction and Withholding of Evidence.

"Generally, a trier of fact may draw an adverse inference from the destruction of evidence relevant to a case." *Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991); *see also*, 2 Kenneth S. Broun et al., McCormmick on Evidence § 265 (6th ed. 2006); *Smith v. Baldwin*, 510 F.3d 1127 (9th Cir. 2007). "The evidentiary rationale [for the adverse inference] is nothing more than the common sense observation that a party who has notice that a document is relevant to litigation and who proceeds to destroy the document is more likely to have been threatened by the document than is a party in the same position who does not destroy the document. *Smith*, 510 F.3d at 1134. A federal trial court has the power to "make appropriate evidentiary rulings in response to the destruction of spoliation of relevant evidence." Glover v. BIC Corp., 6 F.3d 1318, 1329 (9th Cir. 1993). This power includes the power to sanction the responsible party, by excluding spoiled evidence, by admitting evidence of the circumstances of the destruction or spoliation, or by instructing the jury that it may infer that the spoiled or destroyed evidence would have been unfavorable to the responsible party. Id.

Therefore, evidence of Defendants' conduct of destroying evidence is relevant to whether not only they are hiding favorable evidence for Plaintiff, but also relevant to demonstate that such evidence was unfavorable to Defendant.

### E.  Defendants Citations To Some Requests As Being Broad or Vague Has Merit

Defendants cites to three of Plaintiff's deposition topics as broad and vague. Plaintiff believes Defendants have a meritorious argument as to the cited topics and is, and has been, willing to amend those topics.  In the parties meet and confer, Plaintiff attempted to work with Defendants on the objections set forth by them, but Defendants continued to insist on each and every objection.  At the meet and confer, Plaintiff agreed that some topics are vague and agreed to amend the Notice as such, but Defendants insisted that no deponent will be produced unless each and every one of their objections was addressed to their standards - a package deal.  Plaintiff still does not deny the vagueness argument as to the three cited topics has merit and is willing to amend.

### F.  The Purpose Of Discovery Is To Seek Information That Defendants May Deny

Most of Defendants' Answer, or any Answer in any litigation, is a denial of the allegations set forth by the Plaintiff.  Of course the Defendants will deny that Plaintiff was ostracized, that Plaintiff was subjected to a hostile work environment, or that Plaintiff was demoted after she returned from her FMLA leave.  To argue that simply because the Defendant denies the occurrence of these events, they do not have to produce a deponent, is nonsensical.  For example, Defendants deny that Plaintiff was subjected to

a hostile work environment, but they have not inquired with Plaintiff's former subordinates, employee "friends", supervisors, colleagues, or other persons other than counsel's main Defendant contacts.

**G. Defendants Are Necessary To Testify On Other Defendants In This Action**

The unity of control allegations set forth by Plaintiff cannot be corroborated simply by examining only one element of the equation. Rather, all elements – STATS, Temasek & STS – must be examined to discover the extent of control, the players involved, and the conflicting accounts of the control, if any. Indeed, when a murder investigation is conducted, the investigators do not only interview the suspect, but also the victims, witnesses and co-conspirators.

As for the cited topics in Defendants' Responsive Memorandum and Moving Papers concerning spoliation and destruction of evidence by STS and Temasek, Plaintiff agrees, and has agreed since Defendants addressed such issue.

### III. CONCLUSION

For the foregoing reasons, and those reasons set forth in Doc. 66, Plaintiff respectfully requests it Motion to Compel be granted and Defendants Motion for a Protective Order be denied.

RESPECTFULLY SUBMITTED this 13th Day of March, 2009.

         THE LAW FIRM OF PETER STROJNIK

         _____
         By: Peter Strojnik
         Attorney for Plaintiff