IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

DIANE SAHAKIAN, a single woman, )
)
                          Plaintiff, )
  vs. )
)
STATS ChipPAC, Inc., a foreign )
corporation; and STATS ChipPAC )
Ltd., a foreign corporation, )
)    No. 2:08-cv-0241-HRH
                        Defendants. )
_____)

O R D E R

Motion for Plaintiff's Psychological Examination

    The STATS defendants move for an order for plaintiff's psychological examination and request sanctions.[1]  The motion is opposed by plaintiff.  Oral argument has not been requested and is not deemed necessary.

    Rule 35, Federal Rules of Civil Procedure, provides in part that:  "The court where the action is pending may order a party whose mental or physical condition ... is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1).  Such a motion must be supported by a showing of good cause and noticed to all parties.  The motion "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it."   Fed. R. Civ. P. 35(a)(2)(B).

---

    [1]Docket No. 67.

- 1 -

Here, the moving papers demonstrate that plaintiff has indeed placed her mental condition at issue.  See plaintiff's complaint[2] and plaintiff's initial disclosure statement.[3]  In light of plaintiff's numerous claims having an obvious mental status nexus, there is good cause for plaintiff to submit to a mental examination.

Defendant has identified the proposed examiner, and the court has no doubt that a suitable time and place for the examination will be determined.  Indeed, as discussed below, the parties had once scheduled an examination of plaintiff by Dr. Wilson.

There has been some rather strange controversy with respect to a mental examination of plaintiff, having to do with the manner and conditions of the examination.  For reasons that are entirely obscure to the court, plaintiff has apparently attempted to insist that Dr. Wilson be identified as "defendants' litigation support witness," and plaintiff argues that the defendants wish to designate this expert as an "'independent' medical examiner."[4] Customarily, Rule 35 examinations are referred to as "independent medical exams" or "IMEs." They are generally examinations by a non-treating physician or other specialist.  The court has never before heard of an expert being characterized as a party's "litigation support witness" or (as sometimes characterized by plaintiff) as

---

[2]Second Amended Complaint, ¶¶ 38, 45, Docket No. 61.

[3]Motion for Sanctions [etc.], Exhibit 2 at 12-13, Docket No. 67-3.

[4]Motion to Compel Discovery and for Sanctions, Addendum A to 12-13-09 Letter from Strojnik to Dowell at 5, Docket No. 66-6.

"defendants' litigation support specialist."[5]  Discussions of these characterizations are of no import and are a waste of everyone's time.  No one has suggested that Dr. Wilson is not a "suitably licensed" examiner.   Fed. R. Civ. P. 35(a)(1).

The second oddity has to do with plaintiff's response to the defendants' motion for a Rule 35 examination.  Plaintiff's counsel opposes the motion on the "in controversy" and "good cause" issues; yet in the same filing, counsel agrees that Dr. Wilson may examine the plaintiff.[6]  This presentation of conflicting positions also wastes everyone's time.

Finally, and with respect to defendants' request for sanctions, defendants point out that counsel had agreed that Dr. Wilson would examine the plaintiff and that an appointment with the doctor had been scheduled.  Thereafter, counsel for plaintiff backed out of the agreement, and plaintiff failed to appear for the scheduled examination (which is reported to have cost the defendants $1,650.00).[7]

The court routinely imposes sanctions in the form of costs and attorney fees where parties unreasonably prevent discovery.  Here, the parties seem to recognize that Rule 37(a) does not reach Rule 35 proceedings, although sanctions can (and if necessary will) be imposed where a party ignores a court order requiring a physical

---

[5]Plaintiff's Response to Rule 35 Motion and Motion for Sanctions at 5, Docket No. 70.

[6]Id.

[7]Motion for Order for Plaintiff's Psychological Examination and Request for Sanctions at 9, Docket No. 67.

or mental examination.  Because plaintiff has not violated a court order, the court declines to impose attorney fees on plaintiff.  However, if and to the extent that defendants are obligated to pay fees to Dr. Wilson because plaintiff did not appear for a previously scheduled examination, those costs must be borne by the plaintiff.  The court will not tolerate parties reneging on commitments for discovery which cause opposing parties or counsel to incur wasteful expense.

The motion for a Rule 35 mental examination of plaintiff is granted.  Plaintiff shall be examined by Dr. Wilson at a time and place to be developed by counsel.  Counsel shall not attend the examination.  Upon proof that Dr. Wilson has been paid by defendants or their counsel for the examination that plaintiff refused to attend, Plaintiff shall reimburse defendants or their counsel in the amount of such payment to Dr. Wilson.

DATED at Anchorage, Alaska, this <u>16th</u> day of March, 2009.

<u>/s/ H. Russel Holland</u>
United States District Judge