L. Eric Dowell, SBN 011458
Caroline K. Larsen, SBN 022547
Monique D. Young, SBN 025121
Ogletree, Deakins, Nash, Smoak & Stewart, P.C., SBN 00504800
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone:    (602) 778-3700
Facsimile:    (602) 778-3750
Eric.Dowell@ogletreedeakins.com
Caroline.Larsen@ogletreedeakins.com
Monique.Young@ogletreedeakins.com
Attorneys for Defendants STATS ChipPAC, Inc.
and STATS ChipPAC, Ltd.

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Diane Sahakian, a single woman, | CV08-241-PHX-HRH |
| Plaintiff, | **MOTION TO RECONSIDER** |
| vs. | (Assigned to the Hon. H. Russel Holland) |
| STATS ChipPAC, Inc., a foreign corporation; STATS ChipPAC Ltd, a foreign corporation; Temasek Holdings Private Limited, a foreign corporation; Singapore Technologies Semiconductors Private Limited, a foreign corporation, | |
| Defendants. | |

On March 18, 2009, the Court entered an Order (Doc. 97) that non-party Amkor Technology, Inc. ("Amkor") shall disclose all documents, e-mails, and correspondence as agreed to by Plaintiff and non-party Amkor in their meet and confer discussions regarding Plaintiff's February 9, 2009, subpoena directed to Amkor, in which Amkor or its current or former employees, or other third parties, may claim a privacy interest. Defendants STATS ChipPAC, Inc. and STATS ChipPAC, Ltd. (collectively, "the STATS Defendants"), through undersigned counsel, hereby asks that the Court

reconsider its ruling based on the grounds asserted in the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

The Stipulation between Plaintiff and non-party Amkor results from an apparent agreement reached between the parties in connection with the February 9, 2009 subpoena duces tecum served on Amkor by Plaintiff (Doc. 54). According to the Stipulation, Plaintiff agrees to "protect the privacy interests" of current and former Amkor employees and third-parties by honoring the following conditions:

1. Amkor will blacken out the names of any employee or other person to whom the subject e-mails were sent or from whom such e-mails were received; and,

2. the e-mails and other documents produced by Amkor will be kept confidential, unless requested to be produced by Defendants, will only be used in the matter above captioned in the normal course of litigation, and will be viewed by the attorneys in the above matter.

As an initial matter, the STATS Defendants were not a party to the Stipulation and/or underlying agreement between Plaintiff and Amkor, and the STATS Defendants never consented to the terms of the Stipulation. Accordingly, the Stipulation forces conditions onto the STATS Defendants to which they never consented. The Stipulation also requires the STATS Defendants to seek documents from Plaintiff that she is obligated to disclose under the Federal Rules of Civil Procedure. Because Plaintiff and Amkor are the sole parties to the Stipulation and underlying allegations leading to the agreement, the STATS Defendants ask the Court to reconsider its ruling allowing the entry of the Stipulation as binding on the STATS Defendants.

In addition, the Stipulation is unnecessary because the prior Order entered by this Court (Doc. 18) already protects the privacy interests of third-parties. Specifically, the terms of the Order allow "Plaintiff, Defendants, or third-parties to designate documents or other tangible materials as 'Confidential' for all pre-trial proceedings in the litigation."

2

Therefore any additional protection for third parties, pursuant to Plaintiff's Stipulation with Amkor, is redundant and unnecessary.

Finally, the STATS Defendants ask this Court to reconsider its ruling because it unreasonably limits disclosure of the subpoenaed documents to the attorneys in this litigation. The February 9, 2009 subpoena requests personnel information for two witnesses who likely will be deposed in this case.[1] There is no basis for denying the STATS Defendants' counsel the opportunity to review these documents with the named deponents in preparation for their depositions.

For the foregoing reasons, the STATS Defendants respectfully request that this Court reconsider its ruling Ordering the entry of the Stipulation to Produce Amkor Technology, Inc. Personnel File and Related Documents of Former Amkor Employees Gongora and Jewler.

RESPECTFULLY SUBMITTED this 18th day of March 2009.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.


By: s/ Caroline K. Larsen
L. Eric Dowell
Caroline K. Larsen
Monique D. Young
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Attorneys for Defendants STATS ChipPAC, Inc. and STATS ChipPAC, Ltd.

---

[1] In fact, Plaintiff already has noticed the deposition of one of these witnesses, Eric Gongora. *See* Docs. 80 and 89.

3

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of March 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Strojnik
Peter Strojnik, P.C.
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Attorneys for Plaintiff

Peter K. Strojnik
The Law Firm of Peter Strojnik
3030 North Central Avenue, Suite 1401B
Phoenix, Arizona 85012
Attorneys for Plaintiff


s/Debra A. Irwin


7115514.1 (OGLETREE)

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016