L. Eric Dowell, SBN 011458
Caroline Larsen, SBN 022547
Monique Young, SBN 025121
Ogletree, Deakins, Nash, Smoak & Stewart, P.C., SBN 00504800
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone:   (602) 778-3700
Facsimile:   (602) 778-3750
Eric.Dowell@ogletreedeakins.com
Caroline.Larsen@ogletreedeakins.com
Monique.Young@ogletreedeakins.com

Attorneys for Defendants STATS ChipPAC, Inc.
and STATS ChipPAC, Ltd

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Diane Sahakian, a single woman,<br><br>            Plaintiff,<br><br>vs.<br><br>STATS ChipPAC, Inc., a foreign corporation; STATS ChipPAC Ltd, a foreign corporation; Temasek Holdings Private Limited, a foreign corporation; Singapore Technologies Semiconductors Private Limited, a foreign corporation,<br><br>            Defendants. | CV08-241-PHX-HRH<br><br>**REPLY IN SUPPORT OF CROSS-MOTION FOR PROTECTIVE ORDER BY DEFENDANTS STATS ChipPAC, INC. AND STATS ChipPAC LTD**<br><br>(Assigned to the Hon. H. Russel Holland ) |

Contrary to the arguments in Plaintiff's Response to Defendants' Motion for a Protective Order, very few of the 100+ topics of testimony set forth in Plaintiff's 10-page First Amended Notice of 30(b)(6) Deposition are reasonably calculated to lead to discovery of evidence that has any relevance to any of the claims, defenses or issues in this action. Defendants STATS ChipPAC, Inc. and STATS ChipPAC, Ltd. (collectively "STATS") agreed to produce a deponent to testify regarding those topics that are relevant

to this action, described with reasonable particularity, and rationally fall within the realm of information known or reasonable available to STATS. Plaintiff cites Federal Rule of Civil Procedure 32(a)(3) and argues that STATS should have to produce a deponent to testify on all of the topics listed in the First Amended Notice of 30(b)(6) Deposition because Plaintiff can use the deposition of a 30(b)(6) representative of STATS for purposes for which she could not use the deposition of an individual witness. Regardless of the purpose for which Plaintiff wishes to use the deposition, any deposition must comply with Federal Rule of Civil Procedure 26(b)(1), which limits discovery to non-privileged matters that are relevant to any party's claims or defenses. STATS should not be required to educate an officer, director or managing agent to testify regarding irrelevant, overbroad topics, or to testify regarding facts that are clearly within the knowledge of an identifiable witness that Plaintiff plans to depose. For these reasons, the Court should grant Defendants' Motion for a Protective Order.

I. **PLAINTIFF SEEKS TESTIMONY FROM A 30(B)(6) DESIGNEE REGARDING OPINIONS AND STATEMENTS THAT ARE UNIQUELY WITHIN THE KNOWLEDGE OF SPECIFIC, IDENTIFIABLE WITNESSES.**

STATS objected to several of the deposition topics listed in Plaintiff's Amended Notice of 30(b)(6) Deposition on the basis that the topics clearly were within the personal knowledge of an identifiable witness whom Plaintiff intends to depose. Plaintiff argues that these topics are appropriate for a 30(b)(6) deposition because it is speculative whether the individual witnesses identified actually have the information that Plaintiff believes they do. Plaintiff's Amended Notice of 30(b)(6) Deposition, however, seeks testimony regarding alleged specific statements made by certain officers or employees of STATS. If Plaintiff is not certain whether STATS employees BJ Han, Eric Gongora, Gail Uy or Tan Lay Koon can testify regarding what each of them allegedly said or thought, it is ludicrous for her to argue that STATS should produce an officer, director or managing agent to testify on these topics.

Plaintiff also argues that STATS should have to produce a 30(b)(6) deponent to testify about what certain STATS officers or employees allegedly said or thought because the individual witnesses that she claims made these statements may have a motive to "misrepresent" their statements and actions. As an initial matter, Plaintiff's suggestion that any STATS witness might provide evasive or untruthful testimony while under oath is unfounded and improper. Moreover, even assuming these witnesses would not be forthcoming regarding their statements or personal opinions, STATS would be similarly thwarted in preparing any 30(b)(6) designee to testify to the contrary. "Although Rule 30(b)(6) requires a designated witness to thoroughly educate him or herself on the noticed topic, there must be a limit to the specificity of the information the deponent can reasonably be expected to provide." *U.S. ex rel Fago v. M&T Mort. Corp.*, 235 F.R.D. 11, 25 (D.D.C. 2006); *see also State ex rel. Ford Motor Co. v. Messina*, 71 S.W.3d 602, 607 (Mo. 2002) (a protective order may be issued to prohibit the deposition of a corporate officer if the party requesting the deposition has failed to pursue the information through less intrusive means). The witnesses either made the statements that Plaintiff accuses them of making, or they did not. The only definitive way to determine whether they did is to ask them at deposition.

