IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

DIANE SAHAKIAN, a single woman,   )
                                      )
                   Plaintiff,  )
                                        )
    vs.                                  )
                                        )
STATS ChipPAC, Inc., a foreign     )
corporation; STATS ChipPAC, Ltd.,  )
a foreign corporation; TEMASEK    )
HOLDINGS PRIVATE LIMITED, a       )
foreign corporation; SINGAPORE     )
TECHNOLOGIES SEMICONDUCTORS       )
PRIVATE LIMITED, a foreign        )
corporation,                     )
                                      )  No. 2:08-cv-0241-HRH
                  Defendants.  )
_____)

O R D E R

Motion to Compel;
<u>Cross-Motion for Protective Order</u>

     Plaintiff seeks to compel Rule 30(b)(6) deposition discovery pursuant to its amended notice to the STATS defendants.[1]  The STATS defendants oppose the foregoing motion and move for a protective order limiting Rule 30(b)(6) deposition proceedings to certain specified subjects.[2]  Oral argument has not been requested and is not deemed necessary.

     Although the parties are at about the midpoint in the time estimated to be necessary for discovery in this case, it appears from the moving papers in connection with the foregoing motions

---

[1]Docket No. 66.

[2]Docket No. 75.

that plaintiff has not made wise and efficient use of all of the discovery mechanisms available under the federal rules. As the STATS defendants recognize, some of the matters sought to be addressed by plaintiff through a Rule 30(b)(6) deposition are appropriate. The huge laundry list set forth in plaintiff's amended notice is "over the top" on the reasonable to unreasonable scale.

It appears to the court that plaintiff has endeavored to use a Rule 30(b)(6) notice as a vehicle for a "fishing expedition." This is demonstrated by both the nature and the extent of the topics which plaintiff has sought to make the subject of Rule 30(b)(6) proceedings. Where, as is the case with respect to many topics, plaintiff must know who should be deposed on a given topic, the Rule 30(b)(6) process is inapposite. Some of the topics are at best obscure and likely irrelevant to the case. Plaintiff's request that the STATS defendants designate a Rule 30(b)(6) deponent as to matters that STATS denies and matters having to do with other defendants than STATS strikes the court as divisive. Surely these kinds of matters are more appropriately approached another way.

Plaintiff's motion to compel and for sanctions is denied. The STATS defendants' motion for a protective order is granted except as to those Rule 30(b)(6) deponents identified by STATS.

For purposes of ongoing discovery, the court requires the following:

(1) When plaintiff is seeking the production of documents, plaintiff shall employ Rule 34 or a subpoena. However, when and if Rule 30(b)(6) deponents have in fact employed particular documents for purposes of preparing their testimony, they shall have those documents available when being deposed, if they have not already been produced.

(2) Counsel shall complete the designation and deposition scheduling process for Rule 30(b)(6) deponents who have or shall be identified as to those subjects which the STATS defendants concede are properly the subject for a Rule 30(b)(6) deposition at this time.[3]

(3) Except as provided above, plaintiff's amended Rule 30(b)(6) notice is stricken, with leave, however, to re-institute Rule 30(b)(6) proceedings as to an appropriately restricted set of topics that are in the "company knowledge" area or which are (a) otherwise relevant or (b) likely to lead to relevant evidence, which matters are not within the knowledge of some person already known to or reasonably identifiable by plaintiff.

---

[3]See Response to Motion to Compel -and- Cross-Motion for Protective Order at 16-17, Docket No. 75.

The court will entertain STATS' application for attorney fees.

DATED at Anchorage, Alaska, this <u>24th</u> day of March, 2009.


<u>/s/ H. Russel Holland</u>
United States District Judge