AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF     Arizona

Diane Sahakian

V.

STATS ChipPAC; Temasek Holdings et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 2:08-cv-241

TO: Han Byung Joon
C/o Eric Dowell - Ogletree Deakins et al.
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85012

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 3030 North Central Avenue, Suite 1401<br>Phoenix, Arizona 85012 | 5/1/2009 9:00 am |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
Please see Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| 3030 North Central Avenue, Suite 1401<br>Phoenix, Arizona 85012 | 5/1/2009 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] ATTORNEY FOR PLAINTIFF | 3/25/09 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Peter Strojnik    602-524-6602
3030 North Central Avenue, Suite 1401, Phoenix, Arizona 85012

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT A

**Definitions: The following definitions apply to this Request for Production.**

1. The term "document" means all writings, letters, emails, recordings, notes, or any other tangible thing capable of reproduction kept in paper format, electronic format, or any other format, that consists of letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording, or other form of data compilation.

2. The term "photographs" include still photographs, x-ray films, video tapes, motion pictures, web pages and drawings.

3. The term "relating to" means regarding a subject matter of having some relation to or connection with a subject matter.

4. The term "complaint" includes a grievance.

5. When the term "including, without limitation" is contained herein, it is meant to help you, guide you and focus your attention to particular subject matter; it is not intended as a limitation on your duty of production of writings, documents or photographs.

**Request for Production**

1. Please produce each and every document consulted or reviewed by any person, including documents reviewed by attorneys, in preparation for this deposition.

2. Please produce each and every document relating to any fact or opinion related by any Stats employee relating to "special projects" and what the company-wide opinion is as to "special projects."

3. Please produce each and every document relating to any of the below subject matters, arranged by subject matter.

1) **Background**

   a) Organizational structure of Defendants.

   b) Defendants' affiliation and or relationship with Singapore Technologies Semiconductors Pte. LTD. (hereinafter "STS"), including:

  i) Current and past commonality of officers, directors, lawyers, accountants, employees, contractors, consultants, agents, salespersons, or any of other person.

  ii) Current and past commonality of office and/or industrial space, telephone lines, computer servers, or any other instrumentality used in business.

  iii) Current and past common ownership or use of any property.

  iv) Current and past use of same or similar internal policies, rules and regulations.

  v) Any other communality.

c) Defendants' affiliation and relationship with Temasek Holdings Private Limited (hereinafter "Temasek"), including:

  i) Current and past commonality of officers, directors, lawyers, accountants, employees, contractors, consultants, agents, salespersons, or any of other person.

  ii) Current and past commonality of office and/or industrial space, telephone lines, computer servers, or any other instrumentality used in business.

  iii) Current and past common ownership or use of any property.

  iv) Current and past use of same or similar internal policies, rules and regulations.

  v) Control of Defendants activities by Temasek, including, without limitation, Temasek's control over Defendants' publicly traded status.

  vi) Any other communality.

d) The differences, if any, between the rules, regulations, policies embodying Defendants' general corporate culture regarding employment relations governing Defendants' business in Singapore and in the United States, including without limitation the disparity in bonus policy between American employees and Singaporean employees. Please be ready to discuss the differences in employee handbooks.

2) **Plaintiff's employment with Defendant.**
   a) Initial interviews.
   b) Position and responsibilities during employment.
   c) Plaintiff's communications (orally, in writing or electronically) with her supervisors regarding any matter.
   d) BJ Han's opinion of Plaintiff.
   e) Plaintiff's performance and performance evaluations.
   f) Plaintiff's reports to Defendant regarding male subordinates', including one Eric Israel Gongora, actions regarding Plaintiff.
   g) The identify or the persons who placed ketchup on Plaintiff's chair on or about April 9, 2007, and Defendants' actions in response to this act.
   h) Matters relating to BJ Han's response to the ketchup incident "Drink a beer and have a good sleep. It will be OK."
   i) The propriety of BJ Han's response to the ketchup incident "Drink a beer and have a good sleep. It will be OK."
   j) Defendants' acknowledgement that ketchup incident was harassment.
   k) The investigation into the ketchup incident.

l) The findings of the investigation relating to the ketchup incident.

m) The disciplinary action taken against the persons responsible, directly or by acquiescence, for the ketchup incident.

n) Plaintiff's 30 day leave under the Family Medical Leave Act.

o) The reason for BJ Han's company-wide announcement demoting and removing Plaintiff from her supervisory position and her replacement into a new position – "Special Project" at the bottom of the organization chart, and her removal as of the title Vice President following Plaintiff's FMLA leave.

p) The fact of and the reasons for various assignments given to Plaintiff following the return from FMLA leave.

q) Defendants' knowledge that Plaintiff was ostracized, omitted from meetings and conferences she previously attended; omitted from relevant communications; and placed in a dead-end position removing virtually all of her job duties and responsibilities.

r) Defendants' knowledge of the hostile work environment.

s) Plaintiff's demotion following the return from the FMLA leave.

t) Defendants' reaction to Plaintiff's filing the charges of discrimination and retaliation against Defendants.

u) The details of Defendants' investigations and actions taken in response to Plaintiff's filing the charges of discrimination and retaliation against Defendants.

v) Defendants' tolerance of sexually and racially inappropriate behavior of its managers and employees.

w) Defendants' culture of racism and sexism.

