**THE LAW FIRM OF PETER STROJNIK**
ATTORNEYS AT LAW
SUITE 1401
3030 North Central Avenue
Phoenix, Arizona 85012
(602) 297-3019

Peter Kristofer Strojnik AZBN 026082 CABN 242728
pksesq@aol.com
Attorney for Plaintiffs

### UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

| | |
|---|---|
| DIANE SAHAKIAN, a single woman, | NO. 2:08-CV-241-PHX-HRH |
| Plaintiff, | **MOTION TO COMPEL HAN BYUNG JOON TO ATTEND 5-1-09 VIDEOTAPED DEPOSITION** |
| vs. | |
| STATS ChipPAC, Inc., a foreign corporation; STATS ChipPAC, Ltd., a foreign corporation; TEMASEK HOLDINGS PRIVATE LIMITED, a foreign corporation; SINGAPORE TECHNOLOGIES SEMICONDUCTORS PRIVATE LIMITED, a foreign corporation. | **EXPEDITED RULING REQUESTED** |
| Defendants. | |

### I. INTRODUCTION

Plaintiff's moves for an order to compel Han Byung Joon to attend the videotaped deposition set for May 1, 2009. The deposition of Han Byung Joon was scheduled following Defendants Counsel's advice that Dr. Han would be available in the Phoenix Area for a deposition between April 30 and May 4, 2009; however, Defendants' counsel has advised that Dr. Han will not appear for the deposition despite his availability in Phoenix during the agreed upon time period.

## II. STATEMENT OF FACTS

In an effort to depose one of two main witnesses in this case, Plaintiff's counsel requested when Han Byung Joon ("BJ Han") would be in the Phoenix area available for a deposition. On March 16, 2009, Defendants' counsel advised that Dr. Han would be available in Phoenix between the dates of April 30 and May 4, 2009 (the "Phoenix dates") (Ex. 1). Later on March 16, 2009, Defendants' counsel confirmed that Dr. Han would be available in Arizona within Phoenix dates, and Plaintiff's counsel requested a specific date and time to set the deposition (Ex. 2). Again, on March 18, 2009, Plaintiff's counsel requested Dr. Han's specific date and time availability so the deposition could be set (Ex. 3). Defendants' counsel never responded to Plaintiff's requests for Dr. Han's specific availability within the Phoenix dates, so a subpoena was issued on March 25, 2009 for the deposition to be taken at Plaintiff's counsel's office on May 1, 2009 (Ex. 4).

In response to service of the subpoena, Defendants' counsel again admitted Dr. Han would be in Arizona within the Phoenix dates, but stated the latter was not available on May 1, or any date within the Phoenix dates, because "[h]e does not have time in his schedule to be deposed." (Ex. 5). On March 28, 2009, Plaintiff's counsel reminded Defendants' counsel of what they had previously stated as to Dr. Han's availability, but Plaintiff's counsel still allowed Defendants' counsel to propose an alternative date within the Phoenix dates (Ex. 6). Instead of cooperating, Defendants' counsel again stated that Dr. Han will not be deposed because of his "business schedule." (See, Ex. 6).

Dr. Han is a principal witness in this matter, the Chief Technology Officer of STATS, and the former manager of Plaintiff. It is he who is alleged to have demoted Plaintiff after she

engaged in a protected activity. It is he who is alleged to have given Plaintiff a "special project" as a polite manner of weeding her out of the company. It is he who is alleged to have fired Plaintiff.

### III.  ARGUMENT

**A.  The Subpoena Does Not Subject Dr. Han to Any Undue Burden or Expense**

An attorney has a duty to take reasonable steps to avoid exposing a person subject to a subpoena to undue burden or expense. FRCP 45(C)(1). In an attempt to accommodate Dr. Han's and Defendants' counsel's schedules, Plaintiff's counsel requested several times a specific date and time – weekend, weekday, weeknight – all without response. Plaintiff has been attempting to schedule Dr. Han's deposition since January, and in light of the discovery deadline approach, Plaintiff has been forced to set the deposition since Defendants did not seem interested in cooperating with Plaintiff's duties under Rule 45.

Also, Plaintiff understands Dr. Han is an officer of a multi-billion dollar Singaporean company, but Defendants' counsel has already stated that Dr. Han would be available within the Phoenix dates. Dr. Han is not being exposed to an undue expense of flying to Phoenix because he was already coming here. Dr. Han is not being exposed to any additional loss of income if the deposition is to be taken in Phoenix because he would similarly have to take time out of his day in Singapore if he were to be deposed there or via videoconference.

**B.  There Is No Other Reason Why Dr. Han Should Not Be Deposed**

Rule 45(c)(3)(A)(ii) allows a subpoena to be quashed if it "requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person…" Dr. Han is an employee of

Defendants STATS whose offices are located in Tempe, Arizona. Dr. Han regularly conducts business there. His availability has been confirmed by Defense Counsel on numerous occasions.

Dr. Han should not be permitted to avoid the deposition because he has business meetings when Defendants' counsel has already stated he would be available within the Phoenix dates, and Plaintiff's counsel allowed the opportunity for Defendants' counsel to provide other specific dates within the Phoenix dates.

## C.  Plaintiff's Struggle Did Not End When She Was Wrongfully Terminated

Since current Plaintiff's counsel substituted into this matter, they have been thrown every obstacle in the playbook without any indication Plaintiff's counsel's reasonableness and cooperation would be reciprocated.  Counsel Strojnik, Sr. missed Counsel Strojnik, Jr.'s wedding reception in the Bay Area to accommodate Defendants' counsel's schedule.  Ms. Sahakian left her father's hospital bedside and flew to Phoenix to attend her deposition even though her father's death is imminent.  In reaction to this reasonableness, Plaintiff has been exposed to delay and misstatements not ever seen before by Plaintiff's counsel from other attorneys in California or Arizona.  During a deposition, Defendants' counsel has referred to Plaintiff's questions as "stupid", in e-mails Defendants' counsel has referred to Plaintiff's counsel as "certifiable", Defendants' counsel has mocked where Plaintiff's counsel went to law school, Defendants counsel has unreasonably delayed the deposition of Mr. Gongora for almost one hour on 03-31-09.  During Mr. Gongora's deposition – and particularly early on in the deposition – Defendants' counsel objected to virtually every question. This is just to name a few.  This misconduct must end.

## IV. CONCLUSION AND PRAYER FOR RELIEF

Defendants' lack of cooperation should end. Plaintiff requests that the Court issue an order compelling Dr. Han's appearance at a videotaped deposition on May 1, 2009 as scheduled.

RESPECTFULLY SUBMITTED this 2nd Day of April, 2009.

THE LAW FIRM OF PETER STROJNIK

_____
Peter Kristofer Strojnik
Attorney for Plaintiff