✎AO88  (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF         Arizona

Diane Sahakian

V.

STATS ChipPAC, Ltd.; Temasek Holdings et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  2:08-cv-241-PHX-HRH

TO: Amkor Technology, Inc.
C/o Corporation Service Company
2338 West Royal Palm Road, Suite J
Phoenix, Arizona 85021

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 3030 North Central Avenue, Suite 1401<br>Phoenix, Arizona 85012 | 4/20/2009 9:00 am |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
Please see Exhibit A and Rule 30(b)(6) Notice of Deposition attached.

| PLACE | DATE AND TIME |
|---|---|
| 3030 North Central Avenue, Suite 1401<br>Phoenix, Arizona 85012 | 4/20/2009 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _[signature]_  ATTORNEY FOR PLAINTIFF | 4/2/2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Peter Strojnik       602-524-6602
3030 North Central Avenue, Suite 1401, Phoenix, Arizona 85012

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                         DATE                                    SIGNATURE OF SERVER

                                                              _____
                                                              ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
   (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
      (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
   (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
      (i) fails to allow reasonable time for compliance;
      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) If a subpoena
      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
   (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
      (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
      (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
      (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
   (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
      (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# **Exhibit A**

Please produce the following:

(1) Any and all documents relating to Eric Israel Gongora's act of viewing pornographic websites while employed at Amkor Technology, Inc.;

(2) Any and all documents relating to Eric Israel Gongora's proof of payment for access to pornographic websites while employed at Amkor Technology, Inc.;

(3) Any and all documents relating to the Disciplinary Memorandum dated June 22, 2001 addressed to Eric Israel Gongora from Bruce Freyman;

(4) Any and all documents relating to any complaints, investigations, disciplinary memoranda and/or disciplinary actions involving Eric Israel Gongora while he was employed at Amkor Technology, Inc.;

(5) Any and all documents relating to any sexual harassment and/or sexual relationships Eric Israel Gongora had while employed with Amkor Technology, Inc.;

(6) Any and all documents relating to Eric Israel Gongora's employment interview process with Amkor Technology, Inc., which includes any handwritten or typed notes persons who interviewed Gongora took during his interview(s);

(7) Any and all documents relating to Eric Israel Gongora's termination from Amkor Technology, Inc.;

(8) Any and all documents demonstrating whether the reasons for Eric Israel Gongora's termination were communicated to him;

(9) Any and all documents relating to and/or demonstrating communications Amkor Technology, Inc. had with STATS ChipPAC and/or ChipPAC personnel regarding the reasons for Amkor's termination of Eric Israel Gongora; and,

(10) Any document that clearly delineates what the letters "CON" mean in the context of Eric Israel's non-voluntary termination of employment from Amkor Technology, Inc.

**THE LAW FIRM OF PETER STROJNIK**
ATTORNEYS AT LAW
SUITE 1401
3030 North Central Avenue
Phoenix, Arizona 85012
(602) 297-3019

Peter Kristofer Strojnik AZBN 026082 CABN 242728
pksesq@aol.com
Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| DIANE SAHAKIAN, a single woman, | NO. 2:08-cv-241-PHX-HRH |
| Plaintiff, | **RULE 30(B)(6) NOTICE OF DEPOSITION OF NON-PARTY AMKOR TECHNOLOGY** |
| vs. | |
| STATS ChipPAC, Inc., a foreign corporation; STATS ChipPAC, Ltd., a foreign corporation; TEMASEK HOLDINGS PRIVATE LIMITED, a foreign corporation; SINGAPORE TECHNOLOGIES SEMICONDUCTORS PRIVATE LIMITED, a foreign corporation. | |
| Defendants. | |

NOTICE IS HEREBY GIVEN that Plaintiff in the above-entitled action shall take the FRCP 30(B)(6) deposition of Amkor Technology, Inc. as follows:

**ENTITY TO BE DEPOSED:**            Amkor Technology, Inc.

**DATE AND TIME OF DEPOSITION:**     April 20, 2009 @ 9:00 a.m.

**PLACE OF DEPOSITION:**             3030 North Central Avenue, Suite 1401

-1-

Phoenix, Arizona 85012

**MANNER OF RECORDING:**                Audio, Audiovisual and/or Stenograph

NOTICE IS FURTHER GIVEN that the matters for examination of Amkor Technology, Inc. are as follows:

(1) Eric Israel Gongora's employment with Amkor Technology, Inc. between the dates of January 11, 2009 and August 6, 2003, which includes, but is not limited to,

   a. Gongora's access to pornographic websites;

   b. Proof of payment for access to pornographic websites;

   c. Details of the disciplinary memorandum addressed to Gongora from Bruce Freyman dated June 22, 2001;

   d. Details of any complaints, investigations, disciplinary memoranda and/or disciplinary actions involving Gongora; and,

   e. Details of any sexual harassment and/or sexual relationships involving Gongora.

(2) Eric Israel Gongora's employment interview process with Amkor Technology, Inc.;

(3) The reasons for Eric Israel Gongora's termination from Amkor Technology, Inc.;

(4) Whether the reason for Eric Israel Gongora's termination were communicated to him;

(5) Details of all communications Amkor Technology, Inc. had with STATS ChipPAC and/or ChipPAC personnel regarding the reasons for Eric Israel Gongora's termination from Amkor Technology, Inc.; and,

(6) The meaning of the letters "CON" in the context of Eric Israel Gongora's non-voluntary termination of employment from Amkor Technology, Inc.

DATED this 2nd Day of April, 2009.

THE LAW FIRM OF PETER STROJNIK

_____
Peter Kristofer Strojnik
Attorney for Plaintiff