**THE LAW FIRM OF PETER STROJNIK**
ATTORNEYS AT LAW
SUITE 1401
3030 North Central Avenue
Phoenix, Arizona 85012
(602) 297-3019

Peter Kristofer Strojnik AZBN 026082 CABN 242728
pksesq@aol.com
Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| DIANE SAHAKIAN, a single woman, | NO. 2:08-CV-241-PHX-HRH |
| Plaintiff, | **DECLARATION OF COUNSEL IN SUPPORT OF MOTION TO COMPEL HAN BYUNG JOON TO ATTEND 5-1-09 VIDEOTAPED DEPOSITION** |
| vs. | |
| STATS ChipPAC, Inc., a foreign corporation; STATS ChipPAC, Ltd., a foreign corporation; TEMASEK HOLDINGS PRIVATE LIMITED, a foreign corporation; SINGAPORE TECHNOLOGIES SEMICONDUCTORS PRIVATE LIMITED, a foreign corporation. | |
| Defendants. | |

I, Peter Kristofer Strojnik, affirm under the penalty of perjury as follows:

1. My name is Peter Kristofer Strojnik. I have personal knowledge of all statements made herein.

2. I am an attorney licensed to practice before all federal and state courts in the States of Arizona and California. I am counsel of record for the Plaintiff in the above-entitled action.

-1-

3. I and my co-counsel have been attempting to schedule the deposition of Han Byung Joon ("Dr. Han") since January 2009. In an effort to depose Dr. Han in Phoenix, Arizona, I inquired of Defendants' counsel when Dr. Han would be available in the Phoenix area for a deposition.

4. On March 16, 2009, Defendants' counsel advised that Dr. Han would be available for a deposition in the Phoenix area between the dates of April 30 and May 4, 2009 ("Phoenix dates"). I requested a specific date and time Dr. Han would be available to be deposed within the Phoenix dates. Later on March 16, 2009, Defendants' counsel again confirmed that Dr. Han would be available in the Phoenix area for a deposition within the Phoenix dates, but did not provide a specific date and time.

5. On March 18, 2009, I again asked Defendants' counsel when Dr. Han would be available to be deposed within the Phoenix dates. Defendants' counsel did not respond to this communication.

6. On March 25, 2009, I issued a subpoena for the deposition of and production of documents from Dr. Han. The deposition is to take place on May 1, 2009 at 9:00 a.m. at my law office. The subpoena was served on Dr. Han care of Defendants' counsel on the same day.

7. In response to service of the subpoena, Defendants' counsel admitted that Dr. Han would be in the Phoenix area within the Phoenix dates, but stated Dr. Han would no longer be available because Dr. Han "does not have time in his schedule to be deposed."

8. On March 28, 2009, I reminded Defendants' counsel that he had promised Dr. Han would be available within the Phoenix dates to be deposed. However, in an attempt to accommodate Dr. Han's schedule that was not full prior to March 28, 2009, I proposed that Defendants' counsel provide any time and date within the Phoenix dates for the deposition of Dr. Han. I stated I would be available at any time and date to depose Dr. Han. Defendants' counsel confirmed that Dr. Han would not be available for a deposition within any date or time within the Phoenix dates.

9. Dr. Han is a principal witness in this matter. He is the Chief Technology Officer of STATS ChipPAC and Plaintiff's former manager. Dr. Han is alleged to have demoted Plaintiff from a Vice President position to a "special project" position a mere two weeks after she returned from her FMLA leave. Dr. Han is alleged to have instructed Plaintiff to "drink a beer" in response to Plaintiff's communication to him of the stress and humiliation she endured when ketchup was placed on her desk chair. Dr. Han is alleged to have terminated Plaintiff's employment after Plaintiff had sued STATS and allegedly could not complete the "special project" according to Dr. Han's specifications.

10. During the deposition of Chris Shea on March 25, 2009, Defendants' counsel, on the record, called co-counsel's questions stupid. Defendants' counsel repeated that co-counsel's questions were stupid. Defendants' counsel made sure his comments were on the record.

11. Approximately two months ago, Defendants' counsel sent an email to co-counsel calling him "certifiable."

12. Approximately one month ago, Defendants' counsel mocked where the undersigned went to law school.

13. On March 31, 2009, prior to the deposition of Eric Gongora when all parties' counsel, the court reporter, videographer, and witness were present, Defendants' counsel objected to the videotaped deposition of Eric Gongora and delayed the deposition for approximately one hour.

THE FOREGOING IS TRUE AND CORRECT UNDER THE PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF ARIZONA.

DATED THIS 6th Day of April, 2009.

_____
Peter Kristofer Strojnik