L. Eric Dowell, SBN 011458
Caroline Larsen, SBN 022547
Monique Young, SBN 025121
Ogletree, Deakins, Nash, Smoak & Stewart, P.C., SBN 00504800
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone:  (602) 778-3700
Facsimile:   (602) 778-3750
Eric.Dowell@ogletreedeakins.com
Caroline.Larsen@ogletreedeakins.com
Monique.Young@ogletreedeakins.com
Attorneys for Defendants STATS ChipPAC, Inc.
and STATS ChipPAC, Ltd.

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Diane Sahakian, a single woman,<br><br>            Plaintiff,<br><br>vs.<br><br>STATS ChipPAC, Inc., a foreign corporation; STATS ChipPAC Ltd, a foreign corporation; Temasek Holdings Private Limited, a foreign corporation; Singapore Technologies Semiconductors Private Limited, a foreign corporation,<br><br>            Defendants. | CV08-241-PHX-HRH<br><br>**DEFENDANTS' RESPONSE TO MOTION TO COMPEL HAN BYUNG JOON TO ATTEND 5-1-09 VIDEOTAPED DEPOSITION AND DECLARATION** |

Defendants STATS ChipPAC, Inc. and STATS ChipPAC, Ltd. (collectively, "STATS ChipPAC"), through undersigned counsel, hereby submits its Response to Plaintiff's Motion to Compel Han Byung Joon to Attend 5-1-09 Videotaped Deposition. As an initial matter, Plaintiff's Motion to Compel should be denied because Plaintiff's counsel has failed to meet and confer with Defense counsel to resolve what essentially amounts to a scheduling dispute. While Plaintiff's Motion purports to compel the deposition of Dr. Han, Defendants have never refused to produce B.J. Han for deposition.

Because the only issue to be resolved in this matter involves setting a mutually convenient time and date to take Dr. Han's deposition, the parties should be able to resolve this issue in a professional manner.

In addition, Plaintiff's Motion should be denied because Plaintiff's position is unreasonable and disingenuous. Although Defense counsel has sent several e-mails clearing up the misstatement concerning Han Byung Joon's ("Dr. Han") previously scheduled business trip to the United States and his availability (or lack thereof) between April 30 and May 4, 2009, Plaintiff's counsel unreasonably seeks to capitalize on the mistake and compel Dr. Han's deposition on those dates. Though Defense counsel has offered alternatives to scheduling Dr. Han's deposition during this inconvenient time, Plaintiff's counsel has refused to explore reasonable, alternative options. Accordingly, Plaintiff's Motion to Compel should be denied.

## MEMORANDUM OF POINTS AND AUTHORITIES

I.   ARGUMENT

   A.   **Plaintiff Has Failed To Meet And Confer In Good Faith**

Plaintiff requests the Court to fix the time and place of Dr. Han's deposition. Doc. No. 106. The issue arising between the parties, however, stems from Plaintiff's counsel's refusal to schedule Dr. Han's deposition for a mutually convenient time, rather than any refusal on Defense counsel's part to produce Dr. Han for deposition. On March 26, 2009, Plaintiff's counsel filed a notice with the Court setting Dr. Han's deposition for May 1, 2009. Doc. No. 104. Two days later, Defense counsel contacted Plaintiff's counsel to explain that Dr. Han would be unavailable for a deposition on May 1st, but that he could be available for deposition on June 12 or June 19, 2009. *See* E-mail from L. Eric Dowell dated March 27, 2009 attached as **Exhibit 1.** Accordingly, Defense counsel offered to stipulate and/or jointly move the Court to request that Plaintiff's counsel be allowed to depose Dr. Han after the close of discovery. *Id.* Defense counsel also suggested that

Plaintiff's counsel could depose Dr. Han in Singapore if they wished to depose Dr. Han before June 12 or June 19, 2009. *Id.*

Rather than respond to either of Defense counsel's offers in good faith, Plaintiff's counsel demonstrated their inflexibility to explore alternative dates by replying that Dr. Han's deposition was scheduled "according to Defense counsel's request." Doc. No. 106, **Exhibit 5**. On March 28, 2009, Defense counsel tried for a second time to find an alternative to scheduling Dr. Han's deposition for May 1, 2009. *Id.* In their correspondence, Defense counsel explained that Dr. Han would be coming to Arizona for business and that he was unavailable to be deposed from April 30 through May 4, 2009. *Id.* Still, Plaintiff's counsel refused to amend the May 1, 2009 date to a mutually convenient time. Doc. 106, **Exhibit 6.**

