Diane Sahakian v. STATS ChipPAC
CV08-241-PHX-HRH

EXHIBITS 1 – 3

Defendants' Response to Motion to Compel Han Byung Joon
to Attend 5-1-09 Videotaped Deposition and Declaration

# Exhibit 1

**Perkins, Debra A.**

| | |
|---|---|
| **From:** | Dowell, L. Eric |
| **Sent:** | Friday, March 27, 2009 11:24 AM |
| **To:** | 'PksEsq@aol.com' |
| **Cc:** | Larsen, Caroline; 'Strojnik@aol.com' |
| **Subject:** | RE: Han, Almeida, Huang, Koon |

Counsel:

Unfortunately, Dr. Han is unable to be deposed on or about May 1, 2009. He is available in the United States on June 12 or 19, but his calendar books up quickly and I need to know from you if either of these days are acceptable. Realizing that the discovery deadline is June 1, 2009, we are willing to stipulate and/or jointly move the Court to request that you may be allowed to depose Dr. Han (but only Dr. Han) after the close of discovery. If you wish to depose Dr. Han before June 12 or 19, we can explore what dates he may be available in Singapore. Please let us know as soon as practicable. As for Cindy Palar and Tan Lay Koon, as I mentioned previously, they have no plans to travel to the United States any time soon and not before June 1. As such, if you wish to depose them, you will need to make arrangements to do so in Singapore. Further, we have advised you that Flynn Carson lives and works in Fremont California and will need to deposed there. Again, you may feel free to use our offices in San Francisco, if you like.

---

**From:** PksEsq@aol.com [mailto:PksEsq@aol.com]
**Sent:** Wednesday, March 25, 2009 6:14 PM
**To:** Dowell, L. Eric
**Cc:** Larsen, Caroline; Strojnik@aol.com
**Subject:** Han, Almeida, Huang, Koon

Counsel:

Attached is the Subpoena for Dr. Han for May 1, 2009. With respect to Mr. Tan Lay, please provide his available dates between May 2, 2009 and May 31, 2009.

Concerning Mr. Almedia, in light of Mrs. Smith's testimony today, my father and I do not believe his testimony will be necessary at this time. Thank you and good day.

Peter K. Strojnik, Esq.
THE LAW FIRM OF PETER K. STROJNIK
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Telephone: 602-297-3019
Facsimile: 602-264-1441
Mobile: 408-655-0984

Confidentiality Notice: The information contained in this electronic e-mail and any accompanying attachment(s) is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

3/27/2009

Great Deals on Dell 15" Laptops - Starting at $479

3/27/2009

# Exhibit 2

**Young, Monique D.**

| | |
|---|---|
| **From:** | Dowell, L. Eric |
| **Sent:** | Monday, April 06, 2009 6:07 PM |
| **To:** | 'TAYLOR Janet (SCH-CORP LGL)'; 'MCNAUGHTON Tom (SCI-Legal)' |
| **Cc:** | Larsen, Caroline; Young, Monique D. |
| **Subject:** | FW: Sahakian v. STATS - Telephonic Conference |

FYI and file.

**From:** Dowell, L. Eric
**Sent:** Monday, April 06, 2009 6:05 PM
**To:** 'PksEsq@aol.com'
**Cc:** Larsen, Caroline; 'Strojnik@aol.com'
**Subject:** RE: Sahakian v. STATS - Telephonic Conference

Counsel:

I am available for the call with Judge Holland as follows:

April 8  8-Noon
April 9  8-Noon
April 10 Anytime.

