**Diane Sahakian v. STATS ChipPAC**
**CV08-241-PHX-HRH**

**EXHIBIT 5 – 12**

**Defendants' Response to Motion to Compel Han Byung Joon**
**to Attend 5-1-09 Videotaped Deposition and Declaration**

# Exhibit 5

**Perkins, Debra A.**

| | |
|---|---|
| **From:** | Dowell, L. Eric |
| **Sent:** | Tuesday, March 10, 2009 5:19 PM |
| **To:** | 'PksEsq@aol.com' |
| **Cc:** | Larsen, Caroline; Young, Monique D. |
| **Subject:** | Sahakian v. STATS |

Dear Peter:

During our telephone call on February 13, 2009, we discussed your desire to take the depositions of numerous current and former employees of STATS ChipPac, Inc. In trying to determine our availability for scheduling the depositions and traveling, Caroline Larsen and I inquired <u>where</u> you intended to take the depositions. You answered that if the deponent lives in Arizona, you would depose them in Arizona. You said that if the deponent lives outside of Arizona, you would depose them where they live, except that you would not be traveling to Singapore to take a deposition. After we identified who were current and former employees of STATS, and gave you our dates of availability for scheduling, you subsequently served seven subpoenas on me of current STATS' employees. In doing so, however, you set every deposition to take place in your office in Phoenix Arizona. As I am sure you know, Flynn Carson lives in Fremont California, and Cindy Palar, BJ Han and Tan Lay Koon reside in Singapore. What is your plan for deposing the Singaporean clients if you refuse to travel there?

---

**From:** PksEsq@aol.com [mailto:PksEsq@aol.com]
**Sent:** Friday, March 06, 2009 12:40 PM
**To:** Dowell, L. Eric
**Subject:** Sahakian v. STATS

Counsel:

Please see attached Subpoenas for STATS' employees.  Thank you for accepting service.  Also coming via U.S. Mail. Have a good weekend.

Peter K.

---

**A Good Credit Score is 700 or Above. <u>See yours in just 2 easy steps!</u>**

# Exhibit 6

**Perkins, Debra A.**

| | |
|---|---|
| **From:** | Larsen, Caroline |
| **Sent:** | Wednesday, March 18, 2009 3:41 PM |
| **To:** | 'PksEsq@aol.com'; Dowell, L. Eric |
| **Cc:** | 'Strojnik@aol.com' |
| **Subject:** | RE: Sahakian v. STATS - Additional Depositions |
| **File:** | 0 |

Peter,

By my count, Plaintiff already has noticed eleven depositions in this action, in excess of the number permitted by the Federal Rules of Civil Procedure, unless stipulated to by the parties. STATS ChipPAC Inc. and STATS ChipPAC Ltd. have not stipulated to additional depositions and do not believe exceeding the presumptive limit is warranted in light of the facts of this case.
We respectfully decline to discuss the issue of deposition scheduling and service unless and until Plaintiff obtains leave of Court to take depositions in excess of the number permitted by the Rules.

Caroline Larsen
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Email: caroline.larsen@ogletreedeakins.com
Direct Dial: 602-778-3756
Main Telephone Number: 602-778-3700
Fax: 602-778-3750

---

**From:** PksEsq@aol.com [mailto:PksEsq@aol.com]
**Sent:** Wednesday, March 18, 2009 1:24 PM
**To:** Dowell, L. Eric
**Cc:** Larsen, Caroline; Strojnik@aol.com
**Subject:** Sahakian v. STATS - Additional Depositions

Counsel:

We plan on deposing the persons below. Can you please identify which of the following persons are currently employed by STATS, and whether you will accept service of subpoenas for them:

1) GS Kim
2) Raj Pendse
3) Adrian Murphy
4) Harry Chandra
5) Mukul Joshi
6) Meenaskshi Padmanathan

Also and just as a follow up, we are waiting for the available dates for Dr. Han. Thank you.

Peter K. Strojnik, Esq.
THE LAW FIRM OF PETER K. STROJNIK

3/18/2009

3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Telephone: 602-297-3019
Facsimile: 602-264-1441
Mobile: 408-655-0984

Confidentiality Notice: The information contained in this electronic e-mail and any accompanying attachment(s) is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

---

Great Deals on Dell 15" Laptops - Starting at $479

3/18/2009

# Exhibit 7

**Larsen, Caroline**

| | |
|---|---|
| **From:** | Larsen, Caroline |
| **Sent:** | Wednesday, March 18, 2009 5:38 PM |
| **To:** | 'PksEsq@aol.com' |
| **Cc:** | 'Strojnik@aol.com' |
| **Subject:** | RE: Sahakian v. STATS - Jerry Almeida deposition |
| **File:** | 0 |

I have advised of his availability.  Please let me know if any of these dates work for you and, if not, propose alternate dates and time and I will check his availability.

Caroline Larsen

**From:** PksEsq@aol.com [mailto:PksEsq@aol.com]
**Sent:** Wednesday, March 18, 2009 5:32 PM
**To:** Larsen, Caroline
**Cc:** Strojnik@aol.com
**Subject:** Re: Sahakian v. STATS - Jerry Almeida deposition

What time is Almeida returning on March 30?

