1

2

3

4

**GREENBERG TRAURIG, LLP**
ATTORNEYS AT LAW
SUITE 700
2375 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016
(602) 445-8000

5

6

7

8

Lawrence J. Rosenfeld, SBN 004426
Michael C. Mason, SBN 021921
rosenfeldl@gtlaw.com
masonm@gtlaw.com
*Attorneys for Defendants Temasek Holdings Private Limited and Singapore Technologies Semiconductors Private Limited*

9

IN THE UNITED STATES DISTRICT COURT

10

FOR THE DISTRICT OF ARIZONA

11

12

13

14

15

16

17

18

| Diane Sahakian, a single woman,<br><br>Plaintiff,<br><br>v.<br><br>STATS ChipPAC, Inc., a foreign corporation; STATS ChipPAC, Ltd., a foreign corporation; Temasek Holdings Private Limited, a foreign corporation; Singapore Technologies Semiconductors Private Limited, a foreign corporation,<br><br>Defendants. | No.  CV-08-241-PHX-HRH<br><br>**DEFENDANTS TEMASEK HOLDINGS PRIVATE LIMITED AND SINGAPORE TECHNOLOGIES SEMICONDUCTORS PRIVATE LIMITED'S MOTION TO DISMISS SECOND AMENDED COMPLAINT** |
| --- | --- |

19

20

21

22

23

24

Defendants Temasek Holdings Private Limited ("Temasek") and Singapore Technologies Semiconductors Private Limited ("STS"), by and through their attorneys undersigned, hereby move the Court for an order dismissing Plaintiff's claims against them, pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure. This Motion is supported by the following Memorandum of Points and Authorities.

25

26

. . .

27

. . .

28

. . .

RESPECTFULLY SUBMITTED this 24th day of April, 2009.

GREENBERG TRAURIG, LLP

By:    s/Lawrence J. Rosenfeld
          Lawrence J. Rosenfeld
          Michael C. Mason
          2375 East Camelback Road, Ste. 700
          Phoenix, Arizona  85016
          *Attorneys for Defendants Temasek Holdings Private*
          *Limited and Singapore Technologies Semiconductors*
          *Private Limited*

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION.

Plaintiff originally brought suit against her former employer, STATS ChipPAC ("Stats") for alleged violations of Title VII.  She subsequently filed a Second Amended Complaint (the "Complaint"), adding Temasek and STS as Defendants, neither of which ever employed Plaintiff.  For the reasons set forth herein, Plaintiff's purported claims against Temasek and STS should be dismissed.

## ARGUMENT.

### I.    RULE 12(b)(2): THE COURT LACKS *IN PERSONAM* JURISDICTION OVER TEMASEK AND STS.

#### A.    The Allegations of the Complaint Are Insufficient To Establish General or Specific Jurisdiction Based on the Intercorporate Relationship Between These Entities.

"In order to exercise personal jurisdiction over a nonresident defendant in a case presenting a federal question, the district court must first determine that a rule or statute potentially confers jurisdiction over the defendant and then conclude that asserting jurisdiction does not offend the principles of Fifth Amendment due process."  *Doe v. Unocal Corp.*, 248 F.3d 915, 921-22 (9th Cir. 2001) (internal citation omitted).  Further, "it is the Plaintiff's burden to establish the court's personal jurisdiction over a defendant."  *Id.*; *Cubbage v. Merchent,* 744 F.2d 665, 667 (9th Cir. 1984), *cert. denied,* 470 U.S. 1005 (1985).

2

The court lacks general jurisdiction over both Temasek and STS because neither corporation has the required minimum contacts with the State of Arizona to confer such jurisdiction over them. *Data Disc, Inc. v. Systems Tech. Assoc's., Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977) (to assert personal jurisdiction over an out-of-state defendant, "the defendant must have certain minimal contacts with the forum such that maintenance of the suit does not offend traditional notions of fair play and substantial justice"), *citing International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Both Temasek and STS are Singaporean corporations.  Plaintiff has not alleged – nor could she – that either of these entities maintains <u>any</u> presence in this State, much less that either has a sufficient nexus with this State so as to satisfy threshold due process requirements predicate to the assertion of general jurisdiction in this forum.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984); *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).

