L. Eric Dowell, SBN 011458
Caroline Larsen, SBN 022547
Monique Young, SBN 025121
Ogletree, Deakins, Nash, Smoak & Stewart, P.C., SBN 00504800
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone: (602) 778-3700
Facsimile: (602) 778-3750
Eric.Dowell@ogletreedeakins.com
Caroline.Larsen@ogletreedeakins.com
Monique.Young@ogletreedeakins.com

Attorneys for Defendants STATS ChipPAC, Inc.
and STATS ChipPAC, Ltd.

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Diane Sahakian, a single woman,

Plaintiff,

vs.

STATS ChipPAC, Inc., a foreign corporation; STATS ChipPAC Ltd, a foreign corporation; Temasek Holdings Private Limited, a foreign corporation; Singapore Technologies Semiconductors Private Limited, a foreign corporation,

Defendants.

CV08-241-PHX-HRH

**DEFENDANTS STATS CHIPPAC, INC. AND STATS CHIPPAC LTD.'S MOTION TO QUASH PLAINTIFF'S SUBPOENA DUCES TECUM TO KAREN CHU**

Pursuant to Federal Rule of Civil Procedure 45(c)(3), Defendants STATS ChipPAC, Inc. and STATS ChipPAC Ltd. (collectively, "STATS ChipPAC") hereby move to quash the subpoena duces tecum that Plaintiff sent to non-party Karen Chu. The subpoena duces tecum seeks emails, text messages, and other correspondence exchanged between Ms. Chu and Eric Gongora, a current employee of STATS ChipPAC, Inc., between the dates of March 1, 2009 and May 18, 2009. The subpoena improperly seeks

communications between Ms. Chu and Mr. Gongora that are personal, private and entitled to protection. These communications do not contain information that is either relevant or reasonably likely to lead to the discovery of admissible evidence. This is merely the latest step in Plaintiff's efforts to embarrass and harass Mr. Gongora. Accordingly, the Court should quash the subpoena and relieve Ms. Chu of any obligation to respond.

## I. INTRODUCTION

Plaintiff mailed a subpoena duces tecum on Ms. Chu on or around May 18, 2009.[1] Ms. Chu is the ex-wife of Mr. Gongora, a current employee of STATS ChipPAC, Inc. The subpoena requests seeks "[a]ll documents and writings, including without limitation, emails, text messages, correspondence, recorded telephone calls, exchanged by and between you and Eric Israel Gongora between the dates of March 1, 2009 and May 18, 2009." A true and correct copy of the subpoena is attached hereto as Exhibit A.

Mr. Gongora is employed by STATS ChipPAC, Inc. and reported to Plaintiff during part of the time that Plaintiff worked at STATS ChipPAC. He is not personally a party to this action. Plaintiff and her attorney have engaged in ongoing discovery directed at Mr. Gongora, including numerous, inappropriate intrusions into his personal life. Prior to the service of this subpoena, Mr. Gongora received phone calls from both Ms. Chu and Mayuli Lamm, the mother of his son, indicating that Plaintiff's counsel had contacted them to discuss Mr. Gongora. Plaintiff's counsel admits to meeting with Ms. Chu to discuss Mr. Gongora. *See* Exhibit B, email from Plaintiff's counsel, dated 4/15/2009. At Mr. Gongora's deposition in this action, Plaintiff's counsel wasted hours asking Mr. Gongora numerous questions about personal, irrelevant matters, including his plea of nolo contendere in a criminal matter in Florida nearly sixteen years ago, whether

[1] As an initial matter, STATS ChipPAC does not concede that Plaintiff properly served the subpoena upon Ms. Chu, in accordance with Rule 45, Federal Rules of Civil Procedure. Thus, it is unclear whether Ms. Chu has any obligation to respond to the subpoena. STATS ChipPAC files this Motion to Quash in the event that Plaintiff has, or might, effect proper service of the subpoena upon Ms. Chu.

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
(602) 778-3700

his father was involved in raising him, his religion, and whether he dated other women while married to his wife. Plaintiff has failed to establish any connection between these personal topics regarding Mr. Gongora and her claims in this action.

