# Exhibit 1

Peter Strojnik, 006464
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Telephone: 602-524-6602
Facsimile: 602-296-0135
e-mail: *ps@strojnik.com*
Attorney for Ms. Sahakian

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

DIANE SAHAKIAN, a single woman,    ) NO.  CV-08-241-PHX-HRH
   )
                    Plaintiff, )      **PLAINTIFF'S 02-10-09**
   )    **SUPPLEMENTAL DISCLOSURE**
   vs.                             )
   )
STATS  ChipPAC,  Inc.,  a  foreign )
corporation; STATS ChipPAC, Ltd., a )
foreign corporation,                  )
   )
   )
               Defendants. )

      In conformity with Plaintiff's disclosure requirements, Plaintiff makes additional disclosures as follows:

*26.1(a)(1)(A)(i) and 26.1(a)(1)(A)(iv):*

| Name, Address & Telephone Number | Subject of Information |
|---|---|
| Gopalan Nair<br>39737 Paseo Padre Pky #A1<br>Fremont, CA 94538<br>510) 657-6107 | 1.  This witness is expected to testify to the Singaporean corporate and business culture as it relates to abuse of women and minorities.<br><br>2.  This witness is expected to testify to the application of Singaporean defamation law in order to preserve the political and |

| | business power structure of Singapore; its economic structure; its oligarchy; and its public perception. |
| | 3. This witness is expected to testify to the misapplication of Singaporean law to oppress and intimidate minorities and women. |
| | 4. This witness is expected to testify to the differences between Singaporean and American employment culture as it relates to the treatment of minorities and women. |

RESPECTFULLY SUBMITTED this 10th day of February, 2009.

**PETER STROJNIK, P.C.**

_____
Peter Strojnik
Attorney for the Ms. Sahakian

# Exhibit 2

FAO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| NORTHERN | DISTRICT OF | CALIFORNIA |

Diane Sahakian

v.

STATS ChipPAC, Inc.; STATS ChipPAC Ltd.

### SUBPOENA IN A CIVIL CASE

CASE NUMBER: CV08-241-PHX-HRH

TO:     Gopalan Nair
        39737 Paseo Padre Parkway, #A1
        Fremont, CA  94538

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY: | COURTROOM |
| --- | --- |
| | DATE AND TIME: |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF TESTIMONY: | DATE AND TIME: |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects).

See Exhibit "A"

| PLACE: Ogletree, Deakins, Nash, Smoak & Stewart, P.C. Attention: Trish Simon, Paralegal 2415 E. Camelback Road, Suite 800 Phoenix, AZ 85016 | DATE AND TIME: March 18, 2009, by 5:00 p.m. (by close of business) |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PLACE: | DATE AND TIME: |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE: |
| --- | --- |
| [signature]          Attorney for the Defendants | March 3, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND TELEPHONE NUMBER

Caroline K. Larsen, SBN #022547, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 2415 E. Camelback Rd., Suite 800, Phoenix, Arizona (602) 778-3700

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 3/4/09 | 39737 Paseo Padre Parkway #A-1/Fremont, CA 94538 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Gopalan Nair | personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| J. Alan Constant | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   3/4/09
    DATE

J. Alan Constant
SIGNATURE OF SERVER
835 Grove St. #112
SIGNATURE OF SERVER
San Francisco CA - 94102

---

Rule 45. Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii)

of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held; or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development or commercial information; or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party; or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

## INSTRUCTIONS FOR USE FOR SUBPOENA DUCES TECUM

1.  In providing the documents described herein, you are requested to furnish all documents available to you, regardless of whether these documents are possessed directly by you, or by your attorney, employer, employees, agents, investigators, or other representatives.

2.  If any of these documents cannot be produced in full, produce to the extent possible, and specify the reasons for your inability to produce the remainder stating whatever information, knowledge or belief you have concerning the substance of the contents of such unproduced documents.

3.  If any document or thing requested was at one time in existence, but is no longer in existence, you shall so state, specifying for each document or thing: (a) the type of documents or thing, (b) the types of information contained therein, (c) the date upon which the document or thing ceased to exist, (d) the circumstances under which the document or thing ceased to exist, and (e) the identity of each person having knowledge or who had knowledge of the contents thereof.

