# Exhibit 7



**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**

*Attorneys at Law*

Esplanade III
2415 East Camelback Road
Suite 800
Phoenix, AZ 85016
Telephone: 602.778.3700
Facsimile: 602.778.3750
www.ogletreedeakins.com

Caroline Larsen
Direct: (602) 778-3756
Caroline.Larsen@ogletreedeakins.com

March 30, 2009

<u>**VIA FACSIMILE (510-657-6914) AND U.S. MAIL**</u>

Mr. Gopalan Nair
39737 Paseo Padre Pkwy, Suite A1
Fremont, CA 94538

Re:     *United States District Court Case 2:08-cv-00241-HRH; Sahakian v. STATS ChipPAC, Inc. et al
reproduction of documents responsive to subpoena duces tecum*

Dear Mr. Nair,

Thank you again for the time you spent providing testimony in the above-referenced matter on Monday. I am following up about the documents you have that are responsive to the subpoena duces tecum served upon you by STATS ChipPAC, Inc. and STATS ChipPAC, Ltd., including but not limited to, your correspondence with Mr. Strojnik regarding your services in this action and documents related to the legal matters in which you have been involved, as referenced in your letters dated March 4 and 6, 2009.

As we agreed at the conclusion of your records, we have arranged to have these documents reproduced at FedEx Kinko's, 5581 Auto Mall Parkway in Fremont. I believe this should be a convenient location for you. FedEx Kinko's will bill the costs of reproduction directly to my office. As we previously indicated, since FedEx Kinko's has liability concerns that prevent them from transporting you with the documents, you can take the documents to their location, anytime Monday through Thursday, between 12:30 and 5:30 p.m. We have advised Kelly, the Office Manager at this location, that you would prefer to supervise the copying of these documents and they are prepared to make copies in their general customer service area, in your clear view. Please ask for Kelly when you arrive at FedEx Kinko's. We are anxious to bring this matter to a conclusion, so we would greatly appreciate it if you could take the documents in for copying within the next week.

Atlanta • Austin • Birmingham • Bloomfield Hills • Boston • Charleston • Charlotte • Chicago • Cleveland • Columbia • Dallas • Greensboro • Greenville • Houston • Indianapolis • Jackson • Kansas City
Los Angeles • Memphis • Miami • Morristown • Nashville • Philadelphia • Phoenix • Pittsburgh • Raleigh • St. Louis • St. Thomas • San Antonio • San Francisco • Tampa • Torrance • Tucson • Washington

Mr. Gopalan Nair
March 30, 2009
Page 2



Thank you for your cooperation in this matter.  Please feel free to call me if you have any questions.

Sincerely,

Caroline Larsen
cc:  Peter Strojnik, Peter Strojnik P.C.

7154610.1 (OGLETREE)



**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
Esplanade Center III
2415 East Camelback Rd, Suite 800
Phoenix, AZ 85016

Phone:   602-778-3700
Fax:      602-778-3750
www.ogletreedeakins.com

## FACSIMILE TRANSMITTAL

| | | | |
|---|---|---|---|
| **DATE:** | 3/30/09 | **TOTAL PAGES:** | 3 (includes cover page) |
| **TO:** | Mr.Goplan Nair | **FROM:** | Caroline Larsen |
| **COMPANY:** | | **PHONE:** | 602-778-3734 |
| **FAX:** | 510-657-6914 | **CLIENT/MATTER NO.:** | |
| **PHONE:** | | **PHONE CODE:** | |

Original to follow in mail:     Yes  ☒        No  ☒

If problems arise with receipt of this transmission, please contact:     **Liz Chavez 602-778-3738**

**NOTES:**

4742282.1

Atlanta, GA • Austin, TX • Birmingham, AL • Charleston, SC • Charlotte, NC • Chicago, IL • Cleveland, OH • Columbia, SC • Dallas, TX • Greensboro, NC
Greenville, SC • Houston, TX • Indianapolis, IN • Kansas City, MO • Los Angeles, CA • Miami, FL • Morristown, NJ • Nashville, TN • Philadelphia, PA
Phoenix, AZ • Pittsburgh, PA • Raleigh, NC • St. Thomas, VI • San Antonio, TX • Tampa, FL • Torrance, CA • Tucson, AZ • Washington, DC

