Peter Strojnik, 006464
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Telephone: 602-524-6602
Facsimile: 602-296-0135
e-mail: *ps@strojnik.com*
Attorney for Ms. Sahakian

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| DIANE SAHAKIAN, a single woman, | NO. CV-08-241-PHX-HRH |
| Plaintiff, | **NOTICE OF FILING STATE COURT ACTION IN ORDER TO PROTECT STATUTE OF LIMITATIONS** |
| vs. | |
| STATS ChipPAC, Inc., a foreign corporation; STATS ChipPAC, Ltd., a foreign corporation; TEMASEK HOLDINGS PRIVATE LIMITED, a foreign corporation; SINGAPORE TECHNOLOGIES SEMICONDUCTORS PRIVATE LIMITED, a foreign corporation. | **And** **MOTION FOR LEAVE TO WITHDRAW MOTION TO AMEND AS MOOT** |
| Defendants. | |

On June 2, 2009, Plaintiff submitted to the Court her Motion to Amend Second Amended Complaint to Add Claim for Intentional Infliction of Emotional Distress. Doc 153. As part of said Motion, Plaintiff requested accelerated consideration for the reason that the statute of limitation. In footnote 1, Plaintiff noted:

> While the Statute *may* or *may not* be an issue on the State proceedings, counsel must protect Plaintiff's cause of action against a potential for dismissal on procedural grounds. Therefore, in order to satisfy the two year Statute of Limitations for this cause of action, *Duhammel v. Star*, 133 Ariz. 558, 653 P.2d 15 (App. 1982), the action would have to be filed on or before June 22, 2009

-1-

As the Court is aware, Plaintiff claims that a group of STATS employees– Eric Gongora, Brett Dunlap, Scot Gooch and BJ Han – intentionally caused her emotional distress.

In 2006 and 20097, Gongora embarked on a course of conduct designed to undermine Plaintiff's authority within her group, to humiliate and harass her, to act insubordinately and disrespectfully toward Plaintiff, to yell and scream at her, to intimidate her and otherwise intentionally cause her distress. Gongora[1] enlisted the aid of his reports, Dunlap and Gooch, to support Gongora in his unlawful conduct of harassment against Plaintiff. Dunlap and Gooch made their contribution to their scheme by complaining about Diane to Diane's supervisor, BJ Han, by falsely accusing Diane of creating a hostile work environment, by accusing her of being racially intolerant, and by stating that she is the worst manager ever. Gongora's, Dunlap's and Gooch's actions were directed toward Plaintiff because they believed that their actions would have no consequences for the following reasons:

1. STATS was and is a male-dominated company; and

2. Plaintiff was an easy mark and could be intimidated, harassed and humiliated with impunity; and

---

[1] At the time of the events that unfolded in 2006 and 2007, Plaintiff was unaware that Gongora was a convicted felon with a history of sexual harassment and general hatred of women. She did not know that Gongora was a known abuser of women. It was only during the discovery in the current case that Plaintiff learned, through public records and case discovery, that Gongora: (1) physically and emotionally threatened women; and (ii) physically and emotionally intimidated women; and (iii) physically beat women; and (iv) put a gun to a women's head in an act of aggravated assault; and (v) tried to run a woman down with a car; and (vi) kicked a pregnant woman in her back; and (vii) engaged in sexual harassment during his prior employment with Amkor; and (viii) surfed pornographic websites during work hours on employer's computers; and (ix) exchanged pornographic e-mails during work hours on employer's computers; and (x) attempted to use employer's FedEx account to transport drugs from the US to the Philippines; and (xi) manipulated women to give him sexual favors; and (xii) engaged in other conduct demonstrating his dislike, disrespect and contempt for women.

3. STATS was run by a management, including BJ Han and Tan Lay Koon, that did not care about US Laws of gender equality; and

4. STATS was completely unequipped to deal with charges of gender harassment and the creation of a hostile work environment; and

5. Gongora, Dunlap and Gooch were a group of three, whereas Plaintiff was alone; and

6. Gongora, Dunlap and Gooch believed that they could enlist BJ Han to their cause against Plaintiff.

Indeed, BJ Han and Tan Lay Koon tacitly agreed with Gongora's, Dunlap's and Gooch's conduct. BJ Han himself began to put stress on Plaintiff.

On June 21, BJ Han sent to Plaintiff an e-mail in which he (BJ Han) related to Plaintiff that one of Plaintiff's *unnamed*[2] reports made a statement during his exit interview that Plaintiff was the "worst manager he/she has ever had" and that "Diane should not be working here and I don't know why she is in the position she is in". This e-mail was a culmination of a lengthy process through which STATS' employees' Gongora, Dunlap and Gooch attempted (and succeeded) in removing Plaintiff from her position with STATS; it is also the first indication that BJ Han was a part of the common scheme to remove Plaintiff from STATS' employment; at the time of the e-mail, BJ Han was fully aware of Plaintiff's impeccable employment record and her loyalty to the company. He knew this because *he was her supervisor who completed her performance reviews*! On June 22, 2007, Plaintiff gave notice of taking the FMLA leave, and on June 23, 2007, her FMLA leave began.

---

[2] Plaintiff has since discovered that the "unnamed" source was Scott Gooch.

A claim for IIED must be brought within two years after the discovery and accrual of the cause of action accrues. *Duhammel v. Star*, 133 Ariz. 558, 653 P.2d 15 (App. 1982). "When discovery occurs and a cause of action accrues are usually and necessarily questions of fact for the jury." *Doe v. Roe,* 191 Ariz. 313, ¶ 32, 955 P.2d 951, 961 (1998). In the case at hand, the claim for IIED accrued at the time when the "severe emotional distress" – the last element in an IIED claim – occurred. This occurred on June 22, 2007 when Plaintiff took the FMLA leave. The date of this filing is the last day on which a claim for IIED can be successfully filed.

Plaintiff's Complaint filed in the State Court includes individual defendants that Plaintiff has not listed in his [Proposed] Third Amended Complaint. It also includes causes of action for conspiracy and aiding and abetting and defamation. Plaintiff is secure in her conclusion that filing the action today will not violate the two-year statute of limitations which accrued on June 22, 2007. However, should Plaintiff allow the June 22, 2009 date to go by without protecting her two year statute, she may be forever barred from bringing the action again.

## CONCLUSION AND PRAYER FOR RELIEF

Plaintiff filed a Complaint with the State Court this day. Exhibit 1. Defendants have expressed objection to Plaintiff's Motion to Amend. Doc 164. Therefore, Plaintiff seeks leave to withdraw her Motion to Amend as moot.

RESPECTFULLY SUBMITTED this 22ND day of June, 2009.

**PETER STROJNIK, P.C.**

_____
Peter Strojnik
Attorney for the Ms. Sahakian