**THE LAW FIRM OF PETER STROJNIK**
ATTORNEYS AT LAW
SUITE 1401
3030 North Central Avenue
Phoenix, Arizona 85012
(602) 297-3019

Peter Kristofer Strojnik AZBN 026082 CABN 242728
pksesq@aol.com
Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| DIANE SAHAKIAN, a single woman, | ) NO. CV-08-241-PHX-HRH |
| Plaintiff, | ) **DECLARATION OF JAY EWANICH** |
| vs. | ) |
| STATS ChipPAC, Inc., a foreign corporation; STATS ChipPAC, Ltd., a foreign corporation; TEMASEK HOLDINGS PRIVATE LIMITED, a foreign corporation; SINGAPORE TECHNOLOGIES SEMICONDUCTORS PRIVATE LIMITED, a foreign corporation. | ) |
| Defendants. | ) |

I, Jay Ewanich, do hereby declare the following statements are true and correct, to the best of my knowledge and recollection, under the penalty of perjury under the laws of the State of Arizona.

1. My name is Jay Ewanich. I have personal knowledge of all statements made herein.

-1-

2. Those opinions and inferences expressed herein are rationally based on my perception while employed with STATS and my perception while being a manger in American and Asian-based companies for approximately 20 years.

3. In or around January of 2000, I began working for the STATS prior to the merger between STATS and ChipPAC. I was employed with STATS for approximately 17 months. During my employment with STATS, I reported to BJ Han for the last year of my employment.

4. I was Diane Sahakian's immediate supervisor while I was employed at STATS. Diane Sahakian was an excellent employee. She was technically sound, had an excellent relationship with other members within my group, and she was extremely keen on people sense. During my management of Ms. Sahakian, she was allowed to manage one other person – Jeremy Alonte. I always witnessed a positive relationship between Ms. Sahakian and Mr. Alonte.

5. I am aware of the "ketchup incident." I am aware that an employee at STATS ChipPAC placed ketchup on Ms. Sahakian's desk chair on a day when she was wearing white pants. As a manager for approximately 20 years, it is my opinion such action is sexual harassment. It is also my opinion that such action should be cause for dismissal (for the person who placed the ketchup on Ms. Sahakian's chair).

6. When I was employed at STATS, the Human Resources department was reluctant to fire STATS employees because they feared lawsuits. (Due in part, I believe, because there was a previous lawsuit against STATS by a former employee.)

7. When I discovered Ms. Sahakian's Vice President title was taken away, and she was given a "special project", I immediately thought that she was on her way out.

8. In my approximately 20 years of being a manager, it is standard practice for companies to take away their direct reports and re-assign an employee to a 'special project' if the company no longer wants the employee to work there any longer. This is a polite/subtle way of demoting the employee. I would characterize a special project as a demotion and career-limiting position at the company. A special project title basically gives notice to the employee that the employee should begin to find new employment or else they will ultimately be fired. (An exception being when it is a *mutual* decision – e.g., employee realizes they don't like management responsibility and gets moved to 'special project' until something else opens up.)

9. A special project is a fictional duty within the company used to politely force a person out of the particular company. It is standard practice to demote employees who no longer are desired by the company by putting them into a back room, taking their prior responsibilities away, and taking them out of the mainstream of the company without any real possibility of completing the fictional duty classified as the special project.

10. The special project given to Ms. Sahakian was clearly a demotion.

THE ABOVE IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF, AND I SO STATE UNDER THE PENALTY OF PERJURY

DATED this __6__ Day of __APRIL__, 2009.

_____
Jay Ewanich