L. Eric Dowell, SBN 011458
Caroline Larsen, SBN 022547
Monique Young, SBN 025121
Ogletree, Deakins, Nash, Smoak & Stewart, P.C., SBN 00504800
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone:  (602) 778-3700
Facsimile:   (602) 778-3750
Eric.Dowell@ogletreedeakins.com
Caroline.Larsen@ogletreedeakins.com
Monique.Young@ogletreedeakins.com

Attorneys for Defendants STATS ChipPAC, Inc.
and STATS ChipPAC, Ltd.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Diane Sahakian, a single woman,<br><br>                           Plaintiff,<br><br>vs.<br><br>STATS ChipPAC, Inc., a foreign corporation; STATS ChipPAC Ltd, a foreign corporation; Temasek Holdings Private Limited, a foreign corporation; Singapore Technologies Semiconductors Private Limited, a foreign corporation,<br><br>                           Defendants. | CV08-241-PHX-HRH<br><br>**MOTION FOR LEAVE TO AMEND ANSWER TO ADD COUNTERCLAIM** |

Defendants STATS ChipPAC, Inc. and STATS ChipPAC, Ltd. (collectively, "STATS ChipPAC") hereby move the Court for leave to amend their Answer to Plaintiff's Second Amended Complaint (Doc. 71) to assert a counterclaim against Plaintiff for abuse of process, pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Rule 15.1. Since Plaintiff changed counsel in November 2008, she has engaged in an ongoing campaign of irrelevant, intrusive and abusive discovery efforts; opposed valid

and relevant discovery efforts by STATS ChipPAC; regularly disregarded the Federal Rules of Civil Procedure; and initiated separate, baseless actions against STATS ChipPAC, including one action against its counsel. All of these efforts have served to delay the resolution of this action on the merits, and have exponentially increased STATS ChipPAC's attorneys' fees. Under the circumstances, STATS ChipPAC is entitled to leave to amend its Answer to Plaintiff's Second Amended Complaint to add a counterclaim for abuse of process.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  PROCEDURAL BACKGROUND

Plaintiff Diane Sahakian filed suit against STATS ChipPAC, her former employer, on February 6, 2008, asserting two claims for relief (hostile work environment based on sex and retaliation) under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* ("Title VII"). Doc. 1. Plaintiff's prior counsel, Tod Schleier, withdrew from representing Plaintiff on October 23, 2008. Docs. 34, 36. Plaintiff's substitute counsel, Peter Strojnik, entered his appearance on November 5, 2008. Doc. 35. Since Plaintiff changed counsel in this action, she has repeatedly abused the legal process. Plaintiff, of course, is permitted to pursue her claims against STATS ChipPAC, however, Plaintiff has gone above and beyond vigorous prosecution of her case by engaging in conduct that exceeds all acceptable boundaries for civil proceedings.

As explained in detail in STATS ChipPAC' proposed Amended Answer to Plaintiff's Second Amended Complaint and Counterclaim, Exhibit 1, Plaintiff's abuse of process in this action includes:

- serving a notice of deposition for a STATS ChipPAC representative, pursuant to Federal Rule of Civil Procedure 30(b)(6), that contained over 100 topics of testimony, then improperly moving to compel STATS ChipPAC to produce a deponent to testify on each listed topic, despite STATS ChipPAC's proper objection (Docs. 66, 75, 92, 100, 101);

- refusing, at the last minute, to appear for a properly-noticed and agreed upon (stipulated) independent psychological examination, forcing STATS ChipPAC to move to compel Plaintiff to appear for the examination and to pay the examiner's cancellation fee (Docs. 46, 67, 70, 76, 96). In response to Plaintiff's misconduct, the Court ordered Plaintiff to reimburse STATS ChipPAC for the cancellation fee;
- serving subpoenas on a current STATS ChipPAC employee, Eric Gongora, five (5) separate times (Docs. 56, 80, 89, 108, 127);
- setting numerous depositions unilaterally, without input from STATS ChipPAC's counsel, and then cancelling them at the last minute to inconvenience STATS ChipPAC's counsel and to force STATS ChipPAC to pay attorneys' fees for unnecessary deposition preparations;
- serving a subpoena on the ex-wife of a current STATS ChipPAC employee, Eric Gongora, seeking all personal communications between Mr. Gongora and his ex-wife;
- serving subpoenas on STATS ChipPAC's current and former counsel, seeking documents specifically protected by attorney-client privilege and the work product doctrine, such as all communications between client and counsel;
- making numerous additions to Plaintiff's Preliminary Trial Witness List after the deadline set in the Court's Scheduling Order, to deny STATS ChipPAC the opportunity to depose witnesses Plaintiff intends to call to testify at trial (Docs. 13, 131, 146, 149);
- presenting documents to witnesses at deposition, without having previously disclosed the documents to STATS ChipPAC, as required by the Federal Rules of Civil Procedure;
- serving subpoenas duces tecum on third parties, but failing to serve a copy to STATS ChipPAC's counsel, in an effort to deprive STATS ChipPAC of the opportunity to object to the subpoenas;

