# LODGED:
# Proposed Answer to Plaintiff's Second Amended Complaint – and Counterclaim – Attached

L. Eric Dowell, SBN 011458
Caroline Larsen, SBN 022547
Monique D. Young, SBN 025121
Ogletree, Deakins, Nash, Smoak & Stewart, P.C., SBN 00504800
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone:  (602) 778-3700
Facsimile:   (602) 778-3750
Eric.Dowell@ogletreedeakins.com
Caroline.Larsen@ogletreedeakins.com
Monique.Young@ogletreedeakins.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DIANE SAHAKIAN, a single woman,<br><br>    Plaintiff,<br><br>vs.<br><br>STATS ChipPAC, Inc., a foreign corporation; STATS ChipPAC Ltd., a foreign corporation; TEMASEK HOLDINGS PRIVATE LIMITED, a foreign corporation; SINGAPORE TECHNOLOGIES SEMICONDUCTORS PRIVATE LIMITED, a foreign corporation.<br><br>    Defendants. | CV08-241-PHX-HRH<br><br>**DEFENDANTS STATS ChipPAC, INC. AND STATS ChipPAC LTD.'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT – AND COUNTERCLAIM** |
| STATS ChipPAC, Inc., a foreign corporation; STATS ChipPAC Ltd., a foreign corporation,<br><br>    Counter-plaintiffs,<br><br>vs.<br><br>DIANA SAHAKIAN,<br><br>    Counter-defendant. | |

STATS ChipPAC, Inc. and STATS ChipPAC Ltd. (collectively, "STATS ChipPAC") hereby respond to Plaintiff Diane Sahakian's Second Amended Complaint ("Second Amended Complaint") as follows:

## PARTIES

1. STATS ChipPAC lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 1 of the Second Amended Complaint and, therefore, denies the same.

2. STATS ChipPAC, Inc. and STATS ChipPAC Ltd. admit that both entities are foreign corporations authorized to conduct and conducting business in Maricopa County, Arizona. The remaining allegations in Paragraph 2 of the Second Amended Complaint state a legal conclusion and/or statutory interpretation to which no response is required. To the extent the remaining allegations in Paragraph 2 require a response, STATS ChipPAC denies the same.

3. STATS ChipPAC lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 3 of the Second Amended Complaint and, therefore, denies the same.

4. STATS ChipPAC lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 4 of the Second Amended Complaint and, therefore, denies the same.

5. STATS ChipPAC lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 5 of the Second Amended Complaint and, therefore, denies the same.

6. STATS ChipPAC admits the allegations in Paragraph 6 of the Second Amended Complaint.

7. STATS ChipPAC admits that STATS ChipPAC Ltd. has seven directors on its Board of Directors.

8. STATS ChipPAC admits that Jimmy Phoon has been a Director of STATS ChipPAC Ltd. since August 2007. STATS ChipPAC admits the remaining allegations in Paragraph 8 of the Second Amended Complaint.

9. Peter Seah Lim Huat has been a Director of Stats ChipPAC Ltd. since July 2002. STATS ChipPAC admits the remaining allegations in Paragraph 9 of the Second Amended Complaint.

10. STATS ChipPAC admits that it voluntarily delisted its American Depositary Shares from the NASDAQ Global Select Market, effective December 31, 2007. STATS ChipPAC denies the remaining allegations in Paragraph 10 of the Second Amended Complaint.

11. STATS ChipPAC lacks information or knowledge sufficient to admit or deny the allegations in Paragraph 11 of the Second Amended Complaint and, therefore, denies the same.

12. STATS ChipPAC denies the allegations in Paragraph 12 of the Second Amended Complaint.

## JURISDICTION AND VENUE

13. Paragraph 13 states a legal conclusion and/or statutory interpretation to which no response is required. To the extent Paragraph 13 requires a response, STATS ChipPAC denies the allegations in Paragraph 13 of the Second Amended Complaint.

14. Paragraph 14 states a legal conclusion and/or statutory interpretation to which no response is required. To the extent Paragraph 14 requires a response, STATS ChipPAC denies the allegations in Paragraph 14 of the Second Amended Complaint. STATS ChipPAC specifically denies that Plaintiff is entitled to any damages or other legal or equitable relief.

