L. Eric Dowell, SBN 011458
Caroline Larsen, SBN 022547
Monique Young, SBN 025121
Ogletree, Deakins, Nash, Smoak & Stewart, P.C., SBN 00504800
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone:   (602) 778-3700
Facsimile:    (602) 778-3750
Eric.Dowell@ogletreedeakins.com
Caroline.Larsen@ogletreedeakins.com
Monique.Young@ogletreedeakins.com

Attorneys for Defendants STATS ChipPAC, Inc.
and STATS ChipPAC, Ltd.

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Diane Sahakian, a single woman,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>STATS ChipPAC, Inc., a foreign corporation; STATS ChipPAC Ltd, a foreign corporation; Temasek Holdings Private Limited, a foreign corporation; Singapore Technologies Semiconductors Private Limited, a foreign corporation,<br><br>　　　　　　　Defendants. | CV08-241-PHX-HRH<br><br>**REPLY IN SUPPORT OF MOTION TO COMPEL RESPONSE TO SUBPOENA SERVED ON NON-PARTY GOPALAN NAIR BY DEFENDANTS STATS ChipPAC, INC. AND STATS ChipPAC LTD.** |

　　　　The self-serving statements by Plaintiff and her witness, Gopalan Nair, that Mr. Nair always has been willing to comply with the subpoena duces tecum served upon him are untrue and unsupported by the record on this matter. In fact, Mr. Nair has been completely uncooperative and non-responsive to complying with the subpoena duces tecum. Since serving a subpoena upon Mr. Nair nearly four months ago, counsel for Defendants STATS ChipPAC, Inc. and STATS ChipPAC Ltd. (collectively "STATS ChipPAC") has contacted Mr. Nair six different times to try to coordinate copying and

delivery of documents responsive to the subpoena. Mr. Nair initially invited STATS ChipPAC "to make copies of [the responsive documents] in [his] office by prior appointment and upon payment of [his] fees." *See* Exhibits 3 and 4 to Defendants STATS ChipPAC, Inc. and STATS ChipPAC Ltd.'s Motion to Compel Response to Subpoena Served on Non-Party Gopalan Nair ("STATS ChipPAC's Motion to Compel"), Doc. 156. When STATS ChipPAC's counsel tried to take Mr. Nair up on his offer, he advised that the photocopier in his office could not copy the volume of documents responsive to the subpoena. Mr. Nair refused to allow a local Kinko's copy center to go to his office to pick up the documents, copy them, and return the originals to him and the copies to STATS ChipPAC's counsel, at STATS ChipPAC's expense. *See* Declaration of Cheri M. Lord, Exhibit 5 to STATS ChipPAC Motion's to Compel, Doc. 156. Mr. Nair similarly refused counsel's suggestion that he take the documents to a nearby copying center at a time convenient for him. *Id.*

At Mr. Nair's March 23 deposition, STATS ChipPAC's counsel again raised the issue of obtaining documents responsive to the subpoena duces tecum. Mr. Nair stated, on the record, that he would agree to take the responsive documents to a copying center selected by STATS ChipPAC's counsel for copying. *See* excerpts from deposition of Gopalan Nair, pp. 92-94, Exhibit 6 to STATS ChipPAC's Motion to Compel, Doc. 156. At that time, Mr. Nair made no mention whatsoever that he expected to be reimbursed for his time while he waited for the documents to be copied. When STATS ChipPAC's counsel followed up with Mr. Nair to ask when he would deliver the documents for copying, Mr. Nair stated, for the first time, that he would not take the documents to the copying center unless and until he received prepayment for his time in the amount of $1,600. *See* Exhibit 8, attachment B to STATS ChipPAC's Motion to Compel, Doc. 156.

There is no legitimate reason that Mr. Nair cannot simply permit a copying center to retrieve the documents from his office for reproduction, as counsel for STATS ChipPAC has offered numerous times. As stated in his declaration, however, Mr. Nair will not "let the documents out of [his] sight" and refuses to allow the documents to be

taken for copying and returned to him. Declaration of Gopalan Nair, Exhibit 1 to Plaintiff's Response to STATS ChipPAC's Motion to Compel, Doc. 170-2. If Mr. Nair wishes to go to the copying center and to wait several hours while the documents are copied, STATS ChipPAC is not required to bear the expense for his time.

Refusal to pay a responding party's normal rate of compensation for time spent responding to a subpoena does not impose an undue burden on the responding party. In *Irons v. Karceski*, 74 F.3d 1262 (D.C. Cir. 1996), the United States Court of Appeals upheld a magistrate judge's finding that a party seeking to depose an attorney-witness for up to three days was not required to pay the witness more than the $40 per day statutory fact-witness fee permitted by 28 U.S.C. § 1821(b). *Irons*, 74 F.3d at 1263-64. The attorney-witness argued that requiring him to testify for $40 per day, when he could be charging those hours at his normal billing rate, constituted an undue burden and entitled him to an order quashing the subpoena, under Federal Rule of Civil Procedure 45(c)(3)(A)(iv). *Id.* at 1264. The Court disagreed, finding no support for the witness' argument that the language in Rule 45(c)(1), which allows for an award of lost earnings as a possible sanction for a party's failure to take reasonable steps to avoid imposing an undue burden on a witness, established that lost earnings constituted an undue burden. *Id.* In view of that, STATS ChipPAC's refusal to submit to Mr. Nair's demand for four hours worth of compensation, at the rate of $400 per hour, does not constitute imposing an "undue burden" on Mr. Nair.

Moreover, if Mr. Nair felt that the time it would take for him to go to the copying center and wait while his documents are copied – which he inexplicably insists on doing – constituted an undue burden or expense, he could have objected to the subpoena on that basis, in accordance with Federal Rule of Civil Procedure 45(c)(2)(B). Mr. Nair, however, did not timely object to responding to the subpoena, he simply failed and refused to do so.

STATS ChipPAC has been completely reasonable and accommodating in trying to find an efficient and convenient way to obtain the documents responsive to its subpoena

to Mr. Nair, without imposing unreasonable burden or expense upon him. *See* Fed. R. Civ. P. 45(c)(1). Mr. Nair has rejected all of these efforts and has ignored his obligation to respond to the subpoena, as required by Federal Rule of Civil Procedure 45. Accordingly, STATS ChipPAC requests that the Court (1) find Mr. Nair in contempt for his failure to obey the subpoena duces tecum, pursuant to Federal Rule of Civil Procedure 45(e); (2) order Mr. Nair to immediately produce all documents requested in the subpoena duces tecum served upon him by STATS ChipPAC on March 4, 2009; and (3) award STATS its reasonable attorneys' fees incurred in attempting to secure Mr. Nair's compliance with the subpoena, including the time spent drafting and replying to this Motion to Compel.

DATED this 29th day of June, 2009.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: s/ Caroline Larsen
 L. Eric Dowell
 Caroline Larsen
 Monique Young
 2415 East Camelback Road, Suite 800
 Phoenix, Arizona 85016
 Attorneys for Defendants STATS ChipPAC, Inc. and STATS ChipPAC, Ltd.

# CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Strojnik
Peter Strojnik, P.C.
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Attorney for Plaintiff

Peter K. Strojnik
The Law Firm of Peter Strojnik
3030 North Central Avenue, Suite 1401B
Phoenix, Arizona 85012

I hereby certify that on this 29th day of June 2009, I served the foregoing document by first-class mail, postage prepaid, on the following:

Gopalan Nair
39737 Paseo Padre Parkway, #A1
Fremont, CA  94538

s/ Debra A. Perkins

7440147.1 (OGLETREE)