L. Eric Dowell, SBN 011458
Caroline Larsen, SBN 022547
Monique Young, SBN 025121
Ogletree, Deakins, Nash, Smoak & Stewart, P.C., SBN 00504800
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone:   (602) 778-3700
Facsimile:    (602) 778-3750
Eric.Dowell@ogletreedeakins.com
Caroline.Larsen@ogletreedeakins.com
Monique.Young@ogletreedeakins.com
Attorneys for Defendants STATS ChipPAC, Inc.
and STATS ChipPAC, Ltd.

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Diane Sahakian, a single woman,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>STATS ChipPAC, Inc., a foreign corporation; STATS ChipPAC Ltd, a foreign corporation; Temasek Holdings Private Limited, a foreign corporation; Singapore Technologies Semiconductors Private Limited, a foreign corporation,<br><br>　　　　　　　Defendants. | CV08-241-PHX-HRH<br><br>**REPLY IN SUPPORT OF APPLICATION FOR ATTORNEYS' FEES BY DEFENDANTS STATS CHIPPAC, INC. AND STATS CHIPPAC, LTD.** |

　　　　Defendants STATS ChipPAC, Inc. and STATS ChipPAC, Ltd. (collectively, "STATS ChipPAC") hereby submit their Reply in Support of Application for Attorneys' Fees. STATS ChipPAC is entitled to attorneys' fees because Plaintiff's Motion to Compel and for Sanctions was frivolous and unjustified and the Court recognized it as such. (Doc. 101.) Plaintiff concedes she abused Rule 30(b)(6). However, she justifies her conduct on the flawed premise that it was more economical for her to explore the theories of her case through a Rule 30(b)(6) deponent than it would be to depose the fact

witnesses with personal knowledge of many of the 30(b)(6) topics. Thus, Plaintiff knew that seeking such information from the 30(b)(6) deponent would force STATS ChipPAC to spend considerable time to prepare an officer, director or managing agent to testify regarding multiple deposition topics that were clearly overbroad, irrelevant, and objectionable. Plaintiff's intent to shift her costs of obtaining discovery to STATS ChipPAC does not "substantially justify" her Motion to Compel, nor is it "a circumstance that makes an award of attorneys' fees unjust." Fed. R. Civ. P. 37(a)(5)(B). Accordingly, STATS ChipPAC is entitled to be reimbursed for its reasonable costs and fees in defending itself against Plaintiff's frivolous Motion to Compel and for Sanctions.

## I.     ARGUMENT

### A.     The Court Should Disregard Plaintiff's Procedural Account Surrounding Plaintiff's Motion to Compel and for Sanctions.

Plaintiff's "Status of Discovery" mischaracterizes the events that led STATS ChipPAC to file their Response to Plaintiff's Motion to Compel Discovery and for Sanctions and Cross-Motion for Protective Order. (Doc. 75.) Plaintiff misstates the facts to suggest her counsel was in the process of substantially reducing the scope of the Rule 30(b)(6) examination when Defendants "brought the matter to the attention of the Court." (Doc. 169 at 2:6-12.) However, there is no question that Plaintiff unilaterally filed a 10-page Amended Notice of 30(b)(6) Deposition ("Amended Notice"), which listed more than 100 discrete topics of testimony. (Doc. 45.) In addition to the 100 plus topics of testimony, the Amended Notice included an exhaustive Request for Production of Documents, which demanded every document consulted or reviewed by any person, including documents reviewed by attorneys, in preparation for the deposition, and each document relating to any of the 100 plus Rule 30(b)(6) deposition topics. *Id.* STATS ChipPAC responded to this overbroad Notice by sending a letter to Plaintiff objecting to many of the topics of testimony. STATS ChipPAC's letter explained in detail why many of these topics were inappropriate for a Rule 30(b)(6) deposition, including that specific witnesses were better suited to address them. (Doc. 66, Exh. 4.) STATS ChipPAC also

pointed out that Plaintiff's request for documents did not permit STATS ChipPAC sufficient time to respond under Federal Rules of Civil Procedure 30(b)(2) and 34. *Id.*

Nonetheless, STATS ChipPAC identified those topics that were not objectionable, and agreed to produce a deponent to testify about those topics on a mutually agreeable date. *Id.* Plaintiff's counsel refused to narrow the deposition topics at all and filed a Motion to Compel Discovery two business days after the parties discussed the Amended Notice. (Doc. 66, Exh. B, Declaration of Caroline Larsen in Support of Defendant's Response to Plaintiff's Motion to Compel Discovery and Cross-Motion for Protective Order, Exh. A at ¶¶ 7-10, 13.) In fact, Plaintiff filed her Motion to Compel Discovery prematurely, <u>more than a week before STATS ChipPAC's responses were due</u>. (Doc. 66, Exh. 4.) Therefore, it was Plaintiff who brought the matter to the Court's attention – <u>not</u> STATS ChipPAC. STATS ChipPAC's Response to Plaintiff's Motion to Compel and Cross-Motion for a Protective Order was the only mechanism available to STATS ChipPAC to narrow the topics to those appropriate for a Rule 30(b)(6) deposition, since Plaintiff was not amenable to doing so.

