L. Eric Dowell, SBN 011458
Caroline K. Larsen, SBN 022547
Monique D. Young, SBN 025121
Ogletree, Deakins, Nash, Smoak & Stewart, P.C., SBN 00504800
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone:   (602) 778-3700
Facsimile:    (602) 778-3750
Eric.Dowell@ogletreedeakins.com
Caroline.Larsen@ogletreedeakins.com
Monique.Young@ogletreedeakins.com

Attorneys for Defendants STATS ChipPAC, Inc.
and STATS ChipPAC Ltd.

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Diane Sahakian, a single woman,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>STATS ChipPAC, Inc., a foreign corporation; STATS ChipPAC Ltd, a foreign corporation; Temasek Holdings Private Limited, a foreign corporation; Singapore Technologies Semiconductors Private Limited, a foreign corporation,<br><br>　　　　　　　Defendants. | CV08-241-PHX-HRH<br><br>**MOTION IN LIMINE NO. 1 TO EXCLUDE ALLEGATIONS OR CLAIMS OF OTHER DISCRIMINATION NOT ASSERTED AS CLAIMS IN PLAINTIFF'S SECOND AMENDED COMPLAINT** |

Defendants STATS ChipPAC, Inc. and STATS ChipPAC Ltd. (collectively "STATS ChipPAC") hereby move *in limine* to preclude Plaintiff and her counsel from mentioning in the presence of the jury (in opening statement, closing argument, or otherwise) or introducing evidence (either testimonial or documentary) regarding any allegations of discrimination directed towards anyone other than Plaintiff, as well as allegations of any discriminatory conduct based on any protected category other than

gender. STATS ChipPAC expects Plaintiff to attempt to introduce evidence of alleged discriminatory comments or conduct related to race, ethnicity, national origin, religion and/or disability that she claims employees of STATS ChipPAC directed towards other people to bolster her claims that she was subjected to a <u>sexually</u> hostile work environment. Such evidence, however, is irrelevant, inadmissible and prejudicial.

Plaintiff's claims in this action are limited to discrimination on the basis of gender and retaliation under Title VII of the Civil Rights Act of 1964. Plaintiff's Second Amended Complaint does not allege that she experienced any other kind of discrimination, and it is too late for Plaintiff to pursue any such claims at this juncture. Accordingly, evidence of other alleged discriminatory comments or conduct is irrelevant under Federal Rule of Evidence 401 and, thus, inadmissible under Federal Rule of Evidence 402. Even if such evidence were relevant, it should be excluded under Federal Rules of Evidence 403 and 404(b).

## I.   PROCEDURAL BACKGROUND

Throughout this case, Plaintiff has spent an inordinate amount of time pursuing discovery relating to alleged discrimination that is wholly unrelated to her sole claim for gender/sex discrimination, as evidenced by:

- Plaintiff's original and Amended Rule 30(b)(6) Notice to STATS ChipPAC, seeking testimony regarding numerous comments relating to race or national origin allegedly made by executives of the company. (*See* Doc. 44, 45);

- Plaintiff's testimony during her deposition regarding allegations of race, ethnicity, national origin, religious and disability discrimination by STATS ChipPAC (Doc. 169, p. 3 n.1);

- Plaintiff's inquiry into alleged discriminatory comments regarding race, ethnicity, national origin, religion, and disability when deposing former and current STATS ChipPAC employees (Doc. 169, p. 3 n.1; Doc. 175, Exhs. 9-11);

2

- declarations from former employees concerning allegations of race, ethnicity, national origin, religion, and disability discrimination by STATS ChipPAC disclosed by Plaintiff (Doc. 169, p. 3 n.1); and

- correspondence from Plaintiff to STATS ChipPAC requesting documents from a completely unrelated lawsuit by a former employee alleging discrimination under the Americans with Disabilities Act. (*See* email from Peter Strojnik, dated May 23, 2009, attached as Exhibit 1).

The only issues in this lawsuit are whether Plaintiff was discriminated against based on her gender and retaliated against for complaining of alleged discrimination. Evidence of any other alleged discrimination by STATS ChipPAC, particularly directed at anyone other than Plaintiff, is irrelevant, unduly prejudicial, and constitutes inadmissible character evidence.

