L. Eric Dowell, SBN 011458
Caroline K. Larsen, SBN 022547
Monique D. Young, SBN 025121
Ogletree, Deakins, Nash, Smoak & Stewart, P.C., SBN 00504800
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone: (602) 778-3700
Facsimile: (602) 778-3750
Eric.Dowell@ogletreedeakins.com
Caroline.Larsen@ogletreedeakins.com
Monique.Young@ogletreedeakins.com

Attorneys for Defendants STATS ChipPAC, Inc.
and STATS ChipPAC Ltd.

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Diane Sahakian, a single woman,<br><br>Plaintiff,<br><br>vs.<br><br>STATS ChipPAC, Inc., a foreign corporation; STATS ChipPAC Ltd, a foreign corporation; Temasek Holdings Private Limited, a foreign corporation; Singapore Technologies Semiconductors Private Limited, a foreign corporation,<br><br>Defendants. | CV08-241-PHX-HRH<br><br>**MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE REGARDING ERIC GONGORA'S CRIMINAL HISTORY, ORDERS OF PROTECTION, AND ANGER MANAGEMENT COURSE** |

Defendants STATS ChipPAC, Inc. and STATS ChipPAC Ltd. (collectively "STATS ChipPAC") hereby move *in limine* to exclude any evidence of, reference to, or testimony regarding STATS ChipPAC employee Eric Gongora's criminal history, orders of protection obtained by his ex-wives, and evidence of his attendance at an anger management course. Such evidence is irrelevant under Federal Rules of Evidence 401

and 402. Even if such evidence were relevant, it should be excluded under Federal Rules of Evidence 403 and 404(b).

## I. INTRODUCTION

This case involves gender discrimination and retaliation claims by Plaintiff Diane Sahakian against her former employer, STATS ChipPAC. (Doc. 61.) Plaintiff alleges, among other things, that certain male subordinates within the department she managed as Vice President of Emerging Technologies, created a sexually hostile work environment. *Id.* at p. 7, ¶ 37. In her Complaint, however, Plaintiff directs most of her allegations at one of her former subordinates, Eric Gongora (who is not a defendant in this lawsuit). Plaintiff claims that Mr. Gongora contributed to a sexually hostile work environment by acting insubordinately, acting aggressively in meetings and e-mails, yelling at her, and putting a dab of ketchup on her chair (the so-called "ketchup incident"). *Id.* at p. 4, ¶¶ 20-21. With respect to the ketchup incident, neither Plaintiff nor STATS ChipPAC were able to conclude who put ketchup on Plaintiff's chair. Nonetheless, STATS ChipPAC anticipates that Plaintiff will attempt to introduce evidence regarding several matters from Mr. Gongora's personal life, none of which occurred while he was at work at STATS ChipPAC, to support her allegations that Mr. Gongora sexually harassed her. It also is anticipated that Plaintiff will introduce this evidence to support her allegation that STATS ChipPAC failed to properly investigate or otherwise respond to the ketchup incident, including not researching Mr. Gongora's background.

The evidence Plaintiff is expected to try to introduce includes: (1) Mr. Gongora's 16 year-old plea of "no contest" to allegedly stealing a VCR from a store; (2) two orders of protection filed against Mr. Gongora by his ex-wives, alleging physically and verbally abusive conduct; and (3) an anger management class that Mr. Gongora attended in lieu of paying a fine for a traffic ticket for aggressive driving. Plaintiff, however, may not introduce any such evidence because it is irrelevant and unrelated to Plaintiff's claims, and any probative value that it could have is substantially outweighed by the dangers of unfair prejudice to Mr. Gongora and to STATS ChipPAC, confusion of the issues,

misleading the jury, and undue prejudice. Fed. R. Evid. 402, 403. In addition, such evidence is improper character evidence. Accordingly, STATS ChipPAC respectfully requests the Court to exclude any reference, comment, argument, testimony and evidence regarding these personal matters regarding Mr. Gongora.

## II. ARGUMENT

### A. Evidence Regarding Orders of Protection, Plea of No Contest, and an Anger Management Class is Irrelevant.

In this case, evidence of Mr. Gongora's 1993 plea of no contest, his participation in an anger management course, and evidence relating to orders of protection filed against Mr. Gongora by his ex-wives has no relevance to whether Plaintiff was subjected to a sexually hostile work environment while employed with STATS ChipPAC. Fed. R. Evid. 401, 402. Plaintiff alleges that Mr. Gongora undermined her within her group, harmed her reputation, and put ketchup on her chair. Doc. 61 at p. 4, ¶¶ 20-21. Plaintiff does not allege that Mr. Gongora physically or verbally abused her, stole from her, or engaged in any criminal or illegal misconduct during the time he worked with Plaintiff at STATS ChipPAC. Therefore, evidence of alleged, outdated criminal misconduct by Mr. Gongora does not make any of her allegations concerning him more or less probable.

