L. Eric Dowell, SBN 011458
Caroline Larsen, SBN 022547
Monique Young, SBN 025121
Ogletree, Deakins, Nash, Smoak & Stewart, P.C., SBN 00504800
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone:   (602) 778-3700
Facsimile:    (602) 778-3750
Eric.Dowell@ogletreedeakins.com
Caroline.Larsen@ogletreedeakins.com
Monique.Young@ogletreedeakins.com

Attorneys for Defendants STATS ChipPAC, Inc.
and STATS ChipPAC, Ltd.

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Diane Sahakian, a single woman,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>STATS ChipPAC, Inc., a foreign corporation; STATS ChipPAC Ltd, a foreign corporation; Temasek Holdings Private Limited, a foreign corporation; Singapore Technologies Semiconductors Private Limited, a foreign corporation,<br><br>　　　　　　Defendants. | CV08-241-PHX-HRH<br><br>**MOTION IN LIMINE NO. 3 TO EXCLUDE TESTIMONY FROM STATS ChipPAC, LTD.'S GENERAL COUNSEL** |

Defendants STATS ChipPAC, Inc. and STATS ChipPAC, Ltd. (collectively "STATS ChipPAC") move *in limine* to exclude the testimony of Janet Taylor, STATS ChipPAC, Ltd.'s General Counsel. Plaintiff has not – and cannot – identify any relevant

testimony that Ms. Taylor could provide that is not protected from disclosure by the attorney-client privilege and/or the work product doctrine.[1]

## I. PROCEDURAL BACKGROUND

Plaintiff served her Initial Disclosure Statement, in accordance with Federal Rule of Civil Procedure 26(a)(1), on STATS ChipPAC's counsel on July 16, 2008. Plaintiff served several supplemental disclosure statements during the discovery period in this action, however, Ms. Taylor is not disclosed as an individual with discoverable information on a single one of Plaintiff's disclosure statements. Accordingly, Plaintiff has not identified any potentially relevant information Ms. Taylor might have regarding this action, nor has she identified any topics about which Ms. Taylor could testify that are not protected from disclosure by attorney-client privilege and/or the work product doctrine.

## II. PLAINTIFF FAILED TO DISCLOSE ANY NON-PRIVILEGED TOPICS ABOUT WHICH JANET TAYLOR MIGHT TESTIFY.

Any potentially relevant information Ms. Taylor might have regarding this action is protected from disclosure by attorney-client privilege and/or the work product doctrine. Ms. Taylor is General Counsel for STATS ChipPAC, Ltd. and has been at all times relevant to this action. She did not work in the Tempe office of STATS ChipPAC where Plaintiff worked, did not directly supervise Plaintiff, and did not observe the alleged hostile work environment that Plaintiff claims she experienced. Any communications between Ms. Taylor and any employee or executive of STATS ChipPAC regarding the subject matter of this action are protected by the attorney-client privilege.

The attorney-client privilege protects the giving of information to the lawyer to enable him or her to provide advice to the client. *Upjohn Co. v. United States*, 449 U.S.

---

[1] Plaintiff also failed to list Ms. Taylor on a Trial Witness List by the deadline set by the Court's Scheduling and Planning Order, and failed to disclose the subjects about which she expects Ms. Taylor to testify before the deadline for completing discovery. *See* STATS ChipPAC's Motion in Limine No. 6 To Exclude Testimony of Late and/or Insufficiently Disclosed Witnesses.

383, 390 (1981). In the corporate context, the privilege applies to in-house counsel's communications with the company's employees, and is not limited to members of senior management. *Id.* at 391-92; *see also Admiral Ins. Co. v. U.S. Dist. Court for Dist. of Arizona*, 881 F.2d 1486, 1492 (9th Cir. 1989) ("Although an expansive application of the attorney-client privilege to corporations may impose severe burdens on discovery and create a broad 'zone of silence' over corporate affairs, effective representation by counsel 'depends upon the lawyer being fully informed by the client.'" *Upjohn* stands for the proposition that the advantages of preserving the privilege outweigh the inescapable disadvantages of the resultant secrecy.") (citations omitted).

Furthermore, any questioning of Ms. Taylor regarding Plaintiff's allegations against STATS ChipPAC likely would violate the work-product doctrine by eliciting her mental impressions, opinions and conclusions. *See e.g.*, Fed. R. Civ. P. 26(b)(1), (3)(B) (limiting discovery to non-privileged matters and protecting against the disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation).

### III. CONCLUSION

As set forth in STATS ChipPAC's Motion in Limine No. 6 To Exclude Testimony of Late and/or Insufficiently Disclosed Witnesses, Plaintiff failed to timely disclose Ms. Taylor as a trial witness in this action, and completely failed to identify the discoverable information that she believes Ms. Taylor may have, as required by Federal Rule of Civil Procedure 26(a). Plaintiff has not demonstrated that Ms. Taylor could offer any testimony that is not protected by the attorney-client privilege and/or the work-product doctrine. For these reasons, Defendants STATS ChipPAC, Inc. and STATS ChipPAC, Ltd. respectfully request that the Court preclude Plaintiff from calling Ms. Taylor to testify at the trial in this action.

///

///

///

3

1   DATED this 1st day of July, 2009.

2                                           OGLETREE, DEAKINS, NASH,
3                                           SMOAK & STEWART, P.C.

4

5
                                            By: s/ Caroline Larsen
6                                              L. Eric Dowell
                                               Caroline Larsen
7                                              Monique Young
                                               2415 East Camelback Road, Suite 800
8                                              Phoenix, Arizona 85016
9                                              Attorneys for Defendants STATS ChipPAC,
                                               Inc. and STATS ChipPAC, Ltd.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

4

# CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Strojnik
Peter Strojnik, P.C.
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Attorney for Plaintiff

Peter K. Strojnik
The Law Firm of Peter Strojnik
3030 North Central Avenue, Suite 1401B
Phoenix, Arizona 85012


s/ Debbi Irwin

7467633.1 (OGLETREE)