L. Eric Dowell, SBN 011458
Caroline K. Larsen, SBN 022547
Monique D. Young, SBN 025121
Ogletree, Deakins, Nash, Smoak & Stewart, P.C., SBN 00504800
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone:  (602) 778-3700
Facsimile:   (602) 778-3750
Eric.Dowell@ogletreedeakins.com
Caroline.Larsen@ogletreedeakins.com
Monique.Young@ogletreedeakins.com

Attorneys for Defendants STATS ChipPAC, Inc.
and STATS ChipPAC Ltd.

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Diane Sahakian, a single woman,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>STATS ChipPAC, Inc., a foreign corporation; STATS ChipPAC Ltd, a foreign corporation; Temasek Holdings Private Limited, a foreign corporation; Singapore Technologies Semiconductors Private Limited, a foreign corporation,<br><br>　　　　　　　Defendants. | CV08-241-PHX-HRH<br><br>**MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE REGARDING ERIC GONGORA'S PERSONAL LIFE** |

Defendants STATS ChipPAC, Inc. and STATS ChipPAC Ltd. (collectively "STATS ChipPAC") hereby move *in limine* to exclude any evidence of, reference to, or testimony regarding STATS ChipPAC employee Eric Gongora's personal life including, but not limited to, his two divorces, his disputes with his ex-wives, the two orders of protection obtained by his ex-wives, and his sex life including extramarital affairs. Mr. Gongora, who is not a defendant in this lawsuit, is a current employee of STATS

ChipPAC who reported to Plaintiff during her tenure as Vice President of STATS ChipPAC's Emerging Technology group.

I. **ARGUMENT**

    A. **Evidence Relating to Mr. Gongora's Personal Life is Not Relevant.**

It is anticipated that Plaintiff will attempt to present or elicit irrelevant and improper character evidence concerning the personal life of Mr. Gongora (*e.g.* his divorces and disputes with his ex-wives, his dating relationships, his sex life and extramarital affairs). Details of Mr. Gongora's personal life, however, have nothing to do Plaintiff's gender discrimination and retaliation claims. In fact, federal courts have repeatedly found that evidence regarding an individual's personal life such as having an affair is irrelevant and highly prejudicial. *See Jiminez v. PawPaw's Camper City Inc.*, No. Civ. A. 00-1756, 2001 WL 129790, at *2 (E.D.La. Oct. 24, 2001) (noting that, in wrongful termination case, evidence of a witness' extra-marital affairs was completely irrelevant); *Sharon v. Time Inc.*, 103 F.R.D. 86, 93 (D.C.N.Y. 1984) (holding that evidence of an extramarital affair is "highly prejudicial under Section 403 of the Federal Rules of Evidence") (*citing Doran v. Priddy*, 538 F. Supp. 454, 455 (D. Kan 1981)); *see also* Fed. R. Evid. 412. The irrelevance of Mr. Gongora's personal life is particularly glaring in this case, because many of the incidents upon which Plaintiff likely will attempt to rely occurred many years before Mr. Gongora was employed at STATS ChipPAC or after Mr. Gongora was transferred out of Plaintiff's Emerging Technologies Group and/or after the last time Plaintiff alleges Mr. Gongora directed any sexual comments towards her. *See* Deposition of Diane Sahakian, taken March 17, 2009, pp. 250-251, attached hereto as Exhibit 1.

Moreover, the only possible use of evidence regarding Mr. Gongora's personal life in this case would be for Plaintiff to improperly attempt to convince the jury that Mr. Gongora must have harassed Plaintiff because he is a bad person. Evidence of Mr. Gongora's alleged prior wrongful acts or "bad" character, however, cannot be used to prove he harassed Plaintiff. *See* Fed. R. Evid. 402, 404(b).

Even if character evidence could be used to prove action in conformity therewith, there is no correlation between the scandalous and salacious conduct in which Mr. Gongora allegedly engaged in his personal life and the conduct in which Plaintiff claims Mr. Gongora engaged in this case. For example, throughout this lawsuit, Plaintiff has repeatedly referenced Mr. Gongora's alleged physical altercations with his ex-wives in her filings with this Court. Yet, Plaintiff has never alleged that Mr. Gongora ever physically harmed or threatened her. Accordingly, all evidence regarding Mr. Gongora's personal life should be excluded under Federal Rules of Evidence 402 and 404.

**B.    Evidence Relating to Mr. Gongora's Personal Life will Confuse the Issues, Mislead the Jury, Unduly Prejudice STATS ChipPAC, and Result in Needless Delay and Waste of Time.**

Evidence regarding Mr. Gongora's personal life also should be excluded because it will confuse the issues, mislead the jury, unduly prejudice STATS ChipPAC, result in needless delay, and waste the Court's and the jury's time. Fed. R. Evid. 403. Plaintiff is attempting to substitute salaciousness for substance in an effort to distract the jury from focusing on legitimate issues, such as the elements of Plaintiff's claims and whether she can meet her evidentiary burden. Moreover, allowing Plaintiff to present evidence of personal matters, such as extra-marital affairs and divorce, is highly prejudicial as it greatly increases the likelihood that the jury will base its decision on improper grounds, such as whether they approve of Mr. Gongora's alleged conduct. Finally, a tremendous amount of this Court's and the jury's time needlessly will be spent on issues that have absolutely nothing to do with Plaintiff or her claims, such as who started an argument between Mr. Gongora and his ex-wives or why Mr. Gongora had an affair.

**II.    CONCLUSION**

For the foregoing reasons, Defendants seek an Order pursuant to Federal Rules of Evidence 402, 403, and 404 precluding Plaintiff and her counsel from mentioning in the presence of the jury (in opening statement, closing argument, or otherwise) or introducing any evidence (either testimonial or documentary) regarding Mr. Gongora's personal life including, but not limited to, his prior two marriages or divorces, his disputes with his ex-

wives, the two orders of protection obtained by his ex-wives, and his sex life including his extra-marital affairs.

      RESPECTFULLY SUBMITTED this 1st day of July, 2009.

                              OGLETREE, DEAKINS, NASH,
                              SMOAK & STEWART, P.C.

                              By:   s/ Caroline Larsen
                                   L. Eric Dowell
                                   Caroline K. Larsen
                                   Monique D. Young
                                   2415 East Camelback Road, Suite 800
                                   Phoenix, Arizona 85016
                                   Attorneys for Defendants STATS ChipPAC, Inc. and STATS ChipPAC Ltd.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of July 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Strojnik
Peter Strojnik, P.C.
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Attorney for Plaintiff

Peter K. Strojnik
The Law Firm of Peter Strojnik
3030 North Central Avenue, Suite 1401B
Phoenix, Arizona 85012
Attorney for Plaintiff

 s/ Debbi Irwin

7471562.2 (OGLETREE)