L. Eric Dowell, SBN 011458
Caroline Larsen, SBN 022547
Monique Young, SBN 025121
Ogletree, Deakins, Nash, Smoak & Stewart, P.C., SBN 00504800
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone:    (602) 778-3700
Facsimile:    (602) 778-3750
Eric.Dowell@ogletreedeakins.com
Caroline.Larsen@ogletreedeakins.com
Monique.Young@ogletreedeakins.com

Attorneys for Defendants STATS ChipPAC, Inc.
and STATS ChipPAC, Ltd.

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Diane Sahakian, a single woman,<br><br>                    Plaintiff,<br><br>          vs.<br><br>STATS ChipPAC, Inc., a foreign corporation; STATS ChipPAC Ltd, a foreign corporation; Temasek Holdings Private Limited, a foreign corporation; Singapore Technologies Semiconductors Private Limited, a foreign corporation,<br><br>                    Defendants. | CV08-241-PHX-HRH<br><br>**MOTION IN LIMINE NO. 6 TO EXCLUDE TESTIMONY OF LATE AND/OR INSUFFICIENTLY DISCLOSED WITNESSES** |

        Defendants STATS ChipPAC, Inc. and STATS ChipPAC, Ltd. (collectively "STATS ChipPAC") hereby move to exclude the testimony of numerous late and insufficiently disclosed witnesses listed on Plaintiff Diane Sahakian's Trial Witness Lists. The Court should not permit these witnesses to testify at trial because Plaintiff added these witnesses to her Trial Witness Lists after the deadline set in the Court Scheduling and Planning Order (Doc. 13), and because Plaintiff failed to disclose the subjects about which most of these witnesses are expected to testify.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

1

## I.    PROCEDURAL BACKGROUND

Plaintiff served her Initial Disclosure Statement, as required by Federal Rule of Civil Procedure 26(a)(1), on STATS ChipPAC's counsel on July 16, 2008, identifying numerous witnesses likely to have discoverable information that Plaintiff might use to support her claims.   Plaintiff served supplemental disclosure statements that listed approximately ten (10) additional witnesses on February 10 and 12, 2009, March 7, 2009, April 7 and 15, 2009, May 23 and 28, 2009 and June 1, 2009.   In total, Plaintiff's disclosure statements identified approximately forty-one (41) potential witnesses likely to have discoverable information that Plaintiff might use to support her claims.

In addition to the disclosure requirements imposed by Federal Rule of Civil Procedure 26, the Court's Scheduling and Planning Order further directed:

> Preliminary trial witness lists shall be filed not later than 45 days before the close of fact discovery . . .. These witness lists must incorporate the names of all witnesses whom a party might elect to call at trial. A witness not disclosed at these times (such that he or she may be deposed) will not be permitted to testify at trial.

Doc. 13 at p. 3.   The Court's Order re: Amended Case Schedule stated that "[a]ll discovery shall be completed on or before June 1, 2009," therefore, preliminary trial witness lists were to have been filed not later than April 17, 2009, or 45 days before the close of fact discovery.  (*See* Doc. 38.)  STATS ChipPAC timely filed its Preliminary Trial Witness List on that date.  (Doc. 121.)  Plaintiff filed her initial Preliminary Trial Witness List a day late, on April 18, 2009.  (Doc. 122.)  Plaintiff then proceeded to file three supplemental Preliminary Trial Witness Lists long after the deadline set in the Scheduling and Planning Order, including one filed just two business days before the June 1, 2009 deadline for completing fact discovery.  (*See* Docs. 131, 146, 149.)  Plaintiff neither requested nor obtained court approval to extend the deadline for disclosing trial witnesses.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

In addition to adding witnesses well after the deadline set by the Court, Plaintiff's four Preliminary Trial Witness Lists include the following witnesses who have <u>never</u> been disclosed on any of Plaintiff's Rule 26(a)(1) disclosure statements:

- Joe Jorowski
- Regina Lieu
- Madam Ho Ching
- John Lau
- Scott Lasky
- James Gallagher
- J. Robert Scott recruiting - JJ Marshall
- Terri Sherwood
- Amkor Technology, Inc.
- Med-Tronics
- Radio Frequency Micro Devices
- Chris Scanlon
- Bruce Freyman
- Mary Ellen Coe
- Andrea Regman
- All females with whom STATS ChipPAC employee Eric Gongora had a sexual relationship while married to Karen Chu and Mayuli Lamm, if any
- All physicians who treated Plaintiff relating to this matter
- Temasek Holdings (Pte) Ltd. and all witnesses listed by Defendant Temasek Holdings (Pte) Ltd. in their Rule 26.1 Disclosure Statement
- All persons knowledgeable of the control exerted by Temasek and STS on STATS ChipPAC that have yet to be discovered
- Singapore Technologies Semiconductors (Pte) Ltd. and all witnesses listed by Defendant Singapore Technologies Semiconductors (Pte) Ltd. in their Rule 26.1 Disclosure Statement
- All persons/entities discovered as a result of the depositions of Eric Gongora, Han Byung Joon, Amkor Technology, Tan Lay Koon, and Scott Jewler who have relevant information relating to this matter
- Janet Taylor[1]

