L. Eric Dowell, SBN 011458
Caroline K. Larsen, SBN 022547
Monique D. Young, SBN 025121
Ogletree, Deakins, Nash, Smoak & Stewart, P.C., SBN 00504800
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone:    (602) 778-3700
Facsimile:    (602) 778-3750
Eric.Dowell@ogletreedeakins.com
Caroline.Larsen@ogletreedeakins.com
Monique.Young@ogletreedeakins.com
Attorneys for Defendants STATS ChipPAC, Inc.
and STATS ChipPAC Ltd.

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Diane Sahakian, a single woman,<br><br>Plaintiff,<br><br>vs.<br><br>STATS ChipPAC, Inc., a foreign corporation; STATS ChipPAC Ltd, a foreign corporation; Temasek Holdings Private Limited, a foreign corporation; Singapore Technologies Semiconductors Private Limited, a foreign corporation,<br><br>Defendants. | CV08-241-PHX-HRH<br><br>**MOTION IN LIMINE NO. 7 TO PRECLUDE EVIDENCE REGARDING ERIC GONGORA'S EMPLOYMENT HISTORY WITH AMKOR TECHNOLOGY INC. AND OTHER PREVIOUS EMPLOYERS** |

Defendants STATS ChipPAC, Inc. and STATS ChipPAC Ltd. (collectively "STATS ChipPAC") hereby move *in limine* to exclude any evidence of, reference to, or testimony regarding Eric Gongora's employment history with Amkor Technology Inc. ("Amkor") and General Electric. Such evidence is irrelevant under Federal Rules of Evidence 401 and 402. Even if such evidence were relevant, it should be excluded under Federal Rules of Evidence 403 and 404(b).

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

I.    **INTRODUCTION**

Throughout this litigation, Plaintiff has made unwarranted and inflammatory allegations about Eric Gongora, a current STATS ChipPAC employee and Plaintiff's subordinate when she managed STATS ChipPAC's Emerging Technology group. (Doc. 154 at pp. 12-13). Plaintiff claims that Mr. Gongora contributed to a sexually hostile work environment by undermining her within her group, harming her reputation, and putting ketchup on her chair (the "ketchup incident"). *Id.* at p. 4, ¶¶ 20-21. During discovery, Plaintiff issued a subpoena to Amkor, Mr. Gongora's previous employer, requesting an exhaustive list of documents concerning Mr. Gongora. (Doc. 54).

Based on documents obtained from Amkor, STATS ChipPAC anticipates that Plaintiff will attempt to introduce evidence related to Mr. Gongora's prior employment to show that Mr. Gongora is now, and has been in the past, a poor employee and that he has a propensity to disregard company policy. Plaintiff's counsel hinted that Mr. Gongora had employment issues with previous employers, General Electric and Motorola as well, although there is no evidence to support these insinuations. *See* Exhibit A, Gongora Dep., pp. 61:3-63:13. These irrelevant and largely unfounded allegations have nothing to do with Plaintiff's claim that she was subjected to a sexually hostile work environment while employed at STATS ChipPAC. Moreover, these allegations have the potential to mislead the jury and distract from the substantive issues in the case. Finally, the allegations constitute inadmissible character evidence.

II.    **ARGUMENT**

    A.    **Evidence Relating to Mr. Gongora's Previous Employment is Irrelevant and Highly Prejudicial.**

Evidence relating to Mr. Gongora's previous employment has no relevance to whether Plaintiff was subjected to a sexually hostile work environment while employed at STATS ChipPAC. *See* Fed. R. Evid. 401, 403. Mr. Gongora's employment with

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

1    Amkor ended in August 2003.[1] Shortly thereafter, he began working for ChipPAC.

2    ChipPAC merged with ST Assembly Technologies Limited ("STATS") in 2005 to form

3    STATS ChipPAC.  Plaintiff began managing Mr. Gongora after the merger.  Evidence

4    regarding Mr. Gongora's employment history before he began working at ChipPAC in

