L. Eric Dowell, SBN 011458
Caroline Larsen, SBN 022547
Monique Young, SBN 025121
Ogletree, Deakins, Nash, Smoak & Stewart, P.C., SBN 00504800
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone:   (602) 778-3700
Facsimile:    (602) 778-3750
Eric.Dowell@ogletreedeakins.com
Caroline.Larsen@ogletreedeakins.com
Monique.Young@ogletreedeakins.com

Attorneys for Defendants STATS ChipPAC, Inc.
and STATS ChipPAC, Ltd.

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Diane Sahakian, a single woman,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>STATS ChipPAC, Inc., a foreign corporation; STATS ChipPAC Ltd, a foreign corporation; Temasek Holdings Private Limited, a foreign corporation; Singapore Technologies Semiconductors Private Limited, a foreign corporation,<br><br>　　　　　　Defendants. | CV08-241-PHX-HRH<br><br>**MOTION IN LIMINE NO. 9 TO EXCLUDE EVIDENCE OF, OR REFERENCE TO, DEFENDANTS' NET WORTH** |

STATS ChipPAC, Inc. and STATS ChipPAC, Ltd. (collectively "Defendants") hereby move this Court for an Order *in limine* preventing Plaintiff and her counsel from mentioning in the presence of the jury (in opening statement, closing argument, or otherwise) or introducing evidence (either testimonial or documentary) regarding Defendants' net worth, revenues, market share, financial condition, or that the Singaporean government has any ownership interest in Defendants.

I. **EVIDENCE OF DEFENDANTS' NET WORTH IS IRRELEVANT, WILL CONFUSE THE ISSUES, AND UNDULY PREJUDICE THE DEFENDANTS.**

Defendants' net worth is not relevant to issues of, nor admissible to prove, liability and/or compensatory damages. *See Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (finding that evidence of a defendant's financial condition cannot be considered in determining compensatory damages); *Sarantis v. ADP, Inc.*, 2008 WL 4057007, *8-9 (D. Ariz. Aug. 28, 2008) (granting defendant's motion in limine that sought to prevent evidence of its net worth from being admitted for the purpose of proving liability); *Ingle v. Circuit City*, 2006 WL 6086293, * 5 (S.D. Cal. Feb. 6, 2006) (finding that evidence regarding the defendants' financial condition is irrelevant to a plaintiff's claims of retaliation and failure to accommodate and excluding such evidence from the liability portion of the trial). As Defendants will articulate more thoroughly in their Motion for Summary Judgment, Plaintiff is unable to present any admissible evidence in support of her claim for punitive damages. Thus, evidence of Defendants' net worth is not relevant to any issue in this case. *See St. Cyr v. Flying J Inc.*, 2007 WL 269791, *102 (M.D. Fla. Sept. 12, 2007) (finding that it would be unfairly prejudicial and inappropriate to allow a plaintiff to reference the defendant's net worth, profits, revenues, or financial condition in a case where punitive damages were not at issue).[1]

Moreover, evidence of Defendants' net worth should be excluded because the admission thereof is unduly prejudicial to Defendants and will mislead the jury and cause needless confusion of the issues. *See* Fed. R. Evid. 403 ("[E]vidence may be excluded if

---

[1] In the unlikely event Plaintiff's punitive damages claim survives summary judgment, the jury should not be permitted to hear evidence or argument regarding Defendants' net worth, revenues, or financial condition until Plaintiff has presented a prima facie case for punitive damages. *See Sarantis*, 2008 WL 4057007 at *8-9 (excluding evidence of a defendant's net worth until plaintiff presents sufficient evidence to warrant a punitive damages instruction); *Pedroza v. Lomas Auto Mall, Inc.*, 2009 WL 1300944, *6 (D.N.M. April 2, 2009) (finding that plaintiffs must make a showing that they are entitled to punitive damages before introducing evidence of Defendants' net worth).

its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury…"). Indeed, Justice O'Connor observed that "jurors may view large corporations with great disfavor" and poignantly articulated the prejudice corporate defendants can face:

> [i]t is lamentable that the popular prejudice against these corporations should be so powerful as to taint the administration of justice, but we cannot close our eyes to the fact. Corporations are mere abstractions and, as such, are unlikely to be viewed with much sympathy. Moreover, they often represent a large accumulation of productive resources; jurors naturally think little of taking an otherwise large sum of money out of what appears to be an enormously larger pool of wealth. Finally, juries may feel privileged to correct perceived social ills stemming from unequal wealth distribution by transferring money from 'wealthy' corporations to comparatively needier Plaintiffs.

*TXO Prod. Corp. v. Alliance Res. Corp.*, 509 U.S. 443, 464 (1993) (dissenting opinion).

Thus, any evidence of, or argument regarding, Defendants' net worth, revenues, or financial condition should be excluded at trial on the grounds that it is irrelevant, will confuse the issues, mislead the jury, and unduly prejudice the Defendants.

## II. EVIDENCE OF THE SINGAPOREAN GOVERNMENT'S OWNERSHIP INTEREST IN DEFENDANTS ALSO IS IRRELEVANT, WILL CONFUSE THE ISSUES, AND UNDULY PREJUDICE THE DEFENDANTS.

The exact same reasons (i.e. irrelevance, likelihood of confusion of the issues, and undue prejudice) justify the exclusion of any evidence, argument, or testimony regarding the Singaporean government's attenuated ownership interest in Defendants.[2] Admission of such evidence would invite speculation by a jury regarding the extent of Defendants' "government backed" resources and, therefore, is tantamount to informing the jury that Defendants have significant net worth. Indeed, one would be hard-pressed to label Defendants with a moniker more associated with unlimited resources than "government owned," given the recent plethora of spending by the U.S. government. Accordingly, any

---

[2] The government of Singapore has an ownership interest in Temasek Holdings Private Limited, which owns Singapore Technologies Semiconductors Private Limited, which owns approximately 83% of STATS ChipPAC, Ltd.

evidence or argument regarding the Singaporean government's interest in Defendants also should be excluded.

### III. CONCLUSION

For the foregoing reasons, Defendants seek an Order pursuant to Federal Rules of Evidence 402 and 403 precluding Plaintiff and her counsel from mentioning in the presence of the jury (in opening statement, closing argument, or otherwise) or introducing evidence (either testimonial or documentary (including, not limited to, STATS ChipPAC, Ltd.'s Form 20-F)) regarding Defendants' net worth, revenues, market share, financial condition, or that the Singaporean government has any ownership interest in Defendants.

DATED this 1st day of July, 2009.

> OGLETREE, DEAKINS, NASH,
> SMOAK & STEWART, P.C.
>
> By: s/ Caroline Larsen
>   L. Eric Dowell
>   Caroline Larsen
>   Monique Young
>   2415 East Camelback Road, Suite 800
>   Phoenix, Arizona 85016
>   Attorneys for Defendants STATS ChipPAC, Inc. and STATS ChipPAC, Ltd.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Strojnik
Peter Strojnik, P.C.
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Attorney for Plaintiff

Peter K. Strojnik
The Law Firm of Peter Strojnik
3030 North Central Avenue, Suite 1401B
Phoenix, Arizona 85012


s/ Debbi Irwin

7459562.1 (OGLETREE)

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700