1  L. Eric Dowell, SBN 011458
2  Caroline Larsen, SBN 022547
   Monique Young, SBN 025121
3  Ogletree, Deakins, Nash, Smoak & Stewart, P.C., SBN 00504800
   2415 East Camelback Road, Suite 800
4  Phoenix, Arizona 85016
5  Telephone:    (602) 778-3700
   Facsimile:    (602) 778-3750
6  Eric.Dowell@ogletreedeakins.com
   Caroline.Larsen@ogletreedeakins.com
7  Monique.Young@ogletreedeakins.com
8
   Attorneys for Defendants STATS ChipPAC, Inc.
9  and STATS ChipPAC, Ltd.
10

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

11              **UNITED STATES DISTRICT COURT**
12            **FOR THE DISTRICT OF ARIZONA**

13  Diane Sahakian, a single woman,        CV08-241-PHX-HRH
14                  Plaintiff,
15      vs.                                **MOTION IN LIMINE NO. 10 TO
                                           EXCLUDE TESTIMONY OF GOPALAN
16                                         NAIR**
17  STATS ChipPAC, Inc., a foreign
    corporation; STATS ChipPAC Ltd., a
18  foreign corporation; Temasek Holdings
    Private Limited, a foreign corporation;
19  Singapore Technologies Semiconductors
    Private Limited, a foreign corporation,
20
                  Defendants.
21

22          Defendants STATS ChipPAC, Inc. and STATS ChipPAC, Ltd. (collectively
23  "STATS ChipPAC") move *in limine* to exclude the testimony of Gopalan Nair, either in
24  person at trial or via the transcript of his deposition taken March 23, 2009.  By his own
25  admission, Mr. Nair has no personal knowledge of any fact relevant to this action, thus
26  Federal Rule of Evidence 602 precludes him from testifying.  The only matters about
27  which Mr. Nair could testify are his personal opinions of the Singaporean government,
28  Singaporean business culture, Singaporean law, and the differences between Singaporean

and American employment culture. In addition to being totally irrelevant, Mr. Nair's opinions are not helpful to the determination of any fact in this case. Accordingly, his testimony is barred by Federal Rules of Evidence 402, 403 and 701.

## I.    MR. NAIR HAS NO PERSONAL KNOWLEDGE REGARDING ANY FACT OR ISSUE IN THIS CASE.

Mr. Nair confirmed at his deposition that he lacks any personal knowledge of any fact or issue related to this action. Plaintiff intends to have Mr. Nair testify regarding the following topics:

- Singaporean corporate and business culture as it relates to abuse of women and minorities
- the application of Singaporean defamation law in order to preserve the political and business power structure of Singapore; its economic structure; its oligarchy; and its public perception.
- the misapplication of Singaporean law to oppress and intimidate minorities and women
- the differences between Singaporean and American employment culture as it relates to the treatment of minorities and women

Exh. 1, Plaintiff's 02-10-09 Supplemental Disclosure. When Plaintiff's counsel deposed Mr. Nair in Fremont, California on March 23, 2009, Mr. Nair expounded at length on the above-described topics.

Mr. Nair further testified that he does not know the Plaintiff in this action, Diane Sahakian. Exh. 2, excerpts from deposition of Gopalan Nair, March 23, 2009, at p. 42. He is not familiar with the Defendant, STATS ChipPAC, nor has he conducted any study or analysis of its corporate culture. Exh. 2 at pp. 43-44, 50-51. He has no first-hand knowledge about the business culture at STATS ChipPAC, but he "can guess it's no different from any other Singaporean company." Exh. 2 at p. 78. He has never worked at STATS ChipPAC, does not know anyone who has ever worked for STATS ChipPAC,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

does not know anyone on the board of directors at STATS ChipPAC, and is not familiar with any of the primary witnesses in this action.  Exh. 2 at pp. 44-45.

