L. Eric Dowell, SBN 011458
Caroline K. Larsen, SBN 022547
Monique D. Young, SBN 025121
Ogletree, Deakins, Nash, Smoak & Stewart, P.C., SBN 00504800
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone:   (602) 778-3700
Facsimile:    (602) 778-3750
Eric.Dowell@ogletreedeakins.com
Caroline.Larsen@ogletreedeakins.com
Monique.Young@ogletreedeakins.com

Attorneys for Defendants STATS ChipPAC, Inc.
and STATS ChipPAC Ltd.

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Diane Sahakian, a single woman, | CV08-241-PHX-HRH |
| Plaintiff, | **MOTION IN LIMINE NO. 11 TO EXCLUDE EVIDENCE OF PLAINTIFF'S ALLEGED REPUTATIONAL DAMAGES** |
| vs. | |
| STATS ChipPAC, Inc., a foreign corporation; STATS ChipPAC Ltd, a foreign corporation; Temasek Holdings Private Limited, a foreign corporation; Singapore Technologies Semiconductors Private Limited, a foreign corporation, | |
| Defendants. | |

Defendants STATS ChipPAC, Inc. and STATS ChipPAC Ltd. (collectively "STATS ChipPAC") hereby move *in limine* to preclude Plaintiff from introducing any evidence of, reference to, or testimony regarding alleged damage to Plaintiff's reputation in the semiconductor industry. Plaintiff has indicated that she intends to present evidence at trial that her "demotion was publicized and highly visible within the semiconductor industry, which will negatively affect her ability to secure future employment."

However, evidence or testimony concerning alleged damage to Plaintiff's professional reputation is inadmissible under Federal Rules of Evidence 701 and 702.

### I. Plaintiff Disclosed No Admissible Evidence of Her Alleged Reputational Damages.

Federal Rule of Evidence 701 precludes a witness who is not testifying as an expert from offering opinions as to matters "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *See* Fed. R. Evid. 701(c) advisory committee notes to 2000 Amendments ("Rule 701 has been amended to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing."). Damage to reputation is properly the subject of expert testimony. *Waits v. Frito Lay Inc.*, 978 F.2d 1093, 1104 (9th Cir. 1992) (upholding reputational damages award because plaintiff produced expert testimony and evidence of damages); *Dresser Indus. Inc. v. Gradall Co.*, 965 F.2d 1442, 1448 (7th Cir. 1992) (vacating a reputational damages award that was not supported with expert testimony).

Plaintiff, however, has not disclosed any expert to testify as to her alleged reputational damages as required by Rule 26(a)(2). *Continental Lab. Products Inc. v. Medax Int'l Inc.*, 195 F.R.D. 675, 676 (S.D. Cal 2000); *Piper v. Harnischferger Corp.*, 170 F.R.D. 173, 174 (D. Nev. 1997). Plaintiff disclosed an expert report on the issue of her economic damages; however, Plaintiff's expert did not factor any injury to Plaintiff's professional reputation into his report. The rules are clear that a party may not backdoor expert testimony into a trial without properly designating a witness to provide that testimony. *United States v. Perkins*, 470 F.3d 150, 156 (4th Cir. 2006) ("At bottom, then, Rule 701 forbids the admission of expert testimony dressed in lay witness clothing . . .."). Therefore, Plaintiff's failure to make the required disclosure warrants exclusion of any such evidence. *See* Fed. R. Civ. P. 37(c)(1).

Moreover, Plaintiff has not produced <u>any</u> evidence of damage to her professional reputation, except for her own self-serving testimony at her deposition. Plaintiff's

testimony that potential employers knew about her reassignment to a non-managerial position at STATS ChipPAC or her termination constitutes inadmissible hearsay. Fed. R. Evid. 801(d). Hearsay evidence is inadmissible unless it falls into one of a handful of specific exceptions. Fed. R. Evid. 802, 803. No such exception applies here.

**II.  Conclusion**

Plaintiff cannot sidestep the disclosure requirement and Federal Rules of Evidence 701 and 702 by providing evidence of her alleged reputational damage through her own testimony or through the testimony of any other lay witness. Defendants STATS ChipPAC, Inc. and STATS ChipPAC Ltd. hereby move for an Order to preclude Plaintiff from introducing any evidence of, reference to, or testimony regarding alleged damage to her reputation in the semiconductor industry.

RESPECTFULLY SUBMITTED this 1st day of July 2009.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.


By:   s/ Caroline Larsen
     L. Eric Dowell
     Caroline K. Larsen
     Monique D. Young
     2415 East Camelback Road, Suite 800
     Phoenix, Arizona 85016
     Attorneys for Defendants STATS ChipPAC,
     Inc. and STATS ChipPAC Ltd.

3

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of July 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Strojnik
Peter Strojnik, P.C.
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Attorney for Plaintiff

Peter K. Strojnik
The Law Firm of Peter Strojnik
3030 North Central Avenue, Suite 1401B
Phoenix, Arizona 85012

 s/ Debbi Irwin

7462775.1 (OGLETREE)

4