L. Eric Dowell, SBN 011458
Caroline Larsen, SBN 022547
Monique Young, SBN 025121
Ogletree, Deakins, Nash, Smoak & Stewart, P.C., SBN 00504800
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone:   (602) 778-3700
Facsimile:    (602) 778-3750
Eric.Dowell@ogletreedeakins.com
Caroline.Larsen@ogletreedeakins.com
Monique.Young@ogletreedeakins.com

Attorneys for Defendants STATS ChipPAC, Inc.
and STATS ChipPAC, Ltd.

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Diane Sahakian, a single woman,<br><br>            Plaintiff,<br><br>vs.<br><br>STATS ChipPAC, Inc., a foreign corporation; STATS ChipPAC Ltd, a foreign corporation; Temasek Holdings Private Limited, a foreign corporation; Singapore Technologies Semiconductors Private Limited, a foreign corporation,<br><br>            Defendants. | CV08-241-PHX-HRH<br><br>**MOTION IN LIMINE NO. 12 TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING STATS CHIPPAC LTD.'S FORM 20-F** |

STATS ChipPAC, Inc. and STATS ChipPAC, Ltd. (collectively "Defendants") hereby move this Court for an Order *in limine* preventing Plaintiff and her counsel from mentioning in the presence of the jury (in opening statement, closing argument, or

otherwise) or introducing evidence (either testimonial or documentary) regarding STATS ChipPAC, Ltd.'s Form 20-F liability disclosures.[1]

### I. STATS CHIPPAC LTD.'S LIABILTY DISCLOSURES IN ITS FORM 20-F ARE IRRELEVANT TO PLAINTIFF'S CLAIMS.

Defendants anticipate that Plaintiff will attempt to present evidence at trial regarding the fact STATS ChipPAC Ltd's Form 20-F does not reference her lawsuit or a disability lawsuit filed by former employee, Steven Lynch. Defendants further anticipate that Plaintiff will attempt to argue that Defendants improperly or unlawfully omitted this information in an effort to prejudice the jury against Defendants and/or as evidence of Defendants' character in order to show action in conformity therewith in violation of Federal Rule of Evidence 404.

Significantly, neither the absence of these lawsuits from the Form 20-F nor Plaintiff's erroneous and unfounded speculation that the omission was improper are relevant to Plaintiff's claims in this case. STATS ChipPAC Ltd's Chief Operating Officer explained that there are materiality thresholds for disclosure in the Form 20-F. Additionally, the Form 20-F states:

> We are not involved in any other legal or arbitration proceedings, the outcome of which we believe would have a material adverse effect on our business, financial condition and results of operation. From time to time, however, we are involved in claims that arise in the ordinary course of business, and we maintain insurance that we believe to be adequate to cover these claims.

*See* Excerpt from Form 20-F, attached hereto as Exhibit A. Accordingly, Plaintiff has no basis from which she can claim that the exclusion of Plaintiff's and Mr. Lynch's lawsuits from the Form 20-F was improper.

---

[1] A Form 20-F is a regulatory filing that is filed with the Securities and Exchange Commission ("SEC").

Moreover, even if STATS ChipPAC Ltd. had improperly omitted information from its Form 20-F (which it did not), such evidence is not admissible to prove the character of Defendants in order to show action in conformity therewith in Defendants' dealings with Plaintiff. *See* Fed. R. Evid. 404. Thus, any evidence or argument regarding STATS ChipPAC Ltd's Form 20-F disclosures is completely irrelevant to the case to be tried in this Court.

## II. EVIDENCE REGARDING STATS CHIPPAC'S LIABILITY DISCLOSURES WILL CONFUSE THE ISSUES, MISLEAD THE JURY, UNDULY PREJUDICE DEFENDANTS, AND RESULT IN NEEDLESS DELAY AND WASTE OF TIME.

Evidence or argument regarding STATS ChipPAC's liability disclosures also is likely to confuse the issues in this case, mislead the jury, and unduly prejudice Defendants. *See* Fed. R. Evid. 403 ("[E]vidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury…"). Indeed, the Ninth Circuit and its sister circuits have repeatedly found that evidence of alleged wrongdoing that is only relevant to other claims that are not before the court was properly excluded. *See Crowe v. Wiltel Commc'ns Sys.*, 103 F.3d 897, 900 (9th Cir. 1998) (finding that evidence of claims not before the court and not related to any issue at trial was properly excluded); *Blair v. Wills,* 420 F.3d 823, 830-31 (8th Cir. 2005) (reversing the district court's denial of a motion for new trial where plaintiff's counsel repeatedly injected "irrelevant and prejudicial evidence" into the proceedings); *Allan v. Springville City*, 388 F.3d 1331, 1335 (10th Cir. 2004) (holding that the trial court did not err in excluding evidence that was only relevant to claims not before the court); *see also Fallon v. Potter*, 2008 WL 5395984, *2 (M.D. La. Dec. 23, 2008) (finding evidence of abandoned or dismissed claims could "confuse and prejudice" the jury and excluding evidence thereof).

Additionally, Defendants will be required to expend trial time justifying the content of a financial disclosure statement (which is governed by the Securities Exchange Act of 1934 and SEC rules) that has nothing to do with Plaintiff's sexual harassment and

retaliation claims – the only claims properly before this Court. *See* Fed. R. Evid. 403 ("[E]vidence may be excluded if its probative value is substantially outweighed … by considerations of undue delay, waste of time, or needless presentation of cumulative evidence").

### III.  CONCLUSION

For the foregoing reasons, Defendants seek an Order pursuant to Federal Rules of Evidence 402, 403, and 404 precluding Plaintiff and her counsel from mentioning in the presence of the jury (in opening statement, closing argument, or otherwise) or introducing evidence (either testimonial or documentary) regarding STATS ChipPAC, Ltd.'s Form 20-F liability disclosures.

DATED this 1st day of July, 2009.

> OGLETREE, DEAKINS, NASH,
> SMOAK & STEWART, P.C.
>
>
> By: s/ Caroline Larsen
>   L. Eric Dowell
>   Caroline Larsen
>   Monique Young
>   2415 East Camelback Road, Suite 800
>   Phoenix, Arizona 85016
>   Attorneys for Defendants STATS ChipPAC,
>   Inc. and STATS ChipPAC, Ltd.

4

**CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Strojnik
Peter Strojnik, P.C.
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Attorney for Plaintiff

Peter K. Strojnik
The Law Firm of Peter Strojnik
3030 North Central Avenue, Suite 1401B
Phoenix, Arizona 85012


s/ Debbi Irwin

7462806.1 (OGLETREE)