**THE LAW FIRM OF PETER STROJNIK**
ATTORNEYS AT LAW
SUITE 1401
**3030 North Central Avenue**
**Phoenix, Arizona 85012**
**(602) 297-3019**

Peter Kristofer Strojnik AZBN 026082 CABN 242728
pksesq@aol.com
Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| DIANE SAHAKIAN, a single woman, | ) NO.  2:08-cv-241-PHX-HRH |
| Plaintiff, | ) |
| | ) **REPLY TO RESPONSE TO MOTION TO** |
| | ) **COMPLETE DEPOSITION OF BJ HAN** |
| vs. | ) **AND FOR SANCTIONS** |
| | ) |
| STATS ChipPAC, Inc., a foreign | ) |
| corporation; STATS ChipPAC, Ltd., a | ) |
| foreign corporation; TEMASEK | ) |
| HOLDINGS PRIVATE LIMITED, a | ) |
| foreign corporation; SINGAPORE | ) |
| TECHNOLOGIES SEMICONDUCTORS | ) |
| PRIVATE LIMITED, a foreign | ) |
| corporation. | ) |
| | ) |
| Defendants. | ) |

## I.  INTRODUCTION

Once again, Defendants' local counsel terminated a deposition without properly filing a Rule 30(d)(3) Motion to Terminate. Defendants now attempt to put the onus on Plaintiff to demonstrate good cause why the deposition should continue even though the deposition of Dr. Han did not exceed the time allotment.

STATS' responsive arguments can be summarized into two sub-parts:  (1) The deposition was terminated because Plaintiff's counsel asked allegedly irrelevant questions that allegedly

were designed to harass and annoy Dr. Han, and (2) The deposition exceeded the time permitted by the Rules.

STATS' responsive arguments miss the point.  First, it is the duty of the terminating party to move to terminate the deposition after it suspends the deposition.  Rule 30(d)(3).  The reasons a party may terminate a deposition do not include lack of relevance; rather, they include harassment, annoyance and oppression.  Out of the factors set down in Rule 30(d)(3), STATS only argues harassment and annoyance.  However, STATS merely argues Plaintiff's counsel's examination was "designed" to harass and annoy.  STATS does not claim BJ Han was harassed and annoyed as the Rule requires.  All of this is moot, however, since STATS never properly moved to terminate the deposition.

Second, STATS' argument that Plaintiff's counsel has already exceeded the presumptive time limit ignores that the deposition did not exceed 7 hours, and Dr. Han continuously took an unusual amount of time reviewing each of the 31 of the 114 pre-marked exhibits thereby forcing Plaintiff to skip several important exhibits.

## II.  REPLY AND SUPPORTING LAW

**A.  STATS May Not Terminate a Deposition Unless Its Moves for a Protective Order Supported By a Showing of Bad Faith, Annoyance, Embarrassment or Oppression - FRCP 30(d)(3); STATS Argument That Plaintiff Must Demonstrate Good Cause Erroneously Puts the Onus on Plaintiff**

Rule 30(d)(3)(A) (*formerly (d)(4)*) of the Federal Rules of Civil Procedure states in relevant part:

> At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in ***bad faith*** or in a manner that unreasonably ***annoys, embarrasses, or oppresses*** the deponent or party.  The motion may be filed in the court where the action is pending or the deposition is

being taken.  If the objecting deponent or party so demands, the deposition must be suspended for the *time necessary* to obtain an order.
(Emphasis supplied)

"Rule 30(d)(4) is the only authority allowing the interruption of a deposition." *Warfield v. Gardner*, No. CV-04-0974-PHX-JAT (D. Ariz. 08/03/2006); *see also, Perrigon v. Bergen Brunswig Corp.*, 77 F.R.D. 455, 460-61 n. 4 (N.D. Cal. 1978).  Rule 30(d)(3) *(formerly (d)(4))* is clear in that termination is only permitted for bad faith, oppression, embarrassment, or annoyance.

STATS never timely moved for a protective/termination order notwithstanding the fact the deposition concluded approximately one month ago.  Had STATS properly moved for a protective/termination order, which they have not, such would be futile because there sole argument for termination is that the questions were irrelevant, *see, e.g.* Doc. 197 at 4 ("deposition … had little to do with the actual claims asserted in this lawsuit."), and *designed* to harass and annoy Dr. Han, see, e.g. Id. at 6 ("his *attempts* to harass, intimidate and embarrass Dr. Han") (emphasis supplied); *see also*, Id. at 7 ("*undertook every possible approach* to harass, annoy, frustrate and intimidate and embarrass Dr. Han…") (emphasis supplied).  These are serious allegations without any basis in fact.

In accordance with Rule 30(d)(3), lack of relevance is not a ground upon which a party may terminate a deposition.    STATS argument of annoyance and embarrassment is pure gibberish without any basis in fact.  STATS does not provide a declaration of Dr. Han's annoyance or embarrassment, they do not point to Dr. Han's annoyance or embarrassment; rather, STATS merely argues Plaintiff's counsel *attempted* to annoy and embarrass Dr. Han.

The Rule requires the line of questioning "unreasonably annoys, embarrasses or oppresses the deponent or party." STATS points to no question in support of this broad statement.

