L. Eric Dowell, SBN 011458
Caroline Larsen, SBN 022547
Monique Young, SBN 025121
Ogletree, Deakins, Nash, Smoak & Stewart, P.C., SBN 00504800
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone:   (602) 778-3700
Facsimile:    (602) 778-3750
Eric.Dowell@ogletreedeakins.com
Caroline.Larsen@ogletreedeakins.com
Monique.Young@ogletreedeakins.com

Attorneys for Defendants STATS ChipPAC, Inc.
and STATS ChipPAC, Ltd.

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Diane Sahakian, a single woman,<br><br>                    Plaintiff,<br><br>vs.<br><br>STATS ChipPAC, Inc., a foreign corporation; STATS ChipPAC Ltd, a foreign corporation; Temasek Holdings Private Limited, a foreign corporation; Singapore Technologies Semiconductors Private Limited, a foreign corporation,<br><br>                    Defendants. | CV08-241-PHX-HRH<br><br>**REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND ANSWER TO ADD COUNTERCLAIM BY DEFENDANTS STATS ChipPAC, INC. AND STATS ChipPAC LTD.** |

Plaintiff has not presented a single compelling argument why this Court should not grant Defendants STATS ChipPAC, Inc. and STATS ChipPAC, Ltd.'s (collectively, "STATS ChipPAC") Motion for Leave to Amend their Answer to add a counterclaim based on Plaintiff's abuse of process in this action (Doc. 179). STATS ChipPAC has satisfied the relevant elements, pursuant to Federal Rule of Civil Procedure 15(a)(2), and sufficiently pled its proposed counterclaim. Plaintiff's Response in Opposition of

STATS ChipPAC's Motion to Amend (Doc. 198) demonstrates Plaintiff's unwillingness to take responsibility for her misconduct during this litigation. Plaintiff's Response only bolsters STATS ChipPAC's showing that its counterclaim for abuse of process is necessary to curtail further misbehavior by Plaintiff for the duration of this action, and to compensate STATS ChipPAC for the unnecessary attorneys' fees incurred as a result of Plaintiff's abuse of the legal process.

### I.   STATS ChipPAC's COUNTERCLAIM IS NOT FUTILE.

STATS ChipPAC has properly and fully asserted the factual and legal bases for its counterclaim for abuse of process, and contrary to Plaintiff's arguments, the counterclaim is not futile. As set forth in STATS ChipPAC's Motion for Leave to Amend, STATS ChipPAC intends to prove that Plaintiff: (1) employed willful acts in the use of judicial processes; and (2) did so for an ulterior purpose not proper in the regular conduct of litigation proceedings. *Crackel v. Allstate Ins. Co.*, 208 Ariz. 252, 257, 92 P.3d 882, 887 (App. 2004) (quoting *Nienstedt v. Wetzel*, 133 Ariz. 348, 353, 651 P.2d 876, 881 (App. 1982)); *see also Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1252 (9th Cir. 1987). Specifically, Plaintiff has misused the judicial processes to intentionally and pointlessly expand the scope of these proceedings, to unnecessarily delay the resolution of this action, to increase STATS ChipPAC's attorneys' fees, and to embarrass and harass STATS ChipPAC employee Eric Gongora, Plaintiff's former supervisor, Dr. B. J. Han, and others.

Plaintiff argues that each of her acts of misconduct, *e.g.*, filing two additional, frivolous lawsuits against STATS ChipPAC, its employees, and/or its counsel and abusing the discovery process, are insufficient to support a claim for abuse of process. Cumulatively, however, Plaintiff's actions demonstrate that she is using the legal process to accomplish a purpose for which it is not designed or intended, namely, to indulge her personal animosity towards her former employer, subordinates, and supervisors. *See Nienstedt*, 133 Ariz. at 353, 651 P.2d at 881 (citing Restatement (Second) of Torts § 682 (1977)). An abuse of process claim cannot be based on an amorphous allegation that a

party misused the litigation process as a whole, but is permitted "when a litigant has abused any of the 'entire range of court procedures incident to the litigation.'" *Crackel*, 208 Ariz. at 258, 92 P.3d at 888 (quoting *Nienstedt*, 133 Ariz. at 353, 651 P.2d at 881).

