Peter Strojnik, 006464
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Telephone: 602-524-6602
Facsimile: 602-296-0135
e-mail: *ps@strojnik.com*
Attorney for Ms. Sahakian

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| DIANE SAHAKIAN, a single woman, | NO. CV-08-241-PHX-HRH |
| Plaintiff, | **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 1** |
| vs. | |
| STATS ChipPAC, Inc., a foreign corporation; STATS ChipPAC, Ltd., a foreign corporation; TEMASEK HOLDINGS PRIVATE LIMITED, a foreign corporation; SINGAPORE TECHNOLOGIES SEMICONDUCTORS PRIVATE LIMITED, a foreign corporation. | **(Doc. 185)** |
| Defendants. | |

**SUMMARY**

Plaintiff responds in opposition to Defendants' Motion in Limine No. 1 (to exclude allegations of claims of other discrimination not asserted as claims in second amended complaint).

Federal pleadings standard is a "notice pleading" standard. In *Swierkiewicz v. Sorema. N.A.,* 534 US. 506 (2002), the Supreme Court reaffirmed the liberal pleading requirements of the Federal Rules. The Court addressed whether an employment discrimination complaint must

-1-

contain specific facts establishing a prima facie case of discrimination; the court concluded that a complaint need not establish a prima facie case under *McDonnell Douelas*, but instead must only comport with Rule 8's "short and plain statement of a claim." In so holding, the Court stressed its own precedent and support for Rule 8's "simplified notice pleading" standard. Id. at 998. "This simplified notice pleading standard," the Court said, "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Id.

Plaintiff notes that Defendants' Motion seeks a blanket exclusion of broad categories of evidence. Defendants' objections are simply too broad. The following Memorandum of Points and Authorities addresses Defendants' broad objections.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff brings her cause of action in two counts: Hostile Work Environment and Retaliatory Discharge. The evidence that Defendants seek to exclude relates primarily to the Hostile Work Environment claim.

There are two types of "hostile work environment" applicable to Plaintiff's cause of action: (1) Abusive Work Environment and (2) Negligent Investigation and Remediation of Unlawful Employment Practice. This Motion and Response is limited to a discussion of the Abusive Work Environment.

1) **ABUSIVE WORK ENVIRONMENT**

To establish the prima facie hostile work environment claim under Title VII, "[a plaintiff] must raise a triable issue of fact as to whether (1) she was 'subjected to verbal or physical conduct' because of [a protected characteristic], (2) 'the conduct was unwelcome,' and

-2-

(3) 'the conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive work environment.'" *Manatt v. Bank of America, NA*, 339 F.3d 792, 798 (9th Cir. 2003) (quoting *Kang v. U. Lim Am., Inc.,* 296 F.3d 810, 817 (9th Cir. 2002)); *Willems v. City of North Las Vegas*, 267 Fed.Appx. 619, 620 (9th Cir. 2008) ("To establish a prima facie hostile work environment claim, a plaintiff must demonstrate that she was subjected to unwelcome verbal or physical conduct of a harassing nature because of a protected characteristic, like gender, race, or religion, and that the conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.") (citations and internal quotation marks omitted).

Plaintiff bases her claim on three general fact patterns: *First*, the pervasiveness of discriminatory conduct toward women in general and Plaintiff in particular creating a "hostile work environment", *see*, *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1117 (9th Cir. 2004) ("if racial hostility pervades a workplace, a plaintiff may establish a violation of Title VII, even if such hostility was not directly targeted at plaintiff."); *Second*, the pervasiveness of discriminatory conduct on the part of the supervisors and managers toward other protected groups; and *Third*, discriminatory actions of her co-workers directed toward Plaintiff. "An employer's liability for harassing conduct is evaluated differently when the harasser is a supervisor as opposed to a co-worker." *McGinest*, 360 F.3d at 1119. "If . . . the harasser is merely a co-worker, the plaintiff must prove that . . . the employer knew or should have known of the harassment but did not take adequate steps to address it." *McGinest*, 360 F.3d at 1119.

