Peter Strojnik, 006464
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Telephone: 602-524-6602
Facsimile: 602-296-0135
e-mail: *ps@strojnik.com*
Attorney for Ms. Sahakian

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| DIANE SAHAKIAN, a single woman, | NO. CV-08-241-PHX-HRH |
| Plaintiff, | **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 8** |
| vs. | |
| STATS ChipPAC, Inc., a foreign corporation; STATS ChipPAC, Ltd., a foreign corporation; TEMASEK HOLDINGS PRIVATE LIMITED, a foreign corporation; SINGAPORE TECHNOLOGIES SEMICONDUCTORS PRIVATE LIMITED, a foreign corporation. | **(Doc. 192)** |
| Defendants. | |

## RESPONSE

Plaintiff responds in opposition to Defendants' Motion in Limine No. 8 (to exclude evidence of, or references to, settlement offers and/or negotiations).

STATS is correct that evidence of settlement discussions is generally not admissible to prove the fact of liability or the amount of liability. Therefore, the discussions between counsel and/or the clients regarding settlement, any offers of compromise, and any mediation are properly excluded. Plaintiff had no intent of introducing or referencing any such evidence.

-1-

There is, however, one piece of documentary evidence that is highly relevant to STATS' claim that Plaintiff was terminated for cause. The pleadings confirm Plaintiff's claim that she was terminated for, *inter alia* (i) complaining about sexual harassment, (ii) complaining about the investigation of sexual harassment, (iii) complaining about lack of remedial measures, (iv) taking the FMLA leave, and (v) filing EEOC complaints. On the other hand, STATS argues that she was terminated for cause *other than* retaliation. For example, subsequent to the "I'm done D-O-N-e with you and I never want to see you again" shouting match by BJ Han to Plaintiff on August 7, 2007, BJ Han created two excoriating memoranda about Plaintiff in which he generally berated Plaintiff's management abilities (although STATS own Human Resources investigation concluded that Plaintiff was a good manager). Defendants intend to use these memoranda and BJ Han's testimony regarding Plaintiff's management abilities to show that the stated cause for her termination was pretextual.

Subsequent to the August 7, 2007, outburst by BJ Han in which he yelled at Plaintiff that "I'm D-O-N-E with you! I never want to see you again! I will take action against you unless you apologize!", and following Plaintiff's filing of the EEOC complaint and her taking the FMLA leave, STATS simply had to fire Plaintiff. But STATS had no non-pretextual reason for firing her. Therefore, the only way to affect a termination was to affect a *voluntary* termination. In order to accomplish the voluntary termination, STATS offered Plaintiff $250,000. The letter dated April 4, 2008 in which STATS offers $250,000 in exchange for, *inter alia*, Plaintiff's "resignation from employment", states:

> Tod F. Schleier, Esquire
> Schleier Jellison Schleier PC
> 3101 N. Central Ave Suite 1090
> Phoenix, AZ 85012-2640
>
> RE: *Diane Sahakian v. STATS ChipPAC, Inc. et al.*
>
> Dear Tod:
>
> As you know, we are about to embark upon an expensive discovery period. Before both of our clients spend additional funds, we'd like to try to resolve this matter. To that end, I am authorized to offer the amount of $250,000 in exchange for a complete release of claims and Ms. Sahakian's resignation from employment. The other terms would be the standard terms, such as confidentiality provisions and an agreement that Ms. Sahakian will not seek future employment at STATS ChipPAC, Inc. or STATS ChipPAC, Ltd.
>
> As we'd like to resolve this matter before additional attorneys' fees and costs are expended, we'd appreciate hearing from you within the next week.
>
> Sincerely,
>
> QUARLES & BRADY LLP
>
> Sandra J. Creta

This letter preceded Plaintiff's July 1, 2008 termination by less than two months. It will not be offered to prove liability or damages. It will be offered to prove lack of non-pretextual reason for Plaintiff's termination and STATS' *knowledge* of lack of a non-pretextual reason for Plaintiff's termination. It is probative of the fact that as of April 4, 2008, STATS had no cause for termination. Otherwise, STATS could have merely terminated Ms. Sahakian's employment without offering her a severance fee of $250,000. The letter and the severance fee will be offered to support Plaintiff's claim that her eventual termination on July 1, 2008 for her management style was merely pretextual.

The Jury is entitled to know that STATS' stated reason for termination relating to Plaintiff's "management style" was merely pretextual, and that no cause (other than impermissible cause) existed for her firing. The Jury will be well within its deliberative ability

to conclude that since STATS was willing to pay for a voluntary separation, it had no true cause to terminate Plaintiff.

Any undue prejudice may be resolved with a limiting instruction to the jury:

"You may consider [letter dated April 4, 2008] as evidence that on April 4, 2008, STATS did not have independent cause to terminate Plaintiff, and chose to resort to payment in order to induce Plaintiff to resign voluntarily. You may not consider this letter as admission of STATS liability or the amount of the damages."

## CONCLUSION AND PRAYER FOR RELIEF

Plaintiff agrees with Defendant's general Rule 408 admissibility issue; however Plaintiff respectfully requests that the letter dated April 4, 2008, be admitted for reasons stated above.

RESPECTFULLY SUBMITTED this 13th day of July, 2009.

**PETER STROJNIK, P.C.**

_____
Peter Strojnik
Attorney for the Ms. Sahakian