```
              IN THE UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF ARIZONA


DIANE SAHAKIAN, a single woman,     )
                                    )
                    Plaintiff,      )
                                    )
     vs.                            )
                                    )
STATS ChipPAC, Inc., a foreign      )
corporation; STATS ChipPAC, Ltd.,   )
a foreign corporation; TEMASEK      )
HOLDINGS PRIVATE LIMITED, a         )
foreign corporation; SINGAPORE      )
TECHNOLOGIES SEMICONDUCTORS         )
PRIVATE LIMITED, a foreign          )
corporation,                        )
                                    )    No. 2:08-cv-0241-HRH
                    Defendants.     )
_____)
```

O R D E R

Motion for Leave to Amend Answer

The STATS defendants move for leave to amend their answer to plaintiff's second amended complaint to assert a counterclaim against plaintiff for abuse of process.[1]  The motion is opposed. Oral argument has not been requested and is not deemed necessary.

The STATS defendants set out thirteen alleged abusive actions as the basis for amending their answer.  With one exception (failure to appear for a psychological examination), the alleged abusive actions are all acts undertaken by plaintiff's attorneys.  Most of plaintiff's counsel's alleged acts have to do with discovery in this case.

---

[1]Docket No. 179.

A scheduling and planning order was entered in this case on June 4, 2008.[2] All amendments to pleadings were to be effected on or before October 2, 2008, some nine months ago. The timing of the STATS defendants' efforts to file an amended answer precludes what would otherwise be an almost automatic grant of leave to amend. Prior to October 2, 2008, the court would have freely allowed amended pleadings under most circumstances. The scheduling order does provide for subsequent amendments "for good cause shown."[3]

The counterclaim which the STATS defendants would assert is not a compulsory counterclaim. It does not arise out of the transactions or occurrences that surround plaintiff's complaint for violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000, <u>et seq.</u> Moreover, the abuse of process claim which the STATS defendants would assert patently did not exist "at the time of [their] service" of their answer. Fed. R. Civ. P. 13(a)(1).

In this case, the court is unlikely to have allowed the amendment that the STATS defendants seek at any time. It is abundantly clear to the court that counsel in this case have not developed a good working relationship.

Plaintiff's counsel's conduct reflects poor lawyering and questionable judgment about litigation practice. A good deal of plaintiff's counsel's conduct of which the STATS defendants complain, if not calculated to irritate opposing counsel, very

---

[2]Docket No. 13.

[3]<u>Id.</u> at 1.

understandably had that effect even if not intended. Whether that amounts to abuse of process is another matter. If and to the extent that there were discovery abuses by plaintiff, the federal discovery rules contain ample tools for defense counsel to seek and for the court to consider limitations upon discovery and sanctions for discovery abuse. But it is not appropriate to encumber plaintiff's Title VII case with what are, by and large, contentions of abusive discovery.

The STATS defendants' abuse of process claim being a permissive counterclaim based upon state law, the court exercises its discretion to decline pendent jurisdiction because of the timing of the instant motion and because it is essentially an indirect attempt to call plaintiff's counsel to answer for perceived abusive discovery conduct.

Counsel for plaintiff has joined to his response to the STATS defendants' motion to amend a further motion for attorney fees. The court believes that it has already cautioned counsel on the subject of run-on motions — that is, joining a response to one motion with a second (new) motion in a single document. Especially with the advent of electronic case filing, that practice makes the tracking and management of motion practice very difficult.

As plaintiff observes, Title 28, United States Code, Section 1927, makes provision for attorney fees for vexatious conduct. While the court believes that the STATS defendants have taken an incorrect approach to dealing with what they perceive to be abusive discovery processes, the court declines at this time to assess any

attorney fees against anyone because of the filing of the instant motion.

The STATS defendants' motion to amend[4] is denied.  Plaintiff's motion for attorney fees[5] is denied.  Counsel will cease and desist from joining new motions to either responses or replies to preceding motions.

DATED at Anchorage, Alaska, this <u>16th</u> day of July, 2009.

/s/ H. Russel Holland<br>
United States District Judge

---

[4]Docket No. 179.

[5]Docket No. 198.