Peter Strojnik, 006464
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Telephone: 602-524-6602
Facsimile: 602-296-0135
e-mail: *ps@strojnik.com*
Attorney for Ms. Sahakian

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| DIANE SAHAKIAN, a single woman, ) | NO. CV-08-241-PHX-HRH |
| ) | |
| Plaintiff, ) | **MOTION FOR RULE 11 SANCTIONS** |
| ) | **AGAINST DEFENDANTS STATS CHIPPAC** |
| vs. ) | **AND THEIR COUNSEL** |
| ) | |
| STATS ChipPAC, Inc., a foreign ) | |
| corporation; STATS ChipPAC, Ltd., a ) | |
| foreign corporation; TEMASEK ) | |
| HOLDINGS PRIVATE LIMITED, a ) | |
| foreign corporation; SINGAPORE ) | |
| TECHNOLOGIES SEMICONDUCTORS ) | |
| PRIVATE LIMITED, a foreign ) | |
| corporation. ) | |
| Defendants. ) | |
| ) | |

## SUMMARY OF MOTION

Defendants sought to add a counter-claim for abuse of process against Plaintiff. Docs 179, 180. Even a cursory review of applicable law discloses that the use of the process to its authorized conclusion does not constitute "abuse of process". *Morn v. City of Phoenix*, 730 P.2d 873, 877 (Ariz. Ct. App. 1986). Plaintiff's "mere persistence in [this] litigation, even if based on an improper motive, does not sustain the tort." *Crackel v. Allstate Ins. Co.*, 92 P.3d 882, 888 (Ariz. Ct. App. 2004). Defendants and their counsel failed to discover that STATS has no abuse of process case of action for (1) Plaintiff's's use of the discovery process, (2)

-1-

Plaintiff's filing of motions, and (3) Plaintiff's filing of independent causes of action.  See, e.g., the recently decided opinion by Judge Campbell in *Best Western International, Inc. v. Furber,* No. CV-06-1537-PHX-DGC (D.Ariz. 05/12/2008) which is directly on point.

The motion was filed with an ulterior and improper purpose:  to create a conflict of interest between Plaintiff's attorneys and their duties as potential witnesses, necessitating their withdrawal.  See ER 3.7.  At this point in litigation, Plaintiff and Plaintiffs counsel have, through diligent research, interviews, discovery and review of thousands of pages of documents become intricately familiar with heretofore hidden aspects of STATS racially and sexually dysfunctional work environment, their intimidation of witnesses, their hiding of documents, the perjury of their star witness, and other misconduct more fully described below.  From STATS' perspective, it is absolutely necessary to remove Plaintiff's current counsel from this litigation.  Plaintiff's counsel caught STATS star witness in a bold faced perjury *in this case*, they discovered Gongora's continued intimidation of Plaintiff *during the pendency of this case*, they became aware of Gongora's intimidation of his former wife Karen Chu *at the urging of STATS* not to cooperate in Plaintiff's interviews, they have established evidence of STATS' attorney's knowing misrepresentation to the Court regarding BJ Han's and Tan Lay Koon's availability for deposition, they filed motions based on STATS' witnesses unauthorized and improper walking out of depositions when the questioning becomes too focused, their refusal to answer legitimate questions, they established that STATS is hiding documents. As the Court is aware, Plaintiff has filed numerous motions based STATS and STATS's lawyers misconduct, including a motion to complete the deposition of Gail Uy for her counsel's unilateral and unjustified termination (Doc 157), a  motion to Complete the deposition of BJ Han (same) (Doc

166), a motion to enforce compliance with the subpoena on Gongora (Doc 161). Counsel for Defendants is also aware that three witnesses have testified (Jeff Howell, BJ Han and Tan lay Koon) that BJ Han and Tan Lay Koon were in the United States in May and that counsel's statement to the Court during a teleconference with the Court to the contrary was knowingly false. Counsel for Defendants is also aware that he unilaterally advised Tan Lay Koon during his deposition not to answer questions relating to STATS internal document[1]. It seems clear to counsel for STATS that the only way out of serious sanctions is to disqualify counsel for Plaintiff; at this point in time, the only vehicle to accomplish this is to file an abuse of process claim and cause a withdrawal pursuant to ER 3.7.

