IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DIANE SAHAKIAN, a single woman, )<br>)<br>                    Plaintiff, )<br>)<br>    vs. )<br>)<br>STATS ChipPAC, Inc., a foreign )<br>corporation; STATS ChipPAC, Ltd., )<br>a foreign corporation; TEMASEK )<br>HOLDINGS PRIVATE LIMITED, a )<br>foreign corporation; SINGAPORE )<br>TECHNOLOGIES SEMICONDUCTORS )<br>PRIVATE LIMITED, a foreign )<br>corporation, )<br>                    ) No. 2:08-cv-0241-HRH<br>                    Defendants. )<br>_____ ) | |

O R D E R

Motion to Quash Subpoena to Karen Chu[1]

The STATS defendants seek to quash a subpoena duces tecum
served by plaintiff upon non-party Karen Chu.  The motion is
opposed.  Plaintiff's opposition includes a cross-motion to enforce
that subpoena.[2]  The cross-motion is opposed.  Oral argument has
not been requested and is not deemed necessary.

Dr. Chu is the ex-wife of an employee (Eric Gongora) of the
STATS defendants who was supervised by plaintiff prior to plain-
tiff's termination with the STATS defendants.  The ex-husband is

_____

[1]Docket No. 148.

[2]Docket No. 161.

still employed by STATS and is suspected by plaintiff of being the perpetrator of a crude and embarrassing prank upon plaintiff.

In the course of investigating plaintiff's claims, plaintiff's counsel interviewed Dr. Chu. She is reported to have been pleasant, cooperative, and willing to provide evidence as needed. The court understands that Dr. Chu provided counsel for plaintiff with some information about acts of physical domination which the ex-husband inflicted upon Dr. Chu. Counsel for plaintiff reports that several weeks later, Dr. Chu advised that she was no longer willing to cooperate with plaintiff's counsel. Counsel asserts that in the meantime Dr. Chu had been contacted by her ex-husband, and counsel believes that the ex-husband has threatened Dr. Chu. Plaintiff's subpoena seeks a broad range of possibly extant records of communications at a relevant time between the ex-husband and Dr. Chu.

The court is unpersuaded at this time that the STATS defendants have standing to seek to quash the Chu subpoena on behalf of the ex-husband or Dr. Chu. The court is persuaded that this discovery attempt goes too far.

Plaintiff explains at great length in her response her views of how and why the STATS defendants should have investigated her complaints about a hostile work environment. However, any connection between that set of circumstances and an arguably dysfunctional and abusive relationship between Mr. Gongora and his ex-wife (Dr. Chu) is not explained. The court finds the ex-husband/STATS employee's relationship with his ex-wife to be too remote and

- 2 -

tangential to be a proper subject of discovery for purposes of this case.

The motion to quash[3] is granted.  Plaintiff's cross-motion[4] to enforce the Chu subpoena is denied.

In connection with the STATS defendants' motion to quash the Chu subpoena, counsel for plaintiff has again employed a defense motion as the occasion to initiate additional motion practice on behalf of plaintiff, this time by two new motions:  a motion to compel compliance with another subpoena duces tecum issued to Mr. Gongora, and a motion for further examination of Mr. Gongora. The Gongora subpoena sought the production of twelve types of documents.[5]  Production was refused based upon Mr. Gongora's written objections.[6]  In a concluding observation, counsel for plaintiff states that, "[d]efendants [have] access to — and [have] refused to provide — such evidence."[7]

Plaintiff's motion seeks evidence that Mr. Gongora used STATS computer equipment to view pornographic site(s) and sent sexually explicit e-mails.

---

[3]Docket No. 148.

[4]Docket No. 161.

[5]See Subpoena to Eric Gongora at 3, Docket No. 161-15.

[6]Defendants' Reply in Support of Motion to Quash <and> Response to Cross-motion to Compel Compliance with Chu and Gongora Subpoenas and Motion for Further Examination of Eric Gongora, Exhibit 4, Docket No. 167-5.

[7]Plaintiff's Response to Defendants' Motion to Quash [etc.] at 12, Docket No. 161.

Plaintiff's motion focuses on records that could be in the STATS defendants' possession and control. The Gongora subpoena is grandly broader than that, and is directed to Mr. Gongora personally. Thus there is a disconnect between what plaintiff seeks by this motion and the subpoena served on Mr. Gongora. The motion to enforce subpoena[8] is denied. Insofar as plaintiff's belief that some material covered by the subpoena is in the possession of defendants, that is an entirely different matter and is beyond the scope of plaintiff's motion to enforce the Gongora subpoena.

The motion to further depose Dr. Chu's ex-husband (Eric Gongora)[9] is denied.

DATED at Anchorage, Alaska, this 21st day of July, 2009.


/s/ H. Russel Holland
United States District Judge

---

[8]Id.

[9]Id.