IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA


DIANE SAHAKIAN, a single woman,   )
                                  )
                    Plaintiff,    )
                                  )
     vs.                          )
                                  )
STATS ChipPAC, Inc., a foreign    )
corporation; STATS ChipPAC, Ltd., )
a foreign corporation; TEMASEK    )
HOLDINGS PRIVATE LIMITED, a       )
foreign corporation; SINGAPORE    )
TECHNOLOGIES SEMICONDUCTORS       )
PRIVATE LIMITED, a foreign        )
corporation,                      )
                                  )   No. 2:08-cv-0241-HRH
                    Defendants.   )
_____)


O R D E R

Motion to Complete Deposition
of Gail Uy and for Sanctions[1]

Plaintiff moves for an order requiring deponent Gail Uy to appear and provide additional testimony. Plaintiff seeks sanctions in the amount of the travel costs and expenses of plaintiff's counsel for a full day ($3,600.00). The motion is opposed. Oral argument has not been requested and is not deemed necessary.

What lies behind this motion is yet another example of the dysfunctional relationship between counsel for the parties to this case. Counsel for plaintiff continues to insist on discovery that

---

[1]Docket No. 157.

probes beyond the limits of reasonable discovery into the facts surrounding plaintiff's claims. Defense counsel, having become frustrated with what he perceives to be unreasonable discovery, has now engaged in name-calling.

The deposition of Ms. Uy was arranged between counsel for a certain time, in Fremont, California. Counsel agreed to postpone the start of the deposition by half an hour, and in the course of doing so, plaintiff estimated that the deposition would take approximately three hours. Two and a half hours into the deposition, plaintiff's counsel estimated that he would take about another hour to complete the deposition. Counsel for the STATS defendants terminated the Uy deposition after about three and a half hours.

The deposition was terminated in an unseemly exchange of questions and answers largely between counsel. The exchange had to do with a contention that, off the record, counsel for defendants had called plaintiff's attorneys "idiots, cretins and morons[.]"[2] Instead of filing a straightforward memorandum as to the facts justifying a continuation of the Uy deposition, plaintiff's counsel regales the court with his perception that Ms. Uy was "utterly uninformed" on any of the matters about which she was asked.[3] Plaintiff's counsel also vents his dissatisfaction with the

---

[2]Reply to Defendant's Response in Opposition to Motion to Complete Deposition of Gail Uy and for Sanctions, Exhibit 1 at 43 (page 169 of Uy Deposition), Docket No. 177-2.

[3]See Motion to Complete Deposition of Gail Uy and for Sanctions at 2,6, Docket No. 157.

investigation that Mr. Uy undertook in connection with plaintiff's complaints.[4]

It is the court's perception that counsel for plaintiff, instead of undertaking a straightforward examination of Ms. Uy as to facts within her knowledge, sought (among other things) to quiz her on matters patently beyond her knowledge and arguably for the purpose of embarrassing her rather than discovering useful information. It is the court's perception that counsel for plaintiff wasted a great deal of the three and half hours devoted to the Uy deposition.

The STATS defendants argue that there was an agreement between counsel to limit the Uy deposition to three hours. The court is unconvinced that there was an agreement. Rather, plaintiff's counsel estimated how long the deposition would take. The STATS defendants suggest that they had good cause to suspend the deposition, but there are two problems with that proposition. First, a party terminating a deposition under the circumstances that existed here had an obligation to immediately go to an appropriate federal district court for an order terminating the deposition. That did not happen. Secondly, the circumstances under which the Uy deposition ended are such as to cause the court to believe that STATS counsel was piqued that plaintiff's counsel would, on the record, repeat defense counsel's unflattering characterization of plaintiff's attorneys. Given plaintiff's attorney's propensity for probing beyond any reasonable and useful

---

[4]<u>Id.</u> at 3-4, Docket No. 157.

factual inquiry, defense counsel should have known that his off-the-record outburst would invite retaliation; and that is what happened immediately prior to the termination of the Uy deposition. The off-the-record outburst should not have taken place. The deposition should not have been suspended because of it.

The motion to continue the Uy deposition[5] is granted. The continued deposition shall take place at a time to be agreed upon at Phoenix, Arizona. Defendants shall make deponent Uy available at Phoenix at defendants' expense. The continued deposition shall last no more than one hour. Counsel for plaintiff is admonished to restrict his questions to facts within Ms. Uy's knowledge and which have some reasonable relationship to the plaintiff's discrimination complaint as opposed to the marginally relevant, peripheral matters that plaintiff's counsel has been pursuing.

Plaintiff's request for sanctions is denied and, except as indicated above, the parties shall bear their own costs in connection with the continuation of the Uy deposition.

DATED at Anchorage, Alaska, this <u>21st</u> day of July, 2009.

/s/ H. Russel Holland<br>United States District Judge

---

[5] Docket No. 157.