L. Eric Dowell, SBN 011458
Caroline Larsen, SBN 022547
Monique Young, SBN 025121
Ogletree, Deakins, Nash, Smoak & Stewart, P.C., SBN 00504800
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone:   (602) 778-3700
Facsimile:    (602) 778-3750
Eric.Dowell@ogletreedeakins.com
Caroline.Larsen@ogletreedeakins.com
Monique.Young@ogletreedeakins.com

Attorneys for Defendants STATS ChipPAC, Inc.
and STATS ChipPAC, Ltd.

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Diane Sahakian, a single woman,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>STATS ChipPAC, Inc., a foreign corporation; STATS ChipPAC Ltd, a foreign corporation; Temasek Holdings Private Limited, a foreign corporation; Singapore Technologies Semiconductors Private Limited, a foreign corporation,<br><br>　　　　　　Defendants. | CV08-241-PHX-HRH<br><br>**REPLY IN SUPPORT OF MOTION IN LIMINE NO. 8 TO EXCLUDE EVIDENCE OF, OR REFERENCES TO, SETTLEMENT OFFERS AND/OR NEGOTIATIONS** |

On February 12, 2009, this Court informed Plaintiff's counsel that it is inappropriate to disclose the details of settlement offers to it. *See* Order, Doc. No. 60, p. 3 n. 4. Incredibly, Plaintiff's counsel completely disregards this Court's written admonishment and "pastes" the text of a written settlement offer into Plaintiff's Response to Defendants' Motion in Limine No. 8.[1] It is precisely this type of egregious conduct

---

[1] Conspicuously absent from the contents of the settlement letter pasted into Plaintiff's Motion is the capitalized and bolded "Rule 408 Confidential Settlement Communication" identifier that was on the actual offer.

that has forced Defendants to expend considerable time and money attempting to prevent Plaintiff's counsel from engaging in conduct that most, if not all, attorneys understand is improper. Accordingly, Defendants respectfully request the Court issue an Order precluding Plaintiff and/or her counsel from mentioning in the presence of the jury (in opening statement, closing argument, or otherwise) or introducing evidence (either testimonial or documentary) regarding any settlement offers or negotiations made in connection with this case.

### I. ALL EVIDENCE OF SETTLEMENT OFFERS OR NEGOTIATIONS IS INADMISSIBLE.

Plaintiff correctly acknowledges that Rule 408 bars the admission of settlement discussions to establish liability. Plaintiff, however, then erroneously claims that a Letter dated April 4, 2008 in which Defendants conveyed a settlement offer (the "Settlement Offer") is admissible "to prove lack of [a] non-pretextual reason for Plaintiff's termination" and that "no cause (other than impermissible cause) existed for her firing."

Allowing Plaintiff to use the Settlement Offer as purported evidence of pretext or that Defendants did not have legitimate cause to terminate her employment is precisely the type of use of a settlement offer Rule 408 prohibits. Indeed, Plaintiff must establish both that she was terminated because of her protected activity and that Defendants' legitimate non-discriminatory reasons for her termination were pretext to prevail on her retaliation claim. *See Nilsson v. City of Mesa*, 503 F.3d 947, 953-54 (9th Cir. 2007).

Moreover, if evidence of the Settlement Offer (or any other settlement negotiations or offers) is admitted, Defendants will be incurably prejudiced. The jury will almost certainly view the fact that Defendants made the Settlement Offer as, at a minimum, an implicit recognition by Defendants that they were concerned that the termination of Plaintiff's employment could be unlawful. In fact, a Court from this District recently recognized the highly prejudicial and "almost unavoidable" impact information regarding settlement negotiations can have on a jury when it noted that the "jury will consider the offer of agreement as evidence of a concession of liability." *See*

*Nomo Agroindustrial SA DE CV v. Enza Zaden North Am., Inc.*, 2009 WL211085 (D. Ariz. Jan. 29, 2009). While the *Agroindustrial* court was addressing an exception to Rule 408 that is not at issue here, that court's recognition of the incurable prejudice Defendants will likely suffer if Plaintiff is permitted to admit, reference, or use the Settlement Offer is further reason to exclude any such evidence.

**II.    DEFENDANTS OBJECT TO ADMISSION OF THE SETTLEMENT OFFER FOR ANY PURPOSE INCLUDING EVIDENCE IN SUPPORT OF PLAINTIFF'S RESPONSE.**

Pursuant to L.R.C.P. 7.2(m)(2), Defendants object to the admission of the Settlement Offer for any reason, including as support for Plaintiff's Response to Defendants' Motion in Limine No. 8. Plaintiff disclosed the Settlement Offer to the Court in violation of its Order, dated February 12, 2009, and is precluded by Fed.R.Evid. 408 from relying on the Settlement Offer in this litigation. Defendants are filing a Motion to Strike any reference to the Settlement Offer, or contents thereof, from the record concurrently with this Reply.

**III.   CONCLUSION.**

For the reasons set forth in Defendants' Motion in Limine No. 8 and this Reply, Defendants seek an Order pursuant to Federal Rules of Evidence 402, 403, and 408 precluding Plaintiff and her counsel from mentioning in the presence of the jury (in opening statement, closing argument, or otherwise) or introducing evidence (either testimonial or documentary) regarding any settlement offers or negotiations made in connection with this case including, but not limited to, the April 4, 2008 Letter.

3

1  DATED this 23rd day of July, 2009.

2
        OGLETREE, DEAKINS, NASH,
3        SMOAK & STEWART, P.C.

4

5
        By: s/ Caroline Larsen
6           L. Eric Dowell
           Caroline Larsen
7           Monique Young
           2415 East Camelback Road, Suite 800
8           Phoenix, Arizona 85016
           Attorneys for Defendants STATS ChipPAC,
9           Inc. and STATS ChipPAC, Ltd.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Strojnik
Peter Strojnik, P.C.
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Attorney for Plaintiff

Peter K. Strojnik
The Law Firm of Peter Strojnik
3030 North Central Avenue, Suite 1401B
Phoenix, Arizona 85012


s/ Debra Perkins
_____

7515086.1 (OGLETREE)