IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

DIANE SAHAKIAN, a single woman,   )
                                  )
                       Plaintiff, )
                                  )
    vs.                           )
                                  )
STATS ChipPAC, Inc., a foreign    )
corporation; STATS ChipPAC, Ltd., )
a foreign corporation; TEMASEK    )
HOLDINGS PRIVATE LIMITED, a       )
foreign corporation; SINGAPORE    )
TECHNOLOGIES SEMICONDUCTORS       )
PRIVATE LIMITED, a foreign        )
corporation,                      )
                                  )   No. 2:08-cv-0241-HRH
                       Defendants.)
_____)

O R D E R

Motion for an in Camera Examination of Uy

    Plaintiff moves for the <u>in camera</u> examination of Gail Uy regarding a meeting with corporate counsel.[1] The motion is opposed. Oral argument has not been requested and is not deemed necessary.

    During the course of plaintiff's deposition of Ms. Uy, the human resources employee of the STATS defendants, those defendants asserted the attorney-client privilege as regards a meeting involving Ms. Uy, Dr. B.J. Han (plaintiff's supervisor), and corporate counsel. There was a heated exchange between plaintiff

---

[1]Docket No. 159.

- 1 -

and Han during which, among other things, Han is alleged to have said that he was "done" with plaintiff and there was discussion of litigation. All of this was in connection with plaintiff's complaints about her treatment by subordinates; and also this arose in the context of the STATS defendants' belief that plaintiff was not an effective manager. Plaintiff related her conversation with Han to Uy. The meeting of Uy and Han with corporate counsel followed.

The discovery rules permit inquiry into any "nonprivileged" matter relevant to a claim or defense. Fed. R. Civ. P. 26(b)(1). Questions concerning the STATS defendants' employment decisions with respect to plaintiff are relevant. The question here is whether or not the attorney-client privilege applies.

Patently the privilege applied to the conference with corporate counsel described above. The conference involved those immediately concerned with plaintiff's alleged grievances and arose in the context of possible litigation. Beyond any doubt, it was timely and prudent for Han and Uy to seek legal advice, given plaintiff's description to Uy of her conversation with Han.

Plaintiff contends that she is entitled to invoke the "crime-fraud" exception to the attorney-client privilege. In order to pierce the privilege, plaintiff has the burden of establishing <u>prima facie</u> evidence of either a crime or civil fraud. If corporate counsel were involved in either a criminal conspiracy or fraud to violate plaintiff's civil rights, the STATS defendants would lose the attorney-client privilege with respect to the conduct of that attorney. <u>In re Sealed Case</u>, 754 F.2d 395, 399

(D.C. Cir. 1985). Here, the plaintiff must demonstrate that there is some basis (prima facie evidence) for believing that there was an agreement amongst Uy, Han, and corporate counsel to deprive plaintiff of her civil rights or that those persons otherwise set about deceiving plaintiff concerning her civil rights. Plaintiff has come forward with no such evidence.

There was a heated exchange between Han and plaintiff having to do with her grievances, and there was talk of litigation. There was a meeting with counsel concerning that exchange between plaintiff and Han. The fact that Han allegedly said that he was "done" with plaintiff, even when coupled with plaintiff's assumption that the meeting with corporate counsel was for the purpose of determining "how to terminate Plaintiff without exposing the Company to Title VII,"[2] falls woefully short of any evidence of a conspiracy on the part of the meeting participants to deprive plaintiff of her civil rights or otherwise deceive her. In fact, plaintiff was not terminated by the STATS defendants until some eleven months after the incident which is the subject of this motion. Plaintiff's contention that she is entitled to breach the attorney-client privilege is based upon unsupported speculation. Plaintiff's own assumption that the meeting in question was for the purpose of gaining advice on how to legally terminate plaintiff suggests that the meeting was not for a nefarious purpose, but for a legitimate one.

---

[2]Motion for in Camera Examination at 2, Docket No. 159.

The motion for <u>in camera</u> examination of Uy is denied.[3]

DATED at Anchorage, Alaska, this <u>24th</u> day of July, 2009.

                                        <u>/s/ H. Russel Holland   </u>
                                        United States District Judge

---

[3]Docket No. 159.