IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

DIANE SAHAKIAN, a single woman,    )
                                    )
                     Plaintiff,    )
                                    )
     vs.                            )
                                    )
STATS ChipPAC, Inc., a foreign     )
corporation; STATS ChipPAC, Ltd.,  )
a foreign corporation; TEMASEK     )
HOLDINGS PRIVATE LIMITED, a        )
foreign corporation; SINGAPORE     )
TECHNOLOGIES SEMICONDUCTORS        )
PRIVATE LIMITED, a foreign         )
corporation,                        )
                                    )   No. 2:08-cv-0241-HRH
                     Defendants.   )
_____)

O R D E R

Application for Attorney Fees[1]

The STATS defendants apply for an award of attorney fees based upon this court's order of March 24, 2009,[2] which decided a plaintiff's motion to compel discovery and the STATS' defendants' cross-motion for protective order. The motion is opposed. Oral argument has not been requested and is not deemed necessary.

Plaintiff sought to compel Rule 30(b)(6) deposition discovery pursuant to an extraordinarily broad amended notice to the STATS

---

[1]Docket No. 160.

[2]Docket No. 101.

- 1 -

defendants.[3] The STATS defendants opposed the motion and moved for a protective order with respect to the Rule 30(b)(6) deposition proceedings. In deciding these motions, the court found that "plaintiff's amended notice is 'over the top' on the reasonable to unreasonable scale."[4] The court concluded that plaintiff was employing the Rule 30(b)(6) deposition procedure "as a vehicle for a 'fishing expedition.'"[5] Plaintiff's motion to compel and for sanctions was denied. The STATS defendants' motion for a protective order was granted except as to certain limited matters. The court advised that it would entertain the STATS defendants' application for attorney fees.[6] That application is now before the court.

The STATS defendants seek an award of attorney fees in the amount of $5,000 based upon time records reflecting a total of 22.2 hours devoted to plaintiff's motion to compel and defendants' cross-motion for a protective order.[7] The STATS defendants' attorneys' hourly rates are $225 and $290 per hour, respectively. Total fees for the work in question amounted to $5,713.50.

Plaintiff contends that the imposition of sanctions is inappropriate. Plaintiff first references Rule 30(d)(2), Federal

---

[3] Docket No. 66.

[4] Order re Motion to Compel [and] Cross-Motion for Protective Order at 2, Docket No. 101.

[5] Id.

[6] Id. at 4.

[7] Application for Award of Attorney Fees at 7, Docket No. 160-2.

Rules of Civil Procedure, and (after quoting that rule) advises that it does not apply.[8]  No one has suggested that Rule 30(d)(2) is the basis for imposing attorney fees in this case.  Plaintiff next contends that Rule 37 is likewise inappropriate.[9]  Plaintiff has overlooked the provisions of Rule 37(a)(5)(B):

> If [a motion for an order compelling disclosure or discovery] is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees.  But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

As set out above, plaintiff's motion to compel was denied, a protective order was granted, and plaintiff's counsel were put on notice that the court would entertain an application for attorney fees.  The STATS defendants have made their application and the court has considered the plaintiff's response — which, although raising a host of unrelated matters, does not question the reasonableness of the time counsel for the STATS defendants devoted to defending against plaintiff's ill-conceived motion to compel Rule 30(b)(6) deposition discovery.  Plaintiff also does not question the reasonableness of the rates charged by STATS counsel.

---

[8] Plaintiff's Response in Opposition to Defendants' Application for Attorney's Fees at 6, Docket No. 169.

[9] Id.

The application for attorney fees is granted.  The STATS defendants are awarded attorney fees in the amount of $5,000.

DATED at Anchorage, Alaska, this <u>27th</u> day of July, 2009.

<u>/s/ H. Russel Holland</u>
United States District Judge