IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

```
DIANE SAHAKIAN, a single woman,   )
                                  )
                    Plaintiff,    )
                                  )
    vs.                           )
                                  )
STATS ChipPAC, Inc., a foreign    )
corporation; STATS ChipPAC, Ltd., )
a foreign corporation; TEMASEK    )
HOLDINGS PRIVATE LIMITED, a       )
foreign corporation; SINGAPORE    )
TECHNOLOGIES SEMICONDUCTORS       )
PRIVATE LIMITED, a foreign        )
corporation,                      )
                                  )   No. 2:08-cv-0241-HRH
                    Defendants.   )
_____)
```

O R D E R

Motion to Complete B.J. Han
Deposition and for Sanctions[1]

Plaintiff moves for an order for the completion of the deposition of Dr. B.J. Han and for sanctions based upon defense counsel's unilateral termination of that deposition. The motion is opposed. Oral argument has not been requested and is not deemed necessary.

Deponent Han was plaintiff's supervisor with the STATS defendants. The parties disagree as to whether or not the Han deposition had lasted for in excess of 7 hours at the time it was terminated. The court finds that, more likely than not, the Han

---

[1]Docket No. 166.

- 1 -

deposition was approximately 14 minutes short of the 7-hour mark when it was terminated by defense counsel.

Defense counsel terminated the Han deposition in the midst of a series of questions by plaintiff's counsel having to do with the social practices of Asian business managers after the completion of business meetings. Leading up to the termination of the deposition, Dr. Han was being interrogated on the subject of racism. (This is a sex discrimination case.) Dr. Han was then asked about the practice of following business meetings with dinner, which he confirmed. Dr. Han was then asked:

> Q. And then with some clients after dinner you go to a gentleman's club.[2]

Defense counsel objected that the line of questioning had "absolutely no relevance" and was harassment. When plaintiff's counsel persisted, defense counsel instructed the witness not to answer. Plaintiff's counsel persisted, this time asking whether it was true that the businessmen would "go to a house of prostitution and ... consort with prostitutes."[3] Defense counsel again objected. Plaintiff's counsel persisted: "Isn't that true?" To which, Dr. Han responded: "Never happened to me before, but I'm not answering any further."[4] Still not satisfied, plaintiff's attorney then asked:

---

[2]Draft (Uncertified) Transcript of B.J. Han Deposition (June 11, 2009) at 293, attached to Motion to Complete Deposition and for Sanctions, Docket No. 166-4.

[3]Id. at 294.

[4]Id.

>     Q.   And then when you go to the house of
>          prostitution, you have the young ladies
>          stand on their head and you pour —
>
>          ....
>
>          And you pour alcohol onto their naked
>          bodies and —
>
>          ....
>
>          -- and you lick them off.  Isn't that
>          true?[5]

In the midst of this, defense counsel is alleged to have removed and thrown his microphone. Plaintiff's attorney urged that the deposition continue; defense counsel refused.

Rule 30(d)(3)(A), Federal Rules of Civil Procedure, makes provision for the termination of a deposition that "is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Rule 30(d)(1) provides that unless otherwise agreed or ordered, "a deposition is limited to 1 day of 7 hours." Additional time is to be allowed if required "to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination."

As set out above, and if breaks during the deposition are eliminated, the actual time elapsed during the Han deposition was probably 6 hours and 46 minutes. Ignoring those breaks, the deposition lasted for in excess of 7 hours. It is not at all clear whether defense counsel believed that the 7-hour limitation had

---

[5]<u>Id.</u> at 294-95.

been exceeded when he terminated the deposition. Rather, it appears that the deposition was terminated not on account of elapsed time, but because of a perception that Dr. Han was being unreasonably annoyed, embarrassed, or oppressed by plaintiff's attorney's questioning. The court deals with the instant motion on the latter basis.

Plaintiff contends that the Han deposition was not completed. Counsel had expected to examine Dr. Han with respect to more than a 100 documents. This was not entirely accomplished, and plaintiff complains of "delay and the omnipresent obfuscation" of Dr. Han.[6]

Plaintiff's counsel might have — but apparently did not — provide the documents as to which he intended to examine Dr. Han for Dr. Han's review in advance of the deposition, preferring, it would appear, to take deposition time for Dr. Han to exercise his right to examine that about which he was to be interrogated. This delay was of plaintiff's own making. The court is not unmindful of the fact that Dr. Han's review of the documents may have been comparatively slow, but his first language is not English; and while Dr. Han is U.S.-educated, there is reason to believe (based upon the deposition transcript) that he would reasonably require more time than counsel expected to review documents about which he was to be interrogated. Plaintiff's accusation of "obfuscation" is simply counsel's subjective judgment, and it is unclear from the moving papers what basis there might be for this complaint.

---

[6]Reply to Response to Motion to Complete Deposition of B.J. Han and for Sanctions at 4, Docket No. 200.

Having determined to terminate the Han deposition, it was defense counsel's duty to institute motion proceedings to validate that decision. Defense counsel failed to do so. This is the second time defense counsel has terminated a deposition without complying with Rule 30(d)(3)(A).

Plaintiff affirmatively seeks to continue the Han deposition, but the court is unpersuaded that there is any good reason or necessity for doing so. Plaintiff plainly would have exceeded the 7-hour limitation on depositions very quickly had the deposition not been prematurely terminated. There is no way plaintiff could have examined Dr. Han on several score more documents within that time; and again plaintiff has offered the court no insight into what more there really was to accomplish. Moreover, it is the court's perception that plaintiff's attorneys employed bad judgment in the use of the 7 hours that was available to them. Much of the first 30 pages of the deposition were devoted to totally irrelevant, esoteric inquiries having nothing to do with the substance of this case. More generally, it is the court's impression that plaintiff's attorneys have forgotten what the essence of plaintiff's complaint is: a hostile work environment involving sex discrimination.[7] The Han deposition appeared to be more about irrelevant business practices and customs of Asian business managers than the plaintiff's Arizona workplace. The line of questioning that resulted in the Han deposition being terminated should have ended when Han denied consorting with prostitutes.

---

[7] Amended Complaint at 7, Docket No. 61.

What followed was insulting and shockingly insensitive and impresses the court as being unreasonably annoying, embarrassing, and oppressive as to Dr. Han.

The motion to continue the Han deposition[8] is denied. Plaintiff's request for sanctions[9] is granted. Defense counsel (not the clients) shall pay plaintiff the sum of $2,000 for counsel's failure to file the required motion pursuant to Rule 30(d)(3)(A), Federal Rules of Civil Procedure.[10]

DATED at Anchorage, Alaska, this <u>27th</u> day of July, 2009.

/s/ H. Russel Holland
United States District Judge

---

[8]Docket No. 166.

[9]<u>Id.</u>

[10]Counsel for plaintiff sought fees based upon an hourly rate of $450 per hour. That rate is excessive. Counsel's deposition performance and work product on this and numerous other recently ruled-upon discovery motions are on a par with that of second-year, inexperienced, would-be "hard-ball" litigators. Equally unprofessional is the taunting and name-calling that has been exhibited — in e-mails (<u>see</u> <u>e.g.</u>, Exhibit A, page 2, to Reply in Support of Application for Attorneys' Fees by Defendants, Docket No. 184-2) and also on and off the record in deposition proceedings — in which the attorneys for both plaintiff and the defendants have engaged.