IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

```
DIANE SAHAKIAN, a single woman,    )
                                   )
                    Plaintiff,     )
                                   )
     vs.                           )
                                   )
STATS ChipPAC, Inc., a foreign     )
corporation; STATS ChipPAC, Ltd.,  )
a foreign corporation; TEMASEK     )
HOLDINGS PRIVATE LIMITED, a        )
foreign corporation; SINGAPORE     )
TECHNOLOGIES SEMICONDUCTORS        )
PRIVATE LIMITED, a foreign         )
corporation,                       )
                                   )    No. 2:08-cv-0241-HRH
                    Defendants.    )
_____)
```

O R D E R

Motion for Reconsideration[1]

Plaintiff seeks reconsideration of the court's denial[2] of plaintiff's motion[3] for an inquiry into the circumstances of a meeting between STATS employees Uy and Han and company counsel Taylor.

In the motion for reconsideration, plaintiff extends considerably her argument based upon <u>United States v. Zolin</u>, 491 U.S. 554 (1989). Plaintiff contends that a "minimal" showing is required to trigger the crime-fraud exception to the attorney-client privilege.

---

[1]Docket No. 248.

[2]Docket No. 245.

[3]Docket No. 159.

That is not what Zolin says.  As plaintiff herself recognizes, Zolin stands for the proposition that the crime-fraud exception to the attorney-client privilege is triggered where there has been "a showing of a factual basis adequate to support a good faith belief by a reasonable person ... that in camera review of the materials may reveal evidence to establish the claim that the crime fraud exception applies."[4]  Zolin at 572.

It is not at all clear to the court that the latter is different from the court's requirement that the plaintiff bear the burden of establishing prima facie evidence of either a crime or civil fraud.[5]  That said, in their initial briefing and in the court's initial ruling on plaintiff's motion for an in camera examination of Uy, the factors and circumstances which the Supreme Court holds this court should consider were not well developed.

In addition, plaintiff's motion for reconsideration goes beyond plaintiff's original motion in one respect.  Plaintiff represents that subsequent to the filing of the original motion for an in camera examination of Uy, counsel had further discussions with Mr. Daniels, a former head of STATS human resources department.  Plaintiff states that:

> Plaintiff offers proof of the fact that entering a conspiratorial agreement with counsel would be consistent with STATS modus operandi, and that Mr. Daniels is expected to personally testify that, based on his experi-

---

[4] See Plaintiff's Motion for Reconsideration at 4 (internal citations omitted), Docket No. 248.

[5] See Order re in Camera Examination of Uy at 2-3 (Docket No. 245).

>ence and knowledge of STATS Human Resources and the legal department, he "would not be surprised" if Uy, Han and Taylor cooked up a scheme to take illegal adverse employment action against Plaintiff, as they did on August 13, 2007.[6]

Counsel has made this offer, but the court has nothing in the foregoing regard in the way of proof other than an declaration previously submitted to the court, in which Mr. Daniels states that "[t]here are times when the General Counsel or I would have to remind Tan Lay Koon and others that he cannot disqualify a candidate for a position based on age or gender ... particularly in the U.S."[7]  This is hardly the stuff of an illegal conspiracy to deprive plaintiff of her civil rights; and the supposed proffer now made by counsel is hearsay based upon speculation.

For purposes of undertaking a more robust consideration of <u>Zolin</u>, the court will take the STATS defendants' response to the motion for reconsideration if filed on or before August 6, 2009. Plaintiff may reply on or before August 13, 2009.

DATED at Anchorage, Alaska, this <u>28th</u> day of July, 2009.

>/s/ H. Russel Holland
>United States District Judge

---

[6] Plaintiff's Motion for Reconsideration at 6-7, Docket No. 248; Declaration of Dennis Daniels at 4 (Mar. 18, 2009), attached to Statement of Facts in Support of Plaintiff's Motion for Partial Summary Judgment, Docket No. 218-26.

[7] Declaration of Dennis Daniels at 4, Docket No. 218-26.