L. Eric Dowell, SBN 011458
Caroline Larsen, SBN 022547
Monique Young, SBN 025121
Ogletree, Deakins, Nash, Smoak & Stewart, P.C., SBN 00504800
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone: (602) 778-3700
Facsimile: (602) 778-3750
Eric.Dowell@ogletreedeakins.com
Caroline.Larsen@ogletreedeakins.com
Monique.Young@ogletreedeakins.com
Attorneys for Defendants STATS ChipPAC, Inc.
and STATS ChipPAC, Ltd.

Ogletree, Deakins, Nash,
Smoak & Stewart, P.C.
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
(602) 364-7000

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Diane Sahakian, a single woman,

Plaintiff,

vs.

STATS ChipPAC, Inc., a foreign corporation; STATS ChipPAC Ltd, a foreign corporation; Temasek Holdings Private Limited, a foreign corporation; Singapore Technologies Semiconductors Private Limited, a foreign corporation,

Defendants.

CV08-241-PHX-HRH

**RESPONSE TO MOTION FOR RULE 11 SANCTIONS AGAINST DEFENDANTS STATS ChipPAC, INC. AND STATS ChipPAC, LTD. AND THEIR COUNSEL**

## I. <u>Introduction</u>.

On June 26, 2009, the STATS Defendants moved for leave to amend their Answer to Plaintiff's Second Amended Complaint to assert a counterclaim against Plaintiff for abuse of process (Doc. 179). On July 3, 2009, Plaintiff opposed STATS' Motion to Amend and asserted a cross-motion for attorneys' fees under 28 U.S.C. § 1927, arguing that STATS' Motion was frivolous (Doc. 198).

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
(602) 364-7000

On July 16, 2009, the Court entered an Order denying STATS' Motion to Amend to assert a pendent state law claim for abuse of process (Doc. 216). The Court further denied Plaintiff's Motion for Attorneys' Fees. *Id.* Now Plaintiff has filed a Motion for Rule 11 Sanctions against STATS and their counsel arguing, again, that STATS' Motion for Leave to Assert a Counterclaim for abuse of process was frivolous (Doc. 220). Seeking a second bite at the attorneys' fees apple, Plaintiff now seeks a sanction of $25,000 against STATS and their counsel. For the reasons set forth below, Plaintiff's Motion for Rule 11 Sanctions should be denied.

## II. Plaintiff Has Abused the Litigation Process and STATS' Request to File a Counterclaim for Abuse of Process Was Justified.

Pursuant to Fed. R. Civ. P. 8 and 11, the STATS Defendants properly sought to assert a counterclaim against Plaintiff for abuse of process. "The essential elements of an abuse of process claim are: (1) 'an ulterior purpose and (2) a willful act in the use of judicial process not in the regular conduct of the proceeding.'" *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1252 (9th Cir. 1987) (quoting *Rondelli v. County of Pima*, 586 P.2d 1295, 1301 (Ariz. Ct. App. 1978)). "Arizona interprets 'process' as encompassing 'the entire range of procedures incident to the litigation process.'" *Crackel v. Allstate Ins. Co.*, 208 Ariz. 252, 257, 92 P.3d 882, 887 (Ariz. Ct. App. 2004) (quoting *Nienstedt v. Wetzel*, 133 Ariz. 348, 353, 651 P.2d 876, 881 (Ariz. Ct. App. 1982)).

Plaintiff argues that her motive for filing a separate state court action, even if improper, cannot support an abuse of process claim because "abuse of process requires some act beyond the initiation of a lawsuit[.]" *Joseph v. Markovitz*, 551 P.2d 571, 575 (Ariz. Ct. App. 1976). The STATS Defendants agree that Plaintiff's ulterior purpose, alone, for filing her lawsuit, even if improper, cannot support an abuse of process claim.[1]

[1] Notably, however, Plaintiff's filing of a separate state court action does further evidence her abuse of the legal process for purposes inconsistent with legitimate litigation goals. Plaintiff's separate state court action names STATS, its Chief Executive Officer, its Chief Technology Officer, and several current and former employees—all of whom are witnesses in this action—as Defendants. Plaintiff's state court complaint rehashes her allegations from this action and asserts entirely frivolous claims for intentional infliction

*Berg v. Rothman*, 627 P.2d 1097, 1100 (Ariz. Ct. App. 1981). The STATS Defendants, however, sought to assert an abuse of process counterclaim not solely because of Plaintiff's improper motives, but also to seek relief and recompensation for Plaintiff's willful misuse and gross abuse of the litigation process itself.

