IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

DIANE SAHAKIAN, a single woman,   )
                                  )
                    Plaintiff,    )
                                  )
    vs.                           )
                                  )
STATS ChipPAC, Inc., a foreign    )
corporation; STATS ChipPAC, Ltd., )
a foreign corporation; TEMASEK    )
HOLDINGS PRIVATE LIMITED, a       )
foreign corporation; SINGAPORE    )
TECHNOLOGIES SEMICONDUCTORS       )
PRIVATE LIMITED, a foreign        )
corporation,                      )
                                  )   No. 2:08-cv-0241-HRH
                    Defendants.   )
_____)

O R D E R

Motion to Strike[1]

Defendants move to strike plaintiff's response[2] to Motion in Limine No. 8[3] pursuant to Rule 12(f), Federal Rules of Civil Procedure.  The motion is opposed.[4]  Oral argument has not been requested and is not deemed necessary.

Rule 12(f) makes provision for the striking of insufficient defenses or any redundant (etc.) material from "a pleading."

---

[1]Docket No. 244.

[2]Docket No. 211.

[3]Docket No. 192.

[4]Docket No. 246.

- 1 -

Pleadings are the documents in a civil case which embody the claims and defenses of the parties. A motion in limine or a response thereto is not, strictly speaking, a "pleading."

Rule 408, Federal Rules of Evidence, which defendants also invoke in the instant motion, has to do with the admissibility of evidence at trial. Admissibility is, of course, at the heart of most motions in limine such as Motion in Limine No. 8.

The question of the admissibility of evidence concerning a settlement proposal made by the STATS defendants shortly after their answer to plaintiff's original complaint was filed is a matter properly taken up on motion in limine, not a motion to strike. The court will take up Motion in Limine No. 8 and rule upon it in due course. The motion to strike[5] is denied.

A final word to counsel about this motion. The court is becoming increasingly concerned by discovery motion practice in this case. The instant motion to strike was unnecessary. The admissibility issue underlying this motion has been raised in Motion in Limine No. 8, which the parties have fully briefed and in which the defendants have raised the Rule 408 issue. On the other side of the case, counsel for plaintiff continues tiresome characterizations of people and events as well as the irrelevant repetition of underlying facts that, in the case of the instant motion and others, have nothing to do with the substance of the motion or plaintiff's response to the motion. It is particularly troublesome that counsel for plaintiff seemingly tried to mislead

---

[5]Docket No. 244.

the court regarding the nature of a letter exchanged between counsel on or about April 11, 2008.

Counsel for the parties should be aware that the court has been compiling a list of "dos and don'ts" that will be the subject of admonitions to counsel prior to trial in this case. Bluntly, there will be cautions before trial; there will be a warning for a first transgression; and, if counsel persist, there will be consequences.

DATED at Anchorage, Alaska, this <u>7th</u> day of August, 2009.

<u>/s/ H. Russel Holland</u>
United States District Judge