L. Eric Dowell, SBN 011458
Caroline Larsen, SBN 022547
Monique Young, SBN 025121
Ogletree, Deakins, Nash, Smoak & Stewart, P.C., SBN 00504800
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone:   (602) 778-3700
Facsimile:    (602) 778-3750
Eric.Dowell@ogletreedeakins.com
Caroline.Larsen@ogletreedeakins.com
Monique.Young@ogletreedeakins.com

Attorneys for Defendants STATS ChipPAC, Inc.
and STATS ChipPAC, Ltd.

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Diane Sahakian, a single woman,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>STATS ChipPAC, Inc., a foreign corporation; STATS ChipPAC Ltd, a foreign corporation; Temasek Holdings Private Limited, a foreign corporation; Singapore Technologies Semiconductors Private Limited, a foreign corporation,<br><br>　　　　　　　Defendants. | CV08-241-PHX-HRH<br><br>**DEFENDANTS' MOTION FOR SANCTIONS AGAINST PLAINTIFF'S COUNSEL** |

　　　　Plaintiff's counsel, Peter Strojnik, has contacted Eric Gongora (a current STATS employee whom Mr. Strojnik has repeatedly characterized as a "star witness" in this matter) without the consent of the STATS Defendants' ("Defendants") attorneys in clear violation of Ethical Rule 4.2.  Additionally, the letter Mr. Strojnik sent to Mr. Gongora appears to be designed to impact his testimony in this case via a bizarre mix of threats, disparagement of Defendants and their counsel, and an offer to resolve the state court action against Mr. Gongora in exchange for his cooperation with Plaintiff in this case.

Accordingly, Defendants respectfully move the Court to issue sufficient sanctions to prevent further improper conduct by Mr. Strojnik including, but not limited to, disqualifying Plaintiff's counsel.

**I.  MR. STROJNIK IS WELL AWARE THAT HIS EX PARTE CONTACT WITH MR. GONGORA VIOLATES ETHICAL RULE 4.2.**

Attorneys practicing in the District of Arizona are bound by the Arizona Rules of Professional Conduct and are subject to the regulation of their conduct by this Court. *See* L.R.Civ. 83.2(e); *Trone v. Smith*, 621 F.2d 994, 999 (9th Cir. 1980) ("The primary responsibility for controlling the conduct of lawyers practicing before the district court rests with that court.") (citation omitted).

Under Arizona Rule of Professional Conduct 4.2, a lawyer shall not communicate with a party the lawyer knows to be represented by another lawyer without the consent of the representing lawyer. Where, as here, a corporation is a defendant in a lawsuit, Rule 4.2 prohibits contact with any employee who has managerial responsibility, whose acts or omissions relate to the matter in dispute and may be imputed to the corporation, and/or who occupies a high-ranking position such that any statement by the employee would constitute an admission on behalf of the company. *See* Ariz. R. of Prof'l Conduct 4.2, cmt. 2; *Kaiser v. Am. Tel. & Tel.*, 2002 WL 1362054, *5 (D. Ariz. Apr. 5, 2002); *Lang v. Superior Court*, 826 P.2d 1228, 1231 (Ariz. Ct. App. 1992). According to Plaintiff, Mr. Gongora is a "star witness" who not only purportedly sexually harassed her, but encouraged or enticed other employees to do so as well. *See* Docs. 198, 210, 220. Thus, Plaintiff is clearly attempting to impute Mr. Gongora's purported conduct to Defendants, thereby placing Mr. Gongora squarely within the scope of Ethical Rule 4.2.

In fact, on March 3, 2009, Defendants' counsel reminded Mr. Strojnik of the prohibitions set forth in Ethical Rule 4.2 and informed Mr. Strojnik that he did not have permission to contact Mr. Gongora. *See* email dated March 3, 2009, attached hereto as Attachment 1. Defendants' counsel again reminded Mr. Strojnik of the Ethical Rule 4.2 prohibition against contacting Defendants' current employees in a letter dated April 20,

2009. *See* Attachment 2. Thus, it is impossible that Mr. Strojnik was unaware of the prohibitions imposed by Ethical Rule 4.2 and that Defendants did not consent to him contacting any employee or former employee, including Mr. Gongora, covered thereunder. This notwithstanding, Mr. Strojnik, in complete disregard for Ethical Rule 4.2, sent Mr. Gongora a letter on July 10, 2009 (the "Letter"). *See* Attachment 3.

## II. THE CONTENTS OF MR. STROJNIK'S LETTER WARRANT SUFFICIENT SANCTIONS TO DETER SUCH CONDUCT, INCLUDING DISQUALIFICATION.

### *A. Mr. Strojnik's Conduct Is Egregious.*

Not only has Mr. Strojnik clearly violated E.R. 4.2 by contacting Mr. Gongora, the contents of the Letter reveal an improper attempt to affect the testimony of a witness Mr. Strojnik has repeatedly characterized as a "star witness" in this case. Indeed, Mr. Strojnik both threatens Mr. Gongora with a perjury claim[1] if he does not cooperate and offers to resolve the state court action against him in exchange for him divulging privileged communications with Defendants' counsel.

