## Diane Sahakian v. STATS ChipPAC, Inc., et al.

U.S. District Court of Arizona, Case No. CV08-241-PHX-HRH

### DEFENDANTS' MOTION FOR SANCTIONS
### AGAINST PLAINTIFF'S COUNSEL

| Attachment. | Description |
|---|---|
| 1. | Email exchange between L. Eric Dowell and Peter Strojnik dated 2/25/09 – 3/3/09 |
| 2. | Letter from Caroline Larsen to Peter Strojnik dated 4/30/09 |
| 3. | Letter from Peter Strojnik to Eric Gongora dated 7/10/09 |

# ATTACHMENT 1

**REDACTED**

**From:** strojnik [mailto:strojnik@aol.com]
**Sent:** Tuesday, March 03, 2009 10:36 AM
**To:** Dowell, L. Eric; pksesq
**Cc:** Larsen, Caroline
**Subject:** Re: Sahakian v. STATS ChipPac et al.

Dear Counsel:

Thank you for your response. Will you accept service on behalf of the listed individuals? Please advise ASAP; time is short.

Thank you in advance for your courtesy.


Peter Strojnik
**PETER STROJNIK, P.C.**
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Telephone: 602-524-6602
Facsimile: 602-296-0135
e-mail ps@strojnik.com

**Confidentiality Notice:** The information contained in this electronic e-mail and any accompanying attachment(s) is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

In a message dated 03/02/09 18:31:11 US Mountain Standard Time, Eric.Dowell@OgletreeDeakins.com writes:

> Counsel:
> Set forth below is the answer to your question, together with our assessment of whether you would have the legal and ethical right to contact them directly, ex parte'. In addition to E.R. 4.2 and the Lang v. Superior Court Decision, Please be mindful of your duty to identify

8/13/2009

yourself in making any contact with witnesses. The analysis is below:

If an ex parte interview occurs, to ensure compliance with ERs 4.3 and 4.4, the lawyer for the current employer must inform the employee of the lawyer's role in the case, the identity of the lawyer's client, and the fact that the employee's employer (or former employer) is an adverse party to his client. *See* Ariz. Op. 96-02 (noting disclosures required by lawyer in making ex parte contacts with general members of homeowners' association); *see also Shearson Lehman Bros. v. Wasatch Bank*, 139 F.R.D. 412, 416-18 (D. Utah 1991) (attorney contacting former employees must comply with ERs 4.3 and 4.4); *Reynoso v. Greynolds Park Manor, Inc.*, 659 So.2d 1156, 1162-63 (Fla. Ct. App. 1995) (same).

**Current employees; Strojnik should not contact**
Eric Gongora

**Former employees; Strojnik should not contact:**
Brett Dunlap
Ng Tiong Gee
Scott Gooch
Nehal Patel
Mike Schraeder

**Current managers; Strojnik should not contact:**
Dr. Han Byung Joon
Jeff Howell
Tan Lay Koon
Cindy Palar
Gail Uy

**Current employees (non-managers):**
Jerry Almeida
Flynn Carson
Chris Shea

**Former employees (non-managers):**
Jeff Osmun
Scott Jeweler
Ram Ramakrishna
Jeff Yang
Anthony Kong

**L. Eric Dowell**
Shareholder
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Esplanade III, Suite 800
2415 East Camelback Road

8/13/2009

Phoenix, AZ 85016
Direct: (602) 778-3718
Fax: (602) 778-3750
Cell: (602) 769-8890
Eric.Dowell@odnss.com

Ogletree Deakins is one of the nation's largest management labor and employment law firms. The firm offers national representation in every aspect of labor and employment law, represents a diverse range of clients, and has 33 offices across the country. Employers & Lawyers, Working Together. www.ogletreedeakins.com

This transmission is intended to be confidential, intended only for the proper recipient and may contain information that is privileged, attorney work product and confidential. If you receive this message in error, or are not the proper recipient, please notify the sender at either the e-mail address or telephone number above and delete this e-mail from your computer.

IRS CIRCULAR 230 disclosure: Please note that this written communication is not intended to be used for purposes of avoiding penalties imposed by the Internal Revenue Code or any other taxing authority, and the intended recipient cannot and should not rely on it for that purpose.

**From:** pksesq@aol.com [mailto:pksesq@aol.com]
**Sent:** Friday, February 27, 2009 3:33 PM
**To:** Dowell, L. Eric
**Cc:** Dad
**Subject:** Re: Sahakian v. STATS ChipPac et al.

Please identify which persons you claim are current and former managers. I ask that you accept service on their behalf. Thank you in advance.

Peter

Sent from my Verizon Wireless BlackBerry

---

**From:** "Dowell, L. Eric"
**Date:** Thu, 26 Feb 2009 18:22:32 -0700
**To:** <PksEsq@aol.com>
**Subject:** RE: Sahakian v. STATS ChipPac et al.

