IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

DIANE SAHAKIAN, a single woman, )
)
                           Plaintiff, )
)
  vs. )
)
STATS ChipPAC, Inc., a foreign )
corporation, et al., )
)   No. 2:08-cv-0241-HRH
                        Defendants. )
_____)

O R D E R

Motion to Complete Deposition
of Tan Lay Koon
- and -
Motion to Order Compliance with
Subpoena <u>Duces Tecum</u> on B.J. Han
- and -
<u>      for Sanctions     </u>

    Plaintiff moves to "complete" the deposition of Tan Kay Loon.[1] Combined with this motion is a further motion to order compliance with a subpoena issued by plaintiff in anticipation of deposing Dr. Han and a motion for sanctions.[2] The motion is opposed. Oral argument has not been requested and is not deemed necessary.

    Discovery in this case closed June 1, 2009. The depositions of Mr. Tan and Dr. Han were taken by agreement and with the court's approval on June 11 and June 18, 2009. The subpoena issued to Dr. Han called for production of a mind-numbing list of documents

---

[1]Docket No. 199.

[2]<u>Id.</u>

- 1 -

by May 1, 2009.  Among the requests for production, the subpoena identified "policies, rules and regulations relative to employee's complaints against co-employees, and the grievance procedure."[3] Prior to taking the foregoing depositions and evidently as a result of an Internet search, not production by defendants, plaintiff obtained a copy of a document entitled "Human Resource Policies".[4] Plaintiff contends that the policy document contains previously undisclosed policies of defendants and, in addition, discloses the existence of additional documents that have not been produced.

Assuming (and the following is not entirely clear) that the policy document has application to plaintiff's employer, the introductory pages of the policy statement[5] lead the court to find that neither the policy document itself nor other documents identified in the policy statement have any direct bearing upon plaintiff's claims.

As indicated above, discovery closed in this case on June 1, 2009.  Pursuant to the scheduling orders in this case, discovery motions (such as that seeking the production of additional documents) were due to be filed no later than 30 days following the close of fact discovery.  The instant motion was filed on July 6, 2009, several days subsequent to the cut-off date for the filing of discovery.

---

[3]Subpoena in a Civil Case, Exhibit A at 8, ¶ (4)(c), Docket No. 104-1.

[4]Motion to Complete Deposition, Exhibit 1, Docket No. 166-1.

[5]Id., pp. 1-8.

With respect to the motion to further depose Mr. Tan, plaintiff had the policy document available at the time of Mr. Tan's deposition, having independently located it on the Internet. Defendants were not notified of this fact nor of plaintiff's intention to examine Mr. Tan on the policy statement. The subject was discussed by counsel in the course of the Tan deposition. Apparently because plaintiff could not represent that the policy document had been produced by the defendants (as opposed to having been independently located by plaintiff), Mr. Tan was not examined on the policy statement. Dr. Han was examined with respect to this document at his deposition.

Under all of the foregoing circumstances, the court is unpersuaded that there is any reason or basis for further deposing Mr. Tan. Like the motion to compel compliance with a subpoena, this discovery motion was late-filed.

The motion to compel compliance with subpoena and to complete deposition and for sanctions[6] is denied in its entirety.

DATED at Anchorage, Alaska, this <u>25th</u> day of August, 2009.

<u>/s/ H. Russel Holland</u>
United States District Judge

---

[6]Docket No. 199.