L. Eric Dowell, SBN 011458
Caroline Larsen, SBN 022547
Monique Young, SBN 025121
Ogletree, Deakins, Nash, Smoak & Stewart, P.C., SBN 00504800
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone:  (602) 778-3700
Facsimile:   (602) 778-3750
Eric.Dowell@ogletreedeakins.com
Caroline.Larsen@ogletreedeakins.com
Monique.Young@ogletreedeakins.com

Attorneys for Defendants STATS ChipPAC, Inc.
and STATS ChipPAC, Ltd.

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Diane Sahakian, a single woman, | CV08-241-PHX-HRH |
| Plaintiff, | **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SANCTIONS AGAINST PLAINTIFF'S COUNSEL** |
| vs. | |
| STATS ChipPAC, Inc., a foreign corporation; STATS ChipPAC Ltd, a foreign corporation; Temasek Holdings Private Limited, a foreign corporation; Singapore Technologies Semiconductors Private Limited, a foreign corporation, | |
| Defendants. | |

Plaintiff's response to Defendants' Motion for Sanctions lacks any substantive justification for denying Defendants' Motion. Instead, Plaintiff' erroneously relies on the fact that her counsel were unable to actually illicit confidential communications from Mr. Gongora as a reason to allow their conduct to go unpunished. For the reasons contained herein, Defendants respectfully request that the Court grant their Motion for Sanctions (Doc. No. 265) in its entirety.

**I. THE SANCTIONABLE NATURE OF PLAINTIFF'S COUNSEL'S CONDUCT IS NOT ALTERED BY PLAINTIFF'S MISPLACED JURISDICTION AND STANDING ARGUMENTS.**

*1. This Court Has Jurisdiction To Regulate Plaintiff's Counsel's Conduct.*

Plaintiff's counsel solicited privileged communications regarding Eric Gongora's communications with Defendants' counsel regarding his deposition in this matter and attempted to influence his testimony in this case. Plaintiff, however, mischaracterizes Defendants' Motion for Sanctions as asking the Court to regulate her attorneys' conduct in the state court action filed by her. Defendants seek no such relief. Rather, Defendants seek sanctions based on Plaintiff's counsel's undisputed solicitation of privileged communications between Defendants' counsel and Mr. Gongora in preparation for his deposition in <u>this</u> case. *See* Attachment 3 to Def's. Mot. for Sanctions, Doc. No. 265 at p. 2 ("[O]ur concern <u>is to determine precisely what STATS suggested to you</u>, either implicitly or expressly, <u>with respect to your deposition testimony</u>. We are willing to discuss a resolution of the current State Court litigation with you provided, however, that you truthfully and <u>fully expose the circumstances that led to your deposition testimony</u>.") (emphasis added). Defendants also seek this Court's assistance in preventing Plaintiff's counsel from interfering with, or further attempting to improperly influence, Mr. Gongora (a witness Plaintiff claims is critical to her case) or any other witness in this case. Accordingly, the discussion, in Plaintiff's Response, of her counsel's knowledge about whether and when Mr. Gongora had counsel in the state court action is simply irrelevant and a diversion. This Court clearly has jurisdiction to regulate Plaintiff's counsel's solicitation of privileged communications regarding Mr. Gongora's deposition testimony in <u>this</u> case.

*2. Defendants Have Standing To Obtain Relief For Plaintiff's Counsel's Egregious Conduct.*

Defendants have standing to seek relief from the Court for Plaintiff's counsel's violation of Ethical Rule 4.2 and his attempt to improperly influence Mr. Gongora's testimony. The *Xcentric* case relied upon by Plaintiff in support of her untenable

standing argument is inapplicable to the situation created by Plaintiff's counsel's conduct in this case. In fact, the excerpts from the *Xcentric* case Plaintiff relies upon deal with the defendant's attempt to remove plaintiff's counsel on conflict of interest grounds (defendants contended there was a conflict because counsel had a propriety interest in the case). *See Xcentric v Ventures v. Stanley*, 2007 WL 2177323, at * 2 (D. Ariz. July 27, 2007). In that situation, the court found that only a current or former party had standing to move to disqualify counsel on conflict of interest grounds. *Id.*

The situation addressed in *Xcentric*, however, has no bearing to the instant case as Defendants are not moving to disqualify based on some harm (such as a conflict of interest) that was inflicted upon Plaintiff by her counsel's actions. Instead, Defendants have moved to disqualify Plaintiff's counsel based on the harm inflicted on Defendants by Plaintiff's counsel's conduct. Significantly, in *Xcentric*, the court found that the defendants in that case <u>had</u> standing to challenge plaintiff's counsel's dual role as a witness and counsel because these dual roles could give plaintiff a tactical advantage. *Id.* at *2. Notably, the court found that potential ethical violations that confer a tactical advantage to the offending lawyer's client and make it more difficult to defeat the claims against the moving party confer standing to move for disqualification. *Id.*

Here, Plaintiff's counsel has undisputedly attempted to solicit privileged communications and interfere with the testimony of Mr. Gongora (an individual whom Plaintiff, herself, characterizes as Defendants' "star" witness) through an improper ex parte contact. Accordingly, Plaintiff's counsel's interference with Mr. Gongora was clearly an attempt to gain a tactical advantage at Defendants' expense by turning one of their current employee's against them and to create apprehension and mistrust. Thus, Defendants have standing to seek redress from this Court regarding Plaintiff's counsel's violation of Ethical Rule 4.2.

## II. PLAINTIFF'S COUNSEL'S FAILURE TO ACTUALLY ELICIT CONFIDENTIAL COMMUNICATIONS DOES NOT RENDER THEIR CONDUCT UNREDRESSABLE.

