Peter Strojnik, 006464
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Telephone: 602-524-6602
Facsimile: 602-296-0135
e-mail: *ps@strojnik.com*
Attorney for Ms. Sahakian

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| DIANE SAHAKIAN, a single woman, | NO. CV-08-241-PHX-HRH |
| Plaintiff, | **PLAINTIFF'S SUPPLEMENTAL MEMORANDUM REGARDING APPLICATION OF FEDERAL LAW TO WAIVER OF ATTORNEY CLIENT PRIVILEGE** |
| vs. | |
| STATS ChipPAC, Inc., a foreign corporation; STATS ChipPAC, Ltd., a foreign corporation; TEMASEK HOLDINGS PRIVATE LIMITED, a foreign corporation; SINGAPORE TECHNOLOGIES SEMICONDUCTORS PRIVATE LIMITED, a foreign corporation. | |
| Defendants. | |

## INTRODUCTION

Rule 501 of the Federal Rules of Evidence provides that in an involving a federal claim, the (attorney-client) "privilege…shall be governed by the principles of common law as they may be interpreted by the Courts of the United States in the light of reason and experience". The parties agree that the communications between Mesdames Taylor and Uy and Dr. Han were subject to the privilege. The issue framed in the Motion (Doc 267), Response (Doc 289) and Reply (Doc 293), however, was not whether the communications were subject to the

-1-

privilege but whether the privilege had been waived. The Order (Doc 297) prompts Plaintiff to recognize that the application of State law to the question of waiver was incorrect. The question of waiver is governed by Rule 502(a) and (b) of the Federal Rules of Evidence which provide:

> **(a) Disclosure Made in a Federal Proceeding or to a Federal Office or Agency; Scope of a Waiver**
>
> When the disclosure is made in a Federal proceeding or to a Federal office or agency and waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information in a Federal or State proceeding only if:
>
>   1. the waiver is intentional;
>
>   2. the disclosed and undisclosed communications or information concern the same subject matter; and
>
>   3. they ought in fairness to be considered together.
>
> **(b) Inadvertent disclosure.**
>
> When made in a Federal proceeding or to a Federal office or agency, the disclosure does not operate as a waiver in a Federal or State proceeding if:
>
>   1. the disclosure is inadvertent;
>
>   2. the holder of the privilege or protection took reasonable steps to prevent disclosure; and
>
>   3. the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B).

## ANALYSIS

**1. Waiver Was Intentional And Not Inadvertent.**

The question whether a disclosure was intentional essentially asks whether the party disclosing information did so intentionally or by mistake. The parallel structure of subparts (a)(1) and (b)(1) of Rule 502 contrasts a waiver that is intentional with a disclosure that is inadvertent. More importantly, subpart (b)(2) separately addresses the reasonableness of the

privilege holder's steps to prevent disclosure and to rectify the error. In the case in issue, the disclosure of the purpose of the communications between Mesdames Taylor and Uy, and Dr. Han, were not inadvertent, Defendants took no steps to prevent disclosure, and no action to rectify the error was undertaken.

**2. The Disclosed And Undisclosed Communication Concern The Same Subject Matter.**

Ms. Uy testified that "[t]he sole purpose of our conversation was to decide how the company should respond to Sahakian's [alleged] threat." Plaintiff seeks only information relative to the subject matter of "how the company should respond to Sahakian's [alleged] threat."

**3. In Fairness, The Disclosed And The Undisclosed Communications Should Be Considered Together.**

Defendants offer alluring evidence of a strategy session going to the very core of this case – how to deal with Ms. Sahakian. They now seek to deprive Ms. Sahakian of the opportunity to inquire into the details of this Sahakian-specific strategy session by asserting the attorney-client privilege.

STATS openly admits that the meeting with counsel was conducted for the *express* purpose of determining STATS response to the Sahakian matter. STATS makes a selective presentation – it lets the trier of fact know that it held a strategy session with its corporate counsel, but refuses to disclose the entirety of the subject matter. The unfairness and the prejudice to Plaintiff was illustrated in Plaintiff's Reply, Doc 293, at page 3:

> Second, Defendants assume that the implied waiver is based solely on the Declaration of Gail Uy. This issue will come up at trial when Ms. Uy takes the stand and testifies in accordance with her Affidavit:

> "Dr. BJ Han, I and Ms. Taylor, STATS general counsel, discussed this matter. We discussed how the company should respond to Sahakian's [alleged] threat."

Defendants propose to tantalize the jury with a teaser and then assert the privilege to any follow up questions. There is a clear implication that following the consultation with the corporate counsel "how the company should respond", the company responded in accordance with the advice of counsel. Thus, the advice of counsel issue is in front of the jury. Once the issue is in front of the jury, should Plaintiff's counsel be able to ask, "So what did you decide?" or "What is the basis of your decision?" or "What did the lawyer tell you to do?"

The doctrine of waiver of the attorney-client privilege is rooted in notions of fundamental fairness. See *Tennenbaum v Deloitte & Touche*, 77 F.3d 337, 340-41 (9th Cir. 1996). "Its principal purpose is to protect against the unfairness that would result from a privilege holder selectively disclosing privileged communications to an adversary, revealing those that support the cause while claiming the shelter of the privilege to avoid disclosing those that are less favorable." Id. Privileged information may not be used "first as a sword and [then] as a shield." *Samsung SDI Co. v. Matsushita Elec., Ind.,* 2007 WL 4302707 at *1; see also, *Board of Trustees of the Leland Stanford Junior University v. Roche Molecular Systems, Inc.,* 237 F.R.D. 618 (N.D. Ca. 2006) (holding that privilege was waived by selective disclosure to obtain legal advantage).

**CONCLUSION AND PRAYER FOR RELIEF**

Rules 502(a) and (b) of the Federal Rules of Evidence govern the waiver in this matter. The elements of a waiver pursuant to Rule 502(a) are satisfied in this matter because (1) the waiver was intentional and not inadvertent, (2) the disclosed and undisclosed information concern the same subject matter, that is, the planning of how to deal with Ms. Sahakian, and (3) the disclosed and the undisclosed information should be considered together by the trier of fact.

-4-

1  Plaintiff respectfully requests that the Court permit her to take a deposition of Ms.
2  Taylor.

3  RESPECTFULLY SUBMITTED this 29TH day of September, 2009.

**PETER STROJNIK, P.C.**

_____
Peter Strojnik
Attorney for the Ms. Sahakian