IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

```
DIANE SAHAKIAN, a single woman,    )
                                   )
                    Plaintiff,     )
                                   )
     vs.                           )
                                   )
STATS ChipPAC, Inc., a foreign     )
corporation, et al.,               )
                                   )    No. 2:08-cv-0241-HRH
                    Defendants.    )
_____)
```

O R D E R

Motions for Summary Judgment Denied

    Plaintiff moves for partial summary judgment.[1]  The motion is opposed by the defendants, who have themselves moved for summary judgment.[2]  The defendants' motion is opposed.  Oral argument was requested and has been heard.

    Based upon voluminous briefing and five volumes of exhibits, the court has prepared a 100-page analysis of the facts and arguments presented by the parties in support of and in opposition to their respective motions for summary judgment.  That analysis incorporated a 50(plus)-page digest of the facts underlying the disputes between plaintiff and defendants.  As a result of the court's analysis of this case as presented by the foregoing motions, the court is unable to say with conviction that "there is

---

    [1]Docket No. 217.

    [2]Docket No. 229.

no genuine issue as to any material fact and that the movant[s are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Plaintiff's motion for partial summary judgment is denied. Defendants' motion for summary judgment is also denied.

There are twelve motions in limine pending in this case. The court has completed its analysis of those motions and will begin issuing rulings on each of the motions in limine shortly. Tentatively — and subject to a final review of draft orders — defendants' motions in limine No. 1 to No. 3, No. 5 to No. 6, No. 8, No. 10, and No. 12 will be granted. Motions in limine No. 4, No. 7, and No. 9 will be granted in part and denied in part. Tentatively, motion in limine No. 11 will be denied.

By its case status order of November 19, 2009,[3] the parties were advised that the court would require them to participate in either a private mediation or court-assisted settlement conference once the cross-motions for summary judgment were decided. At this point, it is the court's belief that the parties made a serious attempt at settling this case following oral argument on the motions for summary judgment. The case did not settle,[4] and the court is still of a belief that the parties should pursue private mediation or a court-assisted settlement conference. However, if either plaintiff or defendants have determined not to settle under any circumstances, the court will not insist upon a procedure that someone believes to be a waste of time.

---

[3]Docket No. 313.

[4]Notice of Non-Settlement, Docket No. 319.

On or before January 21, 2010, counsel for plaintiff and counsel for defendants will please confer; and counsel for plaintiff, in consultation with counsel for defendants and the court's judicial assistant,[5] will propose a date and time for a telephonic status conference for the purposes of firming up either the arrangements and time for a settlement conference or trial.

DATED at Anchorage, Alaska, this <u>13th</u> day of January, 2010.

/s/ H. Russel Holland
United States District Judge

---

[5] Marty Stafford; 907.677.6252.