IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

DIANE SAHAKIAN, a single woman,   )
                                  )
                   Plaintiff,  )
                                  )
    vs.                         )
                                  )
STATS ChipPAC, Inc., a foreign    )
corporation, et al.,           )
                                  )   No. 2:08-cv-0241-HRH
                Defendants.  )
_____)

O R D E R

Motion in Limine No. 1[1]

Defendants move <u>in limine</u> for the exclusion of allegations or claims by plaintiff other than those asserted in her second amended complaint.  The motion is opposed.  Oral argument has not been requested and is not deemed necessary.

Plaintiff's second amended complaint, Count One, alleges that:

> Defendants have discriminated against Plaintiff in the terms and conditions of her employment on the basis of her sex in violation of Title VII as a result of a discriminatory and hostile work environment created by her supervisor and co-workers.[2]

Plaintiff's somewhat more detailed factual allegations are that there were few female employees at STATS, that STATS employees

---

[1]Docket No. 185.

[2]Second Amended Complaint at 7, Docket No. 61.

under plaintiff's supervision undermined her authority, that plain-
tiff's supervisor asserted that Americans are fat and lazy, and
that plaintiff was humiliated by an incident in which an employee
whom she supervised allegedly put ketchup on plaintiff's office
chair so as to make it appear that she had an "accident" relating
to her menstrual cycle.[3]   Plaintiff's second count alleges retali-
ation, a claim not germane to the instant motion.

In opposing the instant motion, plaintiff initially appears to
treat this matter as one having to do with proper pleading.   The
issue here is not so much pleading as it is admissibility under
Rules 401, 402, and 403, Federal Rules of Evidence.

The gravamen of plaintiff's Count One (as well as her EEOC
complaint) is discrimination in employment based upon sex or
gender.   Evidence reasonably related to such claim(s) (whether
directed squarely at plaintiff or indirectly through evidence
tending to establish a hostile workplace based upon sex or gender
and affecting plaintiff) is relevant to plaintiff's complaint and
is therefore admissible.   Evidence having to do with race, national
origin, or other invidious classifications which Title VII pro-
scribes is not relevant to plaintiff's complaint and will therefore
not be admitted.   Likewise, evidence of gender discrimination not
directed at plaintiff or affecting plaintiff's workplace is not
relevant and will therefore not be admitted.

Defendants' motion in limine No. 1 is granted.   That is to
say, plaintiff shall not argue or introduce evidence regarding

---

[3]Id. at 4-5.

allegations of alleged discriminatory conduct based upon protected classes or categories other than gender.  Plaintiff's witnesses shall be admonished to restrict their testimony to the foregoing. When and if, during the course of trial, counsel for plaintiff encounters uncertainty as to the reach of this order, the matter shall be taken up out of the presence of the jury before moving ahead.

DATED at Anchorage, Alaska, this <u>15th</u> day of January, 2010.


<u>/s/ H. Russel Holland</u>
United States District Judge