IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

```
DIANE SAHAKIAN, a single woman,   )
                                  )
                  Plaintiff,      )
                                  )
     vs.                          )
                                  )
STATS ChipPAC, Inc., a foreign    )
corporation, et al.,              )
                                  )   No. 2:08-cv-0241-HRH
                  Defendants.     )
_____)
```

O R D E R

Motion in Limine No. 2[1]

The STATS defendants move <u>in limine</u> to exclude evidence of or reference to STATS' employee Gongora's criminal history, orders of protection obtained by ex-wives, and attendance at an anger management course. The STATS defendants' motion is based upon Rules 401, 402, 403, 404(b), and 609(b), Federal Rules of Evidence. The motion is opposed. Oral argument has not been requested and is not deemed necessary.

Gongora's Criminal History

As a consequence of a "no contest" plea, Mr. Gongora was convicted of the theft of a VCR from a store. It is not clear from the instant motion whether Mr. Gongora's conviction was a felony or a misdemeanor, but in this instance it makes no difference. It is undisputed that this conviction is more than 16 years old.

---

[1]Docket No. 186.

Rule 609(b), Federal Rules of Evidence, renders inadmissible convictions that are over ten years old, "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect."

The court is unpersuaded that it should apply the exception to Rule 609(b). An old theft conviction is unlikely to shed any light whatever upon plaintiff's contentions that Mr. Gongora was complicit in creating the sexually hostile work environment of which plaintiff complains. Moreover, there is no evidence at this point that defendants knew of this conviction or, if they did, that such knowledge would have shed any light upon plaintiff's complaints.

### Protective Orders

Plaintiff would offer evidence of the issuance of two protective orders obtained by Mr. Gongora's ex-wives, which may have alleged physical and verbal abuse. Here also, it is significant that there is at present no evidence that the STATS defendants knew of these orders. Indeed, there may be some doubt that Mr. Gongora was ever served with the orders. Generally, inter-spousal disagreements have far too many "triggers" (causes) for the issuance of protective orders to be instructive with respect to work site claims of sexual harassment. The potential for unfair prejudice outweighs any possible relevance of such matters.

### Anger Management Class

It appears undisputed that Mr. Gongora attended an anger management class _in lieu_ of paying a traffic ticket for aggressive

driving.  There is no evidence that the STATS defendants knew of this situation or that, had it been known, such knowledge would have been instructive as regards plaintiff's claims of a sexually hostile work environment.  Here also, the possibility of unfair prejudice outweighs any relevance of Mr. Gongora having attended an anger management class because of aggressive driving of a motor vehicle.

### Dr. Wilson

In her response[2] to Motion In Limine No. 2, plaintiff argues that testimony concerning Mr. Gongora's prior acts is admissible to provide a foundation for the testimony of Dr. Wilson.  From the STATS defendants' reply,[3] the court understands that Dr. Wilson was engaged by plaintiff to provide a psychological evaluation.[4] Plaintiff, however, appears to suggest that Dr. Wilson's testimony will be far broader than that having to do with her psychological status.  Plaintiff suggests that Dr. Wilson is "qualified as an expert in the areas of sexual harassment, discrimination and hostile work environment in civil cases, pre-employment investigations, common characteristics of sexual harassers, power, dominance and control."[5]

---

[2] Docket No. 205.

[3] Docket No. 232.

[4] But see Docket No. 312, wherein defendants report that Dr. Wilson is their independent medical examiner.

[5] Plaintiff's Response in Opposition to Defendants' Motion in Limine No. 2 at 8, Docket No. 205.

Assuming that Dr. Wilson is a licensed psychologist and assuming that he was timely disclosed as a plaintiff's expert witness, the court will probably have no qualms about his being offered as an expert as regards plaintiff's psychological status. The other matters listed above, however, give rise to considerable concern. The court is in the process of examining Motion <u>in Limine</u> No. 6 in this case. It may be that this aspect of defendants' motion <u>in limine</u> will be rendered moot; but if it is not, counsel will be required to confer with one another and advise the court whether or not there will be a <u>Daubert</u> challenge, Rule 701, <u>et seq.</u>, Federal Rules of Evidence, with respect to opinions proposed to be offered by Dr. Wilson beyond plaintiff's psychological status.

More generally, however, plaintiff's contention that Mr. Gongora's prior acts as discussed above are admissible as foundation for Dr. Wilson's opinions has the admissibility issue turned on its head. The evidence of Mr. Gongora's criminal history and other matters discussed above have minimal if any relevancy to plaintiff's psychological situation. More importantly, evidence does not become admissible at trial simply because an expert wants to rely upon it. Certainly it is the case that experts may rely on evidence that is not otherwise admissible in the course of forming opinions; but it does not follow that the evidence the expert relies upon is generally admissible as evidence at a trial. In any event, it is a mystery to the court how Dr. Wilson's opinions of plaintiff's psychological status could be supported by information

about Mr. Gongora that plaintiff more likely than not had no knowledge of until after this litigation was commenced.

The STATS defendants' Motion <u>in Limine</u> No. 2 is granted. Evidence of Mr. Gongora's criminal history, orders of protection, and his attendance at an anger management course will not be received in evidence, nor will they be referred to in opening statements or closing arguments.  The court will revisit the subject of Dr. Wilson's testimony prior to trial.

DATED at Anchorage, Alaska, this <u>15th</u> day of January, 2010.

<u>/s/ H. Russel Holland</u><br>
United States District Judge