IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

```
DIANE SAHAKIAN, a single woman,   )
                                  )
                  Plaintiff,      )
                                  )
     vs.                          )
                                  )
STATS ChipPAC, Inc., a foreign    )
corporation, et al.,              )
                                  )   No. 2:08-cv-0241-HRH
                  Defendants.     )
_____)
```

O R D E R

Motion in Limine No. 4[1]

The STATS defendants' fourth motion in limine seeks an order precluding plaintiff from introducing, admitting, mentioning, referencing, and/or eliciting testimony regarding the declarations of Kelly Priest, Jay Ewanich, Ram Ramakrishna, Michael Gentry, Dennis Daniels, or James Gallagher. The motion is opposed. Oral argument has not been requested and is not deemed necessary.

The STATS defendants contend that the declarations of the foregoing persons are inadmissible hearsay. In response, plaintiff contends that the declarations may be admissible under the residual hearsay exception, Rule 807, Federal Rules of Evidence.

The motion in limine is granted as to Mr. Ramakrishna. He has been deposed in this case, and patently that deposition (not a

---

[1] Docket No. 188.

declaration) would be the most probative evidence were the other requirements of Rule 807 met, which in this instance they are not, as discussed below.

The motion <u>in limine</u> is granted as to Mr. Gentry on the basis of the STATS defendants' representation that he was not disclosed as a potential witness in accordance with the procedures set out in the court's scheduling and planning order of June 4, 2008.[2]

As to all of the above-named persons except Mr. Ramakrishna, the parties debate whether or not it was plaintiff's or defendants' obligation to depose these potential witnesses as protection against the possibility that they might not be available for trial. It is plaintiff who plans to sponsor the declarations in question. Plainly, plaintiff knew of the existence of these persons, and it is the view of the court that plaintiff had the primary responsibility for deposing these potential witnesses if plaintiff wished to have their testimony available for trial.

The STATS defendants represent that five of the six foregoing persons are former, disgruntled employees of STATS.[3] Assuming for the present that these representations are accurate, the court has serious doubts that the declarations can be treated as trustworthy for purposes of Rule 807.

Finally, the court has substantial doubt that anything contained in the declarations will constitute a fact material to

---

[2]Docket No. 13; <u>see also</u> Order (Amended Case Schedule) (Nov. 25, 2008), Docket No. 38.

[3]The sixth person, Mr. Gentry, is represented not to have been a STATS employee at any time.

plaintiff's sexual harassment (hostile work environment) and retaliation claims.

Defendants' motion <u>in limine</u> No. 4 is granted as to Kelly Priest, Jay Ewanich, Ram Ramakrishna, Michael Gentry, Dennis Daniels, or James Gallagher. The court will reexamine this order during the course of trial only if developments in the course of trial are such as to satisfy all of the requirements of Rule 807 for the admission of out-of-court declarations.

DATED at Anchorage, Alaska, this <u>15th</u> day of January, 2010.

>                          /s/ H. Russel Holland
>                          United States District Judge