IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

DIANE SAHAKIAN, a single woman,  )
                                 )
                    Plaintiff,   )
                                 )
    vs.                          )
                                 )
STATS ChipPAC, Inc., a foreign   )
corporation, et al.,             )
                                 )   No. 2:08-cv-0241-HRH
                    Defendants.  )
_____)

O R D E R

Motion in Limine No. 5[1]

The STATS defendants move <u>in limine</u> to exclude certain evidence regarding Mr. Gongora's personal life — namely, evidence of or reference to Mr. Gongora's two divorces, disputes with ex-wives, protective orders obtained by ex-wives, and sex life including extramarital affairs.  The motion is opposed.  Oral argument has not been requested and is not deemed necessary.

The instant motion is in substance an extension of the Motion <u>in Limine</u> No. 2, which again involved Mr. Gongora and his prior criminal history and other matters including the protective orders apparently obtained by Mr. Gongora's ex-wives.  This motion presents a problem addressed by Rules 402, 403, and 404(b), Federal Rules of Evidence.  Rule 402 excludes evidence which is not relevant.  Rule 403 excludes potentially relevant evidence "if its

---

[1]Docket No. 189.

probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Rule 404(b) makes provision for the exclusion of "[e]vidence of other crimes, wrongs, or acts ... to prove the character of a person in order to show action in conformity therewith."

Divorce is common in our society. The court does not perceive Mr. Gongora's divorces to have any relevance to this case.

No doubt Mr. Gongora had disputes with his ex-wives; and, as discussed in the court's order on Motion <u>in Limine</u> No. 2, his ex-wives may have obtained protective orders. The court has excluded the protective orders. The court perceives no relevance in underlying disputes between Mr. Gongora and his ex-wives.

Finally, it is possible that some aspects of Mr. Gongora's affairs outside of marriage could have relevance in this case; but the court finds that the potential for unfair prejudice, confusion, and misleading, were such evidence to be admitted, substantially outweighs any possible relevance.

The STATS defendants suggest that the plaintiff is endeavoring to paint Mr. Gongora as a bad person — that the evidence the plaintiff would offer constitutes inadmissible character evidence. It is the court's perception that what plaintiff seeks here certainly approaches that problem. It is not Mr. Gongora's personal life that is on trial here. Rather, plaintiff's contention is that she was employed in a sexually hostile work environment. Plaintiff

needs to concentrate on that environment, not on the remote matters which are the subject of this motion.

Defendants' Motion <u>in Limine</u> No. 5 to exclude evidence regarding Mr. Gongora's personal life is granted.

DATED at Anchorage, Alaska, this <u>15th</u> day of January, 2010.

<u>/s/ H. Russel Holland</u>
United States District Judge