IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

DIANE SAHAKIAN, a single woman,

Plaintiff,

vs.

STATS ChipPAC, Inc., a foreign corporation, et al.,

Defendants.

No. 2:08-cv-0241-HRH

O R D E R

Motion in Limine No. 8[1]

The STATS defendants move in limine for an order precluding plaintiff from conveying to the jury or introducing evidence with respect to settlement offers or negotiations in connection with this case. The motion is opposed. Oral argument has not been requested and is not deemed necessary.

Rule 408(a), Federal Rules of Evidence, prohibits use of offers of compromise as evidence to establish liability or damages or to impeach. There are exceptions to this rule set out in Rule 408(b). No one contends that an exception has application to the instant motion.

The parties agree that plaintiff is not permitted to offer evidence of settlement discussions for purposes of establishing liability or the amount of liability. Plaintiff contends, however,

[1]Docket No. 192.

that she should be permitted to introduce into evidence a written settlement offer calling for the payment of money in exchange for plaintiff's resignation and a complete release.[2] Because the settlement offer preceded plaintiff's termination by the STATS defendants, plaintiff urges in response to the instant motion that while the subject letter is not admissible to establish liability or the amount of damages, it should be admitted for purposes of plaintiff's endeavor to establish that the STATS defendants had no non-pretextual reason for terminating plaintiff.

Plaintiff's original complaint was based upon an alleged demotion in retaliation for protected conduct undertaken by the plaintiff. The fact that the STATS defendants were willing to pay a substantial sum of money to terminate both plaintiff's claim that she was unlawfully demoted and at the same time secure her resignation has so little probative value as regards the question of whether or not the STATS defendants had a legitimate, non-pretextual reason for terminating plaintiff as to render the letter virtually irrelevant, quite apart from the provisions of Rule 408(a). And, quite apart from Rule 408(a), the introduction of the settlement letter would run afoul of Rule 403, Federal Rules of Evidence. The probative value of the settlement letter is very substantially outweighed by the danger of unfair prejudice to the STATS defendants if a jury were to know that the STATS defendants

[2]This offer was made April 4, 2008. This litigation was commenced by plaintiff on February 6, 2008. (Docket No. 1.)

attempted to not only settle the original complaint, but also purchase plaintiff's resignation.

The court concludes that Rule 408(a) also precludes plaintiff's use of the settlement letter. While it is true that the settlement letter sought to compromise a claim slightly different from that asserted by plaintiff in her second amended complaint, the letter was plainly intended to resolve fully and completely a difficult employment relationship. The letter is inadmissible for any purpose.

The STATS defendants' Motion in Limine No. 8 is granted.

In the STATS defendants' reply memorandum, they make mention of the fact that counsel for plaintiff has again disclosed to the court the settlement posture of the parties. Perhaps plaintiff's counsel thinks that having made this disclosure once, a second time would not matter. In this regard, the court admonished plaintiff's counsel in its order of February 12, 2009,[3] that he had "inappropriately disclosed to the court details of a settlement offer."[4] As reflected in the latter order, there were other aspects of plaintiff's counsel's dealings with the settlement offer that gave the court concern. At some point, plaintiff's counsel is going to "push the envelope" once too often.

DATED at Anchorage, Alaska, this 20th day of January, 2010.

/s/ H. Russel Holland
United States District Judge

---

[3] Docket No. 60.

[4] Id. at 3, n.4.