IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

DIANE SAHAKIAN, a single woman,     )
                                    )
                    Plaintiff,      )
                                    )
    vs.                             )
                                    )
STATS ChipPAC, Inc., a foreign      )
corporation, et al.,                )
                                    )    No. 2:08-cv-0241-HRH
                    Defendants.     )
_____)

O R D E R

Motion in Limine No. 9[1]

The STATS defendants' ninth motion in limine seeks to exclude evidence of or reference to defendants' net worth. The motion is opposed. Oral argument has not been requested and is not deemed necessary.

This motion has two aspects: (1) the admissibility and timing of the receipt of evidence as to the STATS defendants' net worth, and (2) the question of whether or not evidence as to the STATS defendants' parent companies or the government of Singapore is admissible.

The parties do not disagree about the admissibility of evidence of the STATS defendants' net worth. That evidence is admissible. However, it is the court's perception, after extensive review of evidence submitted by the parties in connection with

---

[1] Docket No. 193.

- 1 -

cross-motions for summary judgment, that plaintiff's claim for punitive damages is unlikely to survive a Rule 50(a), Federal Rules of Civil Procedure, motion made by the STATS defendants after trial of the liability issues in this case.  Accordingly, in opening statements and in evidence presented by plaintiff as to liability and compensatory damages, no mention shall be made nor will evidence be received as to the STATS defendants' financial worth until after the STATS defendants have had an opportunity to make a Rule 50(a) motion based upon plaintiff's liability evidence.

The court has heretofore granted a motion to dismiss in favor of the STATS defendants' parent companies.  In doing so, the court has rejected plaintiff's alter ego theory that the STATS defendants and their parent companies should be treated as one entity.  Accordingly, evidence of the net worth and/or the alleged control of the STATS defendants by its parent companies or the involvement of the government of Singapore is irrelevant.  The court perceives no reason whatever for plaintiff to make reference to any possible role of the government of Singapore other than to unfairly prejudice the STATS defendants.

The Motion <u>in Limine</u> No. 9 is granted as to any mention or evidence as to the role or financial worth of the STATS defendants' parent companies or the government of Singapore.  The Motion <u>in Limine</u> No. 9 is denied as to evidence of the STATS defendants' net worth; provided, however, no mention shall be made of the STATS defendants' financial worth in opening statements, and no evidence of the STATS defendants' net worth will be received in evidence

unless and until plaintiff's claim for punitive damages survives a Rule 50(a) motion for judgment as a matter of law at the conclusion of plaintiff's case as to liability. If and to the extent that plaintiff's evidence of the STATS defendants' net worth is entangle with information as to the STATS defendants' parent companies or the government of Singapore, that evidence must be appropriately redacted so as to exclude material not directly related to the demonstration of the STATS defendants' financial status.

DATED at Anchorage, Alaska, this <u>20th</u> day of January, 2010.

<u>/s/ H. Russel Holland</u>
United States District Judge