IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

```
DIANE SAHAKIAN, a single woman,    )
                                   )
                      Plaintiff,   )
                                   )
     vs.                           )
                                   )
STATS ChipPAC, Inc., a foreign     )
corporation, et al.,               )
                                   )       No. 2:08-cv-0241-HRH
                     Defendants.   )
_____)
```

O R D E R

Motion in Limine No. 10[1]

The STATS defendants' tenth motion in limine seeks to exclude the testimony of Gopalan Nair. The motion is opposed. Oral argument has not been requested and is not deemed necessary.

Mr. Nair is an attorney licensed to practice law in the State of California and in the Republic of Singapore. Based upon excerpts from his deposition, it appears that Mr. Nair has no personal knowledge whatever of the STATS defendants in general nor plaintiff's employment with the STATS defendants in particular. Plaintiff would offer Mr. Nair as an expert witness to testify about "the customs and the laws of Singapore relative to sexual harassment, hostile work environment and retaliatory discharge[.]"[2]

---

[1]Docket No. 194.

[2]Plaintiff's Response in Opposition to Defendants' Motion in Limine No. 10 at 2, Docket No. 213.

The court's scheduling and planning order required the disclosure of expert witnesses.[3]  Mr. Nair was not disclosed as an expert.  Rule 26(a) requires that experts prepare and disclose a report of their opinions.  The moving papers suggest (and plaintiff does not state otherwise) that Mr. Nair has neither prepared nor has plaintiff disclosed a report of his opinions.  Accordingly, plaintiff may not call Mr. Nair as an expert witness.

It is clear from the STATS defendants' motion that they supposed, both now and when Mr. Nair was deposed, that he was being offered as a fact witness — albeit one who would apparently be asked to offer lay opinions based upon his perceptions.  Assuming that plaintiff may endeavor to call Mr. Nair as a fact witness, the STATS defendants urge that his testimony is inadmissible based upon Rules 402, 403, and 701, Federal Rules of Evidence.

The customs and laws of Singapore relative to sexual harassment, hostile work environment, and retaliatory discharge are indeed irrelevant to plaintiff's Title VII sexual harassment and retaliation claims.  Plaintiff's workplace was in Arizona, not Singapore.  Mr. Nair's perceptions of what may or may not go on in Singapore as regards the treatment of women in the workplace is not relevant here.

The STATS defendants' Motion <u>in Limine</u> No. 10 is granted.

DATED at Anchorage, Alaska, this <u>20th</u> day of January, 2010.

/s/ H. Russel Holland
United States District Judge

---

[3]Order - Amended Case Schedule at 1, Docket No. 38.