IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

```
DIANE SAHAKIAN, a single woman,      )
                                     )
                    Plaintiff,       )
                                     )
     vs.                             )
                                     )
STATS ChipPAC, Inc., a foreign       )
corporation, et al.,                 )
                                     )   No. 2:08-cv-0241-HRH
                    Defendants.      )
_____)
```

O R D E R

Motion in Limine No. 11[1]

The STATS defendants' Motion in Limine No. 11 seeks to exclude what the STATS defendants describe as plaintiff's "self-serving testimony at her deposition."[2] The motion is opposed. Oral argument has not been requested and is not deemed necessary.

The essence of this motion is plaintiff's apparent intention to offer her own testimony with respect to damage to her reputation in the semi-conductor industry. Plaintiff has not disclosed an expert who would testify on this subject, and the STATS defendants contend that plaintiff's own testimony would be impermissible expert testimony under Rule 701, Federal Rules of Evidence.

Plaintiff's Title VII civil rights action is in essence one for recovery of compensatory damages, which may include such things

---

[1] Docket No. 195.

[2] Id. at 2.

- 1 -

as emotional distress and injury to reputation.  <u>See</u>, 42 U.S.C. § 1981a(b)(3); <u>EEOC Enforcement Guidance on Damages under CRA 91</u>, No. 915.002, 71492 (<u>EEOC Compliance Manual</u> § 603 appx.).  Although the court is not aware of any case addressing expressly whether injury to reputation had to be proved by expert testimony, there are cases which hold that emotional distress damages can be proved by the testimony of just the plaintiff.  <u>See</u> <u>e.g.</u>, <u>Zhang v. American Gem Seafoods, Inc.</u>, 339 F.3d 1020, 1040 (9th Cir. 2009) ("Zhang's testimony alone is enough to substantiate the jury's award of emotional distress damages.").  <u>Waits v. Frito-Lay, Inc.</u>, 978 F.2d 1093 (9th Cir. 1992), which the parties discuss, does not stand for the proposition that one must use an expert on the subject of damaged reputation, nor does that case hold that a plaintiff is not a competent witness to testify on the subject of reputation loss.

The STATS defendants' Motion <u>in Limine</u> No. 11 is denied.

DATED at Anchorage, Alaska, this <u>20th</u> day of January, 2010.

<u>/s/ H. Russel Holland</u><br>
United States District Judge