IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

```
DIANE SAHAKIAN, a single woman,      )
                                     )
                      Plaintiff,     )
                                     )
      vs.                            )
                                     )
STATS ChipPAC, Inc., a foreign       )
corporation, et al.,                 )
                                     )    No. 2:08-cv-0241-HRH
                      Defendants.    )
_____)
```

O R D E R

Motion in Limine No. 12[1]

The STATS defendants' Motion in Limine No. 12 seeks to exclude evidence or argument regarding STATS ChipPAC's SEC Form 20-F liability disclosure statement. The motion is opposed. Oral argument has not been requested and is not deemed necessary.

The STATS defendants' Form 20-F disclosure in substance represented that the STATS defendants are not involved in any litigation which would have a material adverse effect upon its financial condition. Plaintiff contends that the STATS defendants have violated Securities and Exchange Commission Rule 10b-5 and, therefore, that the Form 20-F is admissible "to show that STATS has not famil-

---

[1] Docket No. 196.

- 1 -

iarized itself with American laws in general and Title VII laws in particular."[2]

Plaintiff's claims are for sexual harassment and retaliation. This is not a securities case. Even if the STATS defendants' disclosure should have identified the instant case, the failure to make such a disclosure in an SEC filing would not tend to prove any fact relevant to plaintiff's claim here. The STATS defendants are charged with knowing the requirements of Title VII; and based upon extensive materials presented to the court in connection with cross-motions for summary judgment, it is abundantly clear to the court that the STATS defendants were very much aware of their Title VII obligations. But, more pertinent to the instant motion, the reporting or non-reporting of this case to the SEC has no tendency whatever to enlighten the trier of fact as to the STATS defendants' familiarity with employment law. The Form 20-F would certainly be relevant to the question of the STATS defendants' familiarity with securities law; but again, this is not a securities case. Admission of the Form 20-F and a debate as to whether it did or did not comply with SEC rules would surely divert and distract the fact-finder's attention from the only questions relevant here: was plaintiff subject to sexual harassment and/or retaliation in the workplace?

---

[2] Plaintiff's Response in Opposition to Defendants' Motion in Limine No. 12 at 2, Docket No. 215.

Rules 402 and 403, Federal Rules of Evidence, require the exclusion of the STATS defendants' Form 20-F. The motion <u>in limine</u> is granted.

DATED at Anchorage, Alaska, this <u>20th</u> day of January, 2010.

<u>/s/ H. Russel Holland</u><br>
United States District Judge