IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

DIANE SAHAKIAN, a single woman,   )
                                  )
                Plaintiff,        )
                                  )
    vs.                           )
                                  )
STATS ChipPAC, Inc., a foreign    )
corporation, et al.,              )
                                  )   No. 2:08-cv-0241-HRH
                Defendants.       )
_____)

O R D E R

Motion in Limine No. 6[1]

The STATS defendants' Motion in Limine No. 6 seeks to exclude the testimony of numerous trial witnesses who were not timely named and to exclude the testimony of witnesses whose proposed testimony was insufficiently disclosed. The motion is opposed. Oral argument has not been requested and is not deemed necessary.

The court's scheduling order in this case expressly provided that:

> (4) Preliminary trial witness lists shall be filed not later than 45 days before the close of fact discovery.... These witness lists must incorporate the names of all witnesses whom a party might elect to call at trial. A witness not disclosed at these times (such that he or she may be deposed) will not be permitted to testify at trial.[2]

---

[1]Docket No. 190.

[2]Scheduling and Planning Order at 3, Docket No. 13.

- 1 -

The court granted an extension of time to complete discovery until June 1, 2009.[3] The parties' preliminary trial witness lists were therefore due on or before April 17 or 18, 2009,[4] depending upon how one calculates "45 days before the [June 1, 2009] close of fact discovery[.]"

Plaintiff filed her preliminary trial witness list on April 18, 2009.[5] The court considers plaintiff's preliminary trial witness list to have been timely filed. Thereafter, plaintiff filed three supplemental preliminary trial witness lists on May 1, May 23, and May 28, 2009.[6] Plaintiff neither sought nor obtained an extension of time to disclose trial witnesses.[7]

A district court has observed: "[a] Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985). As another court in this district has observed, "[i]f parties were allowed to disregard the Court's orders and the deadlines and requirements they establish, management of the Court's docket would quickly become impossible." Bodley v. Macayo Restaurants, L.L.C., 208 WL 2039277 *5 (D. Ariz. 2008).

---

[3]See Order; Amended Case Schedule (Nov. 25, 2008), Docket No. 38.

[4]Id.

[5]Docket No. 122.

[6]Docket Nos. 131, 146 & 149.

[7]Plaintiff did move for leave to supplement her preliminary trial witness list to add Dang Quang Nguyen. Docket No. 281. The motion was denied by order of September 30, 2009. Docket No. 299.

Plaintiff's timely preliminary trial witness list does not include the following witnesses who were listed on the subsequently filed (tardy) preliminary trial witness lists:  Janet Taylor, Kaw Jik Hoon, Mike Gentry, and Gopalan Nair.  Dr. C. Brady Wilson is listed on both plaintiff's timely filed preliminary witness list and plaintiff's third (tardy) preliminary witness list.[8]

Plaintiff contends that her failure to list certain witnesses was harmless and the result of post-deadline discoveries.  It is the court's intention that parties rely upon the terms of the court's scheduling orders and comply with them. With one exception (Dr. Wilson), as to trial witnesses listed by plaintiff after April 18, 2009, the STATS defendants were deprived of the full 45 days which the court had intended to be available to both sides for purposes of deposing trial witness who, for whatever reason, had not been deposed during the development of the case.  Orderly trial preparation is thwarted if parties are at liberty to ignore scheduling arrangements.  With respect to plaintiff's contention that certain witnesses were discovered late in the discovery pro-ceedings, there must be a time when discovery ends and final trial preparation begins.  In this instance, plaintiff has not come forward with any explanation which, in fairness and equity, requires the court to relieve plaintiff of the obligation to identify all possible trial witnesses by 45 days prior to the close of discovery.  Defendants' motion <u>in limine</u> is granted as to plaintiff's trial witness lists filed in May 2009, except as to

---

[8]Docket No. 122 (witness No. 52) and Docket No. 149.

Dr. Wilson. Dr. Wilson is the only witness named on the third supplemental list, filed May 28, 2009.[9] However, since plaintiff's original (timely filed) preliminary witness list had already named Dr. Wilson,[10] plaintiff is entitled to call him as a trial witness. The motion in limine is denied as to Dr. Wilson.

Finally, defendants object[11] to plaintiff's timely filed, preliminary trial witness list with respect to 40 witnesses or categories of witness which the plaintiff proposes to have available for trial.[12] Defendants' objection is that these 40 witnesses or categories of witness were never disclosed in any of the plaintiff's Rule 26 disclosure statements.

With respect to the alleged insufficiency of disclosures as to witnesses identified by name, the STATS defendants' motion is denied. The court has not been provided with the disclosures actually made by plaintiff. What the court has received from time to time is a notice of the filing of various disclosures. As a consequence, the court is not in a position to evaluate the adequacy of the disclosures made. Even if it were in a position to do so, the court would not at this late date review all of the disclosures that have been made by plaintiff in this case. If the plaintiff's disclosures pursuant to Rule 26(a)(1) and 26(e) were insufficient at the time they were made, the STATS defendants

---

[9]Docket No. 149.

[10]Docket No. 122 (witness No. 52).

[11]Motion in Limine No. 6 at 3-4, Docket No. 190.

[12]Plaintiff's April 18, 2009, witness list, Docket No. 122, names 78 witnesses or categories of witness.

should have challenged the disclosures when discovery was underway so that there would have been an opportunity to cure the situation. As it is, the STATS defendants apparently accepted the disclosures and presumably acted on the basis of them, either deposing witnesses or deciding on the basis of what was at hand that they would not do so.

