L. Eric Dowell, SBN 011458
Caroline K. Larsen, SBN 022547
Ogletree, Deakins, Nash, Smoak & Stewart, P.C., SBN 00504800
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone:    (602) 778-3700
Facsimile:    (602) 778-3750
Eric.Dowell@ogletreedeakins.com
Caroline.Larsen@ogletreedeakins.com

Attorneys for Defendants STATS ChipPAC, Inc.
and STATS ChipPAC Ltd.

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Diane Sahakian, a single woman, | CV08-241-PHX-HRH |
| Plaintiff, | **DEFENDANTS' MEMORANDUM IN SUPPORT OF ADMISSIBILITY OF DEFENDANTS' TRIAL EXHIBITS** |
| vs. | |
| STATS ChipPAC, Inc., a foreign corporation; STATS ChipPAC Ltd, a foreign corporation; Temasek Holdings Private Limited, a foreign corporation; Singapore Technologies Semiconductors Private Limited, a foreign corporation, | |
| Defendants. | |

Defendants STATS ChipPAC, Inc. and STATS ChipPAC Ltd. (collectively "STATS ChipPAC") hereby submit this Memorandum of Points and Authorities in support of the admissibility of the exhibits listed on Defendants' Schedule of Trial Exhibits (Doc. 349), in accordance with the Court's Order for Pretrial Proceedings, dated January 29, 2010 (Doc. 338).

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

## I.     EMAILS SENT BY PLAINTIFF ARE ADMISSIONS BY A PARTY-OPPONENT AND, THEREFORE, ARE NOT HEARSAY.

Plaintiff incorrectly characterizes many of the emails offered as trial exhibits by STATS ChipPAC as hearsay, however, emails drafted and sent by Plaintiff are admissions by a party-opponent and, therefore, are not hearsay. Fed. R. Evid. 801(d)(2)(A) ("A statement is not hearsay if . . . [t]he statement is offered against a party and is . . . the party's own statement . . .."); *see U.S. v. Pistante*, 453 F.2d 412, 412-13 (9th Cir. 1971) ("[A]ny hearsay statements made by [party-defendant] could be used against him as an admission by a party, and proven either by cross-examination or by extrinsic evidence.") (citing *Asher v. United States*, 394 F.2d 424, 429 (9th Cir. 1968)). Plaintiff's email signature in the emails she drafted and sent operates as sufficient proof that she made the statements contained therein. *See U.S. v. Felix-Jerez*, 667 F.2d 1297, 1299 (D. Ariz. 1982).

Contrary to her argument, many of the emails to which Plaintiff objects do <u>not</u> include content from anyone else – they consist solely of email messages sent by Plaintiff. On this basis, the Court should admit STATS ChipPAC's trial exhibits 508, 517, 525, 541, 544, 551, 563, 571, 574, 578, 582, 583, 597, 604, 606, 608, 615, 636, 640, 641, 642, 644, 656, 666, 671, 685, 686, 695, and 700 as admissions by a party-opponent. Plaintiff's response to Defendants' First Set of Non-Uniform Interrogatories (STATS ChipPAC's trial exhibit 758) should be admitted on the same grounds.

In addition, the Court should note the inconsistency of Plaintiff's position regarding the admissibility of emails. Plaintiff has offered numerous trial exhibits that consist of emails sent or received by Plaintiff and/or employees or executives of STATS ChipPAC. In fact, 119 of Plaintiff's 230 total trial exhibits are emails. *See, e.g.*, Plaintiff's Schedule of Trial Exhibits, Doc. 350, trial exhibits 027-055, 057-065, 074-078, 080-081, 106, 115-122, 124-126, 154-156, 158-159, 162-210. In addition, Plaintiff stipulated to the admissibility of numerous emails offered as trial exhibits by STATS ChipPAC. *See, e.g.*, Doc. 350, reflecting Plaintiff's admission of STATS ChipPAC's trial exhibits 503, 509, 512, 519-524, 528-529, 533, 539, 540, 549, 550, 559, and 713, all

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

of which are emails. Clearly, Plaintiff's objection that emails constitute inadmissible hearsay is limited to those emails she does not wish the jury to see.

## II. PLAINTIFF'S OBJECTIONS TO THE ADMISSIBILITY OF BUSINESS RECORDS ARE NOT WELL TAKEN.

Plaintiff also objects to many of Defendants' trial exhibits on the basis of hearsay, however, these documents fall within the business records exception to the hearsay rule. Fed. R. Evid. 803(6). "A long line of cases support the view that the documents kept in the ordinary course of business are admissible to show the truth of the facts included therein." *Thomas v. Conemaugh & Black Lick R. Co.*, 234 F.2d 429, 434 (3d Cir. 1956) (citations omitted). "The thrust of Rule 803(6) lies in the inherent trustworthiness of business records." *U.S. v. Jasper*, 2003 WL 328305, *4 (S.D.N.Y. 2003) (finding that memoranda from defendant's personnel file was likely admissible as a business record, as long as a qualified witness could testify to the fact that these memoranda were kept in the course of a regularly conducted business activity, and it was the regular practice to write such memoranda).

