L. Eric Dowell, SBN 011458
Caroline Larsen, SBN 022547
Ogletree, Deakins, Nash, Smoak & Stewart, P.C., SBN 00504800
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Telephone:   (602) 778-3700
Facsimile:    (602) 778-3750
Eric.Dowell@ogletreedeakins.com
Caroline.Larsen@ogletreedeakins.com

Attorneys for Defendants STATS ChipPAC, Inc.
and STATS ChipPAC, Ltd.

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Diane Sahakian, a single woman, | CV08-241-PHX-HRH |
| Plaintiff, | **STIPULATED MOTION TO SEAL TRANSCRIPT FROM MARCH 30, 2010 COURT PROCEEDINGS** |
| vs. | |
| STATS ChipPAC, Inc., a foreign corporation; STATS ChipPAC Ltd, a foreign corporation; Temasek Holdings Private Limited, a foreign corporation; Singapore Technologies Semiconductors Private Limited, a foreign corporation, | |
| Defendants. | |

Plaintiff Diane Sahakian and Defendants STATS ChipPAC, Inc. and STATS ChipPAC, Ltd. hereby file this stipulated motion for an Order to seal the transcript from the Court proceedings held on March 30, 2010, pursuant to Local Rule 5.6. On March 30, 2010, the parties advised the Court that they had reached a settlement in the above-captioned action. To prevent any future misunderstandings regarding the terms of settlement, the Court instructed the parties to set forth the terms of the settlement on the record. As a condition of settlement, the parties agreed to keep all terms of the settlement confidential. Accordingly, the parties respectfully request that the transcript from the

Court proceedings held on March 30, 2010, during which the parties set forth the terms of their agreement to settle, be sealed.

The Court has the authority to seal Court records in civil actions. *See* Local Rule 5.6; *see also Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)). The decision of whether to seal a Court record is "one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Id.* at 1434 (quoting *Nixon*, 435 U.S. at 599). In determining whether to seal a document, courts "should consider 'the interests advanced by the parties in light of the public interest and the duty of the courts.'" *Id.* (citing *Nixon*, 435 U.S. at 602). It is well established that confidential settlement agreements should be sealed when necessary to encourage settlement and/or to preserve the parties' desire for confidentiality. *See City of Hartford v. Chase,* 942 F.2d 130, 135 (2d Cir. 1991); *In re Franklin Nat'l Bank Sec. Litig.*, 92 F.R.D. 468, 471-72 (E.D.N.Y. 1981) (denying motion to modify order to seal settlement documents and noting that "[s]ecrecy of settlement terms . . . is a well-established American litigation practice"). Accordingly, the interest in protecting the confidentiality of settlement agreements, in order to promote the important public policy of encouraging settlements, outweighs any countervailing interest in disclosure of the terms of settlement. *Hasbrouck v. BankAmerica Hous. Servs.*, 187 F.R.D. 453, 458 (N.D.N.Y. 1999). The public interest in disclosure of the terms of this settlement, if any, is minimal, since this is a private settlement that affects only Plaintiff and Defendants.

One of the essential conditions of the proposed settlement is confidentiality. The interests of both Plaintiff and Defendants are best served by keeping the terms of the settlement agreement under seal. In light of the absence of any significant public interest in revealing these sensitive details and the strong public policy in favor of encouraging settlement, the interest in keeping this information confidential and under seal is overriding.

1  For the foregoing reasons, the parties respectfully request that the Court issue an
2  Order sealing the transcript from the proceedings held on March 30, 2010, pursuant to
3  Local Rule 5.6. A proposed form of Order is attached hereto as Exhibit A.
4  DATED this 1st day of April 2010.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.


By: s/Caroline Larsen
    L. Eric Dowell
    Caroline Larsen
    2415 East Camelback Road, Suite 800
    Phoenix, Arizona 85016
    Attorneys for Defendants STATS ChipPAC,
    Inc. and STATS ChipPAC, Ltd.


MONTOYA JIMENEZ


By: s/Stephen G. Montoya
    Stephen G. Montoya
    3200 North Central Avenue, Suite 2550
    Phoenix, Arizona 85012-2490
    Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of April 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Strojnik
Peter Strojnik, P.C.
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012

Peter K. Strojnik
The Law Firm of Peter Strojnik
3030 North Central Avenue, Suite 1401B
Phoenix, Arizona 85012

Stephen G. Montoya
Montoya Jimenez
3200 North Central Avenue, Ste. 2550
Phoenix, Arizona 85012-2490

Attorneys for Plaintiff

s/G. S. Ready, PLS

8442859.1 (OGLETREE)