## II. PLAINTIFF SEEKS TESTIMONY REGARDING NUMEROUS TOPICS THAT ARE WHOLLY IRRELEVANT TO HER CLAIMS.

While "the standard of relevance in the context of discovery is broader than in the context of admissibility, . . . this often intoned legal tenet should not be misapplied so as to allow fishing expeditions in discovery. Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). Plaintiff has not made even a threshold showing that the broad topics or alleged incidents about which she seeks to depose a representative of STATS have any bearing on her allegations that she experienced discrimination and/or retaliation based on her sex.

For example, Plaintiff seeks testimony regarding STATS' employment two former employees, Maria Huang and Regina Liew, and the reason their employment at STATS ended. Ms. Huang has spoken with Plaintiff's counsel and, at counsel's request, agreed to provide a declaration regarding her experience at STATS. Unless Ms. Huang's statement substantiates Plaintiff's allegation that Ms. Huang experienced discrimination and/or retaliation based on her sex, STATS should not be required to produce a 30(b)(6) deponent to testify on this topic.

Similarly, Plaintiff demands that STATS produce a 30(b)(6) deponent to testify regarding STATS' listing and delistment from SGX-ST securities market. Plaintiff claims that co-defendants Temasek Holdings Private Limited ("Temasek") and Singapore Technologies Semiconductors Private Limited ("STS") are liable for the acts alleged in Plaintiff's Second Amended Complaint because Temasek and STS so dominate and control STATS that STATS is an instrumentality and adjunct to Temasek and STS and STATS is the alter ego of Temasek and STS. *See* Doc. 61, Second Amended Complaint ¶¶ 40-42, 47-49. Plaintiff further alleges that Temasek caused STATS' delistment from SGX-ST securities market as part of its ownership and control of STATS. Temasek and STS have not even entered appearances in this action yet. It is conceivable these defendants could admit they dominate and control STATS to such an extent that STATS is their alter ego. Until it is clear this issue is in dispute, STATS should not be required to prepare a witness to testify on an irrelevant issue with no discernible connection to Plaintiff's claims against STATS.

Similarly, Plaintiff's baseless claims that STATS falsified documents and job postings as part of its efforts to hire GS Kim, a foreign national, or that STATS favored hiring foreign nationals over Americans have no bearing whatsoever on whether Plaintiff experienced a hostile work environment or retaliation. Plaintiff also fails to offer any explanation of how Mr. Kim's employment relates Plaintiff's mitigation of damages. Plaintiff's conclusory and unsubstantiated arguments are insufficient to establish that

these tertiary, extraneous matters fall within the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1).

### III. NOTHING IN THE RECORD SUPPORTS PLAINTIFF'S INSINUATION THAT STATS HAS WITHHELD EVIDENCE.

Plaintiff provides a resuscitation of case law regarding the adverse inferences that a trier of fact may draw from the destruction of evidence in a case that is both irrelevant and impertinent. Plaintiff has not raised <u>one</u> <u>single</u> <u>issue</u> with STATS regarding relevant documents that she believes STATS has withheld in this action, or requests for documents to which she believes STATS has not fully responded. Plaintiff's broad dissertation on the law regarding spoliation has no bearing on this action, in which there has been no question of spoliation or destruction of documents or other evidence. Absent <u>any</u> such showing, STATS is entitled to an order protecting it from any obligation to produce a 30(b)(6) deponent to testify regarding STATS' alleged destruction of or inability to retrieve documents, allegations of spoliation of evidence or destruction of documents in any matter in which STATS has been a party or witness, and similar topics.

### IV. PLAINTIFF NEVER OFFERED TO AMEND THE DEPOSITION NOTICE.

Plaintiff's claim that her counsel agreed that some of the objectionable deposition topics were vague and that he agreed to amend the Amended Notice of 30(b)(6) Deposition is simply untrue. Plaintiff's counsel certainly did not indicate any intent to amend the Amended Notice of 30(b)(6) Deposition in his February 4, 2009 letter addressing STATS' objections. *See* Doc. 75-2, Declaration of Caroline Larsen in Support of Defendants' Response to Plaintiff's Motion to Compel Discovery and Cross-Motion for Protective Order at ¶ 5, and Exh. B. On February 13, 2009, counsel for both parties participated in a teleconference to try to resolve their disputes regarding this and other discovery matters. During the conference, Plaintiff's counsel refused to make any revisions to the Amended Notice of 30(b)(6) Deposition and accompanying document requests. *See* Doc. 75-2, Declaration of Caroline Larsen at ¶¶ 7-11. After the

conference, Plaintiff's counsel sent a self-serving letter setting forth his interpretation of the discussion, which similarly fails to indicate any intention to revise the Amended Notice of 30(b)(6) Deposition to exclude those topics that are simply too broad or too vague for STATS to adequately prepare a deponent to testify knowledgably. *See* Doc. 66-6. Nonetheless, if Plaintiff now agrees that the Amended Notice of 30(b)(6) Deposition includes topics that are overly broad and vague, STATS is entitled to a protective order relieving it of any duty to produce a witness on these topics:

- Plaintiff's employment with Defendant

- Plaintiff's communications (orally, in writing or electronically) with her supervisors regarding any matter

- Defendants' reaction to Plaintiff's filing the charges of discrimination and retaliation against Defendants

- Any complaints regarding Defendants' employees, supervisors or agents acting in a derogatory, demeaning or otherwise inappropriate behavior

- Any and all sexual harassment complaints against Defendants for the past 10 years

- Defendants production of documents in pending litigation matters

- Statistical breakdown of women and minority held positions in Defendants' organizations for the past 10 years

- Statistical breakdown of women and minorities whose employment with Defendants terminated within the last 10 years

- The employment by Defendants of nineteen listed former and current employees

- All matters raised, referenced or relating to the facts described in the November 6, 2008, correspondence from counsel for Plaintiff to counsel for Defendant.

V. **PLAINTIFF SEEKS DEPOSITION TESTIMONY REGARDING EVENTS THAT DEFENDANTS DENY OCCURRED.**

Plaintiff does not seem to understand or accept that STATS gets to choose how it prepares its officer, director or managing agent to testify on its behalf in accordance with Federal Rule of Civil Procedure 30(b)(6). STATS is only obligated to ensure that the

6

deponent is prepared to testify as to matters within his or her personal knowledge or on matters <u>reasonably</u> known by the company. *U.S. ex rel Fago v. M&T Mort. Corp.*, 235 F.R.D. 11, 23 (D.D.C. 2006); *accord Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000). Accordingly, there is no basis in law or logic that supports Plaintiff's argument that STATS should be required to produce a deponent to testify about the occurrence of numerous events that STATS denies ever occurred. Plaintiff concedes that STATS has already denied that Plaintiff was subjected to a hostile work environment during her employment, that she was demoted following her return from medical leave, that the company tolerated sexually or racially inappropriate behavior by its managers or employees, that STATS has a culture of racism or sexism, etc. Plaintiff, however, argues that STATS simply has not inquired of the "right" witnesses.

STATS has fully investigated Plaintiff's allegations and, based on the results of that investigation, denies that the events of which Plaintiff complained occurred, or that Plaintiff is entitled to any relief. Any deponent that STATS produces to testify on its behalf pursuant to Plaintiff's Amended Notice of 30(b)(6) Deposition will be prepared in accordance with STATS' investigation and the outcome of the same. Accordingly, STATS is entitled to a protective order to prevent Plaintiff's unreasonably cumulative, duplicative and unnecessarily burdensome discovery efforts.

**VI.   STATS SHOULD NOT BE REQUIRED TO MAKE STATEMENTS REGARDING THE ALLEGED CONDUCT OF OTHER DEFENDANTS IN THE ACTION.**

Aside from Plaintiff's unfounded statements that Temasek and STS dominate and control STATS and that STATS is the alter ego of Temasek and STS, Plaintiff offers no rationale explanation why STATS should have to provide a 30(b)(6) designee to testify regarding sexual harassment complaints against STS or Temasek for the past 10 years or other matters unique to those Defendants. Moreover, Plaintiff's Response seems to state that Plaintiff agrees STATS should not be required to produce a deponent to testify regarding issues related to alleged spoliation or destruction of evidence by STS or Temasek. As noted above, despite numerous communications between the parties

7

regarding STATS' objections to Plaintiff's Amended Notice of 30(b)(6), Plaintiff did not concede that these deposition topics should not be directed at STATS until STATS filed this motion for a protective order. Nonetheless, if Plaintiff now concurs that these deposition topics are inappropriate for a deposition of an officer, director or managing agent of STATS, then STATS is entitled to the protective order it seeks.

## VII. CONCLUSION

For the foregoing reasons, STATS requests that the Court (1) deny Plaintiff's Motion to Compel Discovery and for Sanctions (Doc. 66); (2) grant STATS' Cross-Motion for a Protective Order; (3) order Plaintiff to amend the Notice of 30(b)(6) Deposition accordingly; and (4) award STATS its reasonable attorneys' fees incurred in responding to Plaintiff's Motion.

DATED this 23rd day of March, 2009.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.


By: *s/*Caroline Larsen
    L. Eric Dowell
    Caroline Larsen
    Monique Young
    2415 East Camelback Road, Suite 800
    Phoenix, Arizona 85016
    Attorneys for Defendants
    STATS ChipPAC, Inc. and STATS
    ChipPAC, Ltd.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 23, 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Strojnik
PETER STROKNIK P.C.
3030 N. Central Avenue, Suite 1401
Phoenix, Arizona 85012

Peter K. Strojnik
THE LAW FIRM OF PETER STROJNIK
3030 N. Central Avenue, Suite 1401B
Phoenix, Arizona 85012

  s/ Debra Perkins