3) **Particular Incidents, Events and Occurrences.**

   a) BJ Han referring to Americans as "fat", "stupid" and "lazy".

   b) BJ Han referring to American employees as a "monkeys".

   c) Statement by BJ Han that every American employee is an "idiot".

   d) BJ Han referring to Plaintiff in particular as "fat".

   e) Referring to American employees by Lay Koon as, "You fat people" and "You Americans are fat".

   f) BJ Han's statement to Defendant's employee of Indian ancestry that he (BJ Han) "doesn't like Indians".

   g) BJ Han's comment to an employee of Indian ancestry– in response to flight crew announcement beginning with, "Ladies and Gentlemen" – "This announcement is not for you".

   h) Kenny Lee's comment to an employee of Indian ancestry that "You should get yourself a pretty girlfriend, not an Indian girl, but a pretty one."

   i) BJ Han's comment to an employee of Chinese ancestry that Japanese and Korean were superior races, followed by Taiwan, China and India.

   j) BJ Han's statement to an employee of Chinese ancestry that Chinese are a third world country compared to Korean and Japanese.

   k) Lay Koon's raising his voice to American employees.

   l) Sexual pass made against Plaintiff in Palo Alto by BK Sohn in or about 2004, and BJ Han's advice to BK Sohn to leave Plaintiff alone.

   m) Sexual pass made against Plaintiff by Doug Matthews in San Francisco during a semiconductor show in or about 2005.

n) The details of posting Plaintiffs likeness on the Defendants' Tempe server database with a man groping her breast.

o) The details of Eric Gongora's inappropriate sexual remarks about Plaintiff's breasts, etc)

p) Eric Gongora's distribution of a photo of women w/ large breasts from his former place of employment.

q) Gail in HR's reference to a complainant as a drama queen and dysfunctional and useless person.

r) The reason for the departure of Regina Liew and Maria Huang from Defendants' employ.

s) Any complaints regarding Defendants' employees, supervisors or agents acting in a derogatory, demeaning or otherwise inappropriate behavior.

t) Defendants listing and delistment from SGX-ST securities market.

4) **Complaints and Policy**

a) Any and all sexual harassment complaints against Defendants, STS or Temasek Holdings Private Limited for the past 10 years.

b) Defendants' policy on Singaporean, Korean and Chinese drunken supervisors making sexual advances on an American woman.

c) Defendants' policies, rules and regulations relative to employee's complaints against co-employees, and the grievance procedure.

d) Defendants, STS's and Temasek's destruction of or inability to retrieve documents, including documents relative to pending litigation matters.

e) Defendants, STS's and Temasek's production of documents in pending litigation matters.

f) Defendants, STS's and Temasek's acts of destruction of documents, destruction of evidence and spoliation of evidence in this and other litigation matters.

g) Allegations of spoliation of evidence or destruction of documents in any matter in which Defendants, STS or Temasek, or their predecessors or successors in interest are/were a party or witness, such as that experienced in the Tessera, Inc. patent litigation.

h) Detailed disclosure of the destruction all documents or other tangible thing relating to any judicial matter pending anywhere in the world by Defendants, STS or Temasek in the last 10 years.

i) Details of the destruction, spoliation and/or non-production of documents relating to the Tessera litigation.

j) Details of the destruction or non-availability of any documents relating to the above captioned litigation.

k) Defendants', STS's and Temasek's policies on employing non-US workers for US based employment.

l) Defendants' policy with respect to hiring minorities and women.

m) Statistical breakdown of women and minority held positions in Defendants', STS's and Temasek's organizations for the past 10 years.

n) Statistical breakdown of women and minorities whose employment with Defendants terminated within the last 10 years.

**5) Mitigation.**

a) The details of the Defendants' Tempe job posting about which Plaintiff inquired on or about May 30, 2008, and to which Defendants responded that the posting was unavailable to Sahakian because it was an 'artificial' posting to process a green card for one GS Kim, a non-citizen of the United States.

b) The employment of GS Kim.

c) Immigration matters relating to GS Kim.

d) Statistical breakdown of Defendants' employment of foreign nationals for the past 10 years.

e) Defendants' policy with respect to hiring foreign nationals.

f) The disparity in employment compensation between an employee of foreign nationality and an American employee for the same or similar employment position.

1. The employment by Defendants of the following:
   a. Jerry Almeida;
   b. Flynn Carson;
   c. Brett Dunlap;
   d. Ng Tiong Gee;
   e. Eric Gongora;
   f. Scott Gooch;
   g. Dr. Han Byung Joon;
   h. Jeff Howell;
   i. Scott Jewler;
   j. Tan Lay Koon;
   k. Cindy Palar;
   l. Nehal Patel;
   m. Ram Ramakrishna;
   n. Mike Schraeder;
   o. Chris Shea;
   p. Gaul Uy;
   q. Jeff Yang;
   r. Jeff Osmun
   s. Raj Pendse
   t. Maria Huang

    u.  Regina Liew
    v.  Janet Taylor