Indeed, on Saturday, March 28, 2009, Plaintiff's counsel disingenuously offered to forego the May 1, 2009 date only to suggest rescheduling the deposition for a time period within the original April 30 to May 4 time frame. *Id.* Clearly, Plaintiff's counsel's suggestion was futile since Defense counsel had twice stated that Dr. Han would be unavailable during this time period. Doc. No. 107, **Exhibit 5**; E-mail from L. Eric Dowell, **Exhibit 1.** Moreover, Plaintiff's counsel continued to ignore Defense counsel's request to explore alternatives and instead gave Defense counsel only one business day to provide a new date and time for Dr. Han's deposition within the April 30 through May 4 time frame, before proceeding with the Motion to Compel Dr. Han's deposition. Doc. No. 106, **Exhibit 6.** After receiving a third notice from Defense counsel that Dr. Han would be unavailable from April 30, 2009 to May 4, 2009, Plaintiff's counsel filed the instant Motion to Compel on April 2, 2009. *Id.*

The correspondence in this case shows that Plaintiff's counsel never engaged in a meaningful opportunity to meet and confer with Defense counsel to determine a mutually convenient time to schedule Dr. Han's deposition. Although Plaintiff's counsel's March 28, 2009 correspondence states that they "repeatedly requested [Dr. Han's] available dates with no response," this clearly is not the case. *Id.* Defense counsel

3

informed Plaintiff's counsel that Dr. Han would be unavailable on May 1, 2009 and offered alternatives to the May 1st date in correspondence to Plaintiff's counsel on March 27, 2009. E-mail from L. Eric Dowell, **Exhibit 1.** Plaintiff's counsel, however, neither discusses nor includes this correspondence in their Motion to the Court.

Regardless, the fact remains that Defense counsel tried to explore other alternatives to the May 1, 2009 date on three separate occasions before Plaintiff filed her Motion to Compel. When Plaintiff's Counsel did not receive a response according to their timetable, they proceeded with the Motion to Compel, although Defense counsel now and always has been willing to produce Dr. Han for deposition. Even after Plaintiff's counsel filed the Motion to Compel, Defense counsel offered for a fourth time to schedule Dr. Han's deposition at a mutually convenient date before burdening this Court with Plaintiff's Motion. *See* E-mail from L. Eric Dowell dated April 6, 2009, attached as **Exhibit 2.** However, like all the other times, Plaintiff's counsel never responded to Defense counsel's offer to explore other alternatives to the May 1, 2009 date.

**B.     Plaintiff's Request Is Unreasonable**

Plaintiff's counsel's refusal to explore Defense counsel's alternatives to the May 1, 2009 date is unreasonable. As an initial matter, deposing Dr. Han on May 1, 2009 does cause undue burden and expense when there are viable alternatives to scheduling Dr. Han's deposition on May 1, 2009. Dr. Han is the Executive Vice President and Chief Technology Officer for STATS ChipPAC and, as a result, he has a very busy business schedule. Dr. Han made arrangements to come to the U.S. for the express purpose of conducting company business between April 30, 2009 and May 4, 2009. Doc. No. 106, Exhibits 5 and 6. As a result, he is not available to be deposed although he will be in the U.S. for a brief time. *Id.* Despite Plaintiff's counsel's claims, Dr. Han does not come to Arizona on a quarterly basis and Defense counsel has not confirmed his availability on numerous occasions. On the contrary, Dr. Han lives and works in Singapore and he rarely visits STATS ChipPAC's Tempe office, as evidenced

4

by the fact that Defense counsel discussed only two upcoming visits Dr. Han will be making to the U.S. with Plaintiff's counsel. Doc. No. 106, **Exhibit 1.** Thus, it is unreasonable to ask Dr. Han to alter his schedule to include a 7 hour deposition when he can take the deposition at a mutually convenient time.

Moreover, it is unreasonable to hold Dr. Han to the May 1, 2009 date when Defense counsel has repeatedly expressed to Plaintiff's counsel that Dr. Han is not available to be deposed on May 1, 2009, and that Defense counsel misspoke when they stated otherwise. Doc. No. 106, Exhibit 6; E-mail from L. Eric Dowell, **Exhibits 1 and 2.** Indeed, Defense counsel clarified Dr. Han's availability within only nine business days of their initial misstatement to Plaintiff's counsel. E-mail from L. Eric Dowell, **Exhibit 1.** This hardly seems extraordinary in light of the fact that the parties are coordinating over 20 depositions of individuals living in Arizona, California, and overseas in Singapore.

Additionally, Defense counsel has tried to explore alternatives to the May 1, 2009 deposition date. As mentioned above, Defense counsel offered to reschedule Dr. Han's deposition for June 12 or June 19, 2009. E-mail from L. Eric Dowell, **Exhibit 1.** In making that offer, Defense counsel explained to Plaintiff's counsel that Defendants would stipulate to extend the time to take Dr. Han's deposition after the close of discovery – a fact never mentioned in Plaintiff's Motion to Compel. *Id.* As a result, neither party will suffer harm if the parties reschedule the deposition for one of the June dates.