I am surprised that you filed a motion to compel without first attempting to resolve the matter with me as you are required to do by local rule before filing such a motion. There are several available options for Dr. Han's deposition, which I have pointed out in my several emails to you. You have yet to even respond to my offer to stipulate to conduct Dr. Han's deposition after the discovery cutoff, when he returns to the United States in June. Your motion fails to even mention my offer to stipulate. Further, I have concerns that you are not being very candid and forthright with the court with respect to several of the other representations in your motion. For example, you fail to apprise the court of my prior correspondence to work with you in setting Dr. Han's deposition by attaching only my Friday, March 27th email, your Saturday, March 28th response and the filing of your motion to compel on Monday, March 30th (without even giving me an opportunity to explore alternatives). As I have said before, I really do not understand why you are so intent on bickering about collateral issues and then wasting the court's time with motions that do not advance the position of either party in this litigation. If you really feel passionate that you must try to force Dr. Han to give a deposition in the five days he is in the U.S. on business and capitalize on my mistake in prematurely offering his availability, then press forward and let me know what date and time Judge Holland wants to hear the matter. Thank you.
Eric

**From:** PksEsq@aol.com [mailto:PksEsq@aol.com]
**Sent:** Monday, April 06, 2009 12:09 PM
**To:** Dowell, L. Eric
**Cc:** Larsen, Caroline; Strojnik@aol.com

**Subject:** Sahakian v. STATS - Telephonic Conference

Counsel:

Please provide a date and time this week you will be available re: Doc. 110. We are available as follows:

April 7 (9-11)
April 8 - 11 (any time).

Thank you and good day.

Peter K.

---

**A Good Credit Score is 700 or Above. See yours in just 2 easy steps!**

4/7/2009

# Exhibit 3

THE LAW FIRM OF
# PETER STROJNIK
ATTORNEY AT LAW

February 13, 2009

Leigh E. Dowell, Esq. *by e-mail only eric.dowell@ogletreedeakins.com*
Caroline K. Larsen, Esq. *by e-mail only caroline.larsen@ogletreedeakins.com*
Ogletree Deakins Nash Smoak & Stewart PC
2415 E Camelback Rd, Ste 800
Phoenix, Arizona 85016

    Re:   1. *Sahakian v. STATS ChipPAC, Inc. et al* 2:08-cv-00241-HRH

Dear Counsel:

Thank you for a constructive discovery conference. Plaintiff agreed to all your requests (we schedule Ms. Sahakian's Deposition; we will supplement Interrogatory 11 Responses; we will provide you with Medical Release Forms; we have given you complete control over the timing and scheduling of depositions; we agreed for the medical examination by Dr. Wilson as Defendants Litigation Support witness). Conversely, you declined to permit the Rule 30(b)(6) deposition of Defendants and you declined to provide the documents requested pursuant to Rule 30(b)(2).

We held a brief discussion regarding Mr. Golapan Nair. I indicated to you that Mr. Nair's testimony as a witness in the case will be offered pursuant to Rule 701, Rules of Evidence:

> **Rule 701. Opinion Testimony by Lay Witnesses**
>
> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

We intend to bring evidence of STATS' and Temasek's discriminatory practices for numerous reasons, including, without limitation, to show (1) motive; (2)

3030 NORTH CENTRAL AVENUE - SUITE 1401 - PHOENIX - ARIZONA - 85012-2712
TEL: 602.297.3019 - FAX: 602.296.0135 - CELL: 602.524.6602 - EMAIL: STROJNIK@AOL.COM
WEBSITE: WWW.STROJNIK.COM

punitive damages; and (3) "routine practice" of preferences for Singaporean employees over American employees and the Singaporean view of Americans as expendable resources (e.g. "tools" in trade):

> **Rule 406. Habit; Routine Practice**
>
> Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice.

As you can tell from the subject listed in the Notice of Rule 30(b)(6) deposition of your clients, STATS has engaged in a routine practice of racial and sexual discrimination. As days go by, more and more witnesses are coming forward with information. The information is invariably the same, i.e. demeaning attitudes toward Americans and preferential treatment to Singaporeans over Americans, particularly American women.

I attach the Agenda with agreements marked in RED. I also attach the 10-06-08 letter from Mr. Schleier. If you find that any statement in the Agenda does not accurately reflect our agreement, please let me know just as soon as you can.