In a message dated 3/18/2009 4:23:00 P.M. US Mountain Standard Time, Caroline.Larsen@ogletreedeakins.com writes:

> Peter,
>
> Jerry Almeida was out of the office last week.  Upon his return to the office, he received a copy of the subpoena for his deposition and has advised that he is scheduled to be on vacation beginning March 23, returning March 30.   We have limited available dates in the next couple of weeks to reschedule his deposition, due to other depositions already set, but he can be available April 1, 2, 8 or 9.  Please advise if any of these dates work for you and, if so, let me know what time you would like to start.
>
> Best regards,
>
> Caroline Larsen
> Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
> 2415 East Camelback Road, Suite 800
> Phoenix, Arizona 85016
> Email: caroline.larsen@ogletreedeakins.com
> Direct Dial: 602-778-3756
> Main Telephone Number: 602-778-3700
> Fax: 602-778-3750

Great Deals on Dell 15" Laptops - Starting at $479

3/18/2009

**Perkins, Debra A.**

| | |
|---|---|
| **From:** | Larsen, Caroline |
| **Sent:** | Wednesday, March 18, 2009 4:22 PM |
| **To:** | 'PksEsq@aol.com' |
| **Cc:** | Dowell, L. Eric; 'Strojnik@aol.com' |
| **Subject:** | Sahakian v. STATS - Jerry Almeida deposition |
| **File:** | 0 |

Peter,

Jerry Almeida was out of the office last week.  Upon his return to the office, he received a copy of the subpoena for his deposition and has advised that he is scheduled to be on vacation beginning March 23, returning March 30.   We have limited available dates in the next couple of weeks to reschedule his deposition, due to other depositions already set, but he can be available April 1, 2, 8 or 9.  Please advise if any of these dates work for you and, if so, let me know what time you would like to start.

Best regards,

Caroline Larsen
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Email: caroline.larsen@ogletreedeakins.com
Direct Dial: 602-778-3756
Main Telephone Number: 602-778-3700
Fax: 602-778-3750

3/18/2009

**Perkins, Debra A.**

| | |
|---|---|
| **From:** | Larsen, Caroline |
| **Sent:** | Thursday, March 19, 2009 1:04 PM |
| **To:** | 'PksEsq@aol.com' |
| **Cc:** | 'Strojnik@aol.com'; Dowell, L. Eric |
| **Subject:** | RE: Sahakian v. STATS - Jerry Almeida deposition |
| **File:** | 0 |

Peter,

I have a scheduling conference the afternoon of April 8, but can be available until 3pm that day. Otherwise, I am available anytime on April 1, 2, or 9.

Caroline Larsen

---

**From:** PksEsq@aol.com [mailto:PksEsq@aol.com]
**Sent:** Wednesday, March 18, 2009 5:50 PM
**To:** Larsen, Caroline
**Cc:** Strojnik@aol.com
**Subject:** Re: Sahakian v. STATS - Jerry Almeida deposition

Wow!  Ok, can I assume that Mr. Almeida and you will be available at any time on the dates you selected?  If not, please produce those times by tomorrow morning.  I will re-issue the subpoena tomorrow afternoon.

Peter K.

In a message dated 3/18/2009 5:38:58 P.M. US Mountain Standard Time, Caroline.Larsen@ogletreedeakins.com writes:

> I have advised of his availability.  Please let me know if any of these dates work for you and, if not, propose alternate dates and time and I will check his availability.
>
> Caroline Larsen

---

**From:** PksEsq@aol.com [mailto:PksEsq@aol.com]
**Sent:** Wednesday, March 18, 2009 5:32 PM
**To:** Larsen, Caroline
**Cc:** Strojnik@aol.com
**Subject:** Re: Sahakian v. STATS - Jerry Almeida deposition

What time is Almeida returning on March 30?

In a message dated 3/18/2009 4:23:00 P.M. US Mountain Standard Time, Caroline.Larsen@ogletreedeakins.com writes:

> Peter,
>
> Jerry Almeida was out of the office last week.  Upon his return to the office, he received a copy of the subpoena for his deposition and has advised that he is scheduled to be on vacation beginning March 23, returning March 30.  We have limited available dates in the next couple of weeks to reschedule his deposition, due

to other depositions already set, but he can be available April 1, 2, 8 or 9.  Please advise if any of these dates work for you and, if so, let me know what time you would like to start.

Best regards,

Caroline Larsen
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Email: caroline.larsen@ogletreedeakins.com
Direct Dial: 602-778-3756
Main Telephone Number: 602-778-3700
Fax: 602-778-3750

Great Deals on Dell 15" Laptops - Starting at $479

Great Deals on Dell 15" Laptops - Starting at $479

3/19/2009

# Exhibit 8

**Perkins, Debra A.**

| | |
|---|---|
| **From:** | pksesq@aol.com |
| **Sent:** | Thursday, March 19, 2009 6:35 PM |
| **To:** | Larsen, Caroline; strojnik@aol.com |
| **Subject:** | Re: Sahakian v. Stats et al. - scheduling issues |

Be patient please. My father is celebrating his wedding anniversary this week. The celebration he postponed for the 3/17 deposition. We will get back to you on Monday.

My patience, however, is wearing thin on Dr. Han's available times on the dates provided my E. Dowell. The deposition will be scheduled on Monday. Please provide the times before then.

Peter K.

Sent from my Verizon Wireless BlackBerry

---

**From:** "Larsen, Caroline"
**Date:** Thu, 19 Mar 2009 18:23:46 -0700
**To:** strojnik<strojnik@aol.com>
**Subject:** Sahakian v. Stats et al. - scheduling issues

Peter,

Since Ms. Sahakian's deposition on Tuesday, I have not heard back from you with potential dates for reconvening her deposition or for her psychological examination. Dr. Wilson is available March 30, April 1 or April 10. Please advise which of these dates is convenient for your client and we will issue the appropriate notice.