Indeed, the thin reed relied on by Plaintiff in her Complaint in attempting to establish general jurisdiction over STS is that it owns "approximately 83%" of a company (Stats) which does business in Arizona.  As to Temasek, Plaintiff's general jurisdiction argument is even more attenuated:  she apparently claims that, for purposes of satisfying the minimum contacts necessary to assert jurisdiction over Temasek, it is sufficient that Temasek owns a company (STS), which owns 83% of <u>another</u> company (Stats), which does business in Arizona.  Basic due process principles preclude the assertion of general jurisdiction on so tenuous a basis. *Farkas v. Texas Instruments, Inc.*, 429 F.2d 849, 850 (1st Cir. 1970), *cert. denied*, 401 U.S. 974 (1971) (ownership of subsidiary corporation doing business in forum did not subject parent corporation to court's jurisdiction); *Velandra v. Regie Nationale des Usines Renault*, 336 F.2d 292, 296 (6th Cir. 1964) ("the mere ownership by a corporation of all of the stock of a subsidiary amenable to the jurisdiction of the courts of a state may not alone be sufficient to justify holding the parent corporation likewise amenable.").

As to any potential claim of specific jurisdiction, Plaintiff comes up short of the mark here as well.  Indeed, Plaintiff does not allege that Temasek or STS engaged in any specific

3

conduct toward her which gives rise to her claims.  In fact, the Complaint could not be clearer:  it is Stats, and only Stats, whom she alleges engaged in the purported acts upon which the two counts of her Second Amended Complaint are based.  That being the case, there is no tenable basis upon which specific jurisdiction can be asserted, in this forum, over either Temasek or STS.  Thus, the Complaint fails on its face to establish specific jurisdiction over either Defendant.  *Scott v. Breeland*, 792 F.2d 925, 928 (9th Cir. 1986) (defendant's acts within the forum must be directly related to the cause of action in order to support specific jurisdiction).

**B.    Plaintiff's "Alter Ego" Allegations are Insufficient to Establish Personal Jurisdiction.**

Confronted with this rather problematic jurisdictional dilemma, Plaintiff alleges, in ¶¶ 40-42 (and again in ¶¶ 47-49) of the Complaint, in a rote and conclusory fashion, that Stats "is the alter ego of Temasek and STS", or a "mere instrumentality of Temasek and STS".  Apparently, the <u>only</u> bases upon which this assertion is made are those set forth in ¶¶ 6 and 8 through 11 of the Complaint.  Beyond the assertion (discussed above) that STS is alleged to own 83% of Stats (¶ 6), Plaintiff relies on the allegations that:  a current director of Stats used to be the Chief Investment Officer of Temasek (¶ 8); a current director of Stats also serves on what Plaintiff refers to as the "Temasek Advisory Panel" (¶ 9); Temasek and STS have, "on information", sought to have Stats delisted from the NASDAQ and Singapore exchanges (¶¶ 10 and 11); and Temasek and STS, "on information", control the operation and day-to-day functions of Stats (¶ 12).  These allegations, on their face, are insufficient to establish an "alter ego" basis for the assertion of personal jurisdiction.

In order to sufficiently plead a case of alter ego liability to support personal jurisdiction, Plaintiff must allege: "1) that there is such unity of interest and ownership that the separate personalities of [the defendants] no longer exist and (2) that failure to disregard their separate identities would result in fraud or injustice."  *American Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 591 (9th Cir. 1996) (internal citations omitted); *De Castro v. Sanifill, Inc.*, 198 F.3d 282, 283-84 (1st Cir. 1999) ("to establish jurisdiction

4

1   over the parent, a party must produce 'strong and robust' evidence of control by the parent

2   company over the subsidiary, rendering the latter a 'mere shell'").   The Second Amended

3   Complaint contains no such "strong and robust" allegations.

4           So, for example, in *American Telephone*, the Ninth Circuit confirmed that no alter ego

5   relationship existed for purposes of determining personal jurisdiction even where a parent

6   corporation was closely connected to, and exercised control over, the subsidiary defendant.

7   *Id.*   The Court pointed out that establishing alter ego status is different for purposes of

8   imposing liability than it is for determining personal jurisdiction.   Under the latter analysis,

9   the burden on the Plaintiff is much higher, and requires a showing of more than the "normal

10  parent-subsidiary relationship."   *Id.   See also Kramer Motors, Inc. v. British Leyland, Ltd.,*

11  628 F.2d 1175, 1177 (9th Cir. 1980).   And, significantly, questions of jurisdiction over

12  corporations owned by foreign governments (such as the case here), "warrant particular

13  caution."  *Kramer*, 628 F.2d at 1178.

14          Indeed, in cases involving far more substantial allegations seeking to establish

15  personal jurisdiction based on alter ego, courts have determined that plaintiffs failed to meet

16  their jurisdictional burden.  *See,* for example, *Kramer,* 628 F.2d at 1177 (9th Cir. 1980)

17  (parent company that reviewed and approved policy decisions of subsidiary, had "general

18  executive responsibility for its operation," shared board members, made loans to the

19  subsidiary, not subject to jurisdiction under alter ego theory); *Hargrave v. Fibreboard Corp.,*

20  710 F.2d 1154, 1161 (5th Cir. 1983) (alter ego jurisdiction did not extend to corporation that

21  owned 100% of shares of defendant and that exercised policy-making authority over it).