Plaintiff's invasions into Mr. Gongora's personal life have culminated in this latest subpoena to his ex-wife. Documents or data responsive to Plaintiff's subpoena to Ms. Chu could include any emails that Mr. Gongora and Ms. Chu exchanged related to their prior marital relationship or other personal, sensitive matters. The requested communications have no logical or discernable bearing on Plaintiff's claims against STATS ChipPAC, her former employer. Moreover, the disclosure of responsive documents or communications would violate third-party privacy rights, including but possibly not limited to, the rights of Ms. Chu and Mr. Gongora. Plaintiff's overreaching subpoena must be quashed to protect these rights.

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
(602) 778-3700

## II. ARGUMENT

Plaintiff's subpoena exceeds the scope of discovery permitted under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(b)(1). A party to a lawsuit may object to a subpoena directed at a third-party if the party "can make claim to some personal right or privilege in respect to the subject matter of a subpoena duces tecum." *Shepherd v. Castle*, 20 F.R.D. 184, 188 (W.D. Mo. 1957); *accord Oliver B. Cannon & Son, Inc. v. Fidelity & Cas. Co. of New York*, 519 F.Supp. 668, 680 (D.C. Del. 1981) (citing *Norris Mfg. Co. v. R. E. Darling Co.*, 29 F.R.D. 1 (D. Md. 1961); 9 Wright & Miller, Federal Practice and Procedure § 2457; *Dart Indus., Inc. v. Liquid Nitrogen Processing Corp. of California*, 50 F.R.D. 286 (D. Del. 1970). The Court may refuse to enforce a subpoena if the documents sought are not relevant to the subject matter of the action, if the party requesting the documents cannot show good cause for their production, or if the subpoena is unreasonable, oppressive, annoying, or embarrassing. *U.S. v. American Optical Co.*, 39 F.R.D. 580, 583 (N.D. Cal. 1966) (citing *Covey Oil Co. v. Continental Oil Co.*, 340 F.2d 993, 997 (10th Cir.), *cert. denied*, 380 U.S. 964 (1965); *Boeing Airplane Co. v. Coggeshall*, 280 F.2d 654, 658-659 (1960)). In the present case, STATS ChipPAC seeks

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

to preserve the privacy interests of Mr. Gongora, who has been the subject of inappropriate, intrusive discovery efforts simply by virtue of his status as an employee of STATS ChipPAC and a former subordinate of Plaintiff.

Plaintiff's subpoena exceeds the scope of permissible discovery. While discovery is broad, it cannot go unbridled. This Court should not condone the use of discovery to engage in "fishing expeditions." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004) (citing *Exxon Corp. v. Crosby-Mississippi Resources, Ltd.,* 40 F.3d 1474, 1487 (5th Cir.1995)). A third-party subpoena may only command production of information that is "not privileged" and "relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). In disregard of these limitations, Plaintiff's overbroad subpoena seeks all documents and writings, including emails, text messages, correspondence, and recorded telephone calls, exchanged between Ms. Chu, a non-party, and her ex-husband Mr. Gongora, without any appropriate limitation on the topic of the correspondence.

Clearly, Mr. Gongora's personal communications with his ex-wife are not relevant or reasonably likely to reveal admissible evidence. This action pertains to Plaintiff's allegations against her former employer, STATS ChipPAC. Neither Plaintiff's claims, nor STATS ChipPAC's asserted defenses, open the door to discovery of personal communications between a STATS ChipPAC employee and his ex-wife. Plaintiff's subpoena seeks irrelevant documents, is intended to embarrass and harass Mr. Gongora, and should be quashed.

## III. CONCLUSION

For the foregoing reasons, Defendants STATS ChipPAC, Inc. and STATS ChipPAC Ltd. respectfully request that the Court quash Plaintiff's subpoena to Karen Chu.

DATED this 27th day of May, 2009.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: s/Caroline Larsen

L. Eric Dowell
Caroline Larsen
Monique Young
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Attorneys for Defendants STATS ChipPAC, Inc. and STATS ChipPAC, Ltd.

Ogletree, Deakins, Nash,
Smoak & Stewart, P.C.
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
(602) 778-3700

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

**CERTIFICATE OF SERVICE**

I hereby certify that on May 27, 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Strojnik
Peter Strojnik, P.C.
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Attorney for Plaintiff

Peter K. Strojnik
The Law Firm of Peter Strojnik
3030 North Central Avenue, Suite 1401B
Phoenix, Arizona 85012

s/Debra Perkins

7353219.1 (OGLETREE)