4.  To the extent that any request is objected to, you are instructed to set forth all reasons for such objection. If any objection is made only to part of a particular request, that part shall be so specified and documents responsive to all other parts of the request shall be produced. **With respect to any document which you claim to be privileged or otherwise immune from production, you are to describe each document in your response as follows:  (a) the document's date, (b) its title, (c) the identity of each person who prepared or wrote the document, (d) the identity of each person who received the document, (e) the type of document (for example, memorandum, letter, etc.), (f) the subject matter of the document and the request to which the document is responsive, (g) the type of privilege claimed, and (h) all factual and legal bases for the claimed privilege.**

5.  The singular form of any word shall include the plural, the masculine form of any word shall include the feminine, and the words "and" and "or" shall be construed both conjunctively and disjunctively.

6.  This request is intended to be continuing, requiring you to produce whatever documents responsive to this request that you may subsequently become aware of or obtain.

## DEFINITIONS APPLICABLE TO SUBPOENA DUCES TECUM

The following definitions shall be applicable to this Attachment to the subpoena duces tecum:

A.    The term **"documents"** is used in the broad sense and includes, without limitation, the following items whether printed or recorded, reproduced by any mechanical, electronic, or photographic process, or written or produced by hand, and shall include all drafts and copies of any such document (unless such copy is identical in every respect with the original or copy thereof produced), namely: agreements; contracts; communications, including newspaper or other periodical reports or articles; correspondence; memoranda; records; books; summaries or records of telephone conversations; telephone logs; diaries; financial statements; statistical statements; management letters; accountants' or clients' work papers; manuals; graphs; charts; accounts; analytical records; minutes or records of meetings or conferences; reports and/or summaries of interviews; reports and/or summaries of investigations; opinions and/or reports of consultants; appraisals; reports; brochures; pamphlets; circulars; trade letters; press releases; telex files; teletype; telegrams; notes; projections; marginal notations; photographs; drawings; specifications; checks back and front; typed or stenographic transcripts or any testimony given at any legal or investigative proceeding; drafts of any of the foregoing, if applicable; or other documents or writings of whatever description.

B.    Documents that **"relate to"** a subject matter are documents that constitute, contain, support, modify, contradict, criticize, discuss, mention, describe, record, report, reflect, pertain to, were prepared in connection with or arise in any way from that subject matter.

C.    The term **"Plaintiff"** refers to the Plaintiff in this Action, Diane Sahakian.

D.    The term **"Plaintiff's counsel"** refers to Peter Strojnik, Peter Strojnik, P.C., Peter K. Strojnik, The Law Firm of Peter Strojnik, Tod F. Schleier, Bradley H. Schleier, and/or Schleier Law Offices, and/or any employee, agent, or representative of Peter Strojnik, Peter Strojnik, P.C., Peter K. Strojnik, The Law Firm of Peter Strojnik, Tod F. Schleier, Bradley H. Schleier, and/or Schleier Law Offices.

E.    The terms **"you"** and **"your"** refer to Gopalan Nair, plus any other persons acting or purporting to act on his behalf, including agents, employees, attorneys, accountants, assistants and investigators.

F.    The term **"possession, custody or control"** includes the joint or several possession, custody or control not only of the individual to whom this request is addressed, but also the joint or several possession, custody or control by each present or

former agent of the individual, whether an attorney, employee, agent, sponsor, spokesperson, investigator, or representative.

G.    The term **"person"** means the singular and plural of any natural person, firm, corporation, partnership, proprietorship, joint venture, organization, group of natural persons, or other association, including all agents, representatives, and employees.

H.    The terms **"Matter"** and **"Action"** refer to the lawsuit pursuant to which this subpoena duces tecum is filed, captioned *Diane Sahakian vs. STATS ChipPAC, Inc. et al.*, Case No. CV-08-241-PHX-HRH, currently pending in the United States District Court for the District of Arizona.

## CATEGORIES OF DOCUMENTS TO BE PRODUCED

Any and all documents, including data input, whether prepared, received or reviewed by you relating to this Action, including, but not limited to:

1.     Any and all documents you relied upon, utilized, or reviewed in formulating your opinions regarding the Singaporean corporate and business culture as it relates to the alleged abuse of women or minorities.