*CONFIDENTIALITY NOTICE: This message and the documents accompanying this facsimile are legally privileged, confidential, and exempt from disclosure under applicable law. The information is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, please be advised that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited. If this communication has been received in error, please notify us by telephone immediately to arrange for the return of the original documents to us. Thank you.*

```
                    *********************
              ***     TX REPORT     ***
                    *********************


       TRANSMISSION OK

       TX/RX NO                    0993
       DEPT. ID
       RECIPIENT ADDRESS           916022960135#4700
       DESTINATION ID
       ST. TIME                    03/31 10:02
       TIME USE                    01'04
       PAGES SENT                  3
       RESULT                      OK
```

# Ogletree
# Deakins

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**

*Attorneys at Law*

Esplanade Center III
2415 East Camelback Rd, Suite 800
Phoenix, AZ 85016

Phone:  602.778.3700
Fax:     602.778.3750
www.ogletreedeakins.com

## FACSIMILE TRANSMITTAL

| | | | |
|---|---|---|---|
| **DATE:** | March 31, 2009 | **TOTAL PAGES:** | 3 (includes cover page) |
| **TO:** | Peter Strojnik | **FROM:** | Caroline Larsen |
| **COMPANY:** | Peter Strojnik, P.C. | **PHONE:** | 602-778-3700 |
| **FAX:** | 602-296-0135 | **CLIENT/MATTER NO.:** | |
| **PHONE:** | | **PHONE CODE:** | |

Original to follow in mail:      Yes  ☐          No  ☒

If problems arise with receipt of this transmission, please contact:    **Debra Perkins  602-778-3731**

# Exhibit 8

## DECLARATION OF PATRICIA L. SIMON

Patricia L. Simon, being duly sworn upon her oath, deposes and states as follows:

1.    I am an adult resident of the State of Arizona, and am competent to testify as to all of the facts set forth herein and have personal knowledge of the matters set forth herein.

2.    My personal knowledge is based upon my own observations and personal participation in the events described below.

3.    I am employed by Ogletree Deakins, Nash, Smoak & Stewart, P.C. ("Ogletree Deakins") as a paralegal.    Ogletree Deakins represents STATS ChipPAC, Inc. and STATS ChipPAC, Ltd., defendants in the matter of *Diane Sahakian v. STATS ChipPAC, et al.*, pending in the U.S. District Court of Arizona, Case No. CV08-241-PHX-HRH.

4.    On or around March 3, 2009, I caused to be served a subpoena duces tecum upon Gopalan Nair seeking certain documents related to the lawsuit referenced above. Mr. Nair was served on March 4, 2009. A copy of the Proof of Service completed by the process server, along with the subpoena duces tecum, is attached hereto as Exhibit "A". Documents in Mr. Nair's possession that were responsive to the subpoena duces tecum were due on March 18, 2009.

5.    Mr. Nair responded with two letters, but did not produce any documents responsive to the subpoena. While I was on vacation, my colleague, Cheri Lord, contacted Mr. Nair during my absence to inquire of the status of his response to Defendants' subpoena duces tecum.

6.    In April 2009, Caroline Larsen, an Ogletree Deakins attorney representing STATS ChipPAC in this matter, asked me to contact Mr. Nair and inquire about the status of his response to our subpoena duces tecum since we still had not received any documents from Mr. Nair.

7.    On Friday, April 24, 2009, I contacted Mr. Nair's office. I identified myself and the reason why I was calling to the woman who answered the phone. She put me on hold briefly and returned to inform me that Mr. Nair was in trial. I left my contact information and asked the woman to ask Mr. Nair to contact me when he returned. Mr. Nair did not call me back.

8.    On Monday, April 27, 2009, I contacted Mr. Nair's office again and asked to speak to Mr. Nair. The same woman who answered the phone the previous time informed me that Mr. Nair would be responding to me shortly. I asked her whether or not that meant he intended to produce documents pursuant to Defendants' subpoena duces tecum. She responded that she did not know.

9.     On Tuesday, April 28, 2009, Mr. Nair sent me the email attached hereto as Exhibit "B," requesting compensation in the amount of $1,600 to respond to Defendants' subpoena duces tecum.

Pursuant to the laws of the State of Arizona, I declare under penalty of perjury that the foregoing is true and correct.