- moving to reconvene two depositions, after the deadline to complete discovery, despite having a full and fair opportunity to depose the witnesses (Docs. 157, 161);
- filing a Motion for Leave to Amend the Second Amended Complaint one day <u>after</u> the deadline to complete discovery in this action, to further delay the resolution of this action and increase STATS ChipPAC's attorneys' fees (Doc. 153). Plaintiff sought to withdraw the Motion for Leave to Amend after STATS ChipPAC had already expended significant attorneys' fees to respond to the Motion on an expedited basis, as requested by Plaintiff;
- making material misrepresentations to the Court in Plaintiff's Motion for Leave to Amend the Second Amended Complaint (Doc. 153) regarding statements made during the deposition of STATS ChipPAC's Human Resources Manager Gail Uy;
- filing two separate, frivolous lawsuits against STATS ChipPAC, its employees, and/or its legal counsel in this action.

Plaintiff's abuse of the legal process has been ongoing for nearly eight months, and there is no end in sight. STATS ChipPAC has no choice but to assert a counterclaim to protect itself against ongoing abuse and to recover the unnecessary attorneys' fees incurred as a result of Plaintiff's antics. Plaintiff's current Title VII claims do not provide a mechanism for STATS ChipPAC to recover its attorneys' fees in the event it is the prevailing party. Accordingly, a counterclaim is the only way to hold Plaintiff accountable for her misconduct during this litigation. STATS ChipPAC, therefore, seeks to amend its Answer to add a Counterclaim against Plaintiff for abuse of process.

## II. LEGAL ARGUMENT

### A. Justice and Judicial Efficiency Warrant Permitting STATS ChipPAC to Amend Its Answer.

Rule 15(a)(2), Federal Rules of Civil Procedure, provides that a party may amend its pleadings with leave of the court, and that "[t]he court should freely give leave when justice so requires." All of the factors that the Court considers when deciding whether to

4

grant a party leave to amend a pleading under this Rule weigh in favor of allowing STATS ChipPAC to amend its Answer to assert a Counterclaim. "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing *Nunes v. Ashcroft*, 348 F.3d 815, 818 (9th Cir. 2003)); *accord Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

Two of these elements are immediately dispensed with in favor of permitting the amendment - there is no bad faith on the part of STATS ChipPAC, and STATS ChipPAC has not previously amended its Answer. As the Court previously noted, upon a showing of good cause, amendments may be permitted after the deadline for amending the pleadings, which was October 2, 2008. Docs. 13, 60. STATS ChipPAC has shown good cause why the Court should permit amendment of the Answer at this juncture. STATS ChipPAC is not dilatory in seeking to amend its pleadings to add a counterclaim at this time, but in fact hoped that Plaintiff's litigation conduct would improve. Such optimism is unrealistic at this point, and a counterclaim is necessary.

**B.     The Counterclaim Does Not Require Any Additional Discovery.**

This Court has jurisdiction over this state law claim under the 28 U.S.C. § 1367, pursuant to the doctrine of supplemental jurisdiction. The claim arises out of Plaintiff's federal lawsuit and judicial economy favors resolving these claims in a single lawsuit. *See Jim McCormick Co., Inc. v. International Truck & Engine Corp.*, 2006 WL 1994851 (S.D. Ind. 2006) ("International's counterclaims are sufficiently similar to seem compulsory, but regardless of whether they are compulsory or permissive, judicial economy would best be served if the claims are all brought in one action.")