15. STATS ChipPAC admits that Plaintiff filed a charge of sex discrimination against STATS ChipPAC with the Equal Employment Opportunity Commission (hereinafter "EEOC") on or about September 18, 2007. STATS ChipPAC admits that Plaintiff filed a subsequent charge of retaliation against STATS ChipPAC with the EEOC

on or around July 30, 2008, following the termination of her employment with STATS ChipPAC on July 1, 2008. STATS ChipPAC denies any remaining allegations in Paragraph 15 of the Second Amended Complaint.

16. On information and belief, STATS ChipPAC admits the allegations in Paragraph 16 of the Second Amended Complaint.

17. Paragraph 17 states a legal conclusion and/or statutory interpretation to which no response is required. To the extent Paragraph 17 requires a response, STATS ChipPAC admits this Court has jurisdiction over this action. STATS ChipPAC denies any remaining allegations in Paragraph 17 of the Second Amended Complaint.

18. STATS ChipPAC admits that venue is proper in this Court. STATS ChipPAC denies any remaining allegations in Paragraph 18 of the Second Amended Complaint, and specifically denies that the unlawful employment practices complained of in the Second Amended Complaint occurred.

## FACTUAL ALLEGATIONS

19. STATS ChipPAC admits that Plaintiff began her employment with STATS ChipPAC, Inc. in August 1999. STATS ChipPAC specifically denies that Plaintiff ever was employed by STATS ChipPAC Ltd. STATS ChipPAC admits that Plaintiff eventually was placed in the role of Vice President in the Emerging Technology organization, a technical group responsible for generating the corporate technology roadmaps and emerging technology strategies, and engaging customers in emerging technologies. STATS ChipPAC further admits that, from approximately August 2006 until her employment ended, Plaintiff reported to her supervisor, Dr. Han Byung Joon (often referred to as "BJ Han"), who is employed by STATS ChipPAC Ltd. as an Executive Vice President and Chief Technology Officer. STATS ChipPAC denies all remaining allegations in Paragraph 19 of the Second Amended Complaint.

20. STATS ChipPAC admits that in 2006 and 2007, Plaintiff complained to BJ Han that certain subordinate male employees were undermining her authority within her group. STATS ChipPAC lack information or knowledge sufficient to admit or deny

4

whether Eric Israel Gongora is a convicted felon. STATS ChipPAC denies all remaining allegations in Paragraph 20 of the Second Amended Complaint.

21. STATS ChipPAC admits that, on or about April 9, 2007, Plaintiff reported to her supervisor, BJ Han, and the Human Resources department that someone put ketchup on her office chair on a day that Plaintiff was wearing white pants. STATS ChipPAC denies all remaining allegations in Paragraph 21 of the Second Amended Complaint.

22. STATS ChipPAC admits that it acknowledged that the ketchup incident, as it was reported by Plaintiff, constituted harassment and not merely horseplay.

23. STATS ChipPAC admits the allegations in Paragraph 23 of the Second Amended Complaint.

24. STATS ChipPAC admits the allegations in Paragraph 24 of the Second Amended Complaint.

25. STATS ChipPAC admits that on or about June 22, 2007, Plaintiff started a 30-day medical leave, which was covered under the Family & Medical Leave Act (hereinafter "FMLA"). STATS ChipPAC denies the remaining allegations in Paragraph 25 of the Second Amended Complaint.

26. STATS ChipPAC admits that, after Plaintiff returned from her FMLA leave, BJ Han announced that Plaintiff was transitioning into a new role as Vice President - Special Projects. STATS ChipPAC denies the remaining allegations in Paragraph 26 of the Second Amended Complaint.

27. STATS ChipPAC denies the allegations in Paragraph 27 of the Second Amended Complaint.

28. STATS ChipPAC denies the allegations in Paragraph 28 of the Second Amended Complaint.

29. STATS ChipPAC denies the allegations in Paragraph 29 of the Second Amended Complaint.

30. STATS ChipPAC admits that Plaintiff filed a charge of discrimination and retaliation with the EEOC on or around September 18, 2007. STATS ChipPAC denies the remaining allegations in Paragraph 30 of the Second Amended Complaint.