This Court concluded that "[t]he huge laundry list set forth in Plaintiff's amended notice is 'over the top' on the reasonable to unreasonable scale" and "Plaintiff has endeavored to use a Rule 30(b)(6) notice as a vehicle for a 'fishing expedition'." (Doc. 101.) As a result, the Court denied Plaintiff's Motion to Compel and for Sanctions and granted STATS ChipPAC's Motion for Protective Order. *Id.* Consistent with STATS ChipPAC's objections, this Court struck Plaintiff's Amended Notice, directed Plaintiff to re-issue her Rule 30(b)(6) Notice to appropriately restricted topics, and invited STATS ChipPAC to file an application for its attorneys' fees.

**B.  Plaintiff's Response Provides No Basis to Deny an Award of Fees.**

It is well-settled that Rule 30(b)(6) only requires a company designee to testify on matters within his or her personal knowledge or on matters reasonably known by the company. *U.S. ex rel Fago v. M&T Mort. Corp.*, 235 F.R.D. 11, 23 (D.D.C. 2006); *accord Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000) (quashing plaintiff's

30(b)(6) notice and directing plaintiff to issue a more limited 30(b)(6) notice in accordance with Court's order). Despite this well-known rule, Plaintiff filed her Motion to Compel Discovery prematurely and Plaintiff knowingly misused Rule 30(b)(6) to explore theories that were irrelevant to her case. Ultimately, the Court denied Plaintiff's motion and entered a protective order in favor of STATS ChipPAC. (Doc. 101.) Rule 37(a)(5)(B) states that if a motion to compel is denied, the court "must after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). Because Plaintiff's Motion to Compel was denied and Plaintiff did not provide a substantial justification for filing her motion or state why an award of attorneys' fees would be unjust, STATS ChipPAC is entitled to be reimbursed for the fees it incurred to respond to Plaintiff's Motion to Compel.

According to Plaintiff, she included 100 plus topics of testimony because it was more economical to her than deposing numerous individual witnesses. (Doc. 169 at 2:16-19.) However, the Supreme Court has noted that a motion to compel is not substantially justified unless "there is a genuine dispute" or "if reasonable people could differ as to the [appropriateness of the contested action]." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (brackets in the original); *see also De Angelis v. City of El Paso*, 265 Fed. Appx. 390, 398, 2008 WL 444660 at **6 (5th Cir. 2008). Here, there is no question that Plaintiff's misapplication of Rule 30(b)(6) to shift her costs of discovery onto STATS ChipPAC is not a justifiable excuse for filing a Motion to Compel.

Moreover, Plaintiff's self-serving position that other depositions "confirmed" Plaintiff's cause of action is no proof that she did not act in bad faith by filing her Motion to Compel. (Doc. 169 at 5:3-6.) STATS ChipPAC did not move the Court to narrow Plaintiff's Amended Notice because the discovery Plaintiff was seeking might confirm her theories. Rather, STATS ChipPAC moved for a protective order because it was impossible to produce a 30(b)(6) deponent who could respond to the overly broad and

inappropriate 100 plus topics of testimony listed in Plaintiff's Amended Notice.  In short, Plaintiff's cost-shifting approach to discovery does not justify her 30(b)(6) Notice or her attempt to compel discovery before the expiration of the time for STATS ChipPAC to respond to it.