## II. ARGUMENT

### A. Evidence of Alleged Discrimination Not Raised in Plaintiff's Second Amended Complaint is Inadmissible.

Plaintiff's Second Amended Complaint does not assert claims of discrimination on the basis of any protected class other than Plaintiff's gender. Accordingly, evidence that STATS ChipPAC employees allegedly made discriminatory comments regarding race, ethnicity, national origin, religion, or disability have no bearing on the present action. The Court should exclude evidence of any claims not raised in Plaintiff's Second Amended Complaint. *Crowe v. Wiltel Commc'ns Sys.*, 103 F.3d 897, 900 (9th Cir. 1998); *Deere & Co. v. Johnson,* 271 F.3d 613, 621-22 (5th Cir. 2001) (issue not in the pleadings or pretrial order is not properly raised in the trial court, if not tried by consent or implied consent). In *Crowe*, the plaintiff argued that the district court erroneously excluded evidence of sexual orientation and race discrimination by her former employer, though her claims against her former employer were limited to gender discrimination under Title VII. *Crowe*, 103 F.3d at 900. In ruling that the district court did not abuse its discretion in excluding the evidence, the court found that "evidence of sexual orientation

3

and race discrimination did not relate directly to any issue at trial." *Id.* Similarly, Plaintiff's allegations of other kinds of discrimination, which do not relate to the claims Plaintiff asserted in her Complaint, are irrelevant and should be excluded.[1]

### B.   Allegations of Other Kinds of Discrimination Are Irrelevant.

In this case, Plaintiff's claim relates to one specific type of discrimination – gender. Plaintiff alleges that she was subjected to a sexually hostile work environment, thus, evidence of other kinds of alleged discriminatory conduct is irrelevant and does not relate to any fact of consequence in this action.[2] Fed. R. Evid. 401, 402; *Crowe v. Wiltel Commc'ns Sys.*, 103 F.3d 897, 900 (9th Cir. 1998); *Beachy v. Boise Cascade Corp.*, 191 F.3d 1010, 1013-14 (9th Cir. 1999) (affirming exclusion of evidence regarding employees not within the protected classification claimed by the plaintiff).

Here, Plaintiff's additional unrelated allegations of discrimination are a form of "me too" claims, but with an additional and substantial distinction – none of the other allegations of discrimination were based on gender. Rather, the alleged comments relate to other protected classes, such as race, national origin, or religion. Even closely analogous "me too" claims are consistently excluded by the Ninth Circuit Court of

---

[1] Notably, the time for Plaintiff to assert additional claims, *e.g.* for alleged national origin or race discrimination, has long since passed. Before Plaintiff may file suit under Title VII, she first must file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C.A. §§ 2000e-5(b), (f)(1). Plaintiff's charge of discrimination in this action only alleged discrimination on the basis of gender and retaliation. Plaintiff may not assert claims "that were not timely raised with the EEOC unless the new claims are like or reasonably related to the allegations contained in the EEOC charge." *Green v. Los Angeles County Superintendent of Schools*, 883 F.2d 1472, 1475-76 (9th Cir. 1989) (internal quotation marks omitted). Plaintiff's allegations of discrimination on the basis of gender and retaliation are not reasonably related to any other forms of alleged discrimination, and any charge filed by Plaintiff to allege such discrimination would now be untimely. *Webb v. Cardiothoracic Surgery Assocs. of North Texas, P.A.*, 139 F.3d 532, 537 (5th Cir. 1998) ("Plaintiffs cannot sustain a claim or recover damages based on conduct that occurred more than 300 days before the EEOC charge filing date"). Thus, Plaintiff is procedurally barred from litigating these claims.

[2] In fact, most of the alleged other discriminatory comments or conduct were not even directed towards or about Plaintiff, but to third parties.

Appeals and other federal courts where they are too dissimilar to the plaintiff's particular circumstance and, therefore, are not relevant to the plaintiff's case. *Tennison v. Circus Circus Enters.*, 244 F.3d 684, 690 (9th Cir. 2000); *Williams v. The Nashville Network*, 132 F.3d 1123, 1130 (6th Cir. 1997) ("me too" evidence not relevant and properly excluded because it did not relate to the fundamental issue of whether plaintiff suffered discrimination); *Francisco-Rivera v. Chairman of Bd. of Directors of Fed. Deposit Ins. Corp.*, 751 F. Supp. 13, 16 n.1 (D. P.R. 1990) (excluding testimony of other employees because it was too dissimilar); *Blair v. Wills,* 420 F.3d 823, 830-31 (8th Cir. 2005) (reversing district court's denial of a motion for new trial where plaintiff's counsel repeatedly injected "irrelevant and prejudicial evidence" into the proceedings); *Allan v. Springville City*, 388 F.3d 1331, 1335 (10th Cir. 2004) (holding that trial court did not err in excluding evidence that was only relevant to claims not before the court); *EEOC v. HBE Corp.,* 135 F.3d 543, 552 (8th Cir. 1998) (finding that in a race discrimination case, evidence of religious bias via comments "should have been excluded because it was not directly related to the issue in the case"); *see also Fallon v. Potter*, 2008 WL 5395984, *2 (M.D. La. Dec. 23, 2008) (finding evidence of abandoned or dismissed claims could "confuse and prejudice" the jury and excluding evidence thereof).