Likewise, allegations of criminal conduct by Mr. Gongora do not make Plaintiff's claims concerning STATS ChipPAC more or less probable. Nothing Plaintiff alleges Mr. Gongora did is, in any way, similar to Mr. Gongora's: (1) criminal plea of "no contest" to stealing a VCR in 1993, ten years before he began his employment with STATS ChipPAC; (2) alleged conduct in the two orders of protection filed by Mr. Gongora's ex-wives; or (3) completion of an anger management class for aggressive driving. More importantly, Plaintiff has presented no evidence that STATS ChipPAC knew about these incidents or reasonably would have discovered these incidents, regardless of the company's diligence in investigating the ketchup incident. There is also no reasonable argument that STATS ChipPAC would have concluded that Mr. Gongora was the person who placed ketchup on Plaintiff's chair if STATS ChipPAC had known

about the plea, anger management courses, or orders of protection. Accordingly, this evidence is irrelevant to any of the allegations against STATS ChipPAC.

### B. Evidence Regarding Orders of Protection, Plea of No Contest, and an Anger Management Class is Prejudicial.

Even if such evidence were somehow relevant to Plaintiff's claim of gender discrimination, it should still be excluded because its minute probative value is substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403. The nature of the evidence at issue may cause the jury to decide this case based on its perceptions regarding Mr. Gongora's moral character rather than on the strength or weakness of Plaintiff's claims. Therefore, such evidence is unduly prejudicial because it has an undue tendency to suggest a decision on an improper basis, including, but not limited to, an emotional one. *See Old Chief v. United States*, 519 US 172, 180; 117 S Ct 644 (1977).

This risk of prejudice is especially significant in light of how long ago the Mr. Gongora's criminal plea occurred. There is no evidence that he engaged in similar alleged acts of theft, or any other criminal conduct, at any time after 1993. Moreover, the orders of protection are hearsay and the allegations within them are scandalous. There was never a hearing on the merits regarding either order of protection. In fact, there is no evidence either order of protection was ever served upon Mr. Gongora, therefore, it is unclear whether he knew about the allegations in the applications for the orders of protection, or whether he had an opportunity to refute them. Notably, neither of Mr. Gongora's ex-wives have substantiated these protective orders through testimony or declarations, despite repeated requests to do so from Plaintiff's counsel.

Plaintiff may argue that evidence regarding Mr. Gongora's plea, orders of protection, and the anger management class are admissible under Federal Rule of Evidence 609. This is not the case. The plea, orders of protection, and the anger management course, which Mr. Gongora attended in lieu of paying a fine for a traffic ticket, are not criminal convictions. Even if an argument could be made that the plea is a

4

conviction, which it is not, evidence of the plea would be inadmissible under Rule 609(b) because it occurred more than ten years ago. Plaintiff can provide no basis to admit such irrelevant, prejudicial evidence.

### C. Evidence Regarding Orders Of Protection, Plea of No Contest, and an Anger Management Class is Barred By Rule 403.

Finally, evidence regarding Mr. Gongora's plea, orders of protection, and the anger management class would violate the rule against propensity evidence. *See* Fed. R. Evid. 404(b). Plaintiff hopes to offer this evidence for no other purpose than to suggest that Mr. Gongora must have harassed Plaintiff because he has the propensity to engage in criminal or illegal misconduct. Such character evidence is inadmissible.

### III. CONCLUSION

Defendants STATS ChipPAC, Inc. and STATS ChipPAC Ltd. move the Court for an Order excluding any evidence of, reference to, or testimony regarding Eric Gongora's criminal history, orders of protection obtained by his ex-wives, and evidence of his attendance at an anger management course, pursuant to Federal Rules of Evidence 401, 402, 403 and 404(b).

RESPECTFULLY SUBMITTED this 1st day of July 2009.

        OGLETREE, DEAKINS, NASH,
        SMOAK & STEWART, P.C.

        By:   s/ Caroline K. Larsen
            L. Eric Dowell
            Caroline K. Larsen
            Monique D. Young
            2415 East Camelback Road, Suite 800
            Phoenix, Arizona 85016
            Attorneys for Defendants STATS ChipPAC, Inc. and STATS ChipPAC Ltd.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of July 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Strojnik
Peter Strojnik, P.C.
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Attorney for Plaintiff

Peter K. Strojnik
The Law Firm of Peter Strojnik
3030 North Central Avenue, Suite 1401B
Phoenix, Arizona 85012

 s/ Debbi Irwin

7471595.1 (OGLETREE)