---

[1] Janet Taylor is General Counsel for STATS ChipPAC, Ltd. As set forth in this Motion, Plaintiff should be precluded from calling Ms. Taylor to testify at trial in light of Plaintiff's failure to timely disclose the discoverable information that Plaintiff believes Ms. Taylor may have, and her failure to identify Ms. Taylor on a Trial Witness List by the deadline set in the Scheduling and Planning Order. Moreover, Plaintiff has not – and cannot – identify any testimony that Ms. Taylor could offer that is not protected by attorney-client and work product privileges. Please see STATS ChipPAC's Motion in Limine No. 3 to Exclude Testimony from STATS ChipPAC, Ltd.'s General Counsel.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

- Kaw Jik Hoon
- Doug Matthews
- Nehal Patel
- Jerry Almeida
- Ted Tessier
- C. Brady Wilson[2]
- I. Ross McDougall
- Daniel Duick
- Anthony Bullard
- Evan Fram
- Karukurichi Venkatesh
- Andrew Grade
- Cash Beechler
- Karen Stark
- Ralph Heap
- James Ganem
- Mike Gentry[3]
- Kelly Priest[4]

As a result of Plaintiff's failure to timely disclose the subject matters about which these witnesses may have discoverable information, STATS ChipPAC has absolutely no indication of what testimony Plaintiff expects these witnesses to offer at trial. Similarly, Plaintiff failed to provide an address or telephone number for these witnesses, preventing counsel for STATS ChipPAC the opportunity even to contact these witnesses to learn what, if any, information each might have that may be relevant to the present action. Additionally, some of these "witnesses" are actually companies, which have no clear or

[2] Plaintiff did serve a disclosure statement describing the discoverable information that she believes Dr. C. Brady Wilson has that she might use to support her claims in this action. Plaintiff served this disclosure statement, however, on May 28, 2009, just two business days before the deadline for completing discovery.

[3] Plaintiff served a disclosure statement describing the discoverable information that she believes Mike Gentry has that she might use to support her claims in this action. Plaintiff served this disclosure statement, however, on May 23, 2009, just eight days before the deadline for completing discovery.

[4] Plaintiff timely served a disclosure statement, on February 12, 2009, describing the discoverable information that she believes Kelly Priest has that she might use to support her claims in this action. Plaintiff served a supplemental disclosure statement, which dramatically changed and expanded the discoverable information that Mr. Priest has, on June 1, 2009, the very deadline for completing discovery.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

obvious connection to the claims and defenses in this action and for which Plaintiff failed

to even identify a potential employee or representative she might call to testify.

## II.  PLAINTIFF SHOULD NOT BE PERMITTED TO CALL WITNESSES AT TRIAL WHOM SHE FAILED TO TIMELY LIST ON A PRELIMINARY TRIAL WITNESS LIST.

The Court's Scheduling and Planning Order explicitly advised Plaintiff that

witnesses who were not listed on a preliminary trial witness list filed at least forty-five

(45 days) before the close of fact discovery will not be permitted to testify at trial.  (Doc.

13 (emphasis added)).  The deadlines in a court's scheduling order, pursuant to Federal

Rule of Civil Procedure 16, are "to be taken seriously." *Janicki Logging Co. v. Mateer*,

42 F.3d 561, 566 (9th Cir. 1994).

> It is the purpose of the scheduling conference provisions of Rule 16(b) to provide the Court with an effective pretrial device for early Court intervention in the management and progress of a case once issues are joined on the Court's docket.  [A] Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.

*Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985).  "The District of

Arizona is one of the busiest in the United States. . . . If parties were allowed to disregard

the Court's orders and the deadlines and requirements they establish, management of the

Court's docket would quickly become impossible."  *Bodley v. Macayo Restaurants,*

*L.L.C.,* 2008 WL 2039277, *5 (D. Ariz. 2008).

Accordingly, Plaintiff should not be permitted to call Janet Taylor, Kaw Jik Hoon,

Mike Gentry, Gopalan Nair, or Dr. C. Brady Wilson to testify at trial.  All of these

witnesses were listed on Plaintiff's Supplemental Trial Witness Lists filed well after the

April 17, 2009 deadline.  (*See* Docs. 131, 146, 149.)