5    2003 is too remote in time to be relevant to Plaintiff's allegations of harassment, which

6    she contends started in late 2006.  *See Tennison v. Circus Circus Enterprises*, 244 F.3d

7    684, 690 (9th Cir. 2000) (affirming trial court's exclusion of evidence too remote in time

8    because of its low probative value).  More importantly, Plaintiff has not provided any

9    evidence that she or STATS ChipPAC were aware of alleged incidents related to

10   Mr. Gongora's previous employment history at any time during Plaintiff's employment

11   with STATS ChipPAC.  As such, Mr. Gongora's employment history does not make

12   Plaintiff's allegations that STATS ChipPAC conducted an insufficient investigation of

13   Plaintiff's allegations of harassment more or less probable.  Therefore, evidence of

14   Mr. Gongora's employment history is not relevant to Plaintiff's claims.

15        Evidence related to Mr. Gongora's previous employment not only is irrelevant but

16   also is highly prejudicial.  Such evidence will require a "mini trial" in this case, which

17   will focus on six-year old allegations related to Mr. Gongora's employment at another

18   company, rather than the substance of Plaintiff's claims.  Such evidence is likely to

19   confuse a jury and cause an undue waste of time.  *See Tennison*, 244 F.3d at 690

20   (upholding trial court's exclusion of incidents involving other parties because of the

21   substantial danger of inefficient use of trial time to consider collateral events and of

22   focusing the jury's assessment on remote events).

23        B.    **Evidence Relating to Mr. Gongora's Previous Employment is Improper Character Evidence.**

24

25        Any attempt to suggest to the jury that Mr. Gongora must have been a poor

26   employee when he worked for Plaintiff, based on alleged evidence relating to his past

27

28   [1] His employment with General Electric and Motorola ended in 1994 and 1995, respectively.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

1    employment, is impermissible.  Fed. R. Evid. 404(b); *see Janes v. Wal-Mart Stores Inc.*,

2    279 F.3d 883, 886 (9th Cir. 2002).  In *Janes v. Wal-Mart Stores Inc.*, the Ninth Circuit

3    affirmed the exclusion of evidence that the plaintiff had been fired from a previous job

4    for stealing cigarettes.  *Id.*  The Court explained that if the evidence had been allowed, a

5    jury may have concluded that the employee was a person of bad character and "viewed

6    his actions and testimony in this case with unwarranted suspicion."  *Id.*  Similarly, any

7    evidence regarding Mr. Gongora's previous employment, including the circumstances of

8    his alleged termination from Amkor, would only invite the jury to view him with

9    "unwarranted suspicion," while undermining the jury's ability to objectively assess

10   relevant evidence.  Accordingly, such evidence is not admissible under Federal Rule of

11   Evidence 404(b).

## III.    CONCLUSION

13        Accordingly, this Court should issue an Order precluding the introduction of any

14   evidence of, reference to, or testimony regarding Eric Gongora's employment history

15   with Amkor Technology Inc. and other previous employers.

16        RESPECTFULLY SUBMITTED this 1st day of July 2009.

17                                        OGLETREE, DEAKINS, NASH,
                                          SMOAK & STEWART, P.C.
18

19                                        By:    s/ Caroline Larsen
                                                L. Eric Dowell
20                                              Caroline K. Larsen
                                                Monique D. Young
21                                              2415 East Camelback Road, Suite 800
                                                Phoenix, Arizona 85016
22                                              Attorneys for Defendants STATS ChipPAC,
23                                              Inc. and STATS ChipPAC Ltd.

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of July 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Strojnik
Peter Strojnik, P.C.
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Attorney for Plaintiff

Peter K. Strojnik
The Law Firm of Peter Strojnik
3030 North Central Avenue, Suite 1401B
Phoenix, Arizona 85012


 s/ Debbi A. Irwin


7462774.1 (OGLETREE)

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28