Federal Rule of Evidence 602 provides: "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  *See De La Torre v. Merck Enterprises, Inc.*, 540 F. Supp. 2d 1066, 1075 (D. Ariz. 2008).  "'[T]he rule requiring that a witness who testifies to a fact which can be perceived by the senses must have had an opportunity to observe, and must have actually observed the fact' is a 'most pervasive manifestation' of the common law insistence upon 'the most reliable sources of information.'"  Fed. R. Evid. 602 advisory committee notes on 1972 proposed amendments (quoting McCormick § 10, p. 19).  "Rule 602 is considered in conjunction with Rule 701, which limits opinions of non-experts to opinions rationally based on the perceptions of the witness," discussed in Section II, *infra*.  *De La Torre*, 540 F. Supp. 2d at 1075 (citing *Weinstein's Evidence Manual* § 10.03 (2007)); *see also U.S. v. Garcia*, 413 F.3d 201, 211 (2d Cir. 2005) ("In short, Rule 701 represents no departure from Fed. R. Evid. 602. . . . Rather, Rule 701 simply recognizes lay opinion as an acceptable 'shorthand' for the rendition of facts that the witness personally perceived.'") (citing 4 *Weinstein's Federal Evidence* § 701.03[1]).  "[A] witness has personal knowledge only when testifying about events perceived through the physical senses or when testifying about opinions rationally based on personal observation and experience."  *Id.*  Personal knowledge can include inferences and opinions, but only if they are grounded in personal observations and experience.  *U.S. v. Wirtz*, 357 F. Supp. 2d 1164, 1169 (D. Minn. 2005) (citing *United States v. Rodriguez*, 162 F.3d 135, 144 (1st Cir. 1998)).

Plaintiff's disclosure regarding the potential testimony of Mr. Nair, and the testimony given by Mr. Nair during his deposition, reveal that Mr. Nair has no personal knowledge, observations or experience regarding Plaintiff, her claims, STATS ChipPAC, or any other fact at issue in this action.  Accordingly, his testimony should be excluded pursuant to Federal Rule of Evidence 602.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. 2415 EAST CAMELBACK ROAD, SUITE 800 PHOENIX, ARIZONA 85016 (602) 778-3700

3

## II.    MR. NAIR'S PERSONAL OPINIONS REGARDING SINGAPOREAN BUSINESS PRACTICES ARE COMPLETELY IRRELEVANT.

As set forth above, Plaintiff intends to have Mr. Nair testify regarding: his personal opinions about the Singaporean corporate and business culture; the application of Singaporean defamation law to preserve the political and business power structure of Singapore and to oppress and intimidate minorities and women; and the differences between Singaporean and American employment culture, as it relates to the treatment of minorities and women. Exh. 1, Plaintiff's 02-10-09 Supplemental Disclosure.

The Court already has determined that these topics are irrelevant, thus, Mr. Nair's testimony is inadmissible pursuant to Federal Rules of Evidence 402 and 403. Plaintiff sought discovery on a related topic - the alleged differences, if any, between the rules, regulations, and policies regarding STATS ChipPAC's general corporate culture regarding employment relations applicable to its business in Singapore and in the United States - in its 30(b)(6) deposition notice for a STATS ChipPAC representative. Docs. 44, 45. STATS ChipPAC moved for a protective order on the basis that this, and other, topics had no bearing on any of the claims, defenses or issues in this action, and was not reasonably calculated to lead to the discovery of admissible evidence. Doc. 75 at pp. 10-12. The Court agreed and granted the requested protective order. Doc. 101.