**B. STATS Does Not Deny Dr. Han's Deposition Was Filled With Delay and Obfuscation; Plaintiff Has Not Exceeded the Presumptive Time Limit and Defendants Must Properly Move to Terminate the Deposition**

Instead, *at the time the deposition was concluded*, STATS local counsel claimed lack of relevance and attempted harassment. *Now*, STATS claims that Plaintiff exceeded the presumptive time allotment permitted by Rule 30(d)(1) even though the deposition lasted only 6 hours and 46 minutes[1]. Plaintiff does not have the burden to demonstrate good cause when she did not even exceed the time allotment permitted by the Rules. Defendants must move to terminate the deposition.

Assuming Plaintiff did exceed the time-limit, which she did not, good cause could easily be shown to extend the deposition because of Dr. Han's delay and the omnipresent obfuscation, which was never denied by STATS in their responsive papers. Plaintiff's counsel had pre-marked 114 exhibits to review with Dr. Han; only 31 were actually, sloth-like, reviewed due to Dr. Han's unreasonable delays in review and STATS' local counsel's continuous speaking objections.[2] A fair opportunity to depose Dr. Han was not achieved, and to claim otherwise would be absurd. Plaintiff never had the opportunity to examine Dr. Han on important exhibits such as a March 29, 2007 email (10 days before ketchup incident) wherein Dr. Han acknowledges the suspected ketchup culprit – Eric Gongora – is a troublemaker, an April 9,

---

[1] The deposition began at 9:04 a.m. and concluded at 5:15 p.m (8 hrs. 11 mins.). Five breaks were taken totaling 85 minutes.
[2] Plaintiff's counsel pre-marked all 114 exhibits off the record. Plaintiff's counsel began introducing the exhibits at 1 and continued to 22. At that point, in light of the delay and obfuscation, Plaintiff's counsel was forced to skip exhibits and go to more important ones. In total, Plaintiff's counsel could only examine Dr. Han on Exhibits 1-22, 33, 53, 55, 61, 87, 91-92, and 94-95.

2007 memorandum from Gail Uy documenting her "investigation" into the ketchup incident pointing to Gongora as the culprit, an April 10, 2007 email from BJ Han wherein he recognizes someone in Tempe is lying (re:  the ketchup incident) but does nothing about it, and the important August 14, 2007 email from BJ Han to "All" advising of Ms. Sahakian's demotion to special projects.  These are just to name a few of the over 80 exhibits Plaintiff's counsel could not review with Dr. Han due to the delay and obfuscation.

Furthermore, again assuming Plaintiff exceeded the time allotment, which she did not, STATS has previously made a good point concerning extending deposition time limits: "Examples of grounds for granting an extension include whether a witness require an interpreter, the examination covers events occurring over a long period of time or extensive documents, or if multiple parties are deposed.  See Fed.R.Civ.P. 30(d) advisory committee note."  *See*, Doc. 175 at 8.   Indeed, Plaintiff had to cover 114 pre-marked exhibits relating to this litigation. Unfortunately due to BJ Han's delay Plaintiff was forced to skip several and only cover 31 exhibits.

## C.  Plaintiff Is Entitled To Sanctions

In *Hackett v. Segerblom,* No. 2:06-cv-01081-JCM-GWF (D.Nev. 08/02/2007) counsel for Plaintiff terminated a deposition when counsel for Defendant asked the deponent questions concerning lost wages.  Defendant was forced to file a Motion to Compel and for Sanctions to complete the deposition of Plaintiff.  The Court noted:

> [T]he Court is authorized to award Defendant his attorney's fees and costs in connection with a successful motion to compel a deponent to answer questions. The Court also has the inherent power to sanction a party for abusive discovery conduct, such as occurred here, where a party improperly terminates her

deposition, fails to seek relief under Rule 30(d)(4) and unreasonably delays the discovery process.

\*          \*          \*          \*          \*          \*          \*

After terminating the deposition, Plaintiff's counsel did not move for a protective order under Rule 30(d)(4) even though Defendant's counsel notified her in writing that it was her responsibility to seek relief under the rule…Plaintiff's conduct in this regard has unreasonably delayed resolution of the deposition dispute and the conduct of discovery in this case."

The Court in *Hackett* concluded:

IT IS FURTHER ORDERED,  pursuant to Rule 37(a)(4), that Defendant recover its reasonable attorney's fees and costs incurred in filing this motion.  The Court **will grant an award of a reasonable attorney's fees and costs as it relates to the reasonable time and expense that Defendant incurred in an order that Plaintiff be required to again attend her deposition**…
(Emphasis Supplied)

Here, STATS termianted the deposition without authorization or proper legal basis, failing to file a Motion to Terminate, and delaying this discovery process even further.  Plaintiff seeks a fully day of attorney's fees.  STATS cannot be permitted to walk out of a deposition without penalty.

## III.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests her Motion to Complete the Deposition of BJ Han be granted and sanctions for the sum of $3.600.00.RESPECTFULLY SUBMITTED this 7th Day of July, 2009.

THE LAW FIRM OF PETER STROJNIK

_____
Peter Kristofer Strojnik
Attorney for Diane Sahakian

–6–