Plaintiff's conduct during this litigation is not reasonably justified to assist in securing an eventual judgment in her favor on her two claims - sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq*. Instead, her conduct can only reasonably be explained as a means of needlessly increasing STATS ChipPAC's litigation expenses, and harassing, inconveniencing and embarrassing its executives and current and former employees. These ulterior or collateral purposes are sufficient to support STATS ChipPAC's counterclaim for abuse of process. *See Nienstedt*, 133 Ariz. at 354, 651 P.2d at 882 (upholding jury award for abuse of process based on "evidence from which a trier of fact could have concluded that in many instances the ulterior or collateral purpose of appellant . . . to subject [appellees] to excessive litigation expenses was in fact his primary purpose, and that his use of various legal processes was not for legitimate or reasonably justifiable purposes of advancing appellants' interests in the ongoing litigation").

## II. PLAINTIFF'S LIABILITY FOR ABUSE OF PROCESS IS NOT VICARIOUS.

Plaintiff's argues that STATS ChipPAC's Motion for Leave to Amend should be denied because her counsel – not Plaintiff – are responsible for the acts complained. This argument, however, totally mischaracterizes the nature of the attorney-client relationship. The Arizona Rules of Professional Conduct make it clear that "a lawyer shall abide by a <u>client's</u> decisions concerning the objectives of representation and, as required by ER 1.4, shall consult with the <u>client</u> as to the means by which they are to be pursued." Ariz. R. Prof'l Conduct 1.2(a) (emphasis added). ER 1.2(a) "confers upon the <u>client</u> the ultimate authority to determine the purposes to be served by legal representation, within the limits imposed by law and the lawyer's professional obligations." Comment to Ariz. R. Prof'l Conduct 1.2 (emphasis added). Presuming Plaintiff's counsel has complied with ER

1.2(a), Plaintiff must be presumed to have known about and authorized the manner in which her claims have been prosecuted in this action.

Plaintiff may be liable for abuse of process regardless of whether or not her attorney shares liability. In *Crackel v. Allstate Ins. Co.*, 208 Ariz. 252, 92 P.3d 882 (App. 2004), the Court rejected Allstate Insurance Company's argument that a verdict in favor of its attorney-agent required the entry of a judgment as a matter of law in favor of Allstate, the party-principal. *Crackel*, 208 Ariz. at 265, 92 P.3d at 895. Allstate argued that the plaintiffs' claims against it were based solely on the conduct of its attorney-agent, thus, if the jury did not hold the agent liable, it could not hold Allstate liable as the principal. *Id.* (citation omitted). The Court found that the verdict exonerating Allstate's attorney did "no more than indicate the jury believed that [the attorney] had acted solely on [Allstate's] direction and that he had not acted with an improper purpose." *Id.*

Plaintiff's liability for abuse of process is not vicarious. Ultimately, Diane Sahakian is the plaintiff in this action, and whether it is Sahakian or her counsel who crafted the strategy of litigation misconduct, Sahakian is ultimately responsible for her and her agents' activities in this action.

### III. THE TIMING OF STATS ChipPAC'S MOTION TO AMEND WILL NOT PREJUDICE PLAINTIFF.

The Court cannot ignore the hypocrisy of Plaintiff's claim that STATS ChipPAC's Motion for Leave to Amend – filed exactly two weeks after Plaintiff filed a reply in support of her own Motion for Leave to Amend her Complaint to add a new claim (Doc. 165) - comes too late in these proceedings. Plaintiff argues that STATS ChipPAC should have asserted its counterclaim as soon as Plaintiff engaged in her first act of abusing the legal process, shortly after she changed counsel in November 2008. Plaintiff's argument, however, disregards the fact that STATS ChipPAC's counterclaim does not rely on a single, abusive tactic that Plaintiff has employed. STATS ChipPAC's counterclaim arises from Plaintiff's collective, repeated and ongoing, improper conduct over the last eight months of the litigation. Once it became evident that Plaintiff's exploits would

continue past the discovery phase and could possibly disrupt and taint the trial in this action, STATS ChipPAC determined that a counterclaim was warranted and necessary.