2) **EVIDENCE OF DISCRIMINATION DIRECTED TOWARD OTHERS ("INDIRECT HOSTILITY") IS ADMISSIBLE IN A HOSTILE WORK ENVIRONMENT CASE**

Work environment can be hostile to an employee either directly or indirectly. Direct hostility is directed toward Plaintiff and is actionable. *See*, *Cutrona v. Sun Health Corp.,* No. CV 06-2184-PHX-MHM (D.Ariz. 09/26/2008). Indirect hostility is directed toward others and is actionable if it pervades the workplace. *See*, *McGinest*, 360 F.3d at 1117 (9th Cir. 2004) ("if racial hostility pervades a workplace, a plaintiff may establish a violation of Title VII, even if such hostility was not directly targeted at plaintiff."); *see also*, *Madani v. BHVT Motors, Inc.,* 2006 WL 1127149 (D.Ariz. 2006) (BROOMFIELD, J.) ("an employee can establish a violation of Title VII even if she was not the direct target of the hostility, or the racially charged words were not directed at her." (Doc. 113 at 5). Lastly, hostile work environment based on discriminatory conduct toward other protected groups is actionable if it pervades the workplace and the management chooses to take no action; *Jackson v. ABC Nissan, Inc.,* No. CV-03-0563-PHX-SMM (D.Ariz. 08/04/2006).

*Heyne v. Caruso*, 69 F.3d 1475 (9th Cir.1995), a hostile work environment case, is on point. There, the trial court granted the alleged harasser's (Caruso's) Motion in Limine and refused to admit the testimony of other female employees who claimed to have been harassed by Caruso. In reversing the trial court, the 9th Circuit Court of Appeals stated:

> It is clear that an employer's conduct tending to demonstrate hostility towards a certain group is both relevant and admissible where the employer's general hostility towards that group is the true reason behind firing an employee who is a member of that group. *See*, *Spulak v. K Mart Corp.*, 894 F.2d 1150, 1156 (10th Cir. 1990) ("As a general rule, the testimony of other employees about their treatment by the defendant [employer] is relevant to the issue of the employer's discriminatory intent."). Recognizing that "there will seldom be 'eyewitness' testimony as to the employer's mental processes," *United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 716, 75 L. Ed. 2d 403, 103 S. Ct. 1478 (1983), the Supreme Court held that evidence of the employer's discriminatory attitude in general is relevant and admissible to prove race discrimination. Id. at 713-14 n.2.

The *Henye* Court reversed the trial court's granting of the motion in limine very much like the one before this Court. The Court in *Heyne* found that such evidence was not unfairly prejudicial or otherwise subject to exclusion. *See also*, *Sussel v. Wynne*, No. 05-00444 ACK-KSC (D.Haw. 10/04/2006) at footnote 5 ("The Court notes that in general, evidence of an employer's allegedly discriminatory conduct against other employees is relevant and highly admissible to prove the employer's motive and intent in taking an action against a plaintiff, under Federal Rules of Evidence ("Rules") 401, 402, 403, and 404(b).")

3) **DEFENDANTS' CLAIM THAT THE EVIDENCE OF ITS DISCRIMINATORY CONDUCT TOWARD OTHERS IS INADMISSIBLE BECAUSE NOT SPECIFICALLY PLED IS FAULTY**

In *Swierkiewicz v. Sorema. N.A.,* 534 US. 506 (2002), the Supreme Court reaffirmed the liberal pleading requirements of the Federal Rules. The Court addressed whether an employment discrimination complaint must contain specific facts establishing a prima facie case of discrimination under *McDonnell Douglas Corp. v. Green*, 41 1 US. 792 (1973). The Court held that a complaint need not establish a prima facie case under *McDonnell Douglas*, but instead must only comport with Rule 8's "short and plain statement of a claim." In so holding, the Court stressed its own precedent and support for Rule 8's "simplified notice pleading" standard. Id. at 998. "This simplified notice pleading standard," the Court said, "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Id.