As a matter of practicality, if STATS ulterior purpose were *not* to disqualify Plaintiff's counsel pursuant to ER 3.7, STATS would have asserted the counterclaim in the pending State Court Action. (Doc 172, 172-2) The State Court action is specifically authorized by the Arizona Supreme Court decision in *Ford v. Revlon, Inc.,* 153 Ariz. 38, 734 P. 2d 580 (1987)

This Motion is more fully supported by the following Memorandum of Points and Authorities that is by this reference incorporated herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

**Allegations in the Proposed Counterclaim**. STATS factual allegations in the abuse of process complaint can be divided into three general types:

---

[1] Although BJ Han testified to the same documents in his deposition.

−3−

1. <u>Discovery.</u>  STATS alleges that Sahakian Noticed a Rule 30(b)(6) deposition that was overly broad (#13)[2], refused to appear at the scheduled IME (#14)[3], subpoenaed Eric Gongora 5 times (#15)[4], subpoenaed Gongora's (former) wife (#16)[5], scheduled and rescheduled numerous depositions unilaterally (#17)[6], served subpoenas on STATS counsel (#18)[7], added witnesses to her trial witness list (#19), subpoenaed witnesses without providing copies of the subpoenas on opposing counsel (#20)[8], and moved to reconvene two depositions (Gail Uy and BJ Han) (#21)[9]]; and

2. <u>Filing of Motions.</u>  STATS alleges that Sahakian filed a Motion to Amend on June 2, 2009 (#22)]; and

---

[2] This matter is subject to pending motions.  See Docs 160 and 169.

[3] Plaintiff duly appeared at the ordered IME.  Dr. Brady Wilson, the Independent Medical Examiner, whose deposition was taken by Plaintiff, turned out to be one of *Plaintiff's* star witnesses.

[4] To date, Gongora, at the urging of STATS' counsel and without justification, refused to produce even one piece of paper.

[5] Gongora is STATS' star witness.  Both have declined to cooperate with Plaintiff based on what Plaintiff believes were threats and intimidations against them by Gongora – at the urging of STATS.

[6] Plaintiff always – beginning in November of last year – attempted to agree to a scheduling of depositions, many times without success.  On those occasions when STATS counsel failed to cooperate in scheduling depositions, Plaintiff set them unilaterally.

[7] STATS counsel, Ms. Caroline Larsen, was present at Plaintiff's firing; Plaintiff requested only *non attorney client privileged* documents.

[8] Notice of all subpoenas were filed with the Court – Defendants received all notices electronically via EFC.

[9] Reference here is apparently made to the rescheduling of depositions which Gail Uy and BJ Han unilaterally terminated.  Plaintiff filed motions to compel Gail Uy's and BJ Han to appear and complete the depositions, seeking sanctions against STATS and counsel.  See Docs ___ and ___.

3. <u>New Lawsuits.</u>  STATS alleges that Plaintiff filed two new lawsuits against STATS and added additional parties to the lawsuits (#27)[10].

However, STATS nowhere alleges – as it cannot - that any of these actions were done for (1) 'an ulterior purpose' and (2) 'a willful act in the use of judicial process not in the regular conduct of the proceeding.'" *Pochiro v. Prudential Ins. Co. of Am.,* 827 F.2d 1246, 1252 (9th Cir. 1987) (quoting *Rondelli v. County of Pima*, 586 P.2d 1295, 1301 (Ariz. Ct. App. 1978)).