In short, Plaintiff has used the judicial process "in a fashion inconsistent with legitimate litigation goals." *Crackel*, 92 P.3d at 889. The STATS Defendants pled that Plaintiff, acting through her counsel, has exploited the litigation and discovery process to obtain a collateral advantage or as a form of extortion. *See Blue Goose Growers, Inc. v. Yuma Groves, Inc.*, 641 F.2d 695, 697 (9th Cir. 1981). As explained below, that is precisely what Plaintiff has done.

Plaintiff has asserted only two claims for relief in this lawsuit: (1) sexual harassment based on gender; and (2) retaliation (for an alleged demotion and later termination). Yet, for the last eight months, Plaintiff has engaged in a series of abusive, harassing, embarrassing, and beleaguering conduct <u>not</u> for the legitimate purpose of garnering any admissible evidence to support her two claims, but to exploit a collateral advantage and extort a settlement from the STATS Defendants. Many of the various egregious actions of Plaintiff and her counsel are specifically enumerated in the STATS Defendants' Motion for Leave to Amend Answer to Add Counterclaim (Doc. 179 at pp. 2-4).

However, since STATS filed its Motion for Leave to Amend Answer to Add Counterclaim, Plaintiff's conduct, through her counsel, has become more absurd, surreal, harassing and extraneous. Plaintiff has deposed three of STATS' high-ranking employees: Gail Uy, Human Resources Manager, Dr. BJ Han, Chief Technology Officer, and Tan Lay Koon, Chief Executive Officer. In these depositions, Plaintiff inquired into such impertinent and scandalous topics such as: (1) whether STATS'

---

of emotional distress, civil conspiracy, aiding and abetting, and defamation. As an example of the baseless nature of the suit, Plaintiff's defamation claim relies entirely on a statement by a former STATS employee, made during his STATS exit interview, that he considered Plaintiff to be the worst manager he had ever had.

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
(602) 364-7000

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
(602) 364-7000

executives and employees referred to Americans as "fat," "stupid," and "lazy;" (2) whether Dr. Han referred to American employees as "monkeys;" (3) whether Dr. Han made a statement that he does not like employees of Indian ancestry; (4) whether STATS' executives and employees made comments to an employee of Indian ancestry that "you should get yourself a pretty girlfriend, not an Indian girl, but a pretty one;" (5) that STATS' executives and employees made comments that Japanese and Koreans were superior races, followed by Taiwanese, Chinese and Indians; (6) whether Tan Lay Koon raised his voice only to American employees; (7) whether STATS' executives and employees intentionally violated U.S. securities laws by omitting references to this lawsuit and another unrelated lawsuit in an SEC filing; (8) whether STATS' executives and employees made comments that they care very little about American laws, (9) whether STATS' executives and employees, while entertaining clients, go to strip clubs, consort with prostitutes and lick alcohol from their genitals; and (10) whether employee and engineer, Eric Gongora, who Plaintiff claims harassed her and now claims is a "star witness" of STATS, pleaded "no contest" to a 1993 felony of stealing a VCR, surfed porn on the web at his prior employer, and sent sexually explicit e-mails to welcoming female recipients nearly eight years ago, during his prior employment with Amkor Technology, Inc.

Plaintiff's objectively unreasonable conduct only can reasonably be explained as a means of needlessly increasing the STATS Defendants' litigation expenses and harassing, inconveniencing and embarrassing its executives and current and former employees, in order to "exploit and obtain a collateral advantage or use it as a form of extortion," in this litigation. The Plaintiff has abused and misused the litigation process by attempting to pursue discovery on claims and issues that are not remotely before the Court. In sum, rather than focus on the substantive allegations of her two Title VII claims, Plaintiff has litigated and taken abusive discovery on virtually every other collateral topic imaginable. Such is the conduct that abuse of process claims are made of.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 364-7000

More to the point, Plaintiff and her counsel knowingly engaged in these abusive litigation tactics for an improper, exploitative motive. This motive is made clear by Plaintiff's counsel's January 23, 2009 letter. Just prior to listing, among others, points (1)–(8) above, Plaintiff's counsel then warned: "STATS, Temasek and the Singaporean Government all have a great deal of interest in keeping me quiet." Thereafter, Plaintiff's counsel filed a new 17-page lawsuit in federal court alleging that the STATS Defendants, their attorneys, the Singaporean government, the U.S. Department of Justice, the State Bar of Arizona and others were attempting, among other things, to thwart his free expression of fact, allegation and opinion. Plaintiff's counsel dismissed his lawsuit the day before the STATS Defendants were prepared to file their Motion to Dismiss. Clearly, that is extortionate conduct.