Mr. Strojnik further attempts to intimidate Mr. Gongora by making the unsubstantiated statement that Mr. Gongora should not be surprised if STATS terminates his position after he testifies in this case. *See* Attachment 3, pp. 1-2. Equally disconcerting, Mr. Strojnik also states that "good attorneys always coach their witnesses prior to giving testimony." While such a statement may be illustrative of Mr. Strojnik's ethical compass, the insinuation that Defendants' counsel "coached" Mr. Gongora is unfounded, disparaging, and another attempt to intimidate and mislead this witness.

---

[1] To the extent Mr. Strojnik's reference to perjury and extortion are construed by Mr. Gongora as a threat of criminal prosecution, such conduct also is prohibited by Ethical Rule 4.4(a). Given Mr. Strojnik's penchant for referencing Arizona's extortion statute (he also cited it in the cover letter transmitting his baseless claim against Defendants' counsel that has been dismissed), he should be well aware that Arizona law prohibits an attempt to gain services by threatening criminal charges or subjection to contempt or ridicule. *See* A.R.S. § 13-1804.

### B.     *Disqualification Is Warranted In This Case.*

When an ethics violation has occurred, the Court has discretion to impose sanctions, including the disqualification of counsel. *See Eaton v. Siemens*, 2007 WL 2318531, *4 (E.D. Cal. Aug. 10, 2007) (finding that a district court has authority under its inherent power to disqualify counsel because of a violation of professional ethics); *Kaiser v. Am. Tel & Tel.*, 2002 WL 1362054, at *5 (D. Ariz. Apr. 5, 2002) (finding that although disqualification is an extreme sanction, it should be used to preserve the integrity of the judicial system). To determine whether Plaintiff's counsel should be disqualified in this case, the Court should consider the following factors:

1. The client's interest in being represented by counsel of her choice;
2. The opposing party's interest in a trial free from prejudice due to disclosures of confidential information; and
3. The public's interest in the scrupulous administration of justice.

*Kaiser*, 2007 WL 1362054, at *7 (*citing Complaint of Korea Shipping Corp.*, 621 F.Supp. 164 (D. Alaska 1985)).

An analysis of these factors in this case weigh heavily in favor of disqualifying Plaintiff's counsel. While Defendants acknowledge that Plaintiff has an interest in being represented by counsel of her choosing, Plaintiff has voluntarily switched counsel once in this case and her current counsel has only been involved in this case for nine months. *Id.* at *7-8 (disqualifying counsel where the case had been pending for two years). Moreover, discovery is closed, motions in limine are fully briefed, and dispositive motions will be fully briefed by the time this Motion is fully briefed and ready for consideration by the Court. Accordingly, Plaintiff will have sufficient time to find new counsel and allow him or her to get up to speed before trial, while the dispositive motions are pending.

More importantly, the outrageousness of Plaintiff's counsel's conduct far outweighs Plaintiff's interest in proceeding with counsel of her choice. As the court in *Kaiser* observed, a defendant's interest in a trial free of prejudice is "very significant" in

a case where the illicit contact was with a "central figure in the dispute." *Id.* at *8. Here, Mr. Strojnik has contacted the alleged harasser and both threatened him with personal liability if he does not cooperate and offered to resolve the state court action against him in exchange for his disclosure of privileged information. Mr. Strojnik also insinuated that Defendants would fire Mr. Gongora once this case was over and that Defendants' counsel had engaged in conduct that, while lauded by Mr. Strojnik, is improper. One would be hard pressed to come up with conduct that could be more prejudicial to Defendants or is a more egregious affront to the public's interest in the scrupulous administration of justice than attempting to intimidate a witness in this manner. Thus, Plaintiff's counsel should be disqualified.

In addition to disqualification, Defendants also respectfully request that the Court (1) direct Plaintiff's counsel to disclose any other contacts (and documents evidencing the same) they have had with individuals that fall under Ethical Rule 4.2; (2) order that Plaintiff's counsel have no further contact with Mr. Gongora (or any other individual covered by Ethical Rule 4.2); and (3) award Defendants their attorneys' fees and costs incurred in connection with this Motion.

DATED this 21st day of August, 2009.

> OGLETREE, DEAKINS, NASH,
> SMOAK & STEWART, P.C.
>
>
> By: s/ Caroline Larsen
>    L. Eric Dowell
>    Caroline Larsen
>    Monique Young
>    2415 East Camelback Road, Suite 800
>    Phoenix, Arizona 85016
>    Attorneys for Defendants STATS ChipPAC,
>    Inc. and STATS ChipPAC, Ltd.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21st, 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Strojnik
Peter Strojnik, P.C.
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Attorney for Plaintiff

Peter K. Strojnik
The Law Firm of Peter Strojnik
3030 North Central Avenue, Suite 1401B
Phoenix, Arizona 85012


s/ Debra Perkins


7591230.1 (OGLETREE)

6