Peter:
That is great to know. Thank you for clarifying your position. We are available for depositions March 19, 20, and the weeks of March 23 and 30. Please be mindful that some of the witnesses listed are current and former managers. As such, I remind you of your obligations under E.R. 4.2 and the case of Lang v. Superior Court. Take care.
Eric

---

**From:** PksEsq@aol.com [mailto:PksEsq@aol.com]
**Sent:** Thursday, February 26, 2009 9:53 AM
**To:** Dowell, L. Eric
**Cc:** Strojnik@aol.com; Larsen, Caroline
**Subject:** Re: Sahakian v. STATS ChipPac et al.

8/13/2009

Counsel:

First, I ask that you CC my father on all emails. As you know, we are both representing Ms. Sahakian.

As for your deposition discourse, our goal is to take those persons depositions in sequence, out of sequence, up, down, however fits your schedule. I do not believe the order will make or break the case. We are waiting for your availability. As we have previously discussed, we will make ourselves available in accordance with your schedules. We are ready when you are. Just let us know. Good day.

Peter K.

In a message dated 2/25/2009 3:48:53 P.M. US Mountain Standard Time, Eric.Dowell@OgletreeDeakins.com writes:

> Peter:
>
> This email is to let you know that we plan to appear at the deposition you noticed for Mr. Gopalan Nair on March 23, 2009 in Fremont California. Please immediately let us know if you or Mr. Nair change any plans for the deposition. Also, this is to give you notice that we intend to subpoena Mr. Nair under Rule 45. In your February 11, 2009 letter and the Addendum thereto, you indicated you wanted to take the depositions of the listed witnesses in the sequence outlined. The first deposition in your sequence is the Rule 30(b)(6) of our client. Of course, our client will not be making a Rule 30(b)(6) deponent available for deposition unless and until the Court resolves the parties' present dispute over the scope/parameters of the deposition. Do you still insist on taking the depositions in the sequence outlined in your Addendum? If you do, then it appears to be fruitless for us to discuss possible dates for the depositions of the other listed witnesses. Please advise. Thanks.
>
> Eric
>
> **L. Eric Dowell**
> Shareholder
> Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
> Esplanade III, Suite 800
> 2415 East Camelback Road
> Phoenix, AZ 85016
> Direct: (602) 778-3718
> Fax: (602) 778-3750
> Cell: (602) 769-8890
> Eric.Dowell@odnss.com
>
> Ogletree Deakins is one of the nation's largest management labor and employment law firms. The firm offers national representation in every aspect of labor and employment law, represents a diverse range of clients, and has 33 offices across the country. Employers & Lawyers, Working Together. www.ogletreedeakins.com
>
> This transmission is intended to be confidential, intended only for the proper recipient and may contain information that is privileged, attorney work product and confidential. If you receive this message in error, or are not the proper recipient, please notify the sender at either the e-mail address or telephone number above and delete this e-mail from your computer.
>
> IRS CIRCULAR 230 disclosure: Please note that this written communication is not intended to be used for purposes of avoiding penalties imposed by the Internal Revenue Code or any other taxing authority, and the intended recipient cannot and should not rely on it for that purpose.

**A Good Credit Score is 700 or Above. See yours in just 2 easy steps!**

8/13/2009

**A Good Credit Score is 700 or Above. <u>See yours in just 2 easy steps!</u>**

8/13/2009

# ATTACHMENT 2



**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*Attorneys at Law*

Esplanade III
2415 East Camelback Road
Suite 800
Phoenix, AZ 85016
Telephone: 602.778.3700
Facsimile: 602.778.3750
www.ogletreedeakins.com

Caroline Larsen
Direct: (602) 778-3756
Caroline.Larsen@ogletreedeakins.com

April 30, 2009

**VIA FACSIMILE (602-264-1441) AND U.S. MAIL**

Peter K. Strojnik
The Law Firm of Peter K. Strojnik
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012

Re:   *Case 2:08-cv-00241-HRH; Sahakian v. STATS ChipPAC, Inc. et al – request for employee interviews*

Dear Peter,

We have reviewed your email, dated April 29, 2009, requesting informal interviews with several current and former STATS ChipPAC employees. As an initial matter, Ng Tiong Gee and Nehal Patel are not current employees, as Mr. Dowell advised you in his March 2 email. As we also advised, these former employees are represented persons for the purposes of E.R. 4.2 and the case of *Lang v. Superior Court*. We will not consent to informal interviews with any current employees. The appropriate means for obtaining any relevant discoverable information you believe these employees may have in this action is via deposition. Be advised, however, that we will not stipulate to permitting Plaintiff to take more depositions than prescribed by the Federal Rules of Civil Procedure, particularly in light of your insistence on taking unnecessary depositions, including that of your own witness, Gopalan Nair. Finally, we will specifically oppose the deposition of Janet Taylor who, as General Counsel for STATS ChipPAC Ltd, has no non-privileged information to provide regarding this action.