Plaintiff advances the self-serving theory that because her counsel was not

successful in their attempt to obtain confidential communications from Mr. Gongora, their conduct is not sanctionable. Under this reasoning, it is okay for a lawyer to contact individuals protected by Ethical Rule 4.2 and solicit privileged communications as long as he or she is unsuccessful. By its own text, Ethical Rule 4.2 prohibits communication with a represented party. Moreover, the district court in *In Re Korea* found that "though there is no showing of a release of confidential information, such an ex parte discussion would be a naked violation of DR7-104."[1] Furthermore, the Ethical Opinion cited in Plaintiff's brief clearly states that "ER 4.2 generally prohibits ex parte <u>contacts</u> with a party known to be represented by counsel." *See* Ethical Opinion 00-05, attached hereto as Attachment 1 (emphasis added). This Ethical Opinion also cites case law for the proposition that counsel should not "seek to induce" a breach of any privileged communications. In her Response, Plaintiff does not, and cannot, argue that Mr. Gongora was not off limits under both the *Lang* and *Kaiser* opinions nor can she dispute that her counsel were informed in writing of this fact. *See* Attachment 1 to Def's. Mot. for Sanctions, Doc. No. 265. Plaintiff's counsel also cannot dispute that they sent a written solicitation of confidential information to Mr. Gongora. Accordingly, Plaintiff's counsel undisputedly violated Ethical Rule 4.2.

### III. DISQUALIFICATION OF PLAINTIFF'S COUNSEL IS WARRANTED IN THIS CASE.

As set forth in Defendants' Motion for Sanctions, disqualification is warranted under the factors set forth in *Kaiser v. American Telephone & Telegraph*, 2002 WL 1362054, at *5 (D. Ariz. Apr. 5, 2002). Plaintiff will have sufficient time to find new counsel and allow him or her to get up to speed before trial, while the dispositive motions are pending. Additionally, Plaintiff's counsel's conduct is an egregious affront to the

---

[1] DR 7-104 prohibits a lawyer from communicating "on the subject of the representation with a party he knows to be represented by a lawyer" unless "he has the prior consent of the lawyer representing such other party or is authorized by law to do so." *See In Re Korea*, 621 F.Supp. 164, 166 (D. Alaska 1985).

4

public's interest in the scrupulous administration of justice and the Defendants' right to a trial free of prejudice.

Furthermore, Plaintiff's reliance on the *In Re Korea* court's decision not to disqualify counsel is misplaced. There, the district court found that the alleged misconduct only affected future settlement discussions (not the litigation itself) and that the contact was not pre-planned or egregious. *See In Re Korea*, 621 F.Supp. at 170. The court in *In Re Korea* recognized, however, that disqualification could be warranted if the ex parte communication offended the public's interest in the scrupulous administration of justice. *Id.*

Here, Plaintiff's counsel's misconduct involves a premeditated written solicitation of confidential communications and attempt to intimidate and influence the testimony of a "star witness" in this case through threats and inducements. Indeed, Mr. Strojnik informed Mr. Gongora (without any basis) that Defendants are "personally exposing you to liability" and are allowing him to become "a collateral victim for their own benefit." Mr. Strojnik goes on to state: "[d]on't be surprised if your position at STATS is terminated as soon as your usefulness has expired." *See* Attachment 3 to Def's. Mot. for Sanctions, Doc. No. 265 at p. 2. Such conduct offends the scrupulous administration of justice as it is clearly intended to interfere with Mr. Gongora's testimony by creating division and mistrust between Defendants, its counsel, and one of Defendants' employees (Plaintiff has repeatedly characterized as Defendants' star witness). The extent of the damage caused by Plaintiff's counsel's conduct is admittedly hard to quantify, but it is real. Even if Plaintiff's "no harm, no foul" philosophy had any support in the law (which it does not), it would not apply in this case as the seeds of doubt and mistrust have been firmly planted in Mr. Gongora by the Letter.

Given the content of the Letter, Defendants will not waste this Court's time refuting Plaintiff's disingenuous mischaracterization of the Letter as an innocent request to waive service of process. Suffice it to say, however, if the Letter had simply informed Mr. Gongora of the State Court lawsuit and requested him to waive service, Defendants

would not have been forced to seek sanctions. Defendants also respectfully submit that Plaintiff's counsel's willingness to advance this incredible characterization of the Letter as justification for his behavior further underscores the need to remove Plaintiff's counsel to prevent him from engaging in further prejudicial and/or inappropriate conduct.

## IV.   CONCLUSION.

For the reasons set forth above, Defendants respectfully request that Plaintiff's counsel be disqualified and that the Court: (1) direct Plaintiff's counsel to disclose any other contacts (and documents evidencing the same) they have had with individuals that fall under Ethical Rule 4.2; (2) order that Plaintiff's counsel have no further contact with Mr. Gongora (or any other individual covered by Ethical Rule 4.2); and (3) award Defendants their attorneys' fees and costs incurred in connection with its Motion to Disqualify and Reply in Support thereof.

DATED this 14th day of September, 2009.

                    OGLETREE, DEAKINS, NASH,
                    SMOAK & STEWART, P.C.


                    By: s/Caroline Larsen
                        L. Eric Dowell
                        Caroline Larsen
                        Monique Young
                        2415 East Camelback Road, Suite 800
                        Phoenix, Arizona 85016
                        Attorneys for Defendants STATS ChipPAC, Inc. and STATS ChipPAC, Ltd.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Strojnik
Peter Strojnik, P.C.
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Attorney for Plaintiff


s/ Debra Perkins

7677008.3 (OGLETREE)

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700