The early disclosure of witnesses pursuant to Rule 26(a)(1) is a very useful procedure for expediting discovery. It is expected that parties will disclose potential witnesses pursuant to Rule 26(a)(1) at the outset of discovery to the extent that they are known when the initial Rule 26(a)(1) disclosures are made. Thereafter, parties are expected to timely identify additional witnesses as they become known. That may not have been done in this case; but at this juncture, the court cannot tell what was disclosed or whether any or all of the 40 witnesses or categories of witness identified by plaintiff and objected to by defendants were or were not actually known to the defendants as potentially having knowledge of this case.[13] As already observed, it is too late to effectively deal with defendants' non-disclosure problems. As set out above, the primary purpose of the court's requirement for the disclosure of a preliminary trial witness list 45 days before the close of discovery is to permit time for, in this

---

[13]The court is not suggesting that defendants were required to make any disclosure in this regard. Rather, the court is suggesting that, to the extent the defendants actually knew of the potential involvement of witnesses identified by plaintiff in her timely preliminary trial witness list, the harm done is minimal, since these witnesses were identified as potential trial witnesses before the close of discovery.

instance, the defendants to depose people who appear for the first time on a trial witness list.[14] Upon receipt of plaintiff's timely preliminary trial witness list, defendants were faced with a choice in this case: (a) deposing a lot of people as to whom early disclosures were inadequate or were not made, or (b) objecting, promptly, to the witness list for the purpose of gaining assistance from the court in either paring down the trial witness list or extending the time for completion of discovery beyond the June 1 discovery close date to which the parties had agreed with court approval. In this case, defendants waited until after discovery was closed to file their objections to the witness list, and the objection did not seek additional time for discovery, it merely sought the exclusion of witnesses. The court does not know whether defendants did or did not depose any of the 40 witnesses or categories of witness in question.

Laying aside Janet Taylor and Dr. Wilson, defendants have objected to plaintiff calling 30 <u>individual</u> witnesses because they were not the subject of a Rule 26(a)(1) disclosure. As to these 30 witnesses, the motion <u>in limine</u> is denied. That said, the court has the distinct impression that plaintiff's trial witness list is over-inclusive. The court seriously doubts that plaintiff actually intends to call 76 witnesses from amongst those persons and firms listed by plaintiff. Because this is not an uncommon problem, it

---

[14]In most instances, trial witnesses should not appear for the first time on a preliminary trial witness list; but that surely happens, and the court endeavors to prevent prejudice by making certain that there is time to depose trial witnesses who are not identified until a preliminary trial witness list is filed.

is the court's customary practice to require (as a part of the final pretrial preparation) that parties pare their pre-discovery close, trial witness list down to those witnesses who will in fact actually testify for the party.  That practice will be followed in this case.  Moreover, as a part of that process, the parties will be required to disclose the subject(s) as to which each witness will testify.

Defendants' list of undisclosed witnesses includes Janet Taylor, general counsel for the STATS defendants.  Ms. Taylor is not included on plaintiff's timely witness list.  She was included on plaintiff's untimely May 1, 2009,[15] witness list, which is dealt with above.  Plaintiff may not call Ms. Taylor as a trial witness.  As set out above, plaintiff may call Dr. Wilson as a trial witness.

Defendants' non-disclosure objection includes a number of <u>business entities</u>:  Amkor Technology, Inc., Med-Tronics, and Radio Frequency Micro Devices.[16]  A corporation or business entity cannot testify except through some person, and plaintiff has failed to disclose any person who would testify on behalf of these entities.  This manner of disclosure defeats the purpose of permitting discovery by the adverse party during the last 45 days of discovery.  Amkor Technology, Med-Tronics, and Radio Frequency Micro Devices are stricken from plaintiff's witness list.

---

[15]Notice of Supplemental Witnesses, Docket No. 131.

[16]In the case of Sterling Group, LLC, plaintiff's timely witness list does disclose the name of a potential witness in an acceptable fashion.  Plaintiff's timely witness list also includes the Arizona School of Massage Therapy (plainly another business entity), but in this instance, defendants have not objected.

Defendants' non-disclosure objection includes, lastly, a series of group characterizations, beginning with "All females with whom STATS ChipPAC employee Eric Gongora had a sexual relationship while married to Karen Chu and Mayuli Lamm, if any[]"[17] and concluding with "All persons/entities discovered as a result of the depositions of Eric Gongora [and others] who have relevant information relating to this matter."[18]  If this kind of disclosure of trial witnesses were permitted, we would return to trial by ambush as was the norm prior to implementation of the federal discovery rules.  The court ordinarily permits a party to incorporate into a trial witness list an item worded something like:  "All trial witnesses listed by my opponent."  That disclosure puts the opposing party on fair notice that if it has listed a "Mr. Smith" as a trial witness but subsequently decides not to call Mr. Smith, the receiving party may call Mr. Smith.  Also, in most cases (and this one), there is no objection to a party not listing records custodians by name, nor is it necessary to list witnesses called solely for purposes of impeachment or rebuttal. However, the other group designations of trial witnesses are unacceptable.  When parties are slightly more than 45 days away from the close of discovery, they are responsible for knowing whom they intend to call as witnesses from business entities.  Simply naming a business entity does not fulfill the function intended for a preliminary trial witness list.

---

[17]Plaintiff's Preliminary Trial Witness List at 4, Docket No. 122.

[18]Id. at 4-5.

Except for records custodians, impeachment witnesses, and rebuttal witnesses, Motion in Limine No. 6 is granted as to Amkor Technology, Med-Tronics, and Radio Frequency Micro Devices and the six categories of witness beginning with Item 70 ("All females") and ending with Item 78 ("All persons/entities discovered").[19]

Defendants' Motion in Limine No. 6 is granted in part and denied in part as set out above.

DATED at Anchorage, Alaska, this 21st day of January, 2010.

/s/ H. Russel Holland
United States District Judge

---

[19] Docket No. 122.