The trial exhibits to which Plaintiff objects come from STATS ChipPAC's personnel and Human Resources files and fall squarely within the business record exception to the hearsay rule. *See Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1259 (9th Cir. 1984) (finding that information reflected in payroll records and personnel files are business records and, thus, admissible pursuant to Fed. R. Evid. 803(6)); *La Day v. Catalyst Tech., Inc.*, 302 F.3d 474, 481 (5th Cir. 2002) (finding that notes of employee complaints recorded during investigation conducted by Vice President of Human Resources fell within the business records exception to the hearsay rule); *Brauninger v. Motes*, 260 Fed.Appx. 634, 636-37 (5th Cir. 2007) (finding that notes chronicling the steps in Human Resource Manager's investigation, complaints she received, witnesses she interviewed, statements made during those interviews, and the basis for the decision to terminate plaintiff were made at or near the time of the investigations, were based on Manager's personal knowledge of her own investigation, and were the result of a

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

regularly conducted business activity, therefore, they were admissible under rule 803(6)).

Upon STATS ChipPAC's offering of: (1) a qualified witness to testify; (2) that the documents were kept in the course of regularly conducted business activities; and (3) it was the regular practice of that business activity to make the record, the Court should admit the following trial exhibits pursuant to Federal Rule of Evidence 803(6):

- Trial exhibit 609 - notes taken during the Human Resources Manager's investigation of Plaintiff's complaint that someone placed ketchup on her chair
- Trial exhibits 711, 712 and 722 - personnel forms reflecting changes in Plaintiff's supervisor
- Trial exhibit 716 – personnel form reflecting Plaintiff's leave of absence
- Trial exhibits 726-737 – the offer letter from ChipPAC to Eric Gongora, notices of Mr. Gongora's promotions, performance reviews, and other documents from Mr. Gongora's personnel file
- Trial exhibits 738-740 - documents from Scott Gooch's personnel file with STATS ChipPAC, Inc.
- Trial exhibits 741-743 - documents from Brett Dunlap's personnel file with STATS ChipPAC, Inc.
- Trial exhibits 744-745 and 747 - documents from Plaintiff's personnel file with STATS ChipPAC, Inc.
- Trial exhibits 746,[1] 748-752 - records reflecting STATS ChipPAC's sexual harassment policy and training for employees
- Trial exhibits 753 - documents from Dr. Byung Joon Han's personnel file with STATS ChipPAC, reflecting his completion of Company-sponsored training

---

[1] Contrary to Plaintiff's assertion, this exhibit is exactly what STATS ChipPAC identified it as – materials from a mandatory training course given to members of STATS' management in 2002, and distributed via email by Joe Williams.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

**III.    DR. HAN'S AFFIDAVITS SATISFY THE RESIDUAL EXCEPTION OF FEDERAL RULE OF EVIDENCE 807.**

In the unlikely event that Dr. Byung Joon Han, who resides in Singapore, is unable to appear at trial, the Court should permit STATS ChipPAC to offer his affidavits as trial exhibits.  Dr. Han is an Executive Vice President and the Chief Technology Officer of STATS ChipPAC, Ltd.  His affidavits were made under penalty of perjury, carry inherent guarantees of trustworthiness, and should be admitted pursuant to Federal Rule of Evidence 807.  The residual exception permits the introduction of evidence that would otherwise constitute hearsay "if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence."  Fed. R. Evid. 807.  Dr. Han's affidavits satisfy all of these requirements – they are offered as evidence of materials facts regarding Plaintiff's employment with STATS ChipPAC and the events giving rise to this action.  If Dr. Han cannot appear at trial, his affidavits are more probative than any other evidence that STATS ChipPAC can offer regarding Dr. Han's experiences as Plaintiff's direct supervisor.  For these reasons, the interests of justice would best be served by admitting the affidavits into evidence.

Moreover, there is no disadvantage to Plaintiff if the Court admits Dr. Han's affidavits as trial exhibits.  Both affidavits were disclosed to Plaintiff's counsel well in advance of trial.  Plaintiff deposed Dr. Han, thus she had a full and fair opportunity to question him regarding the facts set forth in his affidavits.  All of the requirements of Federal Rule of Evidence 807 have been satisfied, thus, the Court should admit Dr. Han's affidavits, Defendants' trial exhibits 754 and 755.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

**IV.    THE    COURT    SHOULD    OVERRULE    ALL    OF    PLAINTIFF'S OBJECTIONS TO TRIAL EXHIBITS SHE ALSO IDENTIFIED.**

Plaintiff objects to several trial exhibits identified by STATS ChipPAC, yet she identifying the same trial exhibits on her own Schedule of Trial Exhibits, Doc. 350.[2] Accordingly, the Court should overrule all such objections by Plaintiff.

- Despite her objection to Defendants' trial exhibit 609, Plaintiff also identified the notes taken during the Human Resources Manager's investigation of Plaintiff's complaint that someone placed ketchup on her chair (Bates labeled STATS 1366-1367) as Plaintiff's trial exhibit 085.