If, for whatever reason, Plaintiff's counsel cannot depose Dr. Han in June, Plaintiff's counsel can take Dr. Han's deposition in Singapore before the close of discovery, as suggested by Defense counsel, or take his deposition via video conferencing. Recently, the parties have agreed to conduct video conferencing for the depositions of Cindy Palar and Tan Lay Koon. Like Dr. Han, both of these deponents reside and work in Singapore. Since Plaintiff's counsel has already agreed to take

5

1  Mr. Palar's and Mr. Koon's deposition via video conferencing, there is no reason why
2  Plaintiff's counsel cannot do the same for Dr. Han.
3  For the Court's convenience, Defendants produce the following timeline which
4  describes and supplements key events and facts material to the disposition of the pending
5  Motion:

| DATE | EVENT |
|---|---|
| February 13, 2009 | Plaintiff's counsel and Defense counsel meet regarding discovery matters. Plaintiff's counsel informs Defense counsel of his plan to depose Eric Gongora, Scott Jewler, Jeff Osmun, Amkor Technology, Gopalan Nair, Jerry Almeida, Flynn Carson, Brett Dunlap, NG Tiong Gee, Scott Gooch, Han Byung Joon, Jeff Howell, Scott Jewler, Tan Lay Koon, Cindy Palar Nehal Patel, Ram Ramakrishna, Mike Schraeder; Chris Shea, Gail Uy and Jeff Yang. The parties agree that if the deponent lives in Arizona, Plaintiff's counsel will depose them in Arizona. If the deponent lives outside of Arizona, Plaintiff's counsel will depose those deponents were they live. However, Plaintiff's counsel stated that he will not travel to Singapore to depose any individuals living in Singapore. *See* **Exhibit 3**. |
| March 6, 2009 | Plaintiff serves subpoenas for the depositions of Flynn Carson, Jerry Almeida, Brett Dunlap, Eric Gongora, Scott Gooch, Han Byung Joon, Tan Lay Koon, Chris Shea, and Cindy Palar. Plaintiff sets all depositions to take place in Phoenix, Arizona, despite the February 13, 2009 agreement. *See* **Exhibit 4**. |
| March 10, 2009 | Defense counsel sends e-mail to Plaintiff's counsel asking for Plaintiff's counsel's plan for deposing Flynn Carson, who lives in California, and the deponents who live in Singapore. *See* **Exhibit 5**. |
| March 11, 2009 | Plaintiff's counsel responds to Defense counsel's 3/10/2009 e-mail. Plaintiff's counsel states that he understands B.J. Han, Tan Lay Koon and Cindy Palar come to Phoenix on a quarterly basis. Plaintiff's counsel asks that Defendants' counsel confirm the next time these individuals plan to come to Phoenix so that they can be deposed. *See* Doc. No. 106, **Exhibit 1**. |

6

| DATE | EVENT |
|---|---|
| March 16, 2009 | Defense counsel responds to Plaintiff's counsel's 3/11/2009 communication. Defense counsel states that the deponents do not have plans to come to Arizona before the close of discovery. Defense counsel suggests that Plaintiff use Ogletree Deakins' San Francisco office to depose Mr. Carson. Defense counsel also states that Dr. Han is expected to return to the United States between April 30 and May 4, 2009 and again in June 2009 and that he will likely be available during one of those times. *See* Doc. No. 106, **Exhibit 1**. |
| March 16, 2009 | Plaintiff's counsel e-mails Defense counsel stating that they are available to take B.J. Han's deposition between April 30 and May 4, 2009. *See* Doc. No. 106, **Exhibit 2**. |
| March 18, 2009 | Plaintiff's counsel sends communication to Defense counsel stating that he plans on deposing GS Kim, Raj Pendse, Adrian Murphy, Harry Chandra, Mukul Johsi, and Meenakshi Padmanathan. Plaintiff's counsel also asks Defense counsel to provide the available dates for Dr. Han's deposition. *See* Doc. No. 106, **Exhibit 3.** |
| March 18, 2009 | Defense counsel responds stating that Plaintiff's counsel has already noticed 11 depositions, in excess of the number permitted by the agreed upon Scheduling Order. Defense counsel declines discussing the issue of deposition scheduling of additional witnesses until Plaintiff obtains leave from the court to take additional depositions. *See* **Exhibit 6.** |
| March 18, 2009 | Defense counsel e-mails Plaintiff's counsel informing them that Jerry Almeida is unavailable for deposition from March 23 to March 30, 2009, due to a previously scheduled vacation. Defense counsel provides Plaintiff's counsel with alternative dates. *See* **Exhibit 7**. |
| March 18, 2009 | Plaintiff's counsel sends communication asking for Mr. Almeida's availability on March 30, 2009. *See* **Exhibit 7**. |
| March 18, 2009 | Defense counsel responds by reiterating the dates Mr. Almeida is available for deposition. *See* **Exhibit 7**. |
| March 18, 2009 | Plaintiff's counsel responds by asking Defense counsel to produce times by tomorrow morning so that they can reissue the subpoena by tomorrow afternoon. *See* **Exhibit 7**. |
| March 19, 2009 | Defense counsel e-mails Plaintiff's counsel regarding Plaintiff's counsel's failure to respond with dates for reconvening Ms. Sahakian's deposition and psychological examination. *See* **Exhibit 8**. |
| March 19, 2009 | Defense counsel responds to Plaintiff's counsel's 3/18/2009 e-mail by providing times for Mr. Almeida's deposition. *See* **Exhibit 7**. |