It was good to talk to both of you in person. I am confident that we will be able to bring this matter to a jury expeditiously and that the jury will make the right decision. I am looking forward to litigating this matter with you.

Thank you in advance for your continued courtesy.

                                    Sincerely,

                                    [signature]

                                    Peter Strojnik

PS: pjs
CC:
1. Client by e-mail only
2. Lawrence Rosenfeld by e-mail only *rosenfeldL@gtlaw.com*
Encls: *As indicated.*

Sahakian v. STATS et al
Agenda for 02-16-09 Rule 37 Conference And Agreements

## ADDENDUM A to 02-13-09 Letter from Strojnik to Dowell

| | DISCOVERY MATTER | PLAINTIFF'S POSITION | RESOLUTION | |
|---|---|---|---|---|
| 1 | Response to Mr. Schleier's 10-06-08 letter. | Defendant should respond to the letter and provide requested discovery. | PLAINTIFF'S COUNSEL WILL RESEND THE 10-06-08 LETTER TO DEFENDANTS' COUNSEL BY E-MAIL. (ATTACHED) COUNSEL FOR DEFENDANTS WILL RESPOND. | |
| 2 | Response to Mr. Strojnik's 11-04-08 request for scheduling of depositions | Deposition dates should be agreed upon. Plaintiff would like to take the depositions in the following sequence:<br><br>1. Defendants Rule 30(b)(6) (Scheduled for 02-12-09 but cancelled at Defendants' counsel's request)<br>2. Eric Gongora<br>3. Scott Jeweler<br>4. Jeff Osman<br>5. Amcor Technology, Inc. [30(b)(6)]<br>6. Gopalan Nair (Currently scheduled for March 23, 2009 at 2:30<br>7. Jerry Almeida;<br>8. Flynn Carson;<br>9. Brett Dunlap;<br>10. Ng Tiong Gee; | **Witness** | **Date & Time** |
| | | | Defendants | |
| | | | Eric Gongora | |
| | | | Scott Jeweler | |
| | | | Jeff Osman | |
| | | | Amcor Technology, Inc. | |
| | | | Gopalan Nair | 03-23-09 @2:30 |
| | | | Jerry Almeida | |
| | | | Flynn Carson | |
| | | | Brett Dunlap | |
| | | | Ng Tiong Gee | |
| | | | Scott Gooch | |
| | | | Dr. Han Byung Joon | |
| | | | Jeff Howell | |
| | | | Scott Jewler | |
| | | | Tan Lay Koon | |
| | | | Cindy Palar | |
| | | | Nehal Patel | |
| | | | Ram Ramakrishna | |
| | | | Mike Schraeder | |
| | | | Chris Shea | |
| | | | Gaul Uy | |
| | | | Jeff Yang | |
| | | | Anthony Kong | |
| | | | 1. PLAINTIFF AGREED THAT THE DEPOSITION OF DIANE SAHAKIAN WILL BE SCHEDULED FOR MARCH 17, 2009. | |