Since you have postponed Brett Dunlap's deposition from March 30, thus that date is now available, I suggest concluding Ms. Sahakian's deposition that day. Please advise if you are available, or provide other dates that you and your client are free.

Thank you,

Caroline Larsen
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Email: caroline.larsen@ogletreedeakins.com
Direct Dial: 602-778-3756
Main Telephone Number: 602-778-3700
Fax: 602-778-3750

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF _____ Arizona _____

Diane Sahakian

**V.**

STATS ChipPAC; Temasek Holdings et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  2:08-cv-241

TO:   Han Byung Joon
      C/o Eric Dowell - Ogletree Deakins et al.
      2415 East Camelback Road, Suite 800
      Phoenix, Arizona 85012

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   3030 North Central Avenue, Suite 1401<br>Phoenix, Arizona 85012 | DATE AND TIME<br>5/1/2009 9:00 am |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see Exhibit A.

| PLACE   3030 North Central Avenue, Suite 1401<br>Phoenix, Arizona 85012 | DATE AND TIME<br>5/1/2009 9:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   ATTORNEY FOR PLAINTIFF | DATE   3/25/09 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Peter Strojnik       602-524-6602
3030 North Central Avenue, Suite 1401, Phoenix, Arizona 85012

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|---|---|
| | |
| | ADDRESS OF SERVER |

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT A

**Definitions:  The following definitions apply to this Request for Production.**

1. The term "document" means all writings, letters, emails, recordings, notes, or any other tangible thing capable of reproduction kept in paper format, electronic format, or any other format, that consists of letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording, or other form of data compilation.

2. The term "photographs" include still photographs, x-ray films, video tapes, motion pictures, web pages and drawings.

3. The term "relating to" means regarding a subject matter of having some relation to or connection with a subject matter.

4. The term "complaint" includes a grievance.

5. When the term "including, without limitation" is contained herein, it is meant to help you, guide you and focus your attention to particular subject matter; it is not intended as a limitation on your duty of production of writings, documents or photographs.

## Request for Production

1. Please produce each and every document consulted or reviewed by any person, including documents reviewed by attorneys, in preparation for this deposition.

2. Please produce each and every document relating to any fact or opinion related by any Stats employee relating to "special projects" and what the company-wide opinion is as to "special projects."

3. Please produce each and every document relating to any of the below subject matters, arranged by subject matter.

1) **Background**

   a) Organizational structure of Defendants.

   b) Defendants' affiliation and or relationship with Singapore Technologies Semiconductors Pte. LTD. (hereinafter "STS"), including:

    i)  Current and past commonality of officers, directors, lawyers, accountants, employees, contractors, consultants, agents, salespersons, or any of other person.

    ii)  Current and past commonality of office and/or industrial space, telephone lines, computer servers, or any other instrumentality used in business.

    iii) Current and past common ownership or use of any property.

    iv) Current and past use of same or similar internal policies, rules and regulations.

    v)  Any other communality.

c)  Defendants' affiliation and relationship with Temasek Holdings Private Limited (hereinafter "Temasek"), including:

    i)  Current and past commonality of officers, directors, lawyers, accountants, employees, contractors, consultants, agents, salespersons, or any of other person.

    ii)  Current and past commonality of office and/or industrial space, telephone lines, computer servers, or any other instrumentality used in business.

    iii) Current and past common ownership or use of any property.

    iv) Current and past use of same or similar internal policies, rules and regulations.

    v)  Control of Defendants activities by Temasek, including, without limitation, Temasek's control over Defendants' publicly traded status.

    vi) Any other communality.

    d) The differences, if any, between the rules, regulations, policies embodying Defendants' general corporate culture regarding employment relations governing Defendants' business in Singapore and in the United States, including without limitation the disparity in bonus policy between American employees and Singaporean employees. Please be ready to discuss the differences in employee handbooks.

2) **Plaintiff's employment with Defendant.**

    a) Initial interviews.

    b) Position and responsibilities during employment.

    c) Plaintiff's communications (orally, in writing or electronically) with her supervisors regarding any matter.

    d) BJ Han's opinion of Plaintiff.

    e) Plaintiff's performance and performance evaluations.

    f) Plaintiff's reports to Defendant regarding male subordinates', including one Eric Israel Gongora, actions regarding Plaintiff.

    g) The identify or the persons who placed ketchup on Plaintiff's chair on or about April 9, 2007, and Defendants' actions in response to this act.

    h) Matters relating to BJ Han's response to the ketchup incident "Drink a beer and have a good sleep. It will be OK."

    i) The propriety of BJ Han's response to the ketchup incident "Drink a beer and have a good sleep. It will be OK."

    j) Defendants' acknowledgement that ketchup incident was harassment.

    k) The investigation into the ketchup incident.

l)  The findings of the investigation relating to the ketchup incident.

m) The disciplinary action taken against the persons responsible, directly or by acquiescence, for the ketchup incident.

n)  Plaintiff's 30 day leave under the Family Medical Leave Act.

o)  The reason for BJ Han's company-wide announcement demoting and removing Plaintiff from her supervisory position and her replacement into a new position – "Special Project" at the bottom of the organization chart, and her removal as of the title Vice President following Plaintiff's FMLA leave.

p)  The fact of and the reasons for various assignments given to Plaintiff following the return from FMLA leave.

q)  Defendants' knowledge that Plaintiff was ostracized, omitted from meetings and conferences she previously attended; omitted from relevant communications; and placed in a dead-end position removing virtually all of her job duties and responsibilities.

r)  Defendants' knowledge of the hostile work environment.

s)  Plaintiff's demotion following the return from the FMLA leave.

t)  Defendants' reaction to Plaintiff's filing the charges of discrimination and retaliation against Defendants.

u)  The details of Defendants' investigations and actions taken in response to Plaintiff's filing the charges of discrimination and retaliation against Defendants.

v)  Defendants' tolerance of sexually and racially inappropriate behavior of its managers and employees.

w) Defendants' culture of racism and sexism.