22          Moreover, Plaintiff's assertion that Stats is an "alter ego" or a "mere instrumentality",

23  are legal and factual conclusions that, standing alone, cannot establish jurisdiction.  *See Bell*

24  *Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007):

25              [A] plaintiff's obligation to provide the "grounds" of his
                "entitlement to relief" requires more than labels and conclusions,
26              and a formulaic recitation of the elements of a cause of action
                will not do . . . .  [F]actual allegations must be enough to raise a
27              right to relief above the speculative level.
28

5

1    Plaintiff's speculative and conclusory allegations that Stats is an alter ego or

2  instrumentality of Temasek and STS are insufficient, as a matter of law, to establish personal

3  jurisdiction.  Thus, for the reasons set forth in Sections I(A) and (B) of this Memorandum,

4  Plaintiff has failed to establish the existence in this forum of personal jurisdiction over

5  Defendants Temasek and STS.  Accordingly, as to these Defendants, the Complaint should

6  be dismissed.

7  **II.    RULE 12(b)(1):  THE COURT LACKS SUBJECT MATTER JURISDICTION,**
   **        AS PLAINTIFF DID NOT EXHAUST HER ADMINISTRATIVE REMEDIES**
8  **        AS TO TEMASEK AND STS.**

9    Plaintiff indisputably failed to satisfy an essential prerequisite to the maintenance of a

10 Title VII lawsuit against a party:  the filing of a charge of discrimination (or retaliation) with

11 the Equal Employment Opportunity Commission (or the appropriate state counterpart

12 thereof), against that party.  *See*, 42 U.S.C. § 2000e-5(e)(1).  Indeed, Plaintiff nowhere

13 alleges in her Complaint – nor could she – that she filed a charge against Temasek and STS,

14 with the EEOC, before asserting these Title VII claims against them.[1]  This failure precludes

15 Plaintiff from bringing these claims against them, unless she can show that Temasek and

16 STS (1) were involved in the acts that were the subject of the EEOC charge; or (2) should

17 have anticipated being named in a Title VII suit at the time of the charge.  *Ortez v.*

18 *Washington County*, 88 F.3d 804, 808 (9th Cir. 1996); *Sosa v. Hiraoka*, 920 F.2d 1451,

19 1458-59 (9th Cir. 1990).

20   Neither exception applies here.  Plaintiff does not allege that Temasek or STS

21 committed any acts of discrimination, or that they were involved in any way in the alleged

22 events that occurred during her employment by Stats.  Likewise, Plaintiff does not allege that

23 Temasek or STS should have anticipated being named in a Title VII suit.  STS is a

24 shareholder in Stats; Temasek is even further removed; and Plaintiff has not alleged that

25 Temasek or STS had <u>any</u> connection to or involvement with Plaintiff prior to receiving a

26

---

27 [1]  In fact, Plaintiff asserts <u>only</u> that she filed EEOC discrimination and retaliation charges
   "against Defendant STATS ChipPAC"; Complaint, at ¶ 15.  That being the case, the Notices
28 of Right to Sue that Plaintiff alleges she was issued by the EEOC on January 25, 2008 and
   September 9, 2008, pertained <u>only</u> to Stats.

1    demand letter from Plaintiff's counsel in December 2008. Plaintiff's failure to file a charge

2    of discrimination against Temasek and STS defeats subject matter jurisdiction, and the

3    Complaint should, for this additional reason, be dismissed as against Temasek and STS.

4    **III.    RULE 12(b)(6): PLAINTIFF FAILS TO STATE A CLAIM ON WHICH
         RELIEF CAN BE GRANTED, AS SHE DOES NOT ALLEGE THAT
5              TEMASEK OR STS WERE HER EMPLOYER.**[2]

6              Plaintiff's purported claims against Temasek and STS are also subject to dismissal

7    under Rule 12(b)(6), Federal Rules of Civil Procedure, because she does not allege that she

8    was an employee of either corporation. *See* 42 U.S.C. §2000e-(f) ("The term 'employee'

9    means an individual employed by an employer"). To the contrary, she clearly alleges that

10   she was <u>only</u> an employee of Stats. Complaint, ¶ 19. Indeed, the Complaint contains

11   insufficient allegations to determine whether Temasek or STS even meet the <u>definition</u> of