2.     Any and all documents you relied upon, utilized, or reviewed in formulating your opinions regarding the application of Singaporean defamation law in order to preserve the political and business power structure of Singapore; its economic structure; its oligarchy; and/or its public perception.

3.     Any and all documents you relied upon, utilized, or reviewed in formulating your opinions regarding the alleged misapplication of Singaporean law to oppress or intimidate women or minorities.

4.     Any and all documents you relied upon, utilized, or reviewed in formulating your opinions regarding the alleged differences between Singaporean and American employment culture, particularly as it relates to the treatment of women or minorities.

5.     Any and all documents you relied upon, utilized, or reviewed in connection with your involvement in this Action, including but not limited to documents prepared, relied upon, utilized, or reviewed prior to the date that you agreed to appear as a witness in this Action.

6.     Any and all documents that constitute, evidence, reflect or pertain to the basis for any opinions you have or plan to formulate in this Action, including but not limited to documents relating to your involvement in this Action prior to the date that you agreed to appear as a witness in this Action.

7.     Any and all versions or drafts of any reports, opinions, summaries, analysis, and/or statements prepared by you that relate to this Action.

8.     The entire contents of any file you maintain relating or pertaining to this Action, including but not limited to documents relating to your involvement in this Action prior to the date that you agreed to appear as a witness in this Action.

9.     Any and all documents in your possession relating or pertaining to Plaintiff, STATS ChipPAC, Inc., STATS ChipPAC, Ltd., and/or any director, officer, employee,

agent, or representative of STATS ChipPAC, Inc. or STATS ChipPAC, Ltd., regardless of whether you relied upon, utilized, or reviewed those documents.

10.    Any and all versions or drafts of your curriculum vitae from 2000 to present.

11.    Any and all transcripts containing testimony provided by you in any lawsuit, administrative Action, or other proceeding from 2000 to present.

12.    Any and all documents referring or relating to any lawsuit, administrative action, or other proceeding in which you served as a witness since 2000.

13.    Any and all documents referring or relating to any presentation, lecture or speech given by you regarding Singaporean corporate and business culture, the application of Singaporean defamation law, and/or the alleged differences between Singaporean and American employment culture.

14.    Any and all articles, books, treatises, or other published documents authored by you or to which you have contributed material.

15.    Any and all documents and/or communications received by you from Plaintiff, Plaintiff's counsel, any attorney or agent of Plaintiff or Plaintiff's counsel, or any other person relating or pertaining to this Action, whether or not reviewed or utilized by you.

16.    Any and all documents and/or communications sent to or otherwise transmitted by you to Plaintiff, Plaintiff's counsel, any attorney or agent of Plaintiff or Plaintiff's counsel, or any other person relating or pertaining to this Action.

17.    Any and all time records reflecting the date, time of day, amount of time spent and tasks performed by you in connection with this Action.

18.    Any and all records or documents reflecting the amounts owed by or paid by Plaintiff or Plaintiff's counsel to you for your time spent and/or tasks performed in connection with this Action.

# Exhibit 3

# GOPALAN NAIR
ATTORNEYS AT LAW

**GOPALAN NAIR**, L.L.B. (HULL, ENGLAND)
**ATTORNEY AT LAW, CALIFORNIA**
**BARRISTER OF THE INNER TEMPLE, LONDON, ENGLAND**
**ADVOCATE & SOLICITOR, SINGAPORE**

39737 PASEO PADRE PARKWAY
SUITE A1
FREMONT, CALIFORNIA 94538 • USA
TELEPHONE (510) 657-6107
FACSIMILE (510) 657-6914
E-mail: gopalnair@us-immigration-law.com
www.us-immigrationlaw.com

Caroline K Larsen
Ogletree, Deakins Nash Smoak and Stewart PC
2415 E Camelback Road
Suite 800
Phoenix, Arizona 85016

Certified Mail

Peter Strojnik PC
3030 North Central Avenue
Suite 1401
Phoenix, AZ 85012

March 04, 2008
Ref: Singapore.strojnik.030409.doc

- Case no: CV08-241-PHX-HRH
- Sahakian vs Stats Chip PAC et al
- Subpoena

1) Your subpoena to me dated March 03, 2009 refers.