EXECUTED this 2nd day of June, 2009 in Phoenix, Arizona.

Patricia L. Simon

# EXHIBIT A

FAO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

NORTHERN ____ DISTRICT OF ____ CALIFORNIA

Diane Sahakian

v.

STATS ChipPAC, Inc.; STATS ChipPAC Ltd.

### SUBPOENA IN A CIVIL CASE

CASE NUMBER: CV08-241-PHX-HRH

TO:    Gopalan Nair
       39737 Paseo Padre Parkway, #A1
       Fremont, CA  94538

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY: | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF TESTIMONY: | DATE AND TIME: |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects).

See Exhibit "A"

| PLACE: Ogletree, Deakins, Nash, Smoak & Stewart, P.C. Attention: Trish Simon, Paralegal 2415 E. Camelback Road, Suite 800 Phoenix, AZ  85016 | DATE AND TIME: March 18, 2009, by 5:00 p.m. (by close of business) |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PLACE: | DATE AND TIME: |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE: |
|---|---|
| _[signature]_   Attorney for the Defendants | March 3, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND TELEPHONE NUMBER

Caroline K. Larsen, SBN #022547, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 2415 E. Camelback Rd., Suite 800, Phoenix, Arizona (602) 778-3700

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 3/4/09 | 39737 Paseo Padre Parkway #A-1 Fremont, CA 94538 |

| | |
|---|---|
| SERVED ON (PRINT NAME) Gopalan Nair | MANNER OF SERVICE personal |
| SERVED ON (PRINT NAME) By J. Alan Constant | TITLE Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___3/4/09___
                DATE

J. Alan Constant
SIGNATURE OF SERVER

435 Grove St. #112
SIGNATURE OF SERVER

San Francisco CA- 94102

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance;

(ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii)

of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held; or

(iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv)    subjects a person to undue burden.

(B) If a subpoena

(i)    requires disclosure of a trade secret or other confidential research, development or commercial information; or

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party; or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

### INSTRUCTIONS FOR USE FOR SUBPOENA DUCES TECUM

1. In providing the documents described herein, you are requested to furnish all documents available to you, regardless of whether these documents are possessed directly by you, or by your attorney, employer, employees, agents, investigators, or other representatives.

2. If any of these documents cannot be produced in full, produce to the extent possible, and specify the reasons for your inability to produce the remainder stating whatever information, knowledge or belief you have concerning the substance of the contents of such unproduced documents.

3. If any document or thing requested was at one time in existence, but is no longer in existence, you shall so state, specifying for each document or thing: (a) the type of documents or thing, (b) the types of information contained therein, (c) the date upon which the document or thing ceased to exist, (d) the circumstances under which the document or thing ceased to exist, and (e) the identity of each person having knowledge or who had knowledge of the contents thereof.

4. To the extent that any request is objected to, you are instructed to set forth all reasons for such objection. If any objection is made only to part of a particular request, that part shall be so specified and documents responsive to all other parts of the request shall be produced. **With respect to any document which you claim to be privileged or otherwise immune from production, you are to describe each document in your response as follows: (a) the document's date, (b) its title, (c) the identity of each person who prepared or wrote the document, (d) the identity of each person who received the document, (e) the type of document (for example, memorandum, letter, etc.), (f) the subject matter of the document and the request to which the document is responsive, (g) the type of privilege claimed, and (h) all factual and legal bases for the claimed privilege.**

5. The singular form of any word shall include the plural, the masculine form of any word shall include the feminine, and the words "and" and "or" shall be construed both conjunctively and disjunctively.

6. This request is intended to be continuing, requiring you to produce whatever documents responsive to this request that you may subsequently become aware of or obtain.