STATS ChipPAC's counterclaim for abuse of process will not require any additional written discovery or depositions. Both parties have a full record of all proceedings in this litigation, which accounts for all necessary evidence STATS ChipPAC will use to support its counterclaim (except for evidence of all of its damages),

or that Plaintiff could use to try to defend her conduct. No additional discovery will be necessitated by the addition of this counterclaim, thus, there will be no prejudice to Plaintiff, nor will the assertion of the counterclaim delay the resolution of this action.

### C. STATS ChipPAC's Counterclaim is Supported By Law.

To establish its abuse of process counterclaim, STATS ChipPAC will prove that Plaintiff: (1) employed willful acts in the use of judicial processes; and (2) did so for an ulterior purpose not proper in the regular conduct of proceedings. *Crackel v. Allstate Ins. Co.*, 208 Ariz. 252, 257, 92 P.3d 882, 887 (App. 2004) (quoting *Nienstedt v. Wetzel*, 133 Ariz. 348, 353, 651 P.2d 876, 881 (App. 1982)); *see also Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1252 (9th Cir. 1987). "Arizona interprets 'process' as encompassing 'the entire ranges of procedures incident to the litigation process.'" *Crackel*, 92 P.3d at 887. In this action, Plaintiff willfully employed the judicial processes available to her for an ulterior, improper motive, which can be inferred from conduct "that could not logically be explained without reference to the defendant's improper motives," *i.e.* to pursue her Title VII claims against STATS ChipPAC. *Crackel*, 208 Ariz. at 257, 92 P.3d at 887. Plaintiff's conduct throughout this litigation has been inconsistent with legitimate litigation goals, instead serving to delay the resolution of this action, to increase STATS ChipPAC's attorneys' fees, and to vindicate Sahakian's personal animus towards STATS ChipPAC employee Eric Gongora, Dr. B.J. Han, its Chief Technology Officer, and others.

STATS ChipPAC seeks to recover the unnecessary attorneys' fees and expenses incurred in the litigation. The damages recoverable for abuse of process also can be economic and intangible, such as reputational and emotional. Prosser, *The Law of Torts*, § 121 (4th ed. 1971) (citations omitted) ("[o]nce the tort [of abuse of process] is proved, the damages recoverable are in general much the same as in cases of malicious prosecution."); *Restatement (Second) of Torts* § 681 (1977) (damages recoverable include harm to reputation, expense "incurred in defending himself against the proceedings," and "any emotional distress that is caused by the proceedings.").

Plaintiff has engaged in a seven-month exploitation of the court process by pursuing intrusive, harassing discovery; by opposing valid and relevant discovery efforts by STATS ChipPAC without good cause; and by repeatedly failing and refusing to comply with the Federal Rules of Civil Procedure. These transgressions have unnecessarily delayed this proceeding and have substantially increased STATS ChipPAC's attorneys' fees. STATS ChipPAC has grounds for a counterclaim for abuse of process, thus, there is no grounds for denying leave to amend based on futility.

### III. CONCLUSION

For all of the foregoing reasons, Defendants STATS ChipPAC, Inc. and STATS ChipPAC, Ltd. respectfully request that the Court permit STATS ChipPAC leave to amend their Answer to Plaintiff's Second Amended Complaint (Doc. 71) to assert a counterclaim against Plaintiff for abuse of process.

DATED this 26th day of June, 2009.

> OGLETREE, DEAKINS, NASH,
> SMOAK & STEWART, P.C.
>
> By: s/ Caroline Larsen
> L. Eric Dowell
> Caroline Larsen
> Monique Young
> 2415 East Camelback Road, Suite 800
> Phoenix, Arizona 85016
> Attorneys for Defendants STATS ChipPAC, Inc. and STATS ChipPAC, Ltd.

# CERTIFICATE OF SERVICE

I hereby certify that on June 26th, 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants.

A copy was also delivered by hand on June 26, 2009, to:

Peter Strojnik
Peter Strojnik, P.C.
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Attorney for Plaintiff

Peter K. Strojnik
The Law Firm of Peter Strojnik
3030 North Central Avenue, Suite 1401B
Phoenix, Arizona 85012


s/ Debra Perkins

7393170.1 (OGLETREE)