31. STATS ChipPAC admits the allegations in Paragraph 31 of the Second Amended Complaint.

32. STATS ChipPAC admits the allegations in Paragraph 32 of the Second Amended Complaint.

33. STATS ChipPAC admits the allegations in Paragraph 33 of the Second Amended Complaint.

34. STATS ChipPAC admits that, on or around May 28, 2008, Plaintiff inquired about a STATS-Tempe job posting for a Director position. STATS ChipPAC denies the remaining allegations.

35. STATS ChipPAC admits the allegations in Paragraph 35 of the Second Amended Complaint.

## COUNT I

36. STATS ChipPAC incorporates its previous responses to paragraphs 1- 35 as if fully restated herein.

37. STATS ChipPAC denies the allegations in Paragraph 37 of the Second Amended Complaint.

38. STATS ChipPAC denies the allegations in Paragraph 38 of the Second Amended Complaint.

39. STATS ChipPAC denies the allegations in Paragraph 39 of the Second Amended Complaint.

40. The allegations in Paragraph 40 of the Second Amended Complaint state a legal conclusion and/or statutory interpretation to which no response is required. To the extent the allegations in Paragraph 40 require a response, STATS ChipPAC denies the same.

41. The allegations in Paragraph 41 of the Second Amended Complaint state a legal conclusion and/or statutory interpretation to which no response is required. To the extent the allegations in Paragraph 41 require a response, STATS ChipPAC denies the same.

42. The allegations in Paragraph 42 of the Second Amended Complaint state a legal conclusion and/or statutory interpretation to which no response is required. To the extent the allegations in Paragraph 42 require a response, STATS ChipPAC denies the same.

## COUNT II

43. STATS ChipPAC incorporates its previous responses to paragraphs 1- 42 as if fully restated herein.

44. STATS ChipPAC denies the allegations in Paragraph 44 of the Second Amended Complaint.

45. STATS ChipPAC denies the allegations in Paragraph 45 of the Second Amended Complaint.

46. STATS ChipPAC denies the allegations in Paragraph 46 of the Second Amended Complaint.

47. The allegations in Paragraph 47 of the Second Amended Complaint state a legal conclusion and/or statutory interpretation to which no response is required. To the extent the allegations in Paragraph 47 require a response, STATS ChipPAC denies the same.

48. The allegations in Paragraph 48 of the Second Amended Complaint state a legal conclusion and/or statutory interpretation to which no response is required. To the extent the allegations in Paragraph 48 require a response, STATS ChipPAC denies the same.

49. The allegations in Paragraph 49 of the Second Amended Complaint state a legal conclusion and/or statutory interpretation to which no response is required. To the

extent the allegations in Paragraph 49 require a response, STATS ChipPAC denies the same.

## GENERAL DENIAL

50. STATS ChipPAC generally and specifically denies each and every allegation of Plaintiff's Complaint not expressly admitted herein. STATS ChipPAC further denies that Plaintiff has been damaged as alleged in the Complaint or at all.

## AFFIRMATIVE DEFENSES

1. Plaintiff failed to mitigate her damages.

2. Plaintiff's claims are barred because any action that was taken against Plaintiff was taken for legitimate, nondiscriminatory reasons.

3. Plaintiff's claims are barred in whole or in part by any after-acquired evidence.

4. Any damages Plaintiff experienced are a result of Plaintiff's own actions.

5. Plaintiff's claims are or may be barred because the conduct of which Plaintiff complained was solicited or invited by Plaintiff, and/or Plaintiff regarded the conduct as desirable or otherwise not offensive.

6. Plaintiff failed to state a claim upon which relief can be granted.

7. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to reasonably utilize preventative and corrective measures provided by STATS ChipPAC or to avoid harm otherwise.

8. Plaintiff's claims are barred, in whole or in part, because Plaintiff had policies against unlawful harassment, discrimination, and retaliation and took prompt remedial action when appropriate.