      **C.**    **Plaintiff is Required to Pay STATS ChipPAC's Reasonable Attorneys' Fees Under Rule 37(a)(5)(B).**

Contrary to Plaintiff's argument, the Court has the power to award attorney fees to STATS ChipPAC for the expenses it incurred in defending itself against Plaintiff's unjustified Motion to Compel and for Sanctions under Rule 37(a)(5)(B).  Fed. R. Civ. P. 37(a)(5)(B); *Sure Safe Industries Inc. v. C&R Pier MFG*, 152 F.R.D. 625 (S.D.Cal. 1993); *Sanders v. Circle K. Corp.*, 137 F.R.D. 292 (D. Ariz. 1991).  The Court denied Plaintiff's Motion to Compel and Plaintiff has not provided any substantial justification for filing her Motion to Compel, nor has she identified any circumstance that would make an award of attorneys' fees unjust.  *See* Fed. R. Civ. P. 37(a)(5)(B).  Therefore, STATS ChipPAC is entitled to an award of attorneys' fees under Rule 37(a)(5)(B).  *See Sanders*, 137 F.R.D. at 294 (attorneys' fees were appropriate where moving party filed a motion to compel alleged sexual harasser to be Rule 30(b)(6) deponent, though the Rule clearly states that a corporation cannot be required to designate an individual who lacks authority to speak on behalf of the company); *Sure Safe Industries Inc.*, 152 F.R.D. 625, 626 (award of attorneys' fees for plaintiff's frivolous motion to compel production of documents was warranted); *De Angelis v. City of El Paso*, 265 Fed. Appx. 390, 398, 2008 WL 444660 at **6 (5th Cir. 2008) (award of attorneys' fees was appropriate where plaintiff filed frivolous motion to compel document which was publically available).

Rule 11, Fed. R. Civ. P., and 28 U.S.C. § 1927 also provide a basis to award attorneys' fees where a party files a frivolous motion to compel.  *Tenkku v. Normandy Bank*, 348 F.3d 737, 743-744 (8th Cir. 2003); *Sure Safe Industries Inc.*, 152 F.R.D. 625.  In *Tenkku*, the Eighth Circuit "relied on" Rule 11 and 28 U.S.C. § 1927 to sanction plaintiff for filing a motion to compel and for sanctions one day after she demanded that

Defendants produce a document. 348 F.3d at 743-744. The court noted that while Plaintiff's motion was frivolous on its own accord, it was just one example of a pattern of unnecessary and hostile pleadings the court had been forced to review, all of which created unnecessary and protracted delays in discovery. *Id.* In this case, Plaintiff's conduct is identical to the conduct of the plaintiff in *Tenkku*. As such, sanctions, in the form of attorneys' fees, are appropriate under Rule 11 and 28 U.S.C. § 1927.

On a related note, Plaintiff's criticism of STATS ChipPAC's attorneys' fees is unavailing. STATS ChipPAC briefed the response and protective order as economically as possible. (Doc. 160, Exh. A.) The billing rates for the attorneys who worked on this matter were $290.00 and $255.00, respectively. *Id.* Plaintiff's argument is disingenuous, when her own counsel reports to charge $450.00 per hour. Moreover, STATS ChipPAC has limited its request to $5,000.00, though STATS ChipPAC incurred fees totaling $5,713.50 for the time spent responding to Plaintiff's motion and preparing its Motion for Protective Order and reply brief. (Doc. 160.) This amount does not include the fees incurred in responding and replying to this application or the time spent corresponding and meeting with Plaintiff to try to narrow the topics listed in the Amended Notice. (Doc. 160, Exh. B.) In light of the above, STATS ChipPAC's request to be reimbursed in the amount of $5,000 is completely reasonable.

**D.     Plaintiff's Response Exceeds the Scope of STATS ChipPAC's Application for Attorneys' Fees.**

As an initial matter, Plaintiff's arguments regarding the evidence that she claims she has obtained through discovery that support her claims are irrelevant to this motion. Plaintiff's Response in Opposition to Defendants' Application for Attorneys' Fees is not a proper avenue to weigh the merits of Plaintiff's alleged evidence in this case. In addition, Plaintiff's arguments are irrelevant to the issue of awarding attorneys' fees, since the merits of Plaintiff's case or lack thereof do not justify her filing a meritless Motion to Compel. However, STATS ChipPAC will address these issues to clarify its position with the Court.

First, Plaintiff asserts that discovery has revealed evidence that supports her claim that STATS ChipPAC and its management created a hostile work environment. (Doc. 169 at 2:23-3:1.) She further states that she obtained her discovery by interviewing at least ten (10) former STATS' employees, obtaining five (5) separate declarations, and deposing nine (9) witnesses. *Id.* at 2:21-23. Though STATS ChipPAC maintains that Plaintiff has garnered little, if any, relevant or admissible evidence to support her claims, Plaintiff's argument actually supports STATS ChipPAC's position that a Rule 30(b)(6) designee was not an appropriate witness to provide testimony on the 100 plus topics listed in Plaintiff's Amended Notice.