Even if the alleged comments at issue arguably are relevant, they should be excluded because any "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403; *Tennison*, 244 F.3d at 690; *McWhorter v. City of Birmingham*, 906 F.2d 674, 679 (11th Cir. 1990) (probative value of "me too" evidence is substantially outweighed by the danger of unfair prejudice); *Schrand v. Federal Pacific Elec. Co.*, 851 F.2d 152, 156 (6th Cir. 1988); *Haskell v. Kaman Corp.*, 743 F.2d 113, 122 (2d Cir. 1984); *Ramos-Melendez v. Valdejully*, 960 F.2d 4, 6 (1st Cir. 1992) (excluding "me too" evidence to avoid trial within a trial).

Here, the substantial danger of unfair prejudice warrants excluding Plaintiff's "me too" evidence. Plaintiff's allegations of various discriminatory comments or conduct do not relate to Plaintiff or involve the same kind of conduct upon which she bases her claim. *Brillhart v. Phillips Elec. N. America Corp.*, 938 F. Supp. 742 (D. N.M. 1996) (Plaintiff must show that treatment of co-workers or former employees was close in time and similar to the treatment of Plaintiff to be considered relevant). Further, many of Plaintiff's allegations of other types of discrimination are too remote in time or too vague as to what allegedly was said to have any relevance to Plaintiff's claim.[3] *See Brillhart*, 938 F. Supp. at 748 (excluding evidence of allegedly sexually harassing statements made in front of plaintiff's supervisor, when comments were made long after plaintiff's employment ended); *Figures v. Board of Public Utilities*, 967 F.2d 357 (10th Cir. 1992) (excluding anecdotal evidence of a co-worker's successful claim of racial harassment against the employer one year earlier as more prejudicial than probative).

Indeed, Plaintiff's own testimony supports excluding evidence regarding the alleged comments because they are irrelevant:

> Q. But these comments that you were subjected to about your pheromones, videos of transsexuals, racial comments about Indians, about Americans being monkeys, did you report any of that to Dr. Han, Scott Jewler, or human resources?
>
> A. No. I – I reported things that directly impacted me. Those didn't directly impact me in terms of my job function or my – not my job, you know, in terms of me being demoted or being fired, okay? The things that I reported that I was concerned about are things that were taking me down, like booing, hostile environment –
>
> Q. Did you ever –
>
> A. – inability to – to manage people as a woman in this company without being labeled a bitch if you were doing your job.

---

[3] Plaintiff testified that some of the alleged discriminatory comments that she heard about occurred in the years 2000 and 2002. *See* Dep. of Sahakian, pp. 238:19-240: 6, attached as Exhibit 2.

6

Deposition of Diane Sahakian 80:24-81:14, attached as Exhibit 2. Plaintiff's admission that allegations of other types of discrimination did not impact her supports the irrelevance and inadmissibility of such evidence.

### C. Virtually All of the Alleged Comments at Issue are Hearsay.

Plaintiff likely will try to rely on out-of-court statements to prove the truth of the matters asserted, *i.e.*, that employees or executives of STATS ChipPAC made discriminatory comments to or about STATS ChipPAC employees. Any comments that Plaintiff heard from co-workers, and did not witness personally, are inadmissible hearsay.[4] Fed. R. Evid. 801(c). Furthermore, any testimony by Plaintiff regarding alleged discriminatory conduct directed at others, and not witnessed by Plaintiff, must be excluded under Rule 602. *Brooks v. City of San Mateo*, 229 F.3d 917, 924 (9th Cir. 2000) ("Harassment directed towards others of which an employee is unaware can, naturally, have no bearing on whether she reasonably considered her working environment abusive."); *Martinez v. Martin Sanitary Serv.*, 349 F. Supp. 2d 1234, 1248 (N.D. Cal. 2004) (employee cannot rely on incidents of which he had no personal knowledge to establish hostile environment claim); *Cross v. FPP Operating Partners, L.P.,* NO. Civ. A. 7:99-CV-160-R, 2001 WL 1143159, at *11 (N.D. Tex. Sept. 25, 2001) (racist speech uttered to other employees, but not heard by the plaintiff was insufficient as a matter of law to prove hostile work environment).