## III.  PLAINTIFF SHOULD NOT BE PERMITTED TO CALL WITNESSES WHOM SHE FAILED TO TIMELY AND PROPERLY DISCLOSE UNDER FED. R. CIV. P. 26(A)(1).

In addition to the issue of Plaintiff's untimeliness, the Court should not permit any

of the witnesses listed on pages 3 and 4 to testify because Plaintiff never disclosed the

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

subject of their potential testimony, and the time to do so has long since passed.  Federal Rule of Civil Procedure 26 requires that the parties disclose, on a continuing basis, the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, along with the subjects of the information the witness may have.  Fed. R. Civ. P. 26(a)(1)(A), (e)(1)(A); *see Sarantis v. ADP, Inc.*, 2008 WL 4057007, * 5 (D. Ariz. 2008) ("Federal Rule of Civil Procedure 26(a) mandates early disclosure of the parties' intended trial witnesses . . ..").  Rule 37(c) "gives teeth" to the disclosure requirements by providing that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1); *Sarantis*, 2008 WL 4057007 at * 5.

Failure to timely disclose trial witnesses deprives the opposing party "of the opportunity to depose, evaluate, and file motions concerning the witnesses . . . Plaintiff may have intended to use at trial.  Such an effect is not harmless as trials are not intended to be ambushes, especially for those who have complied with all the Court's orders and deadlines."  *Garcia v. Qwest Corporation*, 2008 WL 4531657, at *5 (D. Ariz. 2008) (finding that Plaintiff had actual and proper notice of the Rule 16 deadlines, that they were real and would be enforced by the Court, and precluding plaintiff from calling trial witnesses as sanction for failure to timely disclose) (citing *Fonseca v. Sysco Food Services,* 374 F.3d 840, 846 (9th Cir. 2004); *Garaux v. Pulley,* 739 F.2d 437, 439 (9th Cir. 1984)).

Plaintiff failed to disclose <u>any</u> subjects of discoverable information that these witnesses, numbering at least forty, may have and about which she expects they might testify.  Plaintiff is clearly aware of her obligations under Federal Rule of Civil Procedure 26, since she continued to serve disclosure statements identifying subjects of information held by certain witnesses.  *See* footnotes 2-4, *supra*.  Plaintiff's selective disclosure of the

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

1  subject matter of discoverable information held by certain witnesses, and not others, is

2  inexplicable and inexcusable.

3       Moreover, Plaintiff's failure to comply with her disclosure obligations unfairly

4  prejudices STATS ChipPAC.  The Scheduling and Planning Order specifically requires

5  that all witnesses whom a party might call at trial be disclosed not later than 45 days

6  before the close of fact discovery to permit the opposing party the opportunity to depose

7  any witness it wishes.  Pursuant to the Order, "[a] witness not disclosed at these times

8  (such that he or she may be deposed) will <u>not</u> be permitted to testify."  (Doc. 13 at p. 3

9  (emphasis added)).  STATS ChipPAC is not required to speculate, probably incorrectly,

10 as to what discoverable information these witnesses may present at trial, nor should

11 Plaintiff but permitted to ambush STATS ChipPAC in this manner.   There is no

12 justification for Plaintiff's refusal to fully comply with her obligations under the Federal

13 Rules of Civil Procedure and the Court's Order.   Plaintiff's failure to timely and

14 adequately disclosure her trial witnesses has deprived STATS ChipPAC of the

15 opportunity to evaluate Plaintiff's trial witnesses, contact them for informal interviews, or

16 depose them before the deadline for completing discovery, therefore, any testimony by

17 these witnesses should be excluded.

18 **IV.    CONCLUSION**

19       Plaintiff's blatant failure to comply with her obligation to disclose trial witnesses

20 should not be permitted by the Court.  For the above and foregoing reasons, Defendants

21 STATS ChipPAC, Inc. and STATS ChipPAC, Ltd. respectfully request that the Court

22 preclude the above-listed witnesses from testifying at the trial in this action.

23 / / /

24 / / /

25 / / /

26

27

28

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

7

DATED this 1st day of July, 2009.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.


By:s/ Caroline Larsen
    L. Eric Dowell
    Caroline Larsen
    Monique Young
    2415 East Camelback Road, Suite 800
    Phoenix, Arizona 85016
    Attorneys for Defendants STATS ChipPAC,
    Inc. and STATS ChipPAC, Ltd.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

8

1

## CERTIFICATE OF SERVICE

2

3

I hereby certify that on July 1, 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

4

5

Peter Strojnik
Peter Strojnik, P.C.

6

3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012

7

Attorney for Plaintiff

8

9

Peter K. Strojnik
The Law Firm of Peter Strojnik

10

3030 North Central Avenue, Suite 1401B
Phoenix, Arizona 85012

11

12

s/ Debbi Irwin _____

13

7445134.1 (OGLETREE)

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700