The only testimony Mr. Nair has to offer concerns his personal opinions of the Singaporean government, business culture, and law, and the differences between Singaporean and American employment culture. These topics have no relevance whatsoever to Plaintiff's allegations that she experienced a hostile work environment based on her sex, and retaliation after she complained about her treatment. *See* Doc. 61, Second Amended Complaint ¶¶ 36-49. Mr. Nair has no personal knowledge regarding Plaintiff or the working environment at STATS ChipPAC, and his opinions regarding the differences between Singaporean and American employment culture have absolutely no bearing on Plaintiff's claims or STATS ChipPAC's defenses in this case. Furthermore, Mr. Nair's testimony that his negative view of the way Singaporean companies treat

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

4

employees should be attributed to STATS ChipPAC because he "can guess it's no different from any other Singaporean company" creates considerable danger of unfair prejudice to STATS ChipPAC.  *See* Fed. R. Evid.  403.  Accordingly, Mr. Nair's testimony should be excluded pursuant to Federal Rules of Evidence 402 and 403.

### III.    MR. NAIR'S PERSONAL OPINIONS REGARDING BUSINESS PRACTICES IN SINGAPORE CONSTITUTES INADMISSIBLE OPINION TESTIMONY BY A LAY WITNESS.

Plaintiff intends to have Mr. Nair testify as a lay witness, offering his personal opinions.  *See* Exh. 3, Feb. 13, 2009 letter from Peter Strojnik.  Mr. Nair's opinions are not supported by any perception of Mr. Nair and are immaterial to the determination of any fact at issue in this action.  His opinion testimony, therefore, is inadmissible. Federal Rule of Evidence 701 states:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

"It is the proponent of lay opinion testimony who must satisfy the rule's three foundation requirements."  *U.S. v. Garcia*, 413 F.3d 201, 211 (2d Cir. 2005) (citing *United States v. Grinage,* 390 F.3d 746, 749 (2d Cir. 2004)).  "Limitation (a) is the familiar requirement of first-hand knowledge or observation," which Mr. Nair lacks, as described in Section I, *supra*.  Fed. R. Evid. 701 advisory committee notes on 1972 proposed amendments.  "Limitation (b) is phrased in terms of requiring testimony to be helpful in resolving issues. . . .  If . . . attempts are made to introduce meaningless assertions which amount to little more than choosing up sides, exclusion for lack of helpfulness is called for by the rule."  *Id.*

As explained above, Mr. Nair has no personal perceptions upon which he bases his opinions.  For example, Mr. Nair testified that any "personal knowledge" he has regarding Singaporean business culture, as it relates to abuses of women, arises purely by

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

virtue of having lived in Singapore long enough to see how business is conducted there. Exh. 2 at pp. 49-50. He believes that any resident of Singapore would have the same degree of knowledge on this topic. Exh. 2 at pp. 49-50.

Mr. Nair's opinions have no bearing on any of the claims and defenses in this action, and his testimony is not helpful to a clear understanding of any fact at issue. Consequently, the Court should exclude any testimony by Mr. Nair in accordance with Federal Rule of Evidence 701.

### IV.   CONCLUSION

For the foregoing reasons, Defendants STATS ChipPAC, Inc. and STATS ChipPAC, Ltd. move *in limine* to exclude the testimony of Gopalan Nair, either in person at trial or via the transcript of his deposition taken March 23, 2009, pursuant to Federal Rules of Evidence 602, 402, 403 and 701.

DATED this 1st day of July, 2009.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.


By:s/ Caroline Larsen
   L. Eric Dowell
   Caroline Larsen
   Monique Young
   2415 East Camelback Road, Suite 800
   Phoenix, Arizona 85016
   Attorneys for Defendants STATS ChipPAC,
   Inc. and STATS ChipPAC, Ltd.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on July 1, 2009, I electronically transmitted the attached
document to the Clerk's Office using the CM/ECF System for filing and transmittal of a
Notice of Electronic Filing to the following CM/ECF registrants:

3

4

5

Peter Strojnik
Peter Strojnik, P.C.
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Attorney for Plaintiff

6

7

8

Peter K. Strojnik
The Law Firm of Peter Strojnik
3030 North Central Avenue, Suite 1401B
Phoenix, Arizona 85012

9

10

11

12

s/ Debbi Irwin

13

7445135.1 (OGLETREE)

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700