Additionally, Plaintiff's claim of ignorance regarding the litigation misconduct giving rise to STATS ChipPAC's counterclaim – the very misconduct in which she has engaged for the last eight months – defies the boundaries of both logic and audacity. As an initial matter, the proposed Amended Answer and Counterclaim exceeds STATS ChipPAC's obligation to provide Plaintiff with a short and plain statement of the claim showing that STATS ChipPAC is entitled to relief. *See* Fed. R. Civ. P. 8(a). More significant, however, is the fact that Plaintiff knows better than anyone the basis for STATS ChipPAC's counterclaim. Plaintiff knows that she is a party to a separate, frivolous lawsuit against STATS ChipPAC and several of its executives and current and former employees. Plaintiff knows exactly which depositions she set unilaterally, then cancelled at the last minute. She knows which documents she failed to disclose before attempting to question STATS ChipPAC's witnesses about them at deposition. Plaintiff certainly knows whether she bothered to provide STATS ChipPAC with copies of each subpoena she served on third parties. Plaintiff's assertion that she must propound discovery "to determine the legitimacy of Defendants' claims" of abuse of process is simply a smoke screen to mask her real intent: to evade liability for her months of wrongdoing during this action.

Plaintiff also argues that permitting STATS ChipPAC to assert a counterclaim at this juncture would preclude her from obtaining an expert witness on the legal process and procedure. Arizona, however, does not require expert testimony in abuse of process cases. *Crackel v. Allstate Ins. Co.*, 208 Ariz. 252, 265, 92 P.3d 882, 895 (App. 2004). STATS ChipPAC does not allege that Plaintiff failed to comply with any standard of care. *Id.* "[A] jury is capable of deciding whether a legal process has been primarily used to pursue an improper purpose . . .." *Id.* As Plaintiff noted in her Response to STATS ChipPAC's Motion for Leave to Amend, the issues relevant to STATS ChipPAC's counterclaim are Plaintiff's willful acts in the use of judicial processes, of

which Plaintiff is fully aware, and whether she undertook these actions for an ulterior purpose not proper in the regular conduct of legal proceedings. *Id.* at 257, 92 P.3d at 887. These issues do not require, or even warrant, the presentation of expert testimony. Plaintiff will not face any prejudice by virtue of STATS ChipPAC's counterclaim.

### IV. STATS ChipPAC's MOTION IS MADE IN GOOD FAITH.

There is no support for Plaintiff's contention that STATS ChipPAC's Motion for Leave to Amend should be denied based on Plaintiff's speculation that the counterclaim could require her counsel to withdraw from representing Plaintiff in this action, because her counsel will become witnesses. Such an argument, if accepted, would preclude a defendant from <u>ever</u> asserting a counterclaim for abuse of process. In fact, the party to the action - with or without his or her attorney - was a named defendant in virtually every abuse of process case cited in Plaintiff's Response to STATS ChipPAC's Motion for Leave to Amend. Moreover, STATS ChipPAC has no interest in giving Plaintiff an excuse to change counsel at this juncture, which would only further delay the resolution of this action. As STATS ChipPAC has maintained throughout this action and will demonstrate at summary judgment and/or trial, Plaintiff lacks the evidence necessary to establish the elements of her claims of sexual harassment or retaliation, regardless of who serves as her counsel.

Plaintiff theorizes that STATS ChipPAC's "true motive" in amending its Answer to assert a counterclaim for abuse of process is to effect the withdrawal of Plaintiff's counsel. To remedy this perceived conflict, Plaintiff argues that STATS ChipPAC should assert its counterclaim for abuse of process in Plaintiff's recently-filed state court action against STATS ChipPAC and several of its executives and current and former employees. Plaintiff's argument is wholly illogical, since Peter Strojnik and the law firm of Peter Strojnik P.C. represent Plaintiff in <u>both</u> this action and the state court action, thus, the conflict Plaintiff alleges exists would not be avoided. Furthermore, as explained in detail below, STATS ChipPAC's counterclaim for abuse of process is a compulsory

counterclaim to this action. *See* Section V, *infra*. The conflict that Plaintiff has invented does not warrant denying STATS ChipPAC's Motion for Leave to Amend.

### V. STATS ChipPAC's COUNTERCLAIM FOR ABUSE OF PROCESS IS COMPULSORY.

Plaintiff opts to ignore the case law, cited in her own Response to STATS ChipPAC's Motion for Leave to Amend, that holds that STATS ChipPAC's counterclaim is compulsory. Plaintiff concedes that this Court has supplemental jurisdiction over compulsory counterclaims, pursuant to 28 U.S.C. § 1367(a), however, Plaintiff improperly argues that STATS ChipPAC's counterclaim against her for abuse of process is not compulsory. The Ninth Circuit Court of Appeals has explicitly held otherwise.