4) **THE EVIDENCE OF DEFENDANTS' INDIRECT DISCRIMINATION REASONABLY RELATES TO PLAINTIFF'S CLAIM**

In footnote 1 on page 4, Defendants expand on this theory arguing that "Plaintiff may not assert claims 'that were not timely raised with the EEOC unless new claims are like or

reasonably related to the allegations in the EEOC charge'", citing to *Green v. Los Angeles County Superintendent of Schools*, 883 F. 2nd 1472, 1475-76 (9th Cir 1989). Defendants do not, however, provide the remainder of the statement in Green:

> In determining whether an allegation under Title Vll is like or reasonably related to allegations contained in a previous EEOC charge, the court inquires whether the original EEOC investigation would have encompassed the additional charges. See *Kaplan v. International Alliance of Theatrical and Stage Employees and Motion Picture Machine Operators*, 525 F.2d 1354, 1359 n. 3 (9th Cir. 1975) ("it is only logical to limit the permissible scope of the civil action to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination") (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)); see also *Brown* v. *Puget Sound Elec. Apprenticeship & Training Trust*, 732 F.2d 726, 729-30 (9th Cir. 1984)], ("where claims are not so closely related that agency action would be redundant. The EEOC must be afforded an opportunity to consider disputes before federal suits are initiated"). *Stache* [v. *International Union of Bricklayers and Allied Craftsmen*, 852 F.2d 1231, 1234 (9th Cir. 1988)], 852 F.2d at 1234 (relying on *Brown*). Finally, "the remedial purpose of Title VII and the paucity of legal training among those whom it is designed to protect require charges filed before the EEOC to be construed liberally." *Stache*, 852 F.2d at 1233; see also *Kaplan*, 525 F.2d at 1359.

In determining whether a claim is "reasonably related" to an EEOC charge, the charge filed with the EEOC is construed "'with utmost liberality since they are made by those unschooled in the technicalities of formal pleading.'" *B.K.B. v. Maui Police Dept.,* 276 F.3d 1091, 1100 (9th Cir. 2002).B.K.B., 276 F.3d at 1100; *Yamaguchi v. United States Dept. of the Air Force*, 109 F.3d 1475, 1480 (9th Cir. 1997).

Here, Plaintiff described the hostile work environment, which, by definition, includes indirect discriminatory acts and attitudes directed toward Jews, Indians, Chinese and Americans. To determine whether a work environment is sufficiently hostile or abusive to violate Title VII, the Court must look at the totality of the circumstances, including the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or

humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 23 (1993). Title VII is violated "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Id. at 21 (citation and internal quotation marks omitted).

5) **DISCRIMINATORY STATEMENTS ARE NOT HEARSAY**

Defendants further argue that the statements regarding other instances of discriminatory conduct constituted hearsay. However, discriminatory statements by BJ Han regarding Jews, Chinese, Indians and Americans are admissible non-hearsay, as they are offered against a party and represent that party's own statement. Fed. R. Evid. 801(d)(2)(A), *Flores v. Verdugo*, No. CV-06-679-PHX-SMM (D.Ariz. 08/07/2008). Additionally, the statements by Ram Ramakrishna and Anthony Kong regarding disparate treatment of Chinese and Indians are expected to be offered in live testimony, therefore, no hearsay issues arise. Lastly, the statements are not offered to establish the truth of the statements, i.e., that Jews, Indians and Chinese are *less* than others, but to establish Defendants' discriminatory state of mind. *See Haddad v. Lockheed Calif. Corp.,* 720 F.2d 1454, 1456 (9th Cir. 1983) (complaints by fellow employees about plaintiff not hearsay because offered to show complaints were received and relevant to employer's nondiscriminatory intent, and not to prove the truth of the complaints). *Accord, Flores*.

6) **REMAINING OBJECTIONS**

Defendants lastly claim (1) undue prejudice and (2) impermissible character evidence. The undue prejudice argument is addressed in the discussion of *Hayne*. The impermissible character evidence argument does not apply as Plaintiff does not intend to introduce evidence of STATS direct and indirect discrimination to prove its character.

**CONCLUSION AND PRAYER FOR RELIEF**

For the foregoing reasons Plaintiff respectfully requests that the evidence be admitted.

RESPECTFULLY SUBMITTED this 13th day of July, 2009.

**PETER STROJNIK, P.C.**

_____
Peter Strojnik
Attorney for the Ms. Sahakian