**Standard of Review of a Rule 11 Motion**

Rule 11 sanctions are warranted when a party files a lawsuit or motion that is frivolous, legally unreasonable, without factual foundation, or is otherwise brought for an improper purpose. *Warren v. Guelker*, 29 F.3d 1386, 1388 (9th Cir. 1994). Under the plain language of Rule 11, when one party seeks sanctions against another, the Court must determine whether any provisions of Rule 11 have been violated. Id. at 1389. If the Court determines that a sanction ought to be imposed, it is limited to what would be sufficient to deter repetition of the offending conduct. Id.; Fed. R. Civ. P. 11(c)(2).  In the case at bar, Plaintiff seeks a sanction of $25,000.00 against Defendants and their counsel to be paid to the United Services Organization.

---

[10] Apparently referring to the action captioned *Strojnik v. Singapore*  under cause number 2:09-cv-0143-HRH.  This action was voluntarily dismissed.  See Doc 28 in case. Plaintiff has nothing to do with this action.  The second action is the lawsuit authorized by the Arizona Supreme Court in *Ford v. Revlon, Inc.,* 153 Ariz. 38,  734 P.2d 580 (1987)

**Defendants' Motion to Add Counterclaim Was Frivolous, Legally Unreasonable and Without Factual Foundation**

"The essential elements of an abuse of process claim are (1) 'an ulterior purpose' and (2) 'a willful act in the use of judicial process not in the regular conduct of the proceeding.'" *Pochiro v. Prudential Ins. Co. of Am.,* 827 F.2d 1246, 1252 (9th Cir. 1987) (quoting *Rondelli v. County of Pima*, 586 P.2d 1295, 1301 (Ariz. Ct. App. 1978)). An "ulterior purpose alone cannot constitute abuse of process." *Bird v. Rothman*, 627 P.2d 1097, 1100 (Ariz. Ct. App. 1981). To prevail on its abuse of process claim, STATS must establish that Plaintiff used the judicial process "in a fashion inconsistent with legitimate litigation goals." *Crackel v. Allstate Ins. Co.,* 92 P.3d 882, 889 (Ariz. Ct. App. 2004). There is no liability if Plaintiff does "nothing more than carry out the process to its authorized conclusion, even though with bad intentions." Morn *v. City of Phoenix*, 730 P.2d 873, 877 (Ariz. Ct. App. 1986).

1. <u>Abuse Of Process Claim Does Not Lie For (Falsely Alleged) Discovery Abuse Or The Filing Of Motions</u>

Plaintiff offers no evidence that Plaintiff's discovery requests were "used in a way 'not proper in the regular conduct of the proceeding.'" *Blue Goose*, 641 F.2d at 697 (quoting *Rondelli*, 586 P.2d at 1301). Nor has STATS presented evidence that the discovery process was "exploited to obtain a collateral advantage or used in any form of extortion." Id. Under such circumstances, no cause of action for abuse of process will lie. *Best Western.* Even if these actions were taken to harass and intimidate – which they were not – a claim for abuse will not lie. Id.; *Blue Goose.*

### 2. Merely Filing A Complaint Is Insufficient To State A Cause Of Action For Abuse Of Process as a Matter of Law

Plaintiff's motive for filing the complaint, even if improper, cannot support an abuse of process claim because "**abuse of process requires some act beyond the initiation of a lawsuit**[.]" *Joseph v. Markovitz*, 551 P.2d 571, 575 (Ariz. Ct. App. 1976) (emphasis added). Abuse of process "'is not commencing an action or causing process to issue without justification, but misusing, or misapplying process justified in itself for an end other than that which it was designed to accomplish.'" Id. at 574 (quoting Prosser, Law of Torts at 856-57 (4th ed.)). "Joseph explicitly rejected the contention that the initiation of a lawsuit can constitute the necessary act" for abuse of process. *Blue Goose Growers, Inc. v. Yuma Groves, Inc.*, 641 F.2d 695, 697 (9th Cir. 1981). Arizona courts also have held that an abuse of process claim will not lie where a lawsuit initiated in bad faith is "continued without justification." *Morn v. City of Phoenix*, 730 P.2d at 876. Plaintiff's "mere persistence in [this] litigation, even if based on an improper motive, does not sustain the tort." *Crackel v. Allstate Ins. Co.*, 92 P.3d at 888.