## III. <u>Plaintiff Fails to Meet Her Burden That Rule 11 Sanctions Are Warranted</u>.

Plaintiff argues that STATS sought to amend its Answer to assert an abuse of process counterclaim for the ulterior and improper purpose of attempting to disqualify Plaintiff's counsel. There is simply no support for Plaintiff's argument. Had the Court allowed the STATS Defendants to file their counterclaim, there is no telling whether Plaintiff's attorneys would be witnesses in any subsequent trial. That would largely depend on the affirmative defenses Plaintiff might have pled. For example, if the Court permitted STATS' abuse of process counterclaim to be filed, and Plaintiff pled an affirmative defense based on "advice of counsel," then possibly Plaintiff's counsel might have been required to testify as to certain actions taken in this litigation. But even E.R. 3.7 would not have required the automatic disqualification of Plaintiff's counsel as Plaintiff argues. E.R. 3.7 provides as follows:

> E.R. 3.7 Lawyer as Witness.
>
> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client.

> (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by E.R. 1.7 or E.R. 1.9.

STATS was not permitted to file its counterclaim for abuse of process and Plaintiff never had to plead any affirmative defenses. It is speculative, at best, whether E.R. 3.7 or any of its exceptions would have applied, whether Plaintiff's counsel would have been a necessary witness, or whether disqualification would otherwise have been warranted.

More to the point, while Plaintiff's counsel argues that the STATS Defendants have good reason to seek their disqualification, much, if not all, of the alleged, but unproven, collateral and anecdotal "evidence" concerning STATS' alleged racial, cultural and ethnic biases, as well as employee Eric Gongora's alleged prior salacious history with his former employers and former wives will never see the light of day as admissible evidence in the trial of this action. *See* Motions in Limine 1-12 (Doc. 185 through 196).

Arguably, the only allegations of substance that relate to Plaintiff's claim of a hostile work environment based on her gender is the alleged "ketchup incident" of April 9, 2007. STATS has briefed the so-called ketchup incident in its Motion for Summary Judgment. (Doc. 222 and Separate Statement of Material Facts, Doc. 223.) Yet, very little of the litigation over the last eight months has focused on the alleged ketchup incident or the events thereafter, which Plaintiff claims give rise to her retaliation claims. Rather, Plaintiff and her counsel seem more interested in harassing, embarrassing and extorting STATS on collateral, unreliable and anecdotal alleged facts than on the merits of her legal claims.

Rule 11(b), Fed. R. Civ. P., requires that Plaintiff prove that STATS asserted its counterclaim for an improper purpose, such as to harass, cause unnecessary delay or needlessly increase the cost of litigation. Alternatively, Plaintiff bears the burden of proving that STATS' counterclaim for abuse of process was not warranted by existing law. Clearly, Plaintiff has failed to meet her burden in either regard.

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
(602) 364-7000

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 364-7000

Plaintiff has filed numerous discovery motions, most of which already have been ruled upon in STATS' favor. *See e.g.,* Docs. 166, 159 and 166, 66. Indeed, in ruling on STATS' Motion for Leave to Amend, the Court recognized that "Plaintiff's counsel's conduct reflects poor lawyering and questionable judgment about litigation practice." (Doc. 216 at p. 2.) Moreover, nothing in the Court's Order indicates that STATS' Motion was legally insufficient or demonstrated bad faith. The Court simply exercised its discretion to decline pendent jurisdiction. The counterclaim is valid and still can—and like will be—asserted separately in state court. There simply is no basis upon which to sanction the STATS Defendants or their counsel for their efforts to properly defend against what has been a barrage of abusive, immaterial, irrelevant and extortionate litigation tactics by Plaintiff and her wanna be hardball litigators.

For the foregoing reasons, STATS and their counsel respectfully request the Court to deny Plaintiff's Motion for Rule 11 Sanctions.

DATED this 6th day of August 2009.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: s/L. Eric Dowell
L. Eric Dowell
Caroline Larsen
Monique Young
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Attorneys for Defendants
STATS ChipPAC, Inc. and STATS ChipPAC, Ltd.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of August 2009, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Peter Strojnik
PETER STROKNIK P.C.
3030 N. Central Avenue, Suite 1401
Phoenix, Arizona 85012

Peter K. Strojnik
THE LAW FIRM OF PETER STROJNIK
3030 N. Central Avenue, Suite 1401B
Phoenix, Arizona 85012

s/G. S. Ready, PLS

7579204.1 (OGLETREE)

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
(602) 364-7000