Sincerely,

Caroline Larsen

Atlanta • Austin • Birmingham • Bloomfield Hills • Charleston • Charlotte • Chicago • Cleveland • Columbia • Dallas • Greensboro • Greenville • Houston • Indianapolis • Jackson • Kansas City
Los Angeles • Memphis • Miami • Morristown • Nashville • Philadelphia • Phoenix • Pittsburgh • Raleigh • St. Louis • St. Thomas • San Antonio • San Francisco • Tampa • Torrance • Tucson • Washington

# ATTACHMENT 3

Peter Strojnik              Page 1              7/10/2009

THE LAW FIRM OF
# PETER STROJNIK
### ATTORNEY AT LAW



July 10, 2009

Eric Gongora
3105 East Amber Ridge Way
Phoenix, Arizona 85048

    Re:    Notice of Lawsuit and Request for Waiver of Service
              *Sahakian v. Gongora et al.*, CV2009-020302

Dear Mr. Gongora:

My firm recently filed a Motion to Amend the complaint against STATSChipPac in the federal litigation (Federal Litigation). We intended to add a claim for Intentional Infliction of Emotional Distress arising out of the incidents at STATS. We did not ask to include you as a party defendant in the amendment; however, STATS' attorneys vehemently objected to the amendment, which ultimately forced us to file the claim in the Maricopa County Superior Court (State Court Litigation). In order to satisfy this firm's obligations to our client, we were compelled to file a claim against you personally.

I attach the Complaint and two copies of the Notice and a Waiver of Service of Process. If you wish to avoid personal service at your home or work, please execute the Waiver of Service of Process and return it to our office.

I realize that you have faithfully and loyally towed STATS company line in the Federal Litigation. As good attorneys always coach their witnesses prior to giving testimony, there is little doubt in my mind that you were coached by STATS' attorneys prior to giving your deposition in the Federal case. We know, *inter alia*, that your sworn denial of knowledge for the reason you were terminated at Amkor is false. We interviewed Mike Gentry who confirmed in a sworn Declaration that he told you, in a face-to-face meeting, that you were terminated for (i) sexually harassing a secretary/receptionist; (ii) misusing company computers to access pornographic websites, (iii) using company computers to exchange sexually explicit e-mails with co-workers, and (iv) attempting to smuggle drugs to the Philippines using the company FedEx account. We know from independent investigations and the deposition of Brett Dunlap and statements made by Scott Jewler to

Peter Strojnik                          Page 2                                  7/10/2009

our client that STATS knew or should have known the reasons for your termination. Thus, it appears to us that STATS has used your testimony for its own purposes. However, now that your testimony is of record, they have decided to expose you to a lawsuit in your personal capacity. Additionally, you are now exposed to the additional claim for perjury. (In Arizona, perjury is a predicate offense to a claim for racketeering; thus a private cause of action exists.)

At this time the reason for your termination from Amkor is not our primary concern, nor are we currently inclined to assert a private cause of action for perjury against you. Our concern is to determine precisely what STATS suggested to you, either implicitly or expressly, with respect to your deposition testimony.

We recognize that the perjured testimony was not offered – and did not – benefit you *personally*. You made the statements in your deposition to benefit STATS, BJ Han and Tan Lay Koon; after all, prior to STATS *personally* exposing you to the current State Court litigation, you had no interest in the outcome of the Federal Litigation. It appears to us that STATS simply allowed you to become a collateral victim *for their own benefit*! Do not be surprised if your position at STATS is terminated as soon as your usefulness has expired; you may or may not know this, but during the depositions of Gail Uy, BJ Han and Tan Lay Koon, all expressed "concern" over the acts we have uncovered about your past conduct and the perjury. I am certain you understand what that means.

Therefore, we find your position vis-à-vis STATS as adversarial as that of our client. We are willing to discuss a resolution of the current State Court litigation with you provided, however, that you truthfully and fully expose the circumstances that led to your deposition testimony.

I strongly suggest that you discuss this matter with independent counsel. I strongly suggest that you review your options relating to STATS likely response to your decision, and to assess your own potential claims against STATS. While it continues to be our intent to expose the entirety of your historical background to the jury in the pending Federal Litigation, your independent counsel may well advise you that your interest would be best served by a completely truthful and candid debriefing by our firm.

                                        Sincerely,

                                        Peter Strojnik

PS: pjs
CC:
    1. Client *by e-mail*