- Plaintiff objected to Defendants' trial exhibit 749, STATS ChipPAC, Inc.'s Sexual Harassment Policy (Bates labeled STATS 1237-1238), but identified the same document as Plaintiff's Trial Exhibit 213.

- Plaintiff objected to Defendants' trial exhibit 751, STATS ChipPAC, Inc.'s Sexual Harassment Training materials (Bates labeled STATS 1164-1180), yet she identified the same materials as part of Plaintiff's trial exhibit 212, although she combined it with other, unrelated documents.

**V.    NO EXHIBITS SHOULD BE EXCLUDED BEFORE DEFENDANTS HAVE AN    OPPORTUNITY    TO    ESTABLISH    FOUNDATION    AND ADMISSIBILITY AT TRIAL.**

Many of Plaintiff's objections to STATS ChipPAC's trial exhibits are simply premature.  For example, Plaintiff objects that all emails identified as trial exhibits by STATS ChipPAC must be excluded because no foundation has been laid to establish the

---

[2] Counsel for STATS ChipPAC made every effort to remove trial exhibits from its Defendants' Schedule of Trial Exhibits (Doc. 349) that were identified on Plaintiff's Schedule of Trial Exhibits (Doc. 350).  Plaintiff's counsel, however, did not provide a final draft of Plaintiff's Schedule of Trial Exhibits until 1:57 p.m. on February 16, 2010 – the day the parties were instructed to file their schedules of trial exhibits.  Upon receiving a final draft of Plaintiff's Schedule of Trial Exhibits, Defendants' counsel removed nearly sixty duplicative exhibits from its Schedule of Trial Exhibits.  As a result of the limited time that STATS ChipPAC's counsel had to review Plaintiff's Schedule of Trial Exhibits and prepare objections to the same, a few duplicative exhibits inadvertently were included on Defendants' Schedule of Trial Exhibits.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

authenticity and admissibility of the emails. First, emails sent and received by employees or executives of STATS ChipPAC, which bear the name of the Company, satisfy the criteria for self-authentication under Federal Rule of Evidence 902. 103 Am. Jur. Trials § 123 (2007); *see Sea-Land Service, Inc. v. Lozen Intern., LLC*, 285 F.3d 808, 821 (9th Cir. 2002) (finding that trial court abused its discretion by excluding an email that closed with an electronic "signature" attesting that the message was authored by an employee of the party-plaintiff). As for the foundation of emails offered by Defendants, as Plaintiff noted, "[t]he foundation is laid for receiving a document in evidence by the testimony of a witness with personal knowledge of the facts who attests to the identity and due execution of the document and, where appropriate, its delivery." *U.S. v. Dibble*, 429 F.2d 598, 602 (9th Cir. 1970). STATS ChipPAC will establish such foundation through the witnesses who have been identified to testify at trial.

Finally, there is no basis for Plaintiff's claim that all emails offered as trial exhibits by STATS ChipPAC must be excluded as hearsay because they "are offered into evidence for the truth of what is asserted." Plaintiff is in no position to foretell the purpose for which STATS ChipPAC will offer each exhibit at trial. For example, documents reflecting employee complaints received by Plaintiff's supervisor and STATS ChipPAC's Human Resources Manager regarding Plaintiff, *e.g.* Defendants' Trial Exhibits 645 and 657, are not hearsay if they are offered to show the information the Company relied on when deciding to remove Plaintiff from a supervisor position, and not to prove the truth of the content of the complaints. *See* Fed. R. Evid. 801(c); *Brauninger v. Motes*, 260 Fed.Appx. 634, 636-37 (5th Cir. 2007).

Plaintiff's objections regarding authentication, foundation and hearsay should be overruled until such time as STATS ChipPAC presents the exhibits in question at trial, and has an opportunity to authenticate each and establish its foundation and admissibility.

For the foregoing reasons, Defendants STATS ChipPAC, Inc. and STATS ChipPAC Ltd. request that the Court admit all exhibits identified in Defendants' Schedule of Trial Exhibits (Doc. 349), pending their authentication and the establishment

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

1   of foundation at trial as necessary.

2        DATED this 26th day of February 2010.

3                                OGLETREE, DEAKINS, NASH,
4                                SMOAK & STEWART, P.C.

5

6                                By:   s/ Caroline Larsen
7                                    L. Eric Dowell
                                     Caroline K. Larsen
8                                    2415 East Camelback Road, Suite 800
9                                    Phoenix, Arizona 85016
                                     Attorneys for Defendants STATS ChipPAC,
10                                   Inc. and STATS ChipPAC Ltd.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of February 2010, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Peter Strojnik
PETER STROJNIK P.C.
3030 N. Central Avenue, Suite 1401
Phoenix, Arizona 85012

Peter K. Strojnik
THE LAW FIRM OF PETER STROJNIK
3030 N. Central Avenue, Suite 1401B
Phoenix, Arizona 85012

Stephen G. Montoya
Montoya Jimenez
3200 North Central Avenue, Ste. 2550
Phoenix, Arizona 85012-2490
Attorney for Plaintiff

 s/ Kathleen M. Hubert

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 778-3700