| DATE | EVENT |
|---|---|
| March 25, 2009 | Plaintiff's counsel files Notice of Deposition for B.J. Han. Deposition is set for May 1, 2009. *See* **Exhibit 9.** |
| March 27, 2009 | Defense counsel sends e-mail to Plaintiff's counsel stating that Dr. Han is unavailable for deposition on May 1, 2009. Defense counsel provides Plaintiff's counsel with 2 alternatives: (1) stipulate to take the deposition in June; (2) arrange for deposition to be taken in Singapore. *See* **Exhibit 1.** |
| March 27, 2009 | Defense counsel sends e-mail to Plaintiff's counsel regarding Plaintiff's counsel's failure to disclose certain witness affidavits. *See* **Exhibit 10.** |
| March 27, 2009 | Plaintiff's counsel responds by stating they will disclose the witness affidavits. *See* **Exhibit 11.** |
| March 27, 2009 | Plaintiff's counsel responds to Defense counsel's earlier communication regarding Dr. Han's unavailability on May 1, 2009. Plaintiff's counsel states that they scheduled Dr. Han's deposition at our request. *See* Doc. No. 106, **Exhibit 5**. |
| March 28, 2009 | Defense counsel sends communication to Plaintiff's counsel explaining that Dr. Han is traveling to the U.S. on May 1st for preexisting business reasons. Defense counsel informs Plaintiff's counsel that Dr. Han will be back in the United States in June and Plaintiff's counsel can take his deposition then. *See* Doc. No. 106, **Exhibit 5**. |
| March 28, 2009 | Plaintiff's counsel responds to Defense counsel's 3/28/2009 correspondence. Plaintiff's counsel states that they repeatedly requested available dates but got no response from Defense counsel. Plaintiff counsel explains that they set the deposition for May 1, 2009 because of Defense counsel's failure to respond. Plaintiff's counsel also states that they are willing to work with the original April 30 through May 4 dates. Plaintiff's counsel gives Defense counsel one business day to respond or Plaintiff's counsel will file a motion to compel. *See* Doc. No. 106, **Exhibit 6**. |
| April 1, 2009 | Defense counsel sends communication to Plaintiff's counsel reiterating that Dr. Han is not available from April 30 through May 4, 2009. Defense counsel informs Plaintiff's counsel that the parties need to make other arrangements. Defense counsel restates the alternatives to scheduling the deposition on May 1, 2009. *See* **Exhibit 12.** |
| April 2, 2009 | Plaintiff files Motion to Compel Han Byung Joon to Attend 05-01-09 Videotaped Deposition. *See* Doc. No. 106. |

8

| DATE | EVENT |
|---|---|
| April 6, 2009 | Defense counsel sends communication to Plaintiff's counsel offering to resolve the matter before seeking the Court's assistance at the telephonic hearing. *See* **Exhibit 2.** |

### III. CONLUSION

For the foregoing reasons, STATS ChipPAC respectfully request that this Court deny Plaintiff's Motion to Compel Han Byung Joon to Attend 5-1-09 Videotaped Deposition.

RESPECTFULLY SUBMITTED this 8th day of April 2009.

> OGLETREE, DEAKINS, NASH,
> SMOAK & STEWART, P.C.
>
>
> By: s/Caroline K. Larsen
>   L. Eric Dowell
>   Caroline K. Larsen
>   Monique D. Young
>   2415 East Camelback Road, Suite 800
>   Phoenix, Arizona 85016
>   Attorneys for Defendants STATS ChipPAC, Inc. and STATS ChipPAC, Ltd.

# CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of April 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Strojnik
Peter Strojnik, P.C.
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Attorney for Plaintiff

Peter K. Strojnik
The Law Firm of Peter Strojnik
3030 North Central Avenue, Suite 1401B
Phoenix, Arizona 85012

s/Debra A. Perkins

7189611.1 (OGLETREE)

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016