Sahakian v. STATS et al
Agenda for 02-16-09 Rule 37 Conference And Agreements

## ADDENDUM A to 02-13-09 Letter from Strojnik to Dowell

| | |
|---|---|
| 11. Scott Gooch;<br>12. Dr. Han Byung Joon;<br>13. Jeff Howell;<br>14. Scott Jewler;<br>15. Tan Lay Koon;<br>16. Cindy Palar;<br>17. Nehal Patel;<br>18. Ram Ramakrishna;<br>19. Mike Schraeder;<br>20. Chris Shea;<br>21. Gaul Uy;<br>22. Jeff Yang. | 2. DEFENDANTS WILL NOT PERMIT THE RULE 30(B)(6) DEPOSITION OF THEIR CLIENTS TO PROCEED; INSTEAD, THEY WILL SEEK A PROTECTIVE ORDER FROM THE COURT.<br><br>3. COUNSEL FOR DEFENDANTS WILL PROVIDE COUNSEL FOR PLAINTIFF WITH DATES FOR DEPOSITIONS OF THOSE WITNESSES THAT COUNSEL FOR DEFENDANTS BELIEVES SHOULD BE SCHEDULED THROUGH HIS OFFICE.<br><br>4. WITH RESPECT TO REMAINING WITNESSES, COUNSEL FOR DEFENDANTS WILL PROVIDE COUNSEL FOR PLAINTIFF WITH AVAILABLE DATES FOR SUCH DEPOSITIONS IN ADVANCE OF THE DISCOVERY CUTOFF. COUNSEL FOR PLAINTIFF WILL THEN COORDINATE WITH THE WITNESSES AND SCHEDULE DEPOSITIONS.<br><br>5. COUNSEL FOR PLAINTIFF INDICATED THAT NO DEPOSITIONS CAN BE HAD IN SINGAPORE.<br><br>6. COUNSEL FOR DEFENDANT AFFIRMED THAT HE IS AVAILABLE FOR THE DEPOSITION OF GOLAPAN NAIR ON MARCH 23, 2009 AT 2:30 IN FREMONT, CALIFORNIA.<br><br>7. COUNSEL FOR PLAINTIFF WILL ISSUE A SUBPOENA AND NOTICE OF DEPOSITION FOR MR. NAIR. COUNSEL FOR DEFENDANT INDICATED THAT HE WOULD NOT APPEAR. MR. NAIR IS EXPECTED TO TESTIFY AS A RULE 701 WITNESS. |

Sahakian v. STATS et al
Agenda for 02-16-09 Rule 37 Conference And Agreements

## ADDENDUM A to 02-13-09 Letter from Strojnik to Dowell

| 3 | Concerns expressed in Ms. Larsen's 02-06-09 Correspondence relating to Interrogatory No 11. | We will provide the names of the physicians Ms. Larsen lists in her letter, and will execute the medical release forms so that you may obtain the medical charts yourself. This way, you will be sure to have all the dates and treatments.<br><br>The names of the providers are:<br><br>- Stanford Hospital & Clinics - Dr. Ross McDougall<br>- Endocrinology Associates - Dr. Daniel Duick<br>- TMC Advanced Imaging - Dr. Anthony Bullard and Dr. Evan K. Fram<br>- Tri-City Colo-Rectal Surgery, Ltd and Desert Endoscopy Center - Dr. Kamburathi Venkatesh<br>- Mesa Gastrointestinal Associates - Dr. Andrew Gracie<br>- Arizona Pulmonary Specialists - Dr. Cash Beechler<br>- Scottsdale Heart Group - Dr. Karen S. Spark<br>- Mayo Clinic<br>- Warner Park Surgery Center - Dr. Ralph I. Hepp<br>- East Valley Cardiology - Dr. James Gearen<br><br>Plaintiff will execute additional medical disclosure forms upon a stipulation by Defendants that the information obtained from the additional medical providers will be kept confidential. | COUNSEL FOR PLAINTIFF WILL AMEND PLAINTIFF'S RESPONSE TO INTERROGATORY NO 11, AND WILL PROVIDE COUNSEL FOR DEFENDANTS WITH MEDICAL RELEASE FORMS. |

Sahakian v. STATS et al
Agenda for 02-16-09 Rule 37 Conference And Agreements

## ADDENDUM A to 02-13-09 Letter from Strojnik to Dowell

| 4 | Defendants' Deposition and Request for Production of Documents | 1. Defendants should designate one or more person to testify on its behalf regarding the matters for examination listed in the Notice; also, the persons designated must testify about information known or reasonably available to the organization. BASIS: Rule 30(b)(6)[1]<br><br>2. Defendants should produce documents requested in the Notice. BASIS: Rule 30(b)(2)<br><br>3. Defendants should testify to all matters reasonably calculated to the discovery of admissible evidence. BASIS: See footnote[2]. | DEFENDANTS WILL NEITHER PRODUCE A RULE 30(B)(6) WITNESS NOR WILL DEFENDANTS PRODUCE THE DOCUMENTATION REQUESTED PURSUANT TO RULE 30(B)(2) |
|---|---|---|---|