3) **Particular Incidents, Events and Occurrences.**

 a) BJ Han referring to Americans as "fat", "stupid" and "lazy".

 b) BJ Han referring to American employees as a "monkeys".

 c) Statement by BJ Han that every American employee is an "idiot".

 d) BJ Han referring to Plaintiff in particular as "fat".

 e) Referring to American employees by Lay Koon as, "You fat people" and "You Americans are fat".

 f) BJ Han's statement to Defendant's employee of Indian ancestry that he (BJ Han) "doesn't like Indians".

 g) BJ Han's comment to an employee of Indian ancestry– in response to flight crew announcement beginning with, "Ladies and Gentlemen" – "This announcement is not for you".

 h) Kenny Lee's comment to an employee of Indian ancestry that "You should get yourself a pretty girlfriend, not an Indian girl, but a pretty one."

 i) BJ Han's comment to an employee of Chinese ancestry that Japanese and Korean were superior races, followed by Taiwan, China and India.

 j) BJ Han's statement to an employee of Chinese ancestry that Chinese are a third world country compared to Korean and Japanese.

 k) Lay Koon's raising his voice to American employees.

 l) Sexual pass made against Plaintiff in Palo Alto by BK Sohn in or about 2004, and BJ Han's advice to BK Sohn to leave Plaintiff alone.

 m) Sexual pass made against Plaintiff by Doug Matthews in San Francisco during a semiconductor show in or about 2005.

n) The details of posting Plaintiffs likeness on the Defendants' Tempe server database with a man groping her breast.

o) The details of Eric Gongora's inappropriate sexual remarks about Plaintiff's breasts, etc)

p) Eric Gongora's distribution of a photo of women w/ large breasts from his former place of employment.

q) Gail in HR's reference to a complainant as a drama queen and dysfunctional and useless person.

r) The reason for the departure of Regina Liew and Maria Huang from Defendants' employ.

s) Any complaints regarding Defendants' employees, supervisors or agents acting in a derogatory, demeaning or otherwise inappropriate behavior.

t) Defendants listing and delistment from SGX-ST securities market.

## 4) Complaints and Policy

a) Any and all sexual harassment complaints against Defendants, STS or Temasek Holdings Private Limited for the past 10 years.

b) Defendants' policy on Singaporean, Korean and Chinese drunken supervisors making sexual advances on an American woman.

c) Defendants' policies, rules and regulations relative to employee's complaints against co-employees, and the grievance procedure.

d) Defendants, STS's and Temasek's destruction of or inability to retrieve documents, including documents relative to pending litigation matters.

e) Defendants, STS's and Temasek's production of documents in pending litigation matters.

f) Defendants, STS's and Temasek's acts of destruction of documents, destruction of evidence and spoliation of evidence in this and other litigation matters.

g) Allegations of spoliation of evidence or destruction of documents in any matter in which Defendants, STS or Temasek, or their predecessors or successors in interest are/were a party or witness, such as that experienced in the Tessera, Inc. patent litigation.

h) Detailed disclosure of the destruction all documents or other tangible thing relating to any judicial matter pending anywhere in the world by Defendants, STS or Temasek in the last 10 years.

i) Details of the destruction, spoliation and/or non-production of documents relating to the Tessera litigation.

j) Details of the destruction or non-availability of any documents relating to the above captioned litigation.

k) Defendants', STS's and Temasek's policies on employing non-US workers for US based employment.

l) Defendants' policy with respect to hiring minorities and women.

m) Statistical breakdown of women and minority held positions in Defendants', STS's and Temasek's organizations for the past 10 years.

n) Statistical breakdown of women and minorities whose employment with Defendants terminated within the last 10 years.

5) **Mitigation.**

a) The details of the Defendants' Tempe job posting about which Plaintiff inquired on or about May 30, 2008, and to which Defendants responded that the posting was unavailable to Sahakian because it was an 'artificial' posting to process a green card for one GS Kim, a non-citizen of the United States.

b) The employment of GS Kim.

c) Immigration matters relating to GS Kim.

d) Statistical breakdown of Defendants' employment of foreign nationals for the past 10 years.

e) Defendants' policy with respect to hiring foreign nationals.

f) The disparity in employment compensation between an employee of foreign nationality and an American employee for the same or similar employment position.