12   "employer" under Title VII. *See* 42 U.S.C. § 2000e.[3]

13             Title VII liability extends only to a plaintiff's actual employer. 42 U.S.C. § 2000e-2.

14   Well-established Ninth Circuit law makes clear that liability typically does not extend to

15   parent or subsidiary corporations that are related to the actual employer in the absence of

16   some other direct connection to the plaintiff. *Watson v. Gulf and Western Industries,* 650

17   F.2d 990, 993 (9th Cir. 1981) ("In the absence of special circumstances, a parent corporation

18   is not liable for the Title VII violations of its wholly owned subsidiary.") As the *Watson*

19   court explained, such circumstances exist only where "there is evidence that [the non-

20   employer company] participated in or influenced the employment policies of [the employer

21

22   [2]   The Rule 12(b)(6) portion of this memorandum need only be considered if the Court were
     to decline to dismiss Temasek and STS on the Rule 12 (b)(1) and 12(b)(2) grounds set forth
23   in the previous sections hereof. In this regard, we note that the assertion of a Rule 12(b)(6)
     motion in conjunction with a jurisdictional motion to dismiss does not constitute a waiver of
24   the jurisdictional arguments. *See*, for example, *S.E.C. v. Ross*, 504 F.3d 1130, 1150 (9th Cir.
     2007); *Gates Learjet Corp. v. Jensen*, 743 F.2d. 1325, 1330 (9th Cir. 1984). *See also*, *Neifeld*
25   *v. Steinberg*, 438 F.2d 423, 429 (3rd Cir. 1971) ("The purpose behind Rule 12(b) is to avoid
     the delay occasioned by successive motions and pleadings and to reverse the prior practice of
26   asserting jurisdictional defenses by 'special appearance'.")

27   [3]   "The term 'employer' means a person engaged in an industry affecting commerce who has
     fifteen or more employees for each working day in each of twenty or more calendar weeks in
28   the current or preceding calendar year." 42 U.S.C. § 2000e-(b).

company]", or where there is evidence "that the parent-subsidiary relationship is a 'sham' or that circumstances exist that would render the parent liable for the debts of its subsidiary". 650 F.2d at 993.  Plaintiff makes <u>no</u> such allegations in her Complaint.[4]  Plaintiff has failed, under *Twombly*, to plead facts sufficient to satisfy any of these "special circumstances" factors.  *Id.*  As a result, for this additional reason, Plaintiff's claims against these Defendants must be dismissed.

## CONCLUSION.

Her artful pleading efforts notwithstanding, it is clear that Plaintiff's claims against Temasek and STS must be dismissed, pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6), for each and all of the reasons set forth herein.  It is therefore respectfully requested that the Court so order, and that it permit these Defendants to submit an application to recover their attorneys' fees incurred herein as a consequence of Plaintiff's baseless effort to include them in this litigation.

RESPECTFULLY SUBMITTED this 24th day of April, 2009.

GREENBERG TRAURIG, LLP

By:  *s/Lawrence J. Rosenfeld*
Lawrence J. Rosenfeld
Michael C. Mason
2375 East Camelback Road, Ste. 700
Phoenix, Arizona  85016
*Attorneys for Defendants Temasek Holdings Private Limited and Singapore Technologies Semiconductors Private Limited*

---

[4]  Perhaps in an effort to artfully plead around this requirement, Plaintiff alleges, in ¶ 12 of her Complaint that, "on information", Temasek and STS "control the operations and day to day functions of Stats".  This does not solve Plaintiff's insoluble problem as (1) ¶ 12 does <u>not</u> allege that either Temasek or STS participated in or influenced Stats' <u>employment</u> policies, and (2) as noted above, under *Twombly*, this bald "on information" allegation is insufficient to raise Plaintiff's claims against these Defendants "above the speculative level".

**CERTIFICATE OF SERVICE**

☒    I hereby certify that on April 24, 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing and Order to the following CM/ECF registrants:

Peter Strojnik, Esq.
3030 North Central Avenue
Suite 1401
Phoenix, Arizona  85012
ps@strojnik.com
*Attorney for Plaintiff*

L. Eric Dowell, Esq.
Caroline Larsen, Esq.
Monique Young, Esq.
Ogletree Deakins Nash Smoak Stewart, PC
2415 E. Camelback Rd., Ste. 800
Phoenix, AZ  85016-0001
*Attorneys for Defendants STATS ChipPAC*
Eric.Dowell@ogletreedeakins.com
Caroline.Larsen@ogletreedeakins.com
Monique.Young@ogletreedeakins.com

*s/Helen B. Pisano*

PHX 328,687,143_3