2) I am not in possession of the documents or records referred to in the subpoena except as stated below.

3) Between May 26, 2008 and November 26, 2008 I was the defendant in 2 cases in Singapore,

    a) when I was charged for insulting a judge of the Singapore High Court for a blog post that I wrote in my blog "Singapore Dissident" dated May 29, 2008. The address of this blog is www.singaporedissident.blogspot.com, available on the Internet. This case attracted wide publicity throughout the world being cited by Human Rights Watch, Committee to Protect Journalists and Reporters Without Borders among others. This information is in the public domain through the Internet

    b) another case of insulting police officers and behaving in a disorderly manner on July 4, 2008.

    c) I am in possession of the transcripts of the "insulting a judge" case but they are too voluminous to copy and forward. You are at liberty to make copies of the same in my office by prior appointment and

upon payment of our fees. As regards the "insulting police officers and disorderly behavior" case of the July 4, 2008 incident, I am not in possession of the transcripts as these were not made available. However I have some papers from the court relating to that case. Again, you are welcome to have copies of the same at my office upon payment of our fees.

Yours Faithfully,

Gopalan Nair
Attorney at Law

# Exhibit 4

# GOPALAN NAIR
### A T T O R N E Y S   A T   L A W

**GOPALAN NAIR**, L.L.B. (HULL, ENGLAND)
ATTORNEY AT LAW, CALIFORNIA
BARRISTER OF THE INNER TEMPLE, LONDON, ENGLAND
ADVOCATE & SOLICITOR, SINGAPORE

39737 PASEO PADRE PARKWAY
SUITE A1
FREMONT, CALIFORNIA 94538 • USA
TELEPHONE (510) 657-6107
FACSIMILE (510) 657-6914
E-mail: gopalannair@us-immigrationlaw.com
www.us-immigrationlaw.com

Caroline K Larsen
Ogletree, Deakins Nash Smoak and Stewart PC
2415 E Camelback Road
Suite 800
Phoenix, Arizona 85016

Certified Mail

Peter Strojnik PC
3030 North Central Avenue
Suite 1401
Phoenix, AZ 85012

March 06, 2009
Ref: Singapore.strojnik.030409.doc

- Case no: CV08-241-PHX-HRH
- Sahakian vs Stats Chip PAC et al
- Subpoena

1) Your subpoena to me dated March 03, 2009 refers. Kindly note the typographical error in my letter to you dated March 4. It should read March 4, 2009 instead of March 4, 2008. Inconvenience regretted.

2) Please note that I had overlooked 2 other matters in the US. I was convicted in Fremont Superior Court, County of Alameda on or about the year 2000 on a Misdemeanor charge brought on by my ex-wife accusing me of making annoying telephone calls to her. This is not a crime of moral turpitude and arose out of marital differences. The files are with me but too voluminous to copy and forward. You are at liberty to make copies in my office on payment of our fees by prior appointment. You can also get copies of the documents from Fremont Superior Court as it is public record.

3) I was convicted of drunk driving on 2006 and placed on probation. This also occurred in Fremont. Case was in Fremont Superior court. Same explanation as above on copying etc.

Yours Faithfully,

Gopalan Nair
Attorney at Law

# Exhibit 5

## DECLARATION OF CHERI M. LORD

I, Cheri M. Lord, declare and state as follows:

1.      I am over the age of eighteen and am competent to testify as to all the matters set forth herein and would so testify if called upon to do so.

2.      I have personal knowledge of the matters set forth herein.  My personal knowledge is based upon my observations and personal participation in the events described below.

3.      On March 19, 2009, I contacted Mr. Nair via telephone to coordinate a convenient date and time to send a neutral, third party to go to his office and copy the documents responsive to STATS ChipPAC's subpoena issued in the matter of *Diane Sahakian v. STATS ChipPAC, Inc.*, United States District Case No. CV08-241 PHX HRH.

4.      Despite the offer in his letters, Mr. Nair admitted that the photocopy machine in his office was not adequate to copy the volume of documents that were responsive to the subpoena and that duplication could not be done in his office.  As an alternative, I offered to arrange for a local Kinko's to go to his office to pick up the documents from him, copy them at their facility, and return the originals to him and the copies to my office at STATS ChipPAC's expense.