## DEFINITIONS APPLICABLE TO SUBPOENA DUCES TECUM

The following definitions shall be applicable to this Attachment to the subpoena duces tecum:

A.    The term **"documents"** is used in the broad sense and includes, without limitation, the following items whether printed or recorded, reproduced by any mechanical, electronic, or photographic process, or written or produced by hand, and shall include all drafts and copies of any such document (unless such copy is identical in every respect with the original or copy thereof produced), namely: agreements; contracts; communications, including newspaper or other periodical reports or articles; correspondence; memoranda; records; books; summaries or records of telephone conversations; telephone logs; diaries; financial statements; statistical statements; management letters; accountants' or clients' work papers; manuals; graphs; charts; accounts; analytical records; minutes or records of meetings or conferences; reports and/or summaries of interviews; reports and/or summaries of investigations; opinions and/or reports of consultants; appraisals; reports; brochures; pamphlets; circulars; trade letters; press releases; telex files; teletype; telegrams; notes; projections; marginal notations; photographs; drawings; specifications; checks back and front; typed or stenographic transcripts or any testimony given at any legal or investigative proceeding; drafts of any of the foregoing, if applicable; or other documents or writings of whatever description.

B.    Documents that **"relate to"** a subject matter are documents that constitute, contain, support, modify, contradict, criticize, discuss, mention, describe, record, report, reflect, pertain to, were prepared in connection with or arise in any way from that subject matter.

C.    The term **"Plaintiff"** refers to the Plaintiff in this Action, Diane Sahakian.

D.    The term **"Plaintiff's counsel"** refers to Peter Strojnik, Peter Strojnik, P.C., Peter K. Strojnik, The Law Firm of Peter Strojnik, Tod F. Schleier, Bradley H. Schleier, and/or Schleier Law Offices, and/or any employee, agent, or representative of Peter Strojnik, Peter Strojnik, P.C., Peter K. Strojnik, The Law Firm of Peter Strojnik, Tod F. Schleier, Bradley H. Schleier, and/or Schleier Law Offices.

E.    The terms **"you"** and **"your"** refer to Gopalan Nair, plus any other persons acting or purporting to act on his behalf, including agents, employees, attorneys, accountants, assistants and investigators.

F.    The term **"possession, custody or control"** includes the joint or several possession, custody or control not only of the individual to whom this request is addressed, but also the joint or several possession, custody or control by each present or

former agent of the individual, whether an attorney, employee, agent, sponsor, spokesperson, investigator, or representative.

G.    The term **"person"** means the singular and plural of any natural person, firm, corporation, partnership, proprietorship, joint venture, organization, group of natural persons, or other association, including all agents, representatives, and employees.

H.    The terms **"Matter"** and **"Action"** refer to the lawsuit pursuant to which this subpoena duces tecum is filed, captioned *Diane Sahakian vs. STATS ChipPAC, Inc. et al.*, Case No. CV-08-241-PHX-HRH, currently pending in the United States District Court for the District of Arizona.

## CATEGORIES OF DOCUMENTS TO BE PRODUCED

Any and all documents, including data input, whether prepared, received or reviewed by you relating to this Action, including, but not limited to:

1.     Any and all documents you relied upon, utilized, or reviewed in formulating your opinions regarding the Singaporean corporate and business culture as it relates to the alleged abuse of women or minorities.

2.     Any and all documents you relied upon, utilized, or reviewed in formulating your opinions regarding the application of Singaporean defamation law in order to preserve the political and business power structure of Singapore; its economic structure; its oligarchy; and/or its public perception.

3.     Any and all documents you relied upon, utilized, or reviewed in formulating your opinions regarding the alleged misapplication of Singaporean law to oppress or intimidate women or minorities.

4.     Any and all documents you relied upon, utilized, or reviewed in formulating your opinions regarding the alleged differences between Singaporean and American employment culture, particularly as it relates to the treatment of women or minorities.

5.     Any and all documents you relied upon, utilized, or reviewed in connection with your involvement in this Action, including but not limited to documents prepared, relied upon, utilized, or reviewed prior to the date that you agreed to appear as a witness in this Action.

6.     Any and all documents that constitute, evidence, reflect or pertain to the basis for any opinions you have or plan to formulate in this Action, including but not limited to documents relating to your involvement in this Action prior to the date that you agreed to appear as a witness in this Action.

7.     Any and all versions or drafts of any reports, opinions, summaries, analysis, and/or statements prepared by you that relate to this Action.

8.     The entire contents of any file you maintain relating or pertaining to this Action, including but not limited to documents relating to your involvement in this Action prior to the date that you agreed to appear as a witness in this Action.