9. Plaintiff is not entitled to recover punitive damages on her claims because any action taken by STATS ChipPAC were at all times taken in good faith and with reasonable diligence and do not constitute intentional or willful violations of the law.

10. An award of punitive damages against STATS ChipPAC is barred by the due process and equal protection provisions of the United States and Arizona Constitutions.

11. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

12. Plaintiff's claims are barred, in whole or in part, by the applicable statue of limitations, filing deadlines, and charge deadlines, or otherwise are time barred.

13. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to exhaust administrative remedies and fulfill all conditions precedent to filing suit.

14. Plaintiff's claims are barred, in whole or in part, because she was not discriminated or retaliated against on the basis of sex or any other protected class or activity.

15. Discovery may reveal the basis for additional affirmative defenses, including those listed in Rule 8(c), Federal Rules of Civil Procedure. STATS ChipPAC reserves the right to amend its answer to add such affirmative defenses as discovery may reveal.

WHEREFORE, having fully answered Plaintiff's Complaint, STATS ChipPAC request that the Court take the following action:

(a) dismiss Plaintiff's Complaint in its entirety;

(b) award STATS ChipPAC the costs and attorneys' fees it has incurred in having to defend against Plaintiff's claims; and

(c) award STATS ChipPAC such other and further relief as the Court deems just and proper.

## COUNTERCLAIM

Defendants/Counterclaimants STATS ChipPAC, Inc. and STATS ChipPAC Ltd. (collectively, "STATS ChipPAC"), for its counterclaim against Plaintiff/Counterdefendant Diane Sahakian, hereby allege as follows:

### PARTIES AND JURISDICTION

1. STATS ChipPAC, Ltd. is a foreign corporation. STATS ChipPAC, Inc. is a wholly-owned subsidiary of STATS ChipPAC, Ltd. and is incorporated under the laws of the State of Delaware. STATS ChipPAC, Inc. is authorized to conduct business in the State of Arizona.

2. Upon information and belief, Counterdefendant Diane Sahakian ("Sahakian") is a resident of the State of Arizona.

3. This Court has supplemental jurisdiction over STATS ChipPAC's counterclaim under 28 U.S.C. § 1367, because the claim is so related to Plaintiff's claims that it forms part of the same case or controversy.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1391(b)(1) and (2).

5. STATS ChipPAC demands a jury trial of all issues triable thereby.

## GENERAL ALLEGATIONS

6. Sahakian worked for STATS ChipPAC, and its predecessor, STATS, from approximately August 23, 1999 until July 1, 2008.

7. On February 6, 2008, Sahakian filed suit against STATS ChipPAC, asserting two claims for relief (sexually hostile work environment and retaliation) under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* ("Title VII").

8. Sahakian amended her Complaint, with STATS ChipPAC's stipulation, on October 16, 2008, after STATS ChipPAC terminated her employment on July 1, 2008.

9. Sahakian's prior counsel, Tod Schleier, withdrew from representing Sahakian on October 23, 2008.

10. Sahakian's new counsel, Peter Strojnik and Peter K. Strojnik, entered their appearances on Sahakian's behalf on November 5, 2008.

11. Since Sahakian changed counsel in this action, she has undertaken an ongoing, repeated abuse of the legal process.

12. Sahakian has gone above and beyond vigorous prosecution of her case by engaging in conduct that exceeds all acceptable boundaries for a civil proceeding.

13. For example, Sahakian served a notice of deposition for a STATS ChipPAC representative, pursuant to Federal Rule of Civil Procedure 30(b)(6), that contained over 100 topics of testimony. When STATS ChipPAC asserted its valid objections, Sahakian

improperly moving to compel STATS ChipPAC to produce a deponent to testify on each listed topic.

14. Sahakian refused, at the last minute, to appear for a properly-noticed and agreed upon (stipulated) independent psychological examination, forcing STATS ChipPAC to move to compel Sahakian to appear for the examination and to pay the examiner's cancellation fee.

15. Sahakian subpoenaed a current STATS ChipPAC employee, Eric Gongora, five (5) separate times for the express purpose of harassing Mr. Gongora and imposing an undue burden upon him.