Equally irrelevant is Plaintiff's erroneous reliance on *McGinest v. GTE Serv. Corp.* to argue that she can establish a *prima facie* case of a sexually hostile work environment with allegations of discrimination that are not the subject of her Complaint and that were not directed towards her. *Id.* at 2:21-23. In *McGinest*, an African-American employee, brought an action against his employer under Title VII for creating a racially hostile work environment. 360 F.3d. 1103 (9th Cir. 2004). The Ninth Circuit held that the employer's history of racially abusive conduct toward the plaintiff and a white co-worker was sufficient to raise a genuine issue of material fact with regard to the existence of a racially hostile workplace. *Id.* at 1117. Though the racially charged comments were made to the white co-worker and not directed at plaintiff, it was nonetheless evidence of a racially hostile work environment, since the harassment of the white co-worker arose from his friendship with plaintiff. *Id.* Thus, the comments made to the white co-worker were relevant to plaintiff's race discrimination case since racial animus towards the plaintiff motivated the harasser to make these discriminatory comments. *Id.*

Plaintiff Sahakian's case is completely different. Plaintiff's alleged evidence of discrimination on the basis of protected classes <u>other than</u> gender discrimination (e.g., race and national origin) and directed towards third parties (but never the Plaintiff) has no relation to her claim of a <u>sexually</u> hostile work environment (*i.e.*, allegations of other

types of discrimination towards former employees does not prove that she was discriminated against because of gender). Moreover, the evidence cited in Plaintiff's response is hardly proof that STATS ChipPAC discriminated against third parties. Almost all of Plaintiff's evidence of alleged third-party discrimination comes from Plaintiff's own testimony during her deposition. (Doc. 169, fn 1.)

Third, Plaintiff's argument that STATS ChipPAC has become encouraged by this Court's March 24, 2009 Order to engage in abusive discovery, "while Plaintiff's quest for discovery has been chilled" (Doc. 161 at 5:7-8), is ridiculous. As set forth in STATS ChipPAC's Motion for Leave to Amend Answer to Add Counterclaim (for Abuse of Process), Plaintiff's Motion to Compel and for Sanctions is just one example of her abusive conduct. (Doc. 179.) Since Plaintiff filed her Motion to Compel, she has continued to engage in abusive conduct. *Id.* Moreover, Plaintiff cannot argue with a straight face that STATS ChipPAC actively impeded her discovery when STATS ChipPAC produced every noticed deponent and gave Plaintiff a full and fair opportunity to depose such witnesses in every instance. More to the point, according to Plaintiff, the discovery she has obtained allegedly proves the theories of her case. (Doc. 169 at 2:23-24:1, 4:4-5:2.)

Furthermore, Plaintiff's accusations that STATS ChipPAC hid documents and engaged in obfuscation are not only unwarranted and unsupported, but are raised for the very first time in Plaintiff's Response to Defendants' Application for Attorneys' Fees. Finally, Plaintiff's reference to (1) off-the-record discussions and disagreements between the parties' counsel; and (2) Dr. B. J. Han's and Tan Lay Koon's availability for depositions in the United States are irrelevant to these proceedings regarding the impropriety of Plaintiff's Motion to Compel, which was filed months ago. (Doc. 161 at 5:7-8.) Suffice it to say that Plaintiff's characterizations of the conversations between the parties' counsel are completely one-sided and taken out of context. Indeed, Plaintiff never discusses the conduct and statements of her counsel that led to the off-the-record

1 disagreement between counsel.[1]  And with respect to B. J. Han's and Tan Lay Koon's
2 availability for depositions in the U.S., this Court resolved that issue through a telephonic
3 conference back in April, STATS ChipPAC produced both depositions in accordance
4 with the Court's Order, and now both depositions have been taken.  (Doc. 116.)

## IV.     CONCLUSION

For all of the above-cited reasons, Defendants respectfully request that this Court grant STATS ChipPAC's request for attorneys' fees.

RESPECTFULLY SUBMITTED this 29th day of June 2009.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.


By: s/ Monique D. Young
   L. Eric Dowell
   Caroline K. Larsen
   Monique D. Young
   2415 East Camelback Road, Suite 800
   Phoenix, Arizona 85016
   Attorneys for Defendants STATS ChipPAC,
   Inc. and STATS ChipPAC, Ltd.

---

[1] As indicated, the discussion among counsel occurred off the record on a break during the deposition of STATS ChipPAC's Rule 30(b)(6) deponent.  The e-mail exchange that followed later that day among counsel more accurately sums up the nature of the discussion.  *See* **Exhibit A**, attached.  Despite Plaintiff's counsel's attempt to make more of this issue than it was, nothing more really needs to be said about this discussion.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of June 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Strojnik
Peter Strojnik, P.C.
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Attorney for Plaintiff

Peter K. Strojnik
The Law Firm of Peter Strojnik
3030 North Central Avenue, Suite 1401B
Phoenix, Arizona 85012

s/Debra A. Perkins

7442070.1 (OGLETREE)

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700