### D. Evidence of Unrelated Discriminatory Comments is Unduly Prejudicial.

Even assuming the allegations that STATS ChipPAC employees made discriminatory comments regarding race, ethnicity, national origin, religion, or disability were relevant to Plaintiff's gender discrimination claim, such evidence should still be excluded pursuant to Rule 403. Any testimony or evidence regarding discrimination

---

[4] For example, according to Plaintiff's testimony, she heard of allegedly discriminatory comments regarding people of Indian ancestry from Ram Ramakrishna, a former STATS ChipPAC employee who is Indian. Plaintiff did not testify to hearing these comments first hand. *See* Sahakian Dep., pp. 169:15-170:1, 240:15-241:17, attached as Exhibit 2.

7

unrelated to Plaintiff's claim of a sexually hostile work environment will unduly prejudice STATS ChipPAC in the eyes of the jury. Further, admission of such evidence will require STATS ChipPAC to defend multiple, unrelated claims by former employees, which will inject several "mini trials" into the trial of this action. *Tennison v. Circus Circus Enters.*, 244 F.3d 684, 690 (9th Cir. 2000) (excluding evidence to avoid "mini-trials"); *Nichols v. Asteca Rest. Enters. Inc.*, 13 Fed. Appx. 694 (9th Cir. 2001); *Wyvill v. United Cos. Ins. Co.*, 212 F.3d 296, 298, 302-04 (5th Cir. 2000) (upholding exclusion of anecdotal testimony from other witnesses regarding entirely unrelated contentions of age discrimination at the hands of the defendant as substantially prejudicial to the defendant); *Sims v. Mulcahy*, 902 F.2d 524, 530-31 (7th Cir. 1990) (affirming district court's exclusion of evidence under Rule 403 that defendant allegedly discriminated against another employee because exclusion avoided significant litigation on issues collateral to the case).

Finally, the jury likely would be confused and misled into believing that the discriminatory comments or conduct by STATS ChipPAC employees related to race, ethnicity, national origin, religion and/or disability somehow support Plaintiff's claims of sexually hostile work environment and retaliation. Plaintiff must meet her evidentiary burden without inflaming the jury with irrelevant and unrelated allegations of discrimination that have no bearing on her claims.

**E.   Additional Allegations of Discrimination Constitute Impermissible Character Evidence.**

Any evidence concerning unrelated allegations or claims of discriminatory conduct directed towards others is inadmissible to show STATS ChipPAC's alleged conduct towards Plaintiff. *See* Fed. R. Evid. 404(b); *Heyne v. Caruso*, 69 F.3d 1475, 1480 (9th Cir. 1995) (alleged previous harassment cannot be used to show a defendant harassed a plaintiff on a specific subsequent occasion). Such evidence suggests that STATS ChipPAC must have a sexually hostile work environment because the company

allegedly had a propensity to discriminate against employees belonging to other protected categories. This impermissible character evidence is highly prejudicial and inadmissible.

### III. CONCLUSION

For the above stated reasons, Defendants STATS ChipPAC, Inc. and STATS ChipPAC Ltd. request an Order from the Court precluding Plaintiff and her counsel from mentioning in the presence of the jury (in opening statement, closing argument, or otherwise) or introducing evidence (either testimonial or documentary) regarding any allegations of discrimination directed towards anyone other than Plaintiff, as well as allegations of any discriminatory conduct based on any protected category other than gender.

RESPECTFULLY SUBMITTED this 1st day of July 2009.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By:   s/ Caroline K. Larsen
   L. Eric Dowell
   Caroline K. Larsen
   Monique D. Young
   2415 East Camelback Road, Suite 800
   Phoenix, Arizona 85016
   Attorneys for Defendants STATS ChipPac, Inc. and STATS ChipPAC Ltd.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of July, 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Strojnik
Peter Strojnik, P.C.
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Attorney for Plaintiff

Peter K. Strojnik
The Law Firm of Peter Strojnik
3030 North Central Avenue, Suite 1401B
Phoenix, Arizona 85012
Attorney for Plaintiff

 s/ Debbi Irwin

7355307.2 (OGLETREE)

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700