In *Pochiro v. Prudential Insurance Company of America*, 827 F.2d 1246 (9th Cir. 1987), the Ninth Circuit expressly rejected the line of cases that refused to find an abuse of process claim to be a compulsory counterclaim. *Pochiro*, 827 F.2d at 1252. Rule 13(a), Federal Rules of Civil Procedure, defines a compulsory counterclaim as one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." The United States Supreme Court has admonished the courts to read the "transaction or occurrence" standard broadly. *Id.* (citing *Moore v. New York Cotton Exch.,* 270 U.S. 593, 610 (1926)). In light of this instruction, the Ninth Circuit disagreed with those courts that have found abuse of process claims to be unrelated to the underlying substantive claims. *Id.* at 1253. "[E]ven though the merits of the substantive claim are not controlling on the question of abuse of process, they are necessarily significant in the assessment of possible ulterior motive." *Id.* The similarity of the facts necessary for the determination of both Plaintiff's claims of sexual harassment and retaliation against STATS ChipPAC, and STATS ChipPAC's counterclaim against Plaintiff for abuse of process, "are 'offshoots of the same basic controversy between the parties.'" *Id.* at 1252 (quoting *Great Lakes Rubber Corp. v. Herbert Cooper Co.,* 286 F.2d 631, 634 (3d Cir. 1961)).

Hence, STATS ChipPAC's counterclaim against Plaintiff for abuse of process is a compulsory counterclaim. As such, justice requires permitting STATS ChipPAC to amend its Answer to assert its counterclaim, since STATS ChipPAC could be barred from bringing a later independent action for abuse of process once this matter reaches a final judgment. *Pochiro*, 827 F.2d at 1253 ("Under Arizona law, once an action reaches final judgment, the failure to plead a compulsory counterclaim in that action is res judicata in a later independent action on the compulsory counterclaims.") (citing *Occidental Chem. Co. v. Connor*, 124 Ariz. 341, 604 P.2d 605, 609 (1979)); *see also* Fed. R. Civ. P. 15(a)(2) (requiring the court to freely give leave to amend a pleading when justice so requires).

## VI. PLAINTIFF IS NOT ENTITLED TO ATTORNEYS' FEES.

STATS ChipPAC has satisfied all of the elements that the Court should consider when deciding whether to grant a party leave to amend a pleading under Rule 15(a)(2), Federal Rules of Civil Procedure. STATS ChipPAC's Motion for Leave to Amend is not frivolous, unreasonable or vexatious, but is firmly rooted in the history of Plaintiff's misconduct in this action and the controlling case law.

Plaintiff alleges that her numerous transgressions, such as filing a redundant, separate lawsuit in state court against STATS ChipPAC; setting depositions unilaterally, then cancelling them with little notice to STATS ChipPAC's counsel; failing to disclose documents before questioning witnesses about them at deposition; refusing to provide STATS ChipPAC with copies of subpoenas duces tecum served on third parties; serving five different subpoenas on the same STATS ChipPAC employee; late disclosing witnesses; and generally disregarding the Federal Rules of Civil Procedure, do not constitute abuse of process. Under the circumstances, it is clear that Plaintiff does not believe <u>any</u> conduct is out of bounds in the course of litigation, which has necessitated STATS ChipPAC's Motion for Leave to Amend its Answer to assert a counterclaim for abuse of process. In light of the significant legal and factual support for STATS

8

ChipPAC's motion, Plaintiff has no right to attorneys' fees under 28 U.S.C. § 1927, Rule 11 or any other basis.

## VII. CONCLUSION

For all of the foregoing reasons, Defendants STATS ChipPAC, Inc. and STATS ChipPAC, Ltd. respectfully request that the Court permit them leave to amend their Answer to Plaintiff's Second Amended Complaint (Doc. 71) to assert a counterclaim against Plaintiff Diane Sahakian for abuse of process.

DATED this 13th day of July, 2009.

>OGLETREE, DEAKINS, NASH,
>SMOAK & STEWART, P.C.
>
>
>By:   s/ Caroline Larsen
>    L. Eric Dowell
>    Caroline Larsen
>    Monique Young
>    2415 East Camelback Road, Suite 800
>    Phoenix, Arizona 85016
>    Attorneys for Defendants STATS ChipPAC, Inc. and STATS ChipPAC, Ltd.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants.

Peter Strojnik
Peter Strojnik, P.C.
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Attorney for Plaintiff

Peter K. Strojnik
The Law Firm of Peter Strojnik
3030 North Central Avenue, Suite 1401B
Phoenix, Arizona 85012

s/ Debra Perkins

7486787.1 (OGLETREE)

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700