### 3. Plaintiff would be entitled to summary judgment on the claim for abuse of process

STATS [proposed] counterclaim does not present a triable issue. See *Joseph*, 551 P.2d at 575 (affirming summary judgment where the claim was based on the initiation of a lawsuit); *Morn*, 730 P.2d at 876 (the continuation of a baseless lawsuit did not constitute abuse of process); *Blue Goose*, 641 F.2d at 697 (the formal use of the discovery process did not support an abuse of process claim); *Rondelli*, 586 P.2d at 1301 (affirming summary judgment where the conduct at issue was not a "perversion of the judicial process"); *Bird*, 627 P.2d at 1100 (affirming summary judgment where, "[e]ven assuming a factual issue exist[ed] as to an

-7-

ulterior purpose, there was no evidence of subsequent misuse of process after it was lawfully issued"); *Best Western* (Summary Judgment granted on a factually indistinguishable facts)

### Defendants' Motion To Add Counterclaim Was Improperly Motivated

It is clear from the utter and complete lack of any basis for filing the motion to amend that defendants' and their counsel's true motive was to affect a withdrawal of counsel for the Plaintiff. STATS' ulterior purpose is understandable. Plaintiff's counsel conducted thorough due diligence in the preparation of the case, caught Defendants' star witness Mr. Gongora in perjury, established that Defendants CEO – by his own admission – does not know what "sexual harassment" is, does not know what "hostile work environment" is, nor does he know what "retaliatory discharge" is. Plaintiff's counsel has determined that the reason for Plaintiff's demotion to "special projects" was her supervisor's BJ Han's frenzied demand that she apologize to him for complaining about the harassment in the so called "**I am done D-O-N-E with you; I never want to see you again**" speech on August 7, 2007. Defendants are motivated to remove Plaintiff's counsel by creating this phantom abuse of process claim because Plaintiffs counsel has established proof that in response to a complaint of harassment by a single mother, STATS will fire the single mother, and not the harasser whose history discloses that he is (i) convicted felon, (ii) known sexual abuser, (iii) known intimidator of women, (iv) put a gun to a woman's head to exercise his power over her, (v) kicked a pregnant woman in the back against the wall, (vi) assaulted a woman, (vii) ran a pregnant woman down with a car in the parking lot, (viii) lied on his application for employment (twice), (ix) tried to smuggle drugs from the US to the Philippines using his employer's Fed Ex account, (x) used employer's computers to surf porn sites, (xii) used employer's computers to exchange

-8-

pornographic e-mails, and (xiii) committed perjury when testifying for STATS in the current case. The filing of the Motion to ad a phantom abuse of process counterclaim is the last line of defense against the discovery of STATS' anti-Jewish, anti-Chinese, anti-Indian and anti-women culture. Clearly, if the unsupportable counterclaim for abuse of process were allowed, Plaintiff's counsel would become witnesses, necessitating their withdrawal. See ER 3.7[11]. The improper purpose is discernible not only from the wealth of evidence against STATS, but also by its choice of bringing the motion late in the case in federal litigation when it could easily be brought in the State Court litigation without any adverse impact on representation.

## CONCLUSION AND PRAYER FOR RELIEF

Even without issuing a single press release as of the time of this writing, the semiconductor industry is following this case with interest. While it is not Plaintiff's intent that STATS suffer economic damage by losing accounts with those American companies that look at racism and sexism with disfavor, removing counsel will not help STATS. Plaintiff requests that the Court impose a monetary sanctions against STATS in the amount of $25,000.00

---

[11] **ER 3.7.   Lawyer as Witness**

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client.

(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by ER 1.7 or ER 1.9.

payable to United Services Organization or other worthy organization helping our troops abroad.

RESPECTFULLY SUBMITTED this ~~28TH~~ 21st day of ~~June~~ July, 2009.

**PETER STROJNIK, P.C.**

_____
Peter Strojnik
Attorney for the Ms. Sahakian