---

[1] The Notice of Deposition was issued pursuant to Federal Rule of Civil Procedure 30(b)(6). The Rule states:
**(6) Notice or Subpoena Directed to an Organization.**
In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. **The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf**; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. **The persons designated must testify about information known or reasonably available to the organization.** This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

[2] The scope of discovery permitted by the Federal Rules of Civil Procedure is quite broad. Hickman v. Taylor, 329 U.S. 495, 507 (1947). Rule 26(a) permits the discovery of any non-privileged matter relevant to any claim or defense asserted by any party. Fed. R. Civ. P. 26(b)(1). "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable..." Fed. R. Evid. 401. The information sought "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(2)(A).

Sahakian v. STATS et al
Agenda for 02-16-09 Rule 37 Conference And Agreements

## ADDENDUM A to 02-13-09 Letter from Strojnik to Dowell

| 5 | Examination by Dr. Wilson | 1. Defendants must first obtain an order of the court prior to scheduling a medical examination. BASIS: Rule 35[3].<br><br>2. Plaintiff objects to Defendants attempt to denominate its partisan witness, Dr. Wilson, as "independent".[4]<br><br>3. Irrespective of #1 above, Plaintiff will permit an examination of Plaintiff with a | PLAINTIFF OFFERED TO PRODUCE MS. SAHAKIAN FOR AN EXAMINATION BY DR. WILSON ACTING AS DEFENDANTS' LITIGATION SUPPORT WITNESS. DEFENDANTS REFUSE THE OFFER AND WANT TO DESIGNATE DR. WILSON AS AN "INDEPENDENT" MEDICAL EXAMINER. DEFENDANTS WILL FILE A DISCOVERY MOTION WITH THE COURT. |

---

[3] Rule 35. **Physical and Mental Examinations**

(a) Order for an Examination.

(1) In General.

The court where the action is pending may order a party whose mental or physical condition — including blood group — is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.

(2) Motion and Notice; Contents of the Order.

The order:

(A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and

(B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

[4] See e-mail from Larsen to Strojnik dated February 6, 2009. There, Ms. Larsen references *Warrick v. Brode*, 46 F.R.D. 427, 428 (D. Del. 1969) ("[A]n examination should be divested as far as possible of any adversary character. The examining doctor is, in effect, an 'officer of the court' performing a non-adversary duty."

Sahakian v. STATS et al
Agenda for 02-16-09 Rule 37 Conference And Agreements

## ADDENDUM A to 02-13-09 Letter from Strojnik to Dowell

| | | | |
|---|---|---|---|
| | | truly independent provider. BASIS: Dr. Wilson is Defendants "litigation support", not an independent witness. | |
| 6 | The parties should agree to cooperate in any additional discovery *in good faith*. | 1. Plaintiff agrees to do so. | ALL PARTIES AGREE TO DISCUSS ALL DISCOVERY ISSUES IN GOOD FAITH. |
| 7 | ADDITIONAL ISSUES | 2. COUNSEL FOR PLAINTIFF WANTS SUPPLEMENTAL RESPONSES TO DISCOVERY. | COUNSEL FOR DEFENDANTS WILL ISSUE A LETTER TO COUNSEL FOR PLAINTIFF OUTLINING ADDITIONAL ISSUES THAT HAD NOT BEEN INCLUDED IN THIS AGENDA. COUNSEL FOR PLAINTIFF INDICATED THAT IT IS IN PLAINTIFF'S INTEREST TO DISCLOSE ALL INFORMATION RELATIVE TO THE CASE AND, THEREFORE, COUNSEL FOR PLAINTIFF WILL RESPOND TO COUNSEL FOR DEFENDANTS' LETTER SEASONABLY. |