1. The employment by Defendants of the following:

    a. Jerry Almeida;
    b. Flynn Carson;
    c. Brett Dunlap;
    d. Ng Tiong Gee;
    e. Eric Gongora;
    f. Scott Gooch;
    g. Dr. Han Byung Joon;
    h. Jeff Howell;
    i. Scott Jewler;
    j. Tan Lay Koon;
    k. Cindy Palar;
    l. Nehal Patel;
    m. Ram Ramakrishna;
    n. Mike Schraeder;
    o. Chris Shea;
    p. Gaul Uy;
    q. Jeff Yang;
    r. Jeff Osmun
    s. Raj Pendse
    t. Maria Huang

u. Regina Liew
v. Janet Taylor

# Exhibit 9

**THE LAW FIRM OF PETER STROJNIK**
ATTORNEYS AT LAW
SUITE 1401
3030 North Central Avenue
Phoenix, Arizona 85012
(602) 297-3019

Peter Kristofer Strojnik AZBN 026082 CABN 242728
pksesq@aol.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| DIANE SAHAKIAN, a single woman, | ) NO. 2:08-cv-241-PHX-HRH |
| | ) |
| Plaintiff, | ) **PLAINTIFF'S NOTICE OF SERVICE OF** |
| | ) **SUBPOENA ON HAN BYUNG JOON** |
| vs. | ) |
| | ) |
| STATS ChipPAC, Inc., a foreign corporation; | ) |
| STATS ChipPAC, Ltd., a foreign corporation; | ) |
| TEMASEK HOLDINGS PRIVATE | ) |
| LIMITED, a foreign corporation; | ) |
| SINGAPORE TECHNOLOGIES | ) |
| SEMICONDUCTORS PRIVATE LIMITED, | ) |
| a foreign corporation. | ) |
| | ) |
| Defendants. | ) |
| | ) |

NOTICE IS HEREBY GIVEN that on March 25, 2009, Plaintiff in the above-captioned matter

served a Civil Subpoena on Han Byung Joon, care of Eric Dowell, requiring his attendance for

deposition and for the production of documents and things on May 1, 2009 at 9:00 a.m. (Ex. 1)

DATED this 26th Day of March, 2009

THE LAW FIRM OF PETER STROJNIK

Peter Strojnik

-1-

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF                Arizona

Diane Sahakian

V.

**SUBPOENA IN A CIVIL CASE**

STATS ChipPAC; Temasek Holdings et al.

Case Number:[1]  2:08-cv-241

TO:  Han Byung Joon
C/o Eric Dowell - Ogletree Deakins et al.
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85012

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   3030 North Central Avenue, Suite 1401 Phoenix, Arizona 85012 | DATE AND TIME 5/1/2009 9:00 am |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
Please see Exhibit A.

| PLACE   3030 North Central Avenue, Suite 1401 Phoenix, Arizona 85012 | DATE AND TIME 5/1/2009 9:00 am |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) ATTORNEY FOR PLAINTIFF | DATE 3/25/09 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Peter Strojnik      602-524-6602
3030 North Central Avenue, Suite 1401, Phoenix, Arizona 85012

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
    (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
    (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (i) fails to allow reasonable time for compliance;
        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) If a subpoena
        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
    (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
    (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
    (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT A

**Definitions:  The following definitions apply to this Request for Production.**

1.  The term "document" means all writings, letters, emails, recordings, notes, or any other tangible thing capable of reproduction kept in paper format, electronic format, or any other format, that consists of letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording, or other form of data compilation.

2.  The term "photographs" include still photographs, x-ray films, video tapes, motion pictures, web pages and drawings.

3.  The term "relating to" means regarding a subject matter of having some relation to or connection with a subject matter.

4.  The term "complaint" includes a grievance.

5.  When the term "including, without limitation" is contained herein, it is meant to help you, guide you and focus your attention to particular subject matter; it is not intended as a limitation on your duty of production of writings, documents or photographs.

## Request for Production

1.  Please produce each and every document consulted or reviewed by any person, including documents reviewed by attorneys, in preparation for this deposition.

2.  Please produce each and every document relating to any fact or opinion related by any Stats employee relating to "special projects" and what the company-wide opinion is as to "special projects."

3.  Please produce each and every document relating to any of the below subject matters, arranged by subject matter.

1)  **Background**

a)  Organizational structure of Defendants.

b)  Defendants' affiliation and or relationship with Singapore Technologies Semiconductors Pte. LTD. (hereinafter "STS"), including:

i) Current and past commonality of officers, directors, lawyers, accountants, employees, contractors, consultants, agents, salespersons, or any of other person.

ii) Current and past commonality of office and/or industrial space, telephone lines, computer servers, or any other instrumentality used in business.

iii) Current and past common ownership or use of any property.

iv) Current and past use of same or similar internal policies, rules and regulations.

v) Any other communality.

c) Defendants' affiliation and relationship with Temasek Holdings Private Limited (hereinafter "Temasek"), including:

i) Current and past commonality of officers, directors, lawyers, accountants, employees, contractors, consultants, agents, salespersons, or any of other person.

ii) Current and past commonality of office and/or industrial space, telephone lines, computer servers, or any other instrumentality used in business.

iii) Current and past common ownership or use of any property.

iv) Current and past use of same or similar internal policies, rules and regulations.

v) Control of Defendants activities by Temasek, including, without limitation, Temasek's control over Defendants' publicly traded status.

vi) Any other communality.

    d) The differences, if any, between the rules, regulations, policies embodying Defendants' general corporate culture regarding employment relations governing Defendants' business in Singapore and in the United States, including without limitation the disparity in bonus policy between American employees and Singaporean employees. Please be ready to discuss the differences in employee handbooks.