5.      Mr. Nair confirmed there was a Kinko's nearby, but stated he has a fear of "someone running off with the documents."  I reassured Mr. Nair that I have never experienced anyone "running off with documents" in my 12 years of working with third-party vendors in other civil actions.  Mr. Nair reiterated that he would not agree to this arrangement.

6.      I asked Mr. Nair how STATS ChipPAC could obtain the responsive documents, and he stated that  Kinko's could come to his office to pick up him *and* the documents, transport them both to their facility so Mr. Nair could oversee the duplication,

and then return him and his documents to his office and send the photocopies to my office.

     7.    In lieu of asking Kinko's to provide Mr. Nair with transportation, I suggested that he simply bring the documents to a Kinko's at his convenience. I advised that Kinko's could bill me directly, so he would have no out-of-pocket costs. Mr. Nair would not agree; he was adamant that he would agree only to the arrangement he proposed, as stated above.

     8.    I advised Mr. Nair that I would contact Kinko's to see if they could provide this service and, if so, I would call Mr. Nair to make the arrangments.

     9.    When I called Kinko's, they advised me they could not permit Mr. Nair to ride with them to Kinko's, nor would he be permitted to go behind the customer service counter to closely oversee the duplication, because of liability concerns.

     10.    When I asked Kinko's for alternatives, I was advised that they would allow Mr. Nair to use a public photocopy machine, show him how to use it, and let him make the copies. Otherwise, Kinko's would pick up the documents, make the copies, and return the original documents to Mr. Nair, as they customarily do.

     11.    I then called Mr. Nair and explained the options that Kinko's had set out for me. Mr. Nair first said Kinko's had no liability issues and that their statements regarding same were simply untrue. I reiterated that, regardless of whether he agreed, that was Kinko's position, we needed to agree to an alternative arrangement. I suggested he accept Kinko's offer to "assign" him to his own machine to make the copies, but Mr. Nair refused this option. He said he was not getting paid for his role in this case, thus, he would not expend any time on it. I asked again if the duplication could be made on his office machine and again he said "no."

     12.    At a loss, I stated that, in my opinion, STATS ChipPAC had gone above and beyond what was required of them by Rule 45, Federal Rules of Civil Procedure. Mr. Nair said he did not know what Rule 45 was and he was not interested in looking it

up.  I reminded Mr. Nair that he had not objected to responding to the subpoena within the time permitted to do so.  I also advised Mr. Nair that, if he refused to comply with the subpoena, STATS ChipPAC could have no choice by to file a motion to compel.  At that point, our call was disconnected.

Pursuant to the laws of the State of Arizona, I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 2nd day of June, 2009 in Phoenix, Arizona.

Cheri M. Lord

7349451.1 (OGLETREE)

3

# Exhibit 6

Page 90

1  Honor I have lost all confidence in this court.
2  These are statements that I made from the court
3  while I was being tried.
4         Now, the judge didn't do anything about
5  this then. The judge said I had to pay a fine, so I
6  paid the fine and that matter was over. Then comes
7  September the 8th for the earlier case of insulting
8  a judge because of the blog, right?
9         Now, at that time the judge sentence me to
10 jail for three months. Now, while I am in prison
11 and I have one week to go before my release the
12 police and attorney general come to prison with a
13 stack of documents, says look, we are charging you
14 for contempt of court, and contempt of court was for
15 the earlier incident when I had told the judge in
16 court I said, Your Honor, I don't have any
17 confidence, I have no confidence that I will get
18 fair trial, that I don't have any confidence in the
19 impartiality.
20        I made those statements in the court, so
21 one week before my release they come up new contempt
22 charges for what I had said in that trial, so I had
23 one week to go. Now I have to think what best to
24 do. If I said okay, I am going to fight this case
25 there's possibility that I might not get out of

Page 91

1  jail, they might put me there even longer.
2         So then they took me back to court on
3  November 12th, judge asked me what do you want, I
4  said look, Your Honor, I will say anything you want
5  to hear, I am sorry, you know, I apologize, I will
6  do whatever you want because I wanted to get out of
7  prison. So that was for James Leong. Then when you
8  asked James Leong, that was statements I made to
9  James Leong.
10 Q    When you went back to court, did you
11 withdraw your statements?
12 A    What do you mean, back to which court?
13 Q    When you went back to court the final time
14 before your release on the new charges of contempt
15 regarding Judge James Leong, you said you
16 apologized?
17 A    Yes.
18 Q    Did you withdraw your statements?
19 A    You mean in Singapore?
20 Q    When you were in court?
21 A    I don't understand what you are saying, I
22 had one week before my release, I was going to be
23 released I had one week to go, they brought me to
24 court in shackles, they said we've got fresh charges
25 of contempt against you, what are you going to say.