9.     Any and all documents in your possession relating or pertaining to Plaintiff, STATS ChipPAC, Inc., STATS ChipPAC, Ltd., and/or any director, officer, employee,

agent, or representative of STATS ChipPAC, Inc. or STATS ChipPAC, Ltd., regardless of whether you relied upon, utilized, or reviewed those documents.

10.    Any and all versions or drafts of your curriculum vitae from 2000 to present.

11.    Any and all transcripts containing testimony provided by you in any lawsuit, administrative Action, or other proceeding from 2000 to present.

12.    Any and all documents referring or relating to any lawsuit, administrative action, or other proceeding in which you served as a witness since 2000.

13.    Any and all documents referring or relating to any presentation, lecture or speech given by you regarding Singaporean corporate and business culture, the application of Singaporean defamation law, and/or the alleged differences between Singaporean and American employment culture.

14.    Any and all articles, books, treatises, or other published documents authored by you or to which you have contributed material.

15.    Any and all documents and/or communications received by you from Plaintiff, Plaintiff's counsel, any attorney or agent of Plaintiff or Plaintiff's counsel, or any other person relating or pertaining to this Action, whether or not reviewed or utilized by you.

16.    Any and all documents and/or communications sent to or otherwise transmitted by you to Plaintiff, Plaintiff's counsel, any attorney or agent of Plaintiff or Plaintiff's counsel, or any other person relating or pertaining to this Action.

17.    Any and all time records reflecting the date, time of day, amount of time spent and tasks performed by you in connection with this Action.

18.    Any and all records or documents reflecting the amounts owed by or paid by Plaintiff or Plaintiff's counsel to you for your time spent and/or tasks performed in connection with this Action.

# EXHIBIT B

**Simon, Trish L.**

| | |
|---|---|
| **From:** | Gopalan Nair [nair.gopalan@yahoo.com] |
| **Sent:** | Tuesday, April 28, 2009 11:22 AM |
| **To:** | Simon, Trish L. |
| **Cc:** | strojnik@aol.com |

**Subject:** supoena

Hello Caroline Larson,

Your fax of March 30, 2009 refers. As you are aware, the documents to be copied are voluminous. As I am not prepared to let them off my sight, it would appear that I would have to take time off my work for at least 4 hours on a coservative estimate to go to the location, wait for the copying, and return to my office. At my billing rate of $400.00 per hour, this would mean loss of income in the sum of $1600.00. Upon your forwarding the sum of $1600.00 to us, payable Gopalan Nair Attorneys at Law, we shall make the necessary arrangements you request.

As for the communication between Strojnik and us, I am asking Strojnik to forward the same to you. Hello Peter, please forward all communication between us to Ogletree, a copy to us please.

Gopalan Nair
Orbis Terrarum Aut Nihil

# Exhibit 9

**Larsen, Caroline**

| | |
|---|---|
| **From:** | Larsen, Caroline |
| **Sent:** | Friday, May 22, 2009 10:02 AM |
| **To:** | 'strojnik' |
| **Cc:** | Dowell, L. Eric; 'PksEsq'; 'nair.gopalan@yahoo.com' |
| **Subject:** | Case 2:08-cv-00241-HRH Sahakian v. STATS ChipPAC, Inc. et al - subpoena to Gopalan Nair |
| **File:** | 0 |

Peter,

As I'm sure you are aware, Mr. Nair's position, as stated below, does not comport with either his statements regarding his willingness to comply with Defendants' subpoena at the conclusion of his deposition or with Rule 45 of the Federal Rules of Civil Procedure. We have already wasted an inordinate amount of time trying to secure Mr. Nair's compliance with the subpoena and, if necessary, we will move the Court for an order compelling Mr. Nair to comply and seeking recovery of all of the fees STATS ChipPAC has incurred in contacting him multiple times about this issue, as well as fees incurred drafting the motion.

We note, however, that Mr. Nair is not listed as a witness on either of Plaintiff's trial witness lists. If you can confirm that Plaintiff will not be calling Mr. Nair as a witness and will not seek to use his deposition transcript at trial, STATS ChipPAC can forego pursing the subpoena.

Caroline Larsen
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Email: caroline.larsen@ogletreedeakins.com
Direct Dial: 602-778-3756
Main Telephone Number: 602-778-3700
Fax: 602-778-3750

**From:** Gopalan Nair [mailto:nair.gopalan@yahoo.com]
**Sent:** Tuesday, April 28, 2009 11:22 AM
**To:** Simon, Trish L.
**Cc:** strojnik@aol.com
**Subject:** supoena

Hello Caroline Larson,

Your fax of March 30, 2009 refers. As you are aware, the documents to be copied are voluminous. As I am not prepared to let them off my sight, it would appear that I would have to take time off my work for at least 4 hours on a coservative estimate to go to the location, wait for the copying, and return to my office. At my billing rate of $400.00 per hour, this would mean loss of income in the sum of $1600.00. Upon your forwarding the sum of $1600.00 to us, payable Gopalan Nair Attorneys at Law, we shall make the necessary arrangements you request.

As for the communication between Strojnik and us, I am asking Strojnik to forward the same to you. Hello Peter, please forward all communication between us to Ogletree, a copy to us please.

Gopalan Nair
Orbis Terrarum Aut Nihil

# Exhibit 10

**Larsen, Caroline**

| | |
|---|---|
| **From:** | PksEsq@aol.com |
| **Sent:** | Friday, May 22, 2009 3:20 PM |
| **To:** | Dowell, L. Eric |
| **Cc:** | Larsen, Caroline; Strojnik@aol.com |
| **Subject:** | STATS Organizational Chart - Gopalan Nair |

Caroline: I emailed and spoke with Mr. Nair again, and he appears to be resolute on the same topics that he has been expressing for some time now. I am sorry I cannot do more for you. Have a good weekend.

Peter K.

Recession-proof vacation ideas. Find free things to do in the U.S.

# Exhibit 11

THE LAW FIRM OF
# PETER STROJNIK
A T T O R N E Y   A T   L A W

February 13, 2009

Leigh E. Dowell, Esq. *by e-mail only* eric.dowell@ogletreedeakins.com
Caroline K. Larsen, Esq. *by e-mail only* caroline.larsen@ogletreedeakins.com
Ogletree Deakins Nash Smoak & Stewart PC
2415 E Camelback Rd, Ste 800
Phoenix , Arizona 85016

      Re:   1. *Sahakian v. STATS ChipPAC, Inc. et al* 2:08-cv-00241-HRH

Dear Counsel:

Thank you for a constructive discovery conference. Plaintiff agreed to all your requests (we schedule Ms. Sahakian's Deposition; we will supplement Interrogatory 11 Responses; we will provide you with Medical Release Forms; we have given you complete control over the timing and scheduling of depositions; we agreed for the medical examination by Dr. Wilson as Defendants Litigation Support witness). Conversely, you declined to permit the Rule 30(b)(6) deposition of Defendants and you declined to provide the documents requested pursuant to Rule 30(b)(2).

We held a brief discussion regarding Mr. Golapan Nair. I indicated to you that Mr. Nair's testimony as a witness in the case will be offered pursuant to Rule 701, Rules of Evidence:

> **Rule 701. Opinion Testimony by Lay Witnesses**
>
> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

We intend to bring evidence of STATS' and Temasek's discriminatory practices for numerous reasons, including, without limitation, to show (1) motive; (2)

punitive damages; and (3) "routine practice" of preferences for Singaporean employees over American employees and the Singaporean view of Americans as expendable resources (e.g. "tools" in trade):

> **Rule 406. Habit; Routine Practice**
>
> Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice.

As you can tell from the subject listed in the Notice of Rule 30(b)(6) deposition of your clients, STATS has engaged in a routine practice of racial and sexual discrimination. As days go by, more and more witnesses are coming forward with information. The information is invariably the same, i.e. demeaning attitudes toward Americans and preferential treatment to Singaporeans over Americans, particularly American women.

I attach the Agenda with agreements marked in RED. I also attach the 10-06-08 letter from Mr. Schleier. If you find that any statement in the Agenda does not accurately reflect our agreement, please let me know just as soon as you can.

It was good to talk to both of you in person. I am confident that we will be able to bring this matter to a jury expeditiously and that the jury will make the right decision. I am looking forward to litigating this matter with you.

Thank you in advance for your continued courtesy.

Sincerely,

Peter Strojnik

PS: pjs
CC:
1. Client by e-mail only
2. Lawrence Rosenfeld by e-mail only *rosenfeldL@gtlaw.com*
Encls: *As indicated.*