16. Sahakian served a subpoena on the ex-wife of the same employee, seeking all personal communications between Mr. Gongora and his ex-wife, Karen Chu, again to harass and annoy Mr. Gongora.

17. Sahakian set numerous depositions unilaterally, without consulting with STATS ChipPAC's counsel regarding scheduling, and then cancelled the depositions at the last minute to inconvenience STATS ChipPAC's counsel and to force STATS ChipPAC to pay attorneys' fees for unnecessary deposition preparations.

18. Sahakian served subpoenas on STATS ChipPAC's current and former counsel, seeking documents specifically protected by attorney-client privilege and the work product doctrine, such as all communications between client and counsel, to force STATS ChipPAC and its counsel to incur unnecessary attorneys' fees responding to the subpoenas.

19. Sahakian has made numerous additions to her Preliminary Trial Witness List after the deadlines set forth in the Court's Scheduling Order, to deny STATS ChipPAC the opportunity to depose witnesses Sahakian intends to call to testify at trial.

20. Sahakian served subpoenas duces tecum on numerous third parties, but failed to serve a copy to STATS ChipPAC's counsel, in an effort to deprive STATS ChipPAC of the opportunity to object to the subpoenas.

21. Sahakian moved to reconvene two depositions, those of STATS ChipPAC's Human Resources Manager, Gail Uy, and its Chief Technology Officer, Dr. Han Byung Joon, after the deadline to complete discovery, despite having a full and fair opportunity to depose the witnesses at their depositions.

22. On June 2, 2009, one day after the deadline to complete discovery in this action, Sahakian filed another Motion to Amend, seeking to add a cause of action for intentional infliction of emotional distress arising under state law.

23. None of the allegations in Sahakian's proposed Third Amended Complaint are new, nor are they supported by any citation to the record. Sahakian has been fully aware of all of these alleged newly discovered facts since she filed this action on February 6, 2008.

24. Less than two weeks after STATS ChipPAC incurred substantial attorneys' fees to respond to Sahakian's Motion to Amend the Complaint, Sahakian withdrew her Motion to Amend the Complaint and simply filed the same allegations as a separate action in Maricopa County Superior Court, Case No. CV2009-020302.

## COUNT ONE
## ABUSE OF PROCESS

25. STATS ChipPAC realleges and incorporates by reference the allegations contained in paragraphs 1 through 24 above.

26. Through her conduct described above, Sahakian has abused, and continues to abuse, court processes.

27. Specifically, Sahakian and her counsel have initiated two additional lawsuits, added additional parties to this action, and engaged in dilatory and improper conduct throughout the discovery process to delay the resolution of this action, to increase STATS ChipPAC's attorneys' fees, and to vindicate Sahakian's personal animus towards STATS ChipPAC employee Eric Gongora, its Chief Technology Officer, Dr. Han Byung Joon, and others.

28. As a result of Sahakian's abuse of process, STATS ChipPAC has suffered damages in an amount to be proven at trial.

WHEREFORE, STATS ChipPAC respectfully requests the Court to enter judgment against Counterdefendant as follows:

A. That this Court award STATS ChipPAC, Inc. and STATS ChipPAC, Ltd. compensatory damages in an amount according to proof;

B. That this Court award STATS ChipPAC, Inc. and STATS ChipPAC, Ltd. their costs and reasonable attorneys' fees incurred herein pursuant to any applicable law permitting such recovery;

C. That this Court award pre-judgment and post-judgment interest on the amounts set forth in B above at the highest rate permitted by law; and

D. That this Court grant such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this ____th day of _____ 2009.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.


By:_____
L. Eric Dowell
Caroline Larsen
Monique D. Young
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on the ___th day of _____ 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

A copy was also delivered by hand on June 26, 2009, to:

Peter Strojnik
Peter Strojnik, P.C.
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Attorney for Plaintiff

Peter K. Strojnik
The Law Firm of Peter Strojnik
3030 North Central Avenue, Suite 1401B
Phoenix, Arizona 85012
Attorney for Plaintiff