**2) Plaintiff's employment with Defendant.**

    a) Initial interviews.

    b) Position and responsibilities during employment.

    c) Plaintiff's communications (orally, in writing or electronically) with her supervisors regarding any matter.

    d) BJ Han's opinion of Plaintiff.

    e) Plaintiff's performance and performance evaluations.

    f) Plaintiff's reports to Defendant regarding male subordinates', including one Eric Israel Gongora, actions regarding Plaintiff.

    g) The identify or the persons who placed ketchup on Plaintiff's chair on or about April 9, 2007, and Defendants' actions in response to this act.

    h) Matters relating to BJ Han's response to the ketchup incident "Drink a beer and have a good sleep. It will be OK."

    i) The propriety of BJ Han's response to the ketchup incident "Drink a beer and have a good sleep. It will be OK."

    j) Defendants' acknowledgement that ketchup incident was harassment.

    k) The investigation into the ketchup incident.

l)  The findings of the investigation relating to the ketchup incident.

m) The disciplinary action taken against the persons responsible, directly or by acquiescence, for the ketchup incident.

n)  Plaintiff's 30 day leave under the Family Medical Leave Act.

o)  The reason for BJ Han's company-wide announcement demoting and removing Plaintiff from her supervisory position and her replacement into a new position – "Special Project" at the bottom of the organization chart, and her removal as of the title Vice President following Plaintiff's FMLA leave.

p)  The fact of and the reasons for various assignments given to Plaintiff following the return from FMLA leave.

q)  Defendants' knowledge that Plaintiff was ostracized, omitted from meetings and conferences she previously attended; omitted from relevant communications; and placed in a dead-end position removing virtually all of her job duties and responsibilities.

r)  Defendants' knowledge of the hostile work environment.

s)  Plaintiff's demotion following the return from the FMLA leave.

t)  Defendants' reaction to Plaintiff's filing the charges of discrimination and retaliation against Defendants.

u)  The details of Defendants' investigations and actions taken in response to Plaintiff's filing the charges of discrimination and retaliation against Defendants.

v)  Defendants' tolerance of sexually and racially inappropriate behavior of its managers and employees.

w) Defendants' culture of racism and sexism.

3) **Particular Incidents, Events and Occurrences.**

   a)  BJ Han referring to Americans as "fat", "stupid" and "lazy".

   b)  BJ Han referring to American employees as a "monkeys".

   c)  Statement by BJ Han that every American employee is an "idiot".

   d)  BJ Han referring to Plaintiff in particular as "fat".

   e)  Referring to American employees by Lay Koon as, "You fat people" and "You Americans are fat".

   f)  BJ Han's statement to Defendant's employee of Indian ancestry that he (BJ Han) "doesn't like Indians".

   g)  BJ Han's comment to an employee of Indian ancestry– in response to flight crew announcement beginning with, "Ladies and Gentlemen" – "This announcement is not for you".

   h)  Kenny Lee's comment to an employee of Indian ancestry that "You should get yourself a pretty girlfriend, not an Indian girl, but a pretty one."

   i)  BJ Han's comment to an employee of Chinese ancestry that Japanese and Korean were superior races, followed by Taiwan, China and India.

   j)  BJ Han's statement to an employee of Chinese ancestry that Chinese are a third world country compared to Korean and Japanese.

   k)  Lay Koon's raising his voice to American employees.

   l)  Sexual pass made against Plaintiff in Palo Alto by BK Sohn in or about 2004, and BJ Han's advice to BK Sohn to leave Plaintiff alone.

   m)  Sexual pass made against Plaintiff by Doug Matthews in San Francisco during a semiconductor show in or about 2005.

n) The details of posting Plaintiffs likeness on the Defendants' Tempe server database with a man groping her breast.

o) The details of Eric Gongora's inappropriate sexual remarks about Plaintiff's breasts, etc)

p) Eric Gongora's distribution of a photo of women w/ large breasts from his former place of employment.

q) Gail in HR's reference to a complainant as a drama queen and dysfunctional and useless person.

r) The reason for the departure of Regina Liew and Maria Huang from Defendants' employ.

s) Any complaints regarding Defendants' employees, supervisors or agents acting in a derogatory, demeaning or otherwise inappropriate behavior.

t) Defendants listing and delistment from SGX-ST securities market.

4) **Complaints and Policy**

a) Any and all sexual harassment complaints against Defendants, STS or Temasek Holdings Private Limited for the past 10 years.

b) Defendants' policy on Singaporean, Korean and Chinese drunken supervisors making sexual advances on an American woman.

c) Defendants' policies, rules and regulations relative to employee's complaints against co-employees, and the grievance procedure.

d) Defendants, STS's and Temasek's destruction of or inability to retrieve documents, including documents relative to pending litigation matters.

e) Defendants, STS's and Temasek's production of documents in pending litigation matters.

f) Defendants, STS's and Temasek's acts of destruction of documents, destruction of evidence and spoliation of evidence in this and other litigation matters.

g) Allegations of spoliation of evidence or destruction of documents in any matter in which Defendants, STS or Temasek, or their predecessors or successors in interest are/were a party or witness, such as that experienced in the Tessera, Inc. patent litigation.

h) Detailed disclosure of the destruction all documents or other tangible thing relating to any judicial matter pending anywhere in the world by Defendants, STS or Temasek in the last 10 years.

i) Details of the destruction, spoliation and/or non-production of documents relating to the Tessera litigation.

j) Details of the destruction or non-availability of any documents relating to the above captioned litigation.

k) Defendants', STS's and Temasek's policies on employing non-US workers for US based employment.

l) Defendants' policy with respect to hiring minorities and women.

m) Statistical breakdown of women and minority held positions in Defendants', STS's and Temasek's organizations for the past 10 years.

n) Statistical breakdown of women and minorities whose employment with Defendants terminated within the last 10 years.

5) **Mitigation.**

a) The details of the Defendants' Tempe job posting about which Plaintiff inquired on or about May 30, 2008, and to which Defendants responded that the posting was unavailable to Sahakian because it was an 'artificial' posting to process a green card for one GS Kim, a non-citizen of the United States.

b) The employment of GS Kim.

c) Immigration matters relating to GS Kim.

d) Statistical breakdown of Defendants' employment of foreign nationals for the past 10 years.

e) Defendants' policy with respect to hiring foreign nationals.

f) The disparity in employment compensation between an employee of foreign nationality and an American employee for the same or similar employment position.

1. The employment by Defendants of the following:

   a. Jerry Almeida;
   b. Flynn Carson;
   c. Brett Dunlap;
   d. Ng Tiong Gee;
   e. Eric Gongora;
   f. Scott Gooch;
   g. Dr. Han Byung Joon;
   h. Jeff Howell;
   i. Scott Jewler;
   j. Tan Lay Koon;
   k. Cindy Palar;
   l. Nehal Patel;
   m. Ram Ramakrishna;
   n. Mike Schraeder;
   o. Chris Shea;
   p. Gaul Uy;
   q. Jeff Yang;
   r. Jeff Osmun
   s. Raj Pendse
   t. Maria Huang

u. Regina Liew
v. Janet Taylor

# Exhibit 10

**Perkins, Debra A.**

| | |
|---|---|
| **From:** | Dowell, L. Eric |
| **Sent:** | Friday, March 27, 2009 10:23 AM |
| **To:** | 'PksEsq@aol.com' |
| **Cc:** | Larsen, Caroline; 'Strojnik@aol.com' |
| **Subject:** | RE: Han, Almeida, Huang, Koon |

Dear Counsel:

I am writing to express my deep concern over your recent tactics in asking questions in depositions of our witnesses about alleged statements of former STATS ChipPac employees allegedly contained in affidavits that you have not disclosed to us. You have a duty to supplement your disclosures when you come into possession of information or documents that Rule 26.1 requires you to disclose. When Ms Larsen and I asked you on two separate occasions when you intend to disclose the affidavits to us, you smugly answered "in a reasonable time." Your conduct is reprehensible, unethical and in violation of the Rules of Civil Procedure. If you fail to disclose to us all affidavits or declarations in your possession by Monday, **March 30, 2009,** then we will seek a court order to compel the disclosure and for sanctions. Given the attempts by Ms Larsen and me to discuss this with you, this letter is now the third time we have attempted to resolve this issue with you.

Additionally, we know that you have subpoenaed the personnel file of Eric Gongora from Amcor. We have requested production of any and all documents you receive from Amcor. Also, the Court has ordered you to produce any documents you receive from Amcor. If you are in possession of any such documents, then you must immediately produce them to us. If you fail to do so and seek to use any such documents at Mr. Gongora's deposition next Tuesday, we will stop the deposition and seek a protective order.

Please give these matters your thoughtful and responsible attention.
Eric

*L. Eric Dowell*
Shareholder
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Esplanade III, Suite 800
2415 East Camelback Road
Phoenix, AZ 85016
Direct: (602) 778-3718
Fax: (602) 778-3750
Cell: (602) 769-8890
Eric.Dowell@odnss.com

Ogletree Deakins is one of the nation's largest management labor and employment law firms. The firm offers national representation in every aspect of labor and employment law, represents a diverse range of clients, and has 33 offices across the country. Employers & Lawyers, Working Together. www.ogletreedeakins.com

This transmission is intended to be confidential, intended only for the proper recipient and may contain information that is privileged, attorney work product and confidential. If you receive this message in error, or are not the proper recipient, please notify the sender at either the e-mail address or telephone number

3/27/2009

above and delete this e-mail from your computer.

IRS CIRCULAR 230 disclosure: Please note that this written communication is not intended to be used for purposes of avoiding penalties imposed by the Internal Revenue Code or any other taxing authority, and the intended recipient cannot and should not rely on it for that purpose.

3/27/2009

# Exhibit 11

**Young, Monique D.**

| | |
|---|---|
| **From:** | Dowell, L. Eric |
| **Sent:** | Saturday, March 28, 2009 1:47 PM |
| **To:** | Perkins, Debra A. |
| **Subject:** | FW: Han, Almeida, Huang, Koon |

---

**From:** PksEsq@aol.com [mailto:PksEsq@aol.com]
**Sent:** Friday, March 27, 2009 11:11 AM
**To:** Dowell, L. Eric
**Cc:** Larsen, Caroline; Strojnik@aol.com
**Subject:** Re: Han, Almeida, Huang, Koon

Counsel:

Thank you for your email.  We will be happy to disclose what you request.  Would you mind waiting for the documents until tomorrow?  See the particulars below.

First, I must clarify there are only two Declarations, not affidavits, in our possession:  Dennis Daniels and Ram Ramakrishna.  I believe we have provided you with the Daniels Declaration.  Please correct me if I am wrong.

We received the Ramakrishna Declaration on the morning of March 23, 2009 by fax at our hotel.  My father explained to you and Ms. Larson that we made markings on our only copy.  We have requested Mr. Ramakrishna to mail us the original.  During the interim, would you like the marked copy just so you know the content?

We just received the Amkor (not Amcor) records, and we would be happy to provide the emails to you.  I can scan and email them to you, or by mail.  Which do you prefer?  Before I send them, I must warn you they are very graphic and x-rated.

We also just received Gongora's criminal record from Florida.  Pinellas County informed me a Debra Irwin from Phoenix requested the same documents - documents that had not been requested for 15 years by anyone.  Is that the Debbie Irwin that works in your office?  Please advise so I can save some time by not sending the records to you.

On a final note, can you please provide the available dates for Mr. Tan Lay.  I have asked several times, and I am hopeful our courtesy will be reciprocated.

Please let me know what else I can do to help you in your assessment of this case.  Thank you and good day.

Peter K.

In a message dated 3/27/2009 10:24:06 A.M. US Mountain Standard Time, Eric.Dowell@OgletreeDeakins.com writes:

> Dear Counsel:
> I am writing to express my deep concern over your recent tactics in asking questions in depositions of our witnesses about alleged statements of former STATS ChipPac employees allegedly contained in affidavits that you have not disclosed to us. You have a duty to supplement your disclosures when you come into possession of information or documents that Rule 26.1 requires you to disclose. When Ms Larsen and I asked you on two separate occasions when you intend to disclose the affidavits to us, you smugly answered "in a reasonable time."  Your conduct is reprehensible, unethical and in violation of the Rules of Civil Procedure. If you fail to disclose to us all affidavits or declarations in your possession

by Monday, **March 30, 2009**, then we will seek a court order to compel the disclosure and for sanctions. Given the attempts by Ms Larsen and me to discuss this with you, this letter is now the third time we have attempted to resolve this issue with you.

Additionally, we know that you have subpoenaed the personnel file of Eric Gongora from Amcor. We have requested production of any and all documents you receive from Amcor. Also, the Court has ordered you to produce any documents you receive from Amcor. If you are in possession of any such documents, then you must immediately produce them to us. If you fail to do so and seek to use any such documents at Mr. Gongora's deposition next Tuesday, we will stop the deposition and seek a protective order.

Please give these matters your thoughtful and responsible attention.
Eric

**_L. Eric Dowell_**
Shareholder
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Esplanade III, Suite 800
2415 East Camelback Road
Phoenix, AZ 85016
Direct: (602) 778-3718
Fax: (602) 778-3750
Cell: (602) 769-8890
Eric.Dowell@odnss.com

Ogletree Deakins is one of the nation's largest management labor and employment law firms. The firm offers national representation in every aspect of labor and employment law, represents a diverse range of clients, and has 33 offices across the country. Employers & Lawyers, Working Together. www.ogletreedeakins.com

This transmission is intended to be confidential, intended only for the proper recipient and may contain information that is privileged, attorney work product and confidential. If you receive this message in error, or are not the proper recipient, please notify the sender at either the e-mail address or telephone number above and delete this e-mail from your computer.

IRS CIRCULAR 230 disclosure: Please note that this written communication is not intended to be used for purposes of avoiding penalties imposed by the Internal Revenue Code or any other taxing authority, and the intended recipient cannot and should not rely on it for that purpose.

Check all of your email inboxes from anywhere on the web. <u>Try the new Email Toolbar now</u>!

4/8/2009

# Exhibit 12

**Young, Monique D.**

| | |
|---|---|
| **From:** | Dowell, L. Eric |
| **Sent:** | Wednesday, April 01, 2009 9:12 AM |
| **To:** | 'PksEsq@aol.com'; 'Strojnik@aol.com' |
| **Cc:** | Larsen, Caroline; Young, Monique D. |
| **Subject:** | RE: Han, Almeida, Huang, Koon |

Dear Counsel:

When Dr. Han responded to our emails as to when he would be in the U.S., I just assumed he would be available to meet with us to discuss his deposition and sit for a deposition. I did not account for his business schedule or travel when I prematurely reported to you when he would be in the U.S. Unfortunately, he cannot sit for a deposition between April 30 and May 4 and we will all need to make other arrangements. We have plenty of time to do that. I have offered to stipulate so that you may take Dr. Han's deposition in June in the U.S. after the discovery deadline. You have not responded to this offer. Also, you have indicated that you intend to take the depositions of Tan Lay Koon and Cindy Palar at the U.S. Embassy in Singapore and we are exploring dates when they are available. We can do the same for Dr. Han. You have several viable options for Dr. Han's deposition. Please do not be unreasonable in working with us to schedule his deposition and please avoid the juvenile insults you repeatedly make about our clients. Please let me know what you would like to do. Thanks and have a good day.

Eric

---

**From:** PksEsq@aol.com [mailto:PksEsq@aol.com]
**Sent:** Saturday, March 28, 2009 2:16 PM
**To:** Dowell, L. Eric; Strojnik@aol.com
**Cc:** Larsen, Caroline
**Subject:** Re: Han, Almeida, Huang, Koon

Counsel:

You have already said that Dr. Han will be here between April 30 and May 4. As a courtesy, we repeatedly requested his available dates with no response. We therefore set the deposition for May 1. Now, it seems to be STATS' position that Dr. Han's business meetings take priority over issued Subpoenas in United States federal courts. This is unacceptable and conspicuously demonstrates what Mr. Daniels has said: STATS has no concern for American law or customs.

We are still willing to work with the original April 30 - May 4 dates. We anticipate Dr. Han's deposition will take 7 hours. Pick a day within those dates - whether weekend, night or day - and we will be there. Provide the date and time by this Monday at 5:00 p.m. If no response is forthcoming, we shall seek an Order compelling Dr. Han's attendance on May 1. Good day.

Peter K.

---

**A Good Credit Score is 700 or Above. <u>See yours in just 2 easy steps!</u>**

4/7/2009