Page 92

1  I will say anything you want me to say. I will say
2  the moon is made of cheese if you want to hear that.
3  So I apologize, because I apologize the judge didn't
4  decide to do anything more. Didn't decide to punish
5  me any further.
6         He merely said give you warning, you know,
7  you shouldn't do this again, you shouldn't,
8  criticize attack the judiciary of Singapore again.
9  I said, Your Honor, I will never do it. The moment
10 I came to United States, the very next day I put the
11 blogs up and said the same thing, so that's -- but,
12 you know, when you ask me did I withdraw, I don't
13 know what you mean withdraw. I never withdrew
14 anything.
15        I wanted to get out of Singapore because
16 the cases that I thought -- I thought the cases that
17 I thought was the case about insulting judge, I
18 didn't plead guilty. I fought the case. It took
19 eight days at trial and eventually naturally the
20 judge found me guilty, and then the earlier case
21 about the incident, I was accosted by certain
22 individuals, I fought that case, too, that was 18
23 days. I cross examined various people. Didn't do
24 very good. They had it all planned out, you see.
25        MS. LARSEN: Okay. I thank you for your

Page 93

1  time and hospitality. I would like to clarify how
2  you would like to get the documents that you have,
3  what you want me to do.
4         THE WITNESS: You can devise a system
5  where I can accompany the person. I have those
6  documents right here, you can devise a system where
7  you send somebody, I can follow that person, they
8  can go in a car, you can photocopy all those
9  documents. You can have them.
10        MS. LARSEN: Well, they can, if you can
11 take them we certainly can arrange where the copying
12 can be done. I don't believe the vendors they
13 select would transport you. If you bring the
14 documents they can find a place to take them.
15        THE WITNESS: Tell me a time. I will take
16 them to the place, I will meet whoever it is who is
17 going to copy. I can be there watching my
18 documents, you can have them, I can take them back.
19        MS. LARSEN: All they need to determine is
20 a place. Documents copied at our expense, and you
21 can supervise.
22        THE WITNESS: Right. I don't want to have
23 time to do it myself. You can get somebody to do
24 it. They're huge.
25        MS. LARSEN: Okay. I will call you to

Page 94

1    arrange that.
2              THE WITNESS:  If you want I can show you
3    the documents.
4              MS. LARSEN:  I believe you.
5              THE WITNESS:  They are huge, those
6    documents, those people who are sued, Asian Wall
7    Street Journal.
8              MS. LARSEN:  Thank you very much.
9                   (Whereupon the deposition of GOPALAN
10                  NAIR was concluded at 5:48 p.m.)
11             I certify under penalty of perjury under
12   the laws of the State of California that the
13   foregoing transcript is true and correct.
14   Date:_____, 2009
15
16             _____
17                  GOPALAN NAIR
18
19
20
21
22
23
24
25

Page 95

1              I, MONICA A. COMER, C.S.R. #11017, a
2    Certified Shorthand Reporter of the State of
3    California, do hereby certify:
4              That the Witness in the foregoing
5    deposition was by me duly sworn to tell the truth,
6    the whole truth and nothing but the truth;
7              That the said deposition was taken down by
8    me, a Certified Shorthand Reporter, at the time and
9    place therein named and thereafter reduced to
10   typewriting;
11             And that the Witness was given the
12   opportunity to read and, if necessary, correct the
13   said deposition and to subscribe the same.
14             I further certify that I am not of Counsel
15   or Attorney for either or any of the parties in the
16   foregoing deposition and caption named, or in any
17   way interested in the outcome of the cause named in
18   said caption.
19   Dated: _____, 2009
20
21             _____
22